Ronald Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone:  +1 312-558-5600

Jared Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone:  +1 305-910-0500

Shawn R. Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J.M. Smucker Company*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br><br>Plaintiff,<br><br>vs.<br><br>THE J.M. SMUCKER COMPANY,<br><br><br>Defendant. | Case No. 2:25-cv-01138<br><br>Hon. Anne Hwang<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing Date: Wednesday, October 29, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9C<br>Amended Complaint filed: September 8, 2025 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that on Wednesday, October 29, 2025, at 1:30 p.m., or as soon thereafter as this matter can be heard, in the Courtroom of the Honorable Anne Hwang (Courtroom 9C) of the above-titled Court, located at the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendant The J.M. Smucker Company ("Smucker") moves to dismiss Plaintiffs' First Amended Class Action Complaint (the "Amended Complaint" or "FAC") under Federal Rule of Civil Procedure 12(b)(6).

By this Motion, Smucker seeks an Order under Rule 12(b)(6) dismissing all causes of action in Plaintiff's Complaint against Smucker for failure to state a claim, and an Order under Rule 12(b)(1) dismissing multiple claims for lack of Article III standing. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and all pleadings, papers, and documents on file herein, and any other written or oral submissions that may be presented at or before the hearing on this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on September 15, 2025.

Dated: September 22, 2025        WINSTON & STRAWN LLP

By: */s/ Ronald Rothstein*
    Ronald Rothstein (*pro hac vice*)
    Jared Kessler (*pro hac vice*)
    Shawn Obi (SBN: 288088)

    *Attorneys for Defendant*
    *The J.M. Smucker Company*

1

# <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION ................................................................................. 1

II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...................... 3

III.   LEGAL STANDARD ........................................................................... 4

IV.    ARGUMENT ...................................................................................... 4

      A.     Plaintiffs lack standing to sue based on Products they did not purchase.... 4

      B.     Plaintiffs' claims fail under an omission theory. ......................... 5

      C.     Plaintiffs fail to allege which state's law applies to their negligent misrepresentation and intentional misrepresentation/fraud claims, requiring dismissal. ..................................................................... 8

      D.     Even if Plaintiffs had alleged California or New York law applied to their negligent misrepresentation and intentional misrepresentation/fraud claims, independent tort principles and the economic loss rule bar those claims. ............................................. 9

      E.     Plaintiff Rabinowitz lacks standing to assert claims for express or implied warranty under California law. ..................................... 12

      F.     Plaintiffs' claims fail to satisfy Rule 9(b)'s particularity requirement because they do not sufficiently plead when they purchased the Products. ....................................................................... 12

      G.     Plaintiffs have an adequate remedy of law and cannot seek equitable relief. ............................................................................ 14

V.     CONCLUSION ................................................................................. 15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amavizca v. Nuta Mfg., LLC,*
   2021 WL 682113 (C.D. Cal. Jan. 27, 2021) ........................................................ 9

*Annunziato v. Guthrie,*
   2021 WL 5015496 (C.D. Cal. Oct. 26, 2021) ................................................... 13

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................................................ 4

*Bakhtiari v. Nissan N. Am., Inc.,*
   2025 WL 2380964 (N.D. Cal. Aug. 15, 2025) ................................................ 11

*Beasley v. Lucky Stores, Inc.,*
   400 F. Supp. 3d 942 (N.D. Cal. 2019) ............................................................ 13

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................................ 4

*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.,*
   949 F. Supp. 2d 486 (S.D.N.Y. 2013) ............................................................. 10

*Boghossian v. Capella Univ., LLC,*
   2025 WL 934878 (S.D.N.Y. Mar. 27, 2025) ..................................................... 6

*Chebul v. Tuft & Needle, LLC,*
   2024 WL 5257021 (C.D. Cal. Oct. 9, 2024) ...................................................... 8

*Cherny v. Emigrant Bank,*
   604 F. Supp. 2d 605 (S.D.N.Y. 2009) ............................................................. 10

*Clevenger v. Welch Foods Inc.,*
   2022 WL 18228288 (C.D. Cal. Dec. 14, 2022) .............................................. 14

*Dana v. Hershey Co.,*
   180 F. Supp. 3d 652 (N.D. Cal. 2016) .............................................................. 5

*Davis v. The Kroger Co.,*
   2023 WL 9511156 (C.D. Cal. Sept. 22, 2023) ............................................... 12

*Dawson v. Better Booch, LLC,*
 716 F. Supp. 3d 949 (S.D. Cal. 2024) ........................................................ 13

*Diane Reed v. The J.M. Smucker Co.,*
 CVRI2504629 (Super. Ct. Aug. 18, 2025) ..................................................... 1

*Dolby Lab'ys Licensing Corp. v. Roku, Inc.,*
 2025 WL 2021803 (N.D. Cal. July 18, 2025) ............................................... 11

*Dwyer v. Allbirds, Inc.,*
 598 F. Supp. 3d 137 (S.D.N.Y. 2022) ............................................................ 6

*Glen Holly Ent., Inc. v. Tektronix, Inc.,*
 100 F. Supp. 2d 1086 (C.D. Cal. 1999) ...................................................... 13

*Gomez v. Jelly Belly Candy Co.,*
 2017 WL 8941167 (C.D. Cal. Aug. 18, 2017) .............................................. 14

*Gray v. Toyota Motor Sales, U.S.A.,*
 2012 WL 313703 (C.D. Cal. Jan. 23, 2012) ................................................... 7

*Guzman v. Polaris Indus. Inc.,*
 49 F.4th 1308 (9th Cir. 2022) .............................................................. 3, 14

*Hamman v. Cava Grp., Inc.,*
 2023 WL 3450654 (S.D. Cal. Feb. 8, 2023) ................................................... 6

*Herrera v. Wells Fargo Bank, N.A.,*
 2020 WL 5802421 (C.D. Cal. Sept. 1, 2020) ............................................... 12

*Hodsdon v. Mars, Inc.,*
 891 F.3d 857 (9th Cir. 2018) ...................................................................... 7

*Ibarra v. Pharmagenics LLC,*
 660 F. Supp. 3d 914 (C.D. Cal. 2023) ....................................................... 15

*Jones v. Micron Tech. Inc.,*
 400 F. Supp. 3d 897 (N.D. Cal. 2019) ....................................................... 12

*Kavehrad v. Vizio, Inc.,*
 2022 WL 16859975 (C.D. Cal. Aug. 11, 2022) .............................................. 8

*Kim v. Walmart, Inc.,*
 2023 WL 4316786 (C.D. Cal. Mar. 14, 2023) ...................................... 2, 8, 9

DEFENDANT'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

*Klein v. Ljubljana Inter Auto d.o.o.*,
   2024 WL 5185311 (C.D. Cal. Sept. 26, 2024) .......................................................... 11

*Langer v. Guest*,
   2021 WL 4974039 (C.D. Cal. Oct. 26, 2021) ............................................................ 4

*Lyman v. Gen. Motors LLC*,
   2025 WL 2080654 (C.D. Cal. Mar. 19, 2025).......................................................... 7

*Moore v. Mars Petcare U.S., Inc.*,
   966 F.3d 1007 (9th Cir. 2020) ................................................................................. 4

*Obillo v. i-Health Inc.*,
   2025 WL 844389 (N.D. Cal. Mar. 18, 2025) .......................................................... 10

*Rattagan v. Uber Techs., Inc.*,
   17 Cal. 5th 1 (2024) ...................................................................................... 9, 10, 11

*Rodriguez v. Just Brands USA, Inc.*,
   2021 WL 1985031 (C.D. Cal. May 18, 2021) .......................................................... 8

*Scheibe v. Esupplements, LLC*,
   681 F. Supp. 3d 1101 (S.D. Cal. 2023).................................................................. 15

*Schippell v. Johnson & Johnson Consumer Inc.*,
   2023 WL 6178485 (C.D. Cal. Aug. 7, 2023) .......................................................... 10

*Sonner v. Premium Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ............................................................................ 3, 14

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................................. 14

*Tietsworth v. Sears, Roebuck & Co.*,
   2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) .......................................................... 7

*Vegetable Juices, LLC v. Haliburton Int'l Foods, Inc.*,
   2023 WL 9420847 (C.D. Cal. Dec. 27, 2023)..................................................... 2, 12

*Woulfe v. Universal City Studios LLC*,
   2022 WL 18216089 (C.D. Cal. Dec. 20, 2022)...................................................... 15

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) ................................................................. 13

iv

**Statutes**

Cal. Com. Code § 2313(1) ............................................................................. 9

Cal. Com. Code § 2314 .................................................................................. 9

N.Y. Gen. Bus. Law § 349 ........................................................................ 1, 6

N.Y. Gen. Bus. Law § 350 ........................................................................ 1, 6

**Other Authorities**

CLRA ............................................................................................... *passim*

FAL .................................................................................... 3, 4, 5, 15

Fed. R. Civ. P. 8 ...................................................................................... 2, 8

Fed. R. Civ. P. 9(b) ................................................................... 2, 4, 12, 13

Fed. R. Civ. P. 12(b)(1) ............................................................................ 4

Fed. R. Civ. P. 12(b)(6) ............................................................................ 4

Fed. R. Civ. P. 15(a)(1) ............................................................................ 1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Adina Ringler, Krista Robles, Jay Smith, and Jana Rabinowitz (collectively, "Plaintiffs") allege identical claims to those this Court previously dismissed brought by Ms. Ringler. In a well-reasoned order, this Court dismissed Ringler's claims based on non-purchased products for lack of Article III standing and claims based on an omission theory for being implausible. Dkt. 27 at 10–11, 15–16. Rather than correct these errors, Plaintiffs repeat them.[1] Despite this Court's holding that Ringler lacked "standing to bring claims for products she did not purchase," *id.* at 16, Ringler and the new Plaintiffs—who only purchased three varieties of the Natural Fruit Spread products (the "Products")—seek to bring claims based on twelve different varieties of the Products. FAC ¶¶ 2, 11–14. And, despite this Court's holding that an omission theory was implausible because Ringler's theory was "that the labels [of the Products] are outright false," Dkt. 27 at 11, Plaintiffs again put forth a theory based on an outright falsehood, alleging that the Products' representations—"natural" and "made with ingredients from Natural Sources" (the "Challenged Representations")—"are false because the Products contain citric acid[.]" FAC ¶¶ 3–4. Plaintiffs' claims based on non-purchased products and based on an omission theory must again be dismissed.

Plaintiffs Ringler, Robles, and Smith bring claims, individually and on behalf of a putative California class, for violations of California's Consumers Legal Remedies Act ("CLRA") (Count I), Unfair Competition Law ("UCL") (Count II), and False Advertising Law ("FAL") (Count III). Plaintiff Rabinowitz brings claims, individually and on behalf of a putative New York class, for violations of New York General Business Law § 349 (Count VIII) and New York General Business Law § 350 (Count IX). Finally, all Plaintiffs

---

[1] Within the Court's ruling on Smucker's motion to dismiss Ringler's original complaint, the Court set a deadline for Ringler to file an amended complaint. Dkt. 27 at 22. After that deadline passed, Ringler's counsel brought a suit in the Superior Court of California based on the same products and the same representations that are at issue here. Complaint, *Diane Reed v. The J.M. Smucker Co.*, CVRI2504629 (Super. Ct. Aug. 18, 2025).

bring claims, individually and on behalf of a putative nationwide class, California class, and New York class, under California law for breach of express warranty (Count IV) and California law for breach of implied warranty (Count V) and also bring claims without specifying what state law applies for negligent misrepresentation (Count VI) and intentional misrepresentation/fraud (Count VII). In addition to failing to allege Article III standing as to non-purchased products, and failing to plausibly allege an omission theory, Plaintiffs' claims fail for several other reasons.

*First*, Plaintiffs' claims for negligent misrepresentation and intentional misrepresentation/fraud must be dismissed because they fail to allege which state's law applies. Federal Rule of Civil Procedure 8 requires a plaintiff to "allege the applicable law to determine whether [they] plead[] a sufficient claim." *Kim v. Walmart, Inc.*, 2023 WL 4316786, at *3 (C.D. Cal. Mar. 14, 2023). By failing to specify which state's law applies, Plaintiffs' claims for negligent misrepresentation and intentional misrepresentation/fraud are rendered implausible and must be dismissed. Even if Plaintiffs had alleged these claims under California law, they would fail for an independent reason: California's independent tort principles and economic loss rule bar them.

*Second*, Plaintiffs' claims do not meet the particularity requirements of Federal Rule of Civil Procedure 9(b) because they do not adequately allege when they purchased the Products. As to two of the Plaintiffs (Ringler and Smith), the Amended Complaint only alleges the month and year of their most recent purchase, which is insufficient because "[g]eneral allegations of the month and year in which the purported fraudulent misconduct occurred do not suffice." *Vegetable Juices, LLC v. Haliburton Int'l Foods, Inc.*, 2023 WL 9420847, at *3 (C.D. Cal. Dec. 27, 2023). As to the remaining two Plaintiffs (Robles and Rabinowitz), the Amended Complaint fails to include even the month and year of purchase, respectively alleging that they purchased a product at "the beginning of 2025" and purchased a product "the Summer of 2025." These allegations fall far short of the requirements under Rule 9(b).

***Third***, Plaintiffs' claims under the CLRA, UCL, and FAL seeking equitable relief must be dismissed. Plaintiffs cannot obtain equitable relief because they do not plausibly allege that they lack an "adequate remedy at law." *See Sonner v. Premium Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Even though Plaintiffs allege they lack an adequate remedy at law for a variety of reasons, including the different statutes of limitations for the equitable claims, they ignore clear authority holding otherwise. *See, e.g.*, *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 n.2 (9th Cir. 2022) (rejecting similar statute of limitations argument).

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Smucker manufactures food products, including a line of Natural Fruit Spread products. FAC ¶ 2. Plaintiffs seek to bring claims based on twelve different varieties of spreads in this line, but Plaintiffs only purchased three of these products: Smucker's Natural Triple Berry Fruit Spread, Smucker's Natural Strawberry Fruit Spread, and Smucker's Natural Red Raspberry Fruit Spread. *Id.* ¶¶ 2, 11–14. Three of the Plaintiffs (Plaintiffs Ringler, Robles, and Smith) purchased one of these products in California near their respective residences. *Id.* ¶¶ 11–13. One Plaintiff (Plaintiff Rabinowitz) purchased a product in New York "near her home in Bayville, New York around the beginning of 2025." *Id.* ¶ 14.

Plaintiffs allege that the labels on the Products falsely represent that they are "natural" and "made with ingredients from natural sources" because they "contain citric acid, an artificial ingredient not made from natural sources." *Id.* ¶¶ 3–4. Plaintiffs speculate that Smucker must produce citric acid using "a type of black mold called *Aspergillus niger*" because ***all*** "commercially produced citric acid" is manufactured this way. *Id.* ¶ 21. They assert that this process is "artificial" based on cherry-picked language from USDA technical evaluation reports, FDA regulations, and academic articles. *Id.* ¶¶ 21, 22, 25. They claim, for instance, that "USDA reviewers state" that citric acid produced by fermentation is "synthetic," *id.* ¶ 23 n.7, but that very same source describes citric acid as "natural" and explains that it has "[a]lways been allowed in organic processing and [is]

considered natural." *See* FAC, Ex. D at 4, 7. Plaintiffs' Amended Complaint fails to acknowledge any of this contradictory language. *See generally id.*

Plaintiffs' Amended Complaint also suffers the same defects that led to the dismissal of several claims alleged in their original complaint. Dkt. 27. In that order, this Court dismissed Plaintiff Ringler's claims relying on omissions and dismissed for lack of standing her claims based on non-purchased products. *Id.* at 10–11, 15–16. Despite this Court's clear holdings, Plaintiffs again bring claims based on an omission theory and again seek to bring claims based on nine non-purchased products. *Id.* ¶¶ 2, 11–14, 63, 73, 101, 109, 117.

## III.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead facts creating "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where each claim sounds in fraud, as here, Rule 9(b) applies and requires a plaintiff to "state with particularity the circumstances constituting fraud." *Moore v. Mars Petcare U.S., Inc.*, 966 F.3d 1007, 1016, 1019 (9th Cir. 2020) (applying Rule 9(b) when "gravamen" of claims was that defendant "violated the UCL, FAL, and CLRA through their false and misleading advertising of prescription pet food"). Also, under Rule 12(b)(1), a court must dismiss a claim if it lacks subject matter jurisdiction. *Langer v. Guest*, 2021 WL 4974039, at *1 (C.D. Cal. Oct. 26, 2021).

## IV.    ARGUMENT

### A.    Plaintiffs lack standing to sue based on Products they did not purchase.

This Court previously held that Plaintiff Ringler lacked "standing to bring claims for products she did not purchase." Dkt. 27 at 16. In reaching this holding, this Court agreed with recent cases in this district that "have dismissed claims regarding non-purchased products for lack of standing" because the alternative "'substantial similarity' analysis

[was] inconsistent with the basic concept of standing." *Id.* at 16 (citing approvingly *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 908–09 (C.D. Cal. 2021), *Larsen v. Trader Joe's Co.,* 2012 WL 5458396, at *5 (N.D. Cal. June 14, 2012), and *Oh v. Fresh Bellies, Inc.*, 2024 WL 4500727, at *4 (C.D. Cal. Oct. 15, 2024)). As this Court, and other courts, have recognized, that a product is similar does not "explain how [a] [p]laintiff suffered an injury traceable to the allegedly wrongful conduct of another." *Id.* (quoting *Oh*, 2024 WL 4500727, at *4).

Despite this prior holding, Plaintiffs in their Amended Complaint attempt to bring claims based on a number of non-purchased products. But Plaintiffs only purchased three varieties of the Products—Smucker's Natural Triple Berry Fruit Spread, Smucker's Natural Strawberry Fruit Spread, and Smucker's Red Raspberry Fruit Spread. FAC ¶¶ 2, 11–14. By seeking to bring claims based on products they did not purchase, Plaintiffs ignore this Court's previous ruling and recent Central District cases agreeing with this approach on standing. *Id.* ¶ 2. Nothing has changed since the Court issued its original opinion, and Plaintiffs' claims based on non-purchased products should again be dismissed.

## B.    Plaintiffs' claims fail under an omission theory.

Plaintiffs' cursory allegations regarding Smucker's supposed "omissions" are again insufficient to support their claims. *See* Dkt. 27 at 10–11 (dismissing Plaintiffs' claims in the original complaint relying on omission theory). At the outset, Plaintiffs' claim under the FAL cannot—as a matter of law—be premised on an alleged omission. *See Dana v. Hershey Co.*, 180 F. Supp. 3d 652, 668 (N.D. Cal. 2016) ("The plain language of the [FAL] . . . does not encompass omissions.") (collecting cases). Therefore, even apart from failing to meet the requirements for omission-based claims, the Court should dismiss Plaintiffs' FAL claim (Count III) to the extent that it is based on an omission theory. *See, e.g.*, FAC ¶ 86.

Plaintiffs also allege an omission theory as to their CLRA, UCL, breach of express

warranty, breach of implied warranty, negligent misrepresentation, and intentional misrepresentation/fraud claims.[2] *Id.* ¶¶ 63, 73, 86, 101, 109, 117. With respect to these claims, "[t]o plausibly allege a fraudulent omission, the omission must either (1) be contrary to a representation actually made by the defendant [i.e., a partial omission], or (2) an omission of a fact the defendant was obliged to disclose [i.e., a pure omission]." Dkt. 27 at 10 (citation omitted). Plaintiffs have not plausibly alleged either type of omission.

First, Plaintiffs do not plausibly allege a partial omission theory. "[T]he entire theory of a case based on partial omissions is that what is disclosed is in some sense true but that the whole truth is missing." *Id.* (quoting *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1013 (N.D. Cal. 2020)). Because a "partial omission" theory depends on a ***true*** representation, a "[p]laintiff cannot allege a partial omission triggering a duty to disclose" based on "outright false" marketing materials. *Hamman v. Cava Grp., Inc.*, 2023 WL 3450654, at *9 (S.D. Cal. Feb. 8, 2023). Here, Plaintiffs allege the Challenged Representations "are false because the Products contain citric acid, an artificial ingredient not made from natural sources." FAC ¶ 4. As this Court held when dismissing claims in the original complaint based on a partial omission theory, such an allegation of outright falsehood cannot support

---

[2] It does not appear that Plaintiff Rabinowitz attempts to bring any claim based on an omission theory under New York General Business Law § 349 and § 350. FAC ¶¶ 126–145. To the extent such a claim was intended, under New York law, her omission theory would still fail because "[a] plaintiff can only state a claim for omission under the GBL where the business alone possesses material information that is relevant to the consumer and fails to provide this information." *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 151 (S.D.N.Y. 2022) (holding this was not satisfied where public "industry sources" revealed the "allegedly omitted information"). As explained, Plaintiffs cite publicly available reports and sources that indicate, under Plaintiffs' theory, that Smucker alone did not possess information concerning the allegedly artificial nature of the citric acid in the Products. *See Boghossian v. Capella Univ., LLC*, 2025 WL 934878, at *4 (S.D.N.Y. Mar. 27, 2025) (holding that plaintiffs "have not adequately alleged" that "the business alone possessed the relevant information, or that a consumer could not reasonably obtain the information," when the information was "publicly-available").

a partial omission theory. *See* Dkt. 27 at 11 (holding that allegation that the product's "representations are false because the Products contain citric acid" could not support a partial omission theory).

Second, Plaintiffs' allegations do not plausibly support a pure omission theory. "[A] defendant only has a duty to disclose when either (1) the defect at issue relates to an unreasonable safety hazard or (2) the defect is material, 'central to the product's function,' and the plaintiff alleges one of the four *LiMandri* factors."[3] *Lyman v. Gen. Motors LLC*, 2025 WL 2080654, at *9 (C.D. Cal. Mar. 19, 2025) (citation omitted). Plaintiffs do not allege any unreasonable safety hazard. *See generally* FAC. Nor do Plaintiffs plead any "physical defects that affect the central function" of the Products. *Id.*; *see Hodsdon v. Mars, Inc.*, 891 F.3d 857, 860 (9th Cir. 2018) (holding that the "manufacturers do not have a duty to disclose the labor practices in question . . . because they are not physical defects that affect the [products'] central function"). Finally, Plaintiffs' allegation that Smucker had "exclusive knowledge" that the Products contained an artificial preservative, FAC ¶ 74, lacks specific substantiating facts and is insufficient. *Tietsworth v. Sears, Roebuck & Co.*, 2009 WL 3320486, at *4 (N.D. Cal. Oct. 13, 2009) (dismissing claim alleging that defendant was in the "superior position to know the truth"). Moreover, Plaintiffs' entire theory is based on publicly available articles that they claim show that ***all*** commercially produced citric acid is artificial, which fatally undermines their conclusory allegation of exclusive knowledge. Thus, the Court should dismiss the claims to the extent they rely on an omission theory.

---

[3] The *LiMandri* factors are when the defendant (1) "is in a fiduciary relationship with the plaintiff"; (2) "has exclusive knowledge of material facts not known to the plaintiff"; (3) "actively conceals a material fact from the plaintiff"; and (4) "makes partial representations but also suppresses some material facts." *Gray v. Toyota Motor Sales, U.S.A.*, 2012 WL 313703, at *3 (C.D. Cal. Jan. 23, 2012).

DEFENDANT'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

### C. Plaintiffs fail to allege which state's law applies to their negligent misrepresentation and intentional misrepresentation/fraud claims, requiring dismissal.

Plaintiffs have failed to identify which state law(s) govern their claims for negligent misrepresentation (Count VI) and intentional misrepresentation/fraud (Count VII), which they seek to bring on behalf of all classes. FAC ¶¶ 106–113 (negligent misrepresentation claim that fails to identify which state's law applies), 114–125 (intentional misrepresentation/fraud claim that fails to identify which state's law applies). They purport to bring claims on behalf of "[a]ll U.S. citizens who purchased the Products in their respective state of citizenship for personal and household use and not for resale within the applicable statute of limitations and until the date class notice is disseminated." *Id.* ¶ 45. Courts in this district routinely hold that, when a plaintiff brings claims on behalf of a nationwide class, "given the variance in state laws, failure to allege which state law governs prevents an assessment of whether the claims are adequately pleaded" and requires dismissal. *See Kavehrad v. Vizio, Inc.*, 2022 WL 16859975, at *3 (C.D. Cal. Aug. 11, 2022) (dismissing plaintiffs' common law claims on behalf of proposed nationwide class for "failure to allege which state law governs [those] claims"); *Chebul v. Tuft & Needle, LLC*, 2024 WL 5257021, at *5 (C.D. Cal. Oct. 9, 2024) ("Plaintiff has not even identified which state laws govern her express warranty and unjust enrichment claims . . . which alone is ground for dismissal."); *Rodriguez v. Just Brands USA, Inc.*, 2021 WL 1985031, at *7 (C.D. Cal. May 18, 2021) (dismissing fraud claims because "Plaintiff fails to allege the governing state law").

Dismissal is warranted in this circumstance because, without alleging which state's law governs, Smucker cannot evaluate if the claims are adequately pled. *See Kavehrad*, 2022 WL 16859975, at *3. For example, in *Kim*, the plaintiff sought to bring a breach of warranty claim "on behalf of a Multi-State Class consisting of Spark Toys purchasers in California" and "other states with similar laws." 2023 WL 4316786, at *3. The court held that this allegation was insufficient and ran afoul of Rule 8, which requires a plaintiff to "allege the applicable law to determine whether [they] plead[] a sufficient claim." *Id.*

8

(citation omitted). As in *Kim*, Plaintiffs' Amended Complaint fails to specify which state's law governs their negligent misrepresentation claim and intentional misrepresentation/fraud claim, which alone warrants dismissal.[4]

> **D.      Even if Plaintiffs had alleged California or New York law applied to their negligent misrepresentation and intentional misrepresentation/fraud claims, independent tort principles and the economic loss rule bar those claims.**

Separately, Plaintiffs' negligent misrepresentation and intentional misrepresentation/fraud claim should be dismissed under California's or New York's independent tort doctrine and the economic loss rule.[5] Under California's independent tort principles, "[a]n omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty." *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 19 (2024) (citation omitted). California courts have explained that the economic loss rule was developed "as a specific application of the . . . independent tort principle." *Id.* at 26. Under California law, tort recovery for breach of contract duty is generally barred pursuant to the economic loss rule "unless two conditions are satisfied": (1) "[a] plaintiff must first demonstrate the defendant's injury-causing conduct violated a duty that is independent of

---

[4] In contrast, Plaintiffs also seek to bring a breach of express warranty claim, and a breach of implied warranty claim, on behalf of a nationwide class, but Plaintiffs allege that California law applies to these claims. FAC ¶¶ 89–97 (bringing express warranty claim under Cal. Com. Code § 2313(1)), 98–105 (bringing implied warranty claim under Cal. Com. Code § 2314). Smucker intends to argue that nationwide class claims arising under California law cannot be certified. *See, e.g.*, *Amavizca v. Nuta Mfg., LLC*, 2021 WL 682113, at *11 (C.D. Cal. Jan. 27, 2021) (denying motion to certify a nationwide class for breach of warranty and unjust enrichment claims because California's choice-of-law analysis showed that the laws of all 50 states would apply and plaintiff "failed to meet his burden to establish predominance and demonstrate a suitable and realistic plan for trial"). Smucker does not raise this argument here based on the Court's prior holding that this analysis was more appropriate at the class certification stage. Dkt. 27 at 21–22.

[5] As explained in the prior section, Plaintiffs' failure to allege which state's law applies to these claims makes it unclear to Smucker which state's substantive law should be argued. While Plaintiffs could be alleging that New York or California law applies, their failure to include any allegations means they may be bringing these claims under any of the other 48 states.

the duties and rights assumed by the parties when they entered the contract"; and (2) "the defendant's conduct must have caused injury to persons or property that was not reasonably contemplated by the parties when the contract was formed." *Id.* at 20–21. Similarly, under New York law, Plaintiffs may not assert a tort claim if they do not plausibly "allege an independent duty that 'spring[s] from circumstances extraneous to, and not constituting elements of, the contract," *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 949 F. Supp. 2d 486, 506 (S.D.N.Y. 2013) (citation omitted), or if Plaintiffs do not plausibly allege that they "suffered any personal or property damage" *Cherny v. Emigrant Bank*, 604 F. Supp. 2d 605, 609 (S.D.N.Y. 2009).

Plaintiffs do not allege that Smucker's conduct violated any duty independent of the duties and rights assumed by the parties when they purchased the Products. Plaintiffs allege that Smucker "had a duty to disclose . . . correct information" because it was "in a [more] superior position" than Plaintiffs to know "the quality and characteristics of the Products." FAC ¶ 108. But, as previously explained, this is insufficient to allege a duty because the allegation lacks any substantiating facts, is contradicted by Plaintiffs' own reliance on publicly available articles, and because they do not plausibly allege that the citric acid being artificial is a "physical defect[] that affect[s] the central function." *See supra* Part II.B. In the false advertising context, courts have repeatedly rejected similar claims of negligent misrepresentation where the injury-causing conduct was "not independent" of the duty arising from the underlying contract. *See, e.g.*, *Schippell v. Johnson & Johnson Consumer Inc.*, 2023 WL 6178485, at *14 (C.D. Cal. Aug. 7, 2023) (dismissing negligent misrepresentation claim based on plaintiff's purchase of baby lotion from Target stores that allegedly misled consumers to believe that it was formulated specifically for babies, where she also brought quasi contract and implied warranty claims); *Obillo v. i-Health Inc.*, 2025 WL 844389, at *1, 9 (N.D. Cal. Mar. 18, 2025) (applying *Rattagan* and holding, as to plaintiff bringing negligent misrepresentation claim based on purchase of an "IBS Complete Support" product from a Target store, that plaintiff failed to "allege the violation of any duty that is independent of the duties and rights assumed by the Parties under the

DEFENDANT'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

alleged contract accompanying the sale of the Product"). Courts have similarly dismissed claims for intentional misrepresentation, reasoning that representations "concern[ing] the 'quality or character of the goods sold'" are "not actionable" under *Rattagan* because they are "not independent" of the duties arising from the contract. *Klein v. Ljubljana Inter Auto d.o.o.*, 2024 WL 5185311, at *4–5 (C.D. Cal. Sept. 26, 2024); *see also Bakhtiari v. Nissan N. Am., Inc.*, 2025 WL 2380964, at *1 (N.D. Cal. Aug. 15, 2025) (applying *Rattagan* and explaining that "the only plausible duty [defendant] owed to plaintiffs . . . was one that arose from plaintiffs' warranty or their entering into a contract for the repair of the vehicle" and concluding therefore that claim was implausible and "properly disregarded for" purposes of determining diversity).

Plaintiffs also fail to allege that Smucker's conduct "caused injury to **persons or property** that was not reasonably contemplated by the parties when the contract was formed." *Rattagan*, 17 Cal. 5th at 21 (emphasis added). The only injury that Plaintiffs allege is an "economic injury," not an injury to their person or their property. FAC ¶¶ 113 (alleging Plaintiffs were damaged because they "would not have purchased the products or paid as much for the Products"), 124 (damages were "lost benefit of the bargain and overpayment"). Thus, the failure to allege an injury beyond economic injury provides a second reason to dismiss Plaintiffs' claims for negligent misrepresentation and intentional misrepresentation/fraud. *Dolby Lab'ys Licensing Corp. v. Roku, Inc.*, 2025 WL 2021803, at *12 (N.D. Cal. July 18, 2025) (dismissing negligent misrepresentation claim and fraudulent concealment claim because "[n]one of the harms [plaintiff] claims is non-economic loss"); *Rattagan*, 17 Cal. 5th at 26 ("When a contractual breach results only in economic losses, the pecuniary injury may fall within the scope of parties' precontractual expectations and their allocation of risks, and it is less likely to implicate the breach of a tort duty independent of their contractual rights and obligations.").

### E.     Plaintiff Rabinowitz lacks standing to assert claims for express or implied warranty under California law.

Each of the named Plaintiffs brings claims for breach of express warranty and breach of implied warranty under California law, but Plaintiff Rabinowitz lacks standing to bring claims under California law. "Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 908 (N.D. Cal. 2019); *see also Davis v. The Kroger Co.*, 2023 WL 9511156, at *13 (C.D. Cal. Sept. 22, 2023) ("[N]amed Plaintiffs lack standing to bring claims . . . [using state law] where they do not reside."). Plaintiffs allege that Plaintiff Rabinowitz purchased "Smucker's Natural Strawberry Fruit Spread product from a retail store near her home in Bayville, New York[.]" FAC ¶ 14. Because Rabinowitz did "not reside and did not receive an" alleged injury in California, her express warranty and implied warranty claims brought under California law must be dismissed. *Herrera v. Wells Fargo Bank*, *N.A.*, 2020 WL 5802421, at *11 (C.D. Cal. Sept. 1, 2020).

### F.     Plaintiffs' claims fail to satisfy Rule 9(b)'s particularity requirement because they do not sufficiently plead when they purchased the Products.

Plaintiffs' vague allegations of when they made their purchases do not pass muster under Rule 9(b). Plaintiffs Ringler and Smith only allege the month and year of their most recent purchase. FAC ¶¶ 11 (alleging Ringler purchased Natural Triple Berry Fruit Spread product in "May 2024"), 13 (alleging Smith last purchased Smucker's Natural Red Raspberry Fruit Spread product in "June of 2025"). The allegations regarding Plaintiffs Robles and Rabinowitz are even more amorphous. As to Robles, Plaintiffs allege that she "last purchased the Smucker's Natural Strawberry Fruit Spread product in the Summer of 2025." *Id.* ¶ 12. Similarly, Plaintiffs allege that Rabinowitz purchased the Smucker's Natural Strawberry Fruit Spread product at "the beginning of 2025." *Id.* ¶ 14. These allegations fall short of the standard under Rule 9(b).

It is well established that "[g]eneral allegations of the month and year in which the purported fraudulent misconduct occurred do not suffice." *Vegetable Juices*, 2023 WL

12

9420847, at *3 (holding allegation that Defendant's fraud happened "in May and June 2018" did "not meet Rule 9(b)'s standard"); *Annunziato v. Guthrie*, 2021 WL 5015496, at *5 (C.D. Cal. Oct. 26, 2021) (similar); *Glen Holly Ent., Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999). Nowhere in Plaintiffs' Amended Complaint do they allege anything more specific than the month and year of purchase. *See generally* FAC. Moreover, as to Plaintiffs Robles and Rabinowitz, Plaintiffs do not even allege the **month** the purchase was made, instead vaguely gesturing toward the "Summer of 2025" and "the beginning of 2025." Each of Plaintiffs' allegations falls well short of Rule 9(b)'s particularity requirement and requires dismissal of their claims.

Plaintiffs' allegation that Robles and Smith "occasionally purchased" products "during the putative class period" cannot rescue their claims. FAC ¶¶ 12, 13. Many courts hold "that a plaintiff cannot satisfy the 'when' requirement under Rule 9(b) by simply alleging that [they] purchased the products during the specified class period." *Dawson v. Better Booch, LLC*, 716 F. Supp. 3d 949, 960 (S.D. Cal. 2024). Thus, courts within this district have held that plaintiffs fail to satisfy Rule 9(b) when they allege "repeatedly" purchasing the product during the class period of 10.5 years. *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1124 (C.D. Cal. 2010); *Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 955 (N.D. Cal. 2019). Moreover, although a minority of courts have held that allegations of purchases made "during the applicable class period" are sufficient when the class period is defined "with a specific date(s)," Plaintiffs here do not provide specific dates for the class period. *Dawson*, 716 F. Supp. 3d at 960. Instead, they vaguely allege that the class period extends to the maximum of the "applicable statute of limitations until the date class notice is disseminated"—but they do not define how far back the statute of limitations extends. FAC. ¶ 45. Thus, even if an allegation providing the specific dates of class period could save Plaintiff Robles' and Plaintiff Smith's claims, Plaintiffs' allegations do not come close to providing that required specificity.

Plaintiffs' failure to allege a specific date undermines one of the core purposes of Rule 9(b): to provide "[d]efendants notice of the particular misconduct which is alleged to

constitute the fraud charged so that they can defend [themselves]." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). This is particularly true where, as here, Plaintiffs do not allege that the packaging of the Products was the same for the entirety of the class period. *See generally* FAC. Nevertheless, without identifying dates of purchase, Plaintiffs' deficient allegations require dismissal.

### G.    Plaintiffs have an adequate remedy of law and cannot seek equitable relief.

Plaintiffs' claims for equitable relief must be dismissed because they have not plausibly alleged that they "lack[] an adequate remedy at law." *See Sonner*, 971 F.3d at 844 (dismissing claims for equitable relief under the UCL). Plaintiffs' request for monetary damages, FAC ¶¶ 68, 136, 145, 146, confirms they have an adequate remedy at law. *See, e.g.*, *Gomez v. Jelly Belly Candy Co.*, 2017 WL 8941167, at *2 (C.D. Cal. Aug. 18, 2017) (dismissing UCL claim where plaintiff did not "allege[] facts that could support a future finding that monetary relief is insufficient to compensate her for the alleged harm").

Plaintiffs' scattershot allegations attempting to show they lack an adequate remedy at law are unavailing. FAC ¶¶ 43–44. To begin, Plaintiffs contend that the "statutes of limitations for the causes of action pled herein vary," *id.*, but this position was squarely rejected by the Ninth Circuit in *Guzman*. 49 F.4th at 1313 n.2; *see also Clevenger v. Welch Foods Inc.*, 2022 WL 18228288, at *5 (C.D. Cal. Dec. 14, 2022) (explaining that in *Guzman*, the court held "there was still no support for the plaintiff's argument that the CLRA claim did not provide an adequate legal remedy" despite "different statutes of limitations").

Plaintiffs then sweepingly conclude that the "UCL [claim] is broader than the other causes of action" and spreads "across a multitude of media platforms" (such as "online advertisements"), FAC ¶ 44, but their actual ***factual*** allegations do not mention, in any way, what other "media platforms" or "online advertisements" they are ostensibly referring to. *See generally id.* In fact, these claims are based on identical conduct: the representations on the Products' front labels. *Compare id.* ¶¶ 70–79 (alleging UCL claim based on "all

14

allegations contained in this complaint" made no mention of other "media platforms"), *with id.* ¶¶ 89, 98, 106, 114, 126, 137 (common law claims and New York claims also based on "all allegations contained in this complaint"). Similarly, Plaintiffs speculate that they "*may* [not be] . . . entitled to damages under other causes of action," *id.* ¶ 44 (emphasis added), but again they fail to include factual allegations in support. *See Ibarra v. Pharmagenics LLC*, 660 F. Supp. 3d 914, 922 (C.D. Cal. 2023) ("Courts generally require plaintiffs to allege some ***facts*** suggesting that damages are insufficient to make them whole." (emphasis added)).

Plaintiffs' allegations amount to a hollow attempt to plead around their burden to allege an inadequate remedy at law. As one court has explained, "when a plaintiff pleads a plausible claim seeking damages (a legal remedy) alongside a claim seeking equitable restitution, the plaintiff has essentially defeated their claim for equitable restitution." *Woulfe v. Universal City Studios LLC*, 2022 WL 18216089, at *10 (C.D. Cal. Dec. 20, 2022). Thus, Plaintiffs' UCL and FAL claims should be dismissed—as these claims provide only equitable remedies—and the CLRA claim should be dismissed to the extent it seeks equitable relief. *See, e.g.*, *Scheibe v. Esupplements, LLC*, 681 F. Supp. 3d 1101, 1109 (S.D. Cal. 2023) (dismissing "UCL, FAL, and unjust enrichment claims entirely" because those remedies provide only for equitable relief, while dismissing CLRA claim to the extent it sought "equitable relief" because "money damages" were also permitted under the CLRA).

## V.    CONCLUSION

For these reasons, the Court should dismiss Plaintiff's Amended Class Action Complaint with prejudice.

Dated: September 22, 2025                 WINSTON & STRAWN LLP

                                          By: /s/ Ronald Rothstein
                                              Ronald Rothstein (*pro hac vice*)
                                              RRothste@winston.com

WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone:    +1 312-558-5600

Jared Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone:    +1 305-910-0500

Shawn R. Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J.M. Smucker Company*

DEFENDANT'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Smucker, certifies that this brief contains 5,374 words, which complies with the word limit of L.R. 11-6.1.

Date: September 22, 2025                    */s/ Ronald Rothstein*

Ronald Rothstein (*pro hac vice*)

## **CERTIFICATE OF MEET AND CONFER REQUIREMENT**

I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part. These attempts at resolution were unsuccessful, requiring the filing of this motion.


Date: September 22, 2025                      /s/  Ronald Rothstein

Ronald Rothstein (*pro hac vice*)