**CROSNER LEGAL, P.C.**
Craig W. Straub (SBN 249032)
*craig@crosnerlegal.com*
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL**<br><br>Date: October 17, 2025<br>Time: 9:30 a.m.<br>Ctrm: 750<br>Judge: Hon. Charles F. Eick<br><br>Action Filed: Feb. 10, 2025<br>Discovery Cutoff: Mar. 11, 2026<br>Pretrial Conference: July 15, 2026<br>Trial Date: Aug. 4, 2026 |

## **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1
   a. Plaintiff's Introductory Statement ..................................................................... 1
   b. Defendant's Introductory Statement ................................................................. 3
II. CONTENTIONS ................................................................................................... 7
   a. Failure to Produce Documents .......................................................................... 7
     i. Plaintiff's Position .......................................................................................... 7
     ii. Defendant's Position ..................................................................................... 8
   b. Failure to Provide Substantive Responses to Interrogatories and Requests for Admission ............................................................................................................... 9
     i. Plaintiff's Position .......................................................................................... 9
     ii. Defendant's Position ................................................................................... 10
   c. Failure to Provide a Date Certain or Deponent for Rule 30(b)(6) Deposition ................................................................................................................................ 11
     i. Plaintiff's Position ........................................................................................ 11
     ii. Defendant's Position ................................................................................... 11
III. CONCLUSION ................................................................................................... 11
   i. Plaintiff's Position ........................................................................................... 12
   ii. Defendant's Position ...................................................................................... 12

1

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37-2, Plaintiff Adina Ringler ("Plaintiff") respectfully submits the following Joint Stipulation regarding Plaintiff's Motion to Compel production of documents and substantive discovery responses from Defendant The J.M. Smucker Co. ("Defendant"). Pursuant to Local Rule 37-1, the parties met and conferred via telephone on August 11, August 13, and September 10, 2025.

## I. INTRODUCTION

### a. Plaintiff's Introductory Statement

Plaintiff served Requests for Production of Documents, Interrogatories, and Requests for Admission on Defendant on May 13, 2025. Straub Decl., ¶ 2. After requesting and receiving an extension from Plaintiff, Defendant served its responses on June 23, 2025. Straub Decl., ¶ 3. However, Defendant's responses consisted solely of boilerplate objections. *Id*.

In response to each of Plaintiff's Interrogatories, Defendant asserted boilerplate objections and stated "Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Interrogatories and will supplement its response as discovery progresses." Similarly, in response to each of Plaintiff's Requests for Admission, Defendant asserted boilerplate objections and responded "Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Admission and will supplement its response as discovery progresses." During meet and confer calls with Plaintiff's counsel on August 11 and 13, 2025, Defendant's counsel stated Defendant's investigation was ongoing, and represented that Defendant intended to supplement each of its responses with substantive answers. Straub Decl., ¶ 4. However, to date, Defendant has failed to produce a single substantive response to Plaintiff's Interrogatories or Requests for Admission. *Id*., ¶ 6. Plaintiff's counsel requested, and Defendant's counsel agreed, to provide an estimated date for the production of amended responses to Plaintiff's Interrogatories and Requests for

1

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Admission by September 10, 2025. Straub Decl., ¶ 5. However, Defendant failed to do so. *Id*.

Defendant served amended responses to Plaintiff's Requests for Production of Documents on July 18, 2025. *Id*., ¶ 3. In its amended responses, Defendant agreed to produce non-privileged documents located after a reasonable search in response to RFP Nos. 1, 2, 3, 6, 8, 9-16, 19, 21, 22, 23, 26, 27, 30, 31, 33, 37, 38, 39, 40, 41, and 43. The parties met and conferred on August 11 and August 13, 2025 regarding Defendant's amended responses. During those conferences, Defendant agreed to also produce documents in response to RFP Nos. 4, 5, 7, 11, 20, 24, 29, 32, 46, and 47 and further represented that it would provide search terms to Plaintiff's counsel. On September 5, 2025, Defendant stated that it was working "diligently" on a document production, but still had not produced any responsive documents or provided any proposed search terms. Straub Decl., ¶¶ 4, 6. On September 10, 2025, Plaintiff requested, and Defendant again agreed, to provide a date certain for its production of documents, as required by Fed. R. Civ. P. 34(b)(2)(B). *Id*., ¶ 5. Yet, Defendant failed to specify a date for production of documents as required by Fed. R. Civ. P. 34(b)(2)(B). *Id*.

On August 28, 2025, Plaintiff served a Notice of Taking the Deposition of Defendant seeking testimony on one subject matter related to the Source/Manufacture/Processing of the citric acid at issue. Straub Decl., ¶ 8. The Rule 30(b)(6) Notice was served along with correspondence stating that Plaintiff "will work with you on a date/time for this deposition." *Id*. On September 10, 2025, the parties met and conferred about the Rule 30(b)(6) deposition. *Id*. Defendant stated that it did not intend to attend or produce a deponent for the scheduled 30(b)(6) deposition, but would provide proposed deposition dates. *Id*. To date, Defendant has failed to provide a date certain for the deposition. *Id*. Thus, Plaintiff requests that the Court compel Defendant to provide a deposition of a person most knowledgeable under Rule 36(b)(6) within two weeks of the Court's order.

2

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Plaintiff's deadline to file a Motion for Class Certification is on November 12, 2025 – less than two months away. Straub Decl., ¶ 7 & Ex. 1. Because Defendant has failed to produce a single document, has failed to provide a single substantive response to Plaintiff's discovery responses, which were served over four months ago, and has also failed to provide a date certain or produce a deponent for the Rule 30(b)(6) deposition, Plaintiff respectfully requests that the Court compel Defendant to provide substantive discovery responses and produce responsive documents immediately, and compel Defendant to designate and produce a Rule 30(b)(6) witness in response to Plaintiff's Rule 30(b)(6) deposition notice within two weeks of the Court's order.

### b. **Defendant's Introductory Statement**

Plaintiff Adina Ringler filed this case on February 10, 2025 making allegations concerning a single product, Smucker's® Natural Triple Berry Fruit Spread. Declaration of Ronald Y. Rothstein ("Rothstein Decl.") ¶ 2. *See also* Dkt. No. 1. Defendant moved to dismiss the complaint and this Court granted in part and denied in part that motion on May 13, 2025. Rothstein Decl. ¶ 3. *See also* Dkt. Nos. 16, 27. That same day, Plaintiff Ringler served voluminous discovery requests, including expansive requests for documents ("RFPs"), eighteen interrogatories ("ROGS"), and requests for admission ("RFAs" and collectively, the "Requests"). Rothstein Decl. ¶ 4. On July 29, 2025, in response to this Court's order on the motion to dismiss limiting the product at issue to the product Plaintiff Ringler purchased (Smucker's® Natural Triple Berry Fruit Spread), Plaintiff Ringler's attorneys filed a copycat action in the Superior Court of California, Riverside County on behalf of a new plaintiff, Diane Reed, making identical allegations as to Smucker's® Natural Concord Grape Fruit Spread and Smucker's® Natural Strawberry Fruit Spread. *Id.* ¶ 5.

On July 31, 2025, this Court entered a civil pretrial schedule and trial order. *Id.* ¶ 6. *See also* Dkt. No. 38. Shortly thereafter, Plaintiff Ringler amended the

3

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

complaint in this case on September 8, 2025, adding three additional plaintiffs, Krista Robles, Jay Smith, and Jana Rabinowitz (together with Plaintiff Ringler, "Plaintiffs"), and adding two additional products, Smucker's® Natural Strawberry Fruit Spread and Smucker's® Natural Red Raspberry Fruit Spread. Rothstein Decl. ¶ 7. *See also* Dkt. No. 44. On September 15, 2025, Plaintiff Krista Robles served virtually identical RFPs, ROGs, and RFAs as those at issue in Plaintiff Ringler's motion to compel. Rothstein Decl. ¶ 21. Defendant's responses to Plaintiff Robles's discovery requests are not yet due. *Id.* Needless to say, Plaintiffs' counsel is engaged in a scorched earth, vexatious litigation campaign against Defendant emanating from the limitation imposed by this Court in its ruling on the motion to dismiss, and Plaintiff Robles's recent service of duplicative discovery requests is emblematic of the disjointed manner in which this case is being prosecuted.

In the wake of this vexatious activity, Plaintiff Ringler alone is now moving to compel discovery, knowing all the while that Defendant is working feverishly to answer all written and document discovery. As described in detail below, Defendant has served initial and supplemental responses on Plaintiff Ringler, and as of September 22, 2025, Defendant is current on its discovery obligations. Rothstein Decl. ¶¶ 10–11, 13–14, 22. While Defendant intends to make additional document productions, it has provided Plaintiffs' counsel with search terms in accordance with the stipulation and order regarding electronically stored information (the "ESI Stipulation") entered by this Court (Dkt. No. 35) and now awaits Plaintiffs' responses to those search terms. Rothstein Decl. ¶¶ 8, 15. Under these circumstances, Plaintiff Ringler's motion to compel should be denied.

Indeed, since Plaintiff Ringler served her Requests, Defendant has been working to identify custodians and collect documents and data responsive to the 47 RFPs, 18 ROGs, and seven RFAs. *Id.* ¶ 8. Given the complexity of the Requests, many of which inquire as to the source of, and manufacturing process related to, the citric acid used in Smucker's® Natural Triple Berry Fruit Spread, responses to the

4

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Requests require extensive factual investigation into the sourcing and manufacturing process of Defendant's third-party citric acid supplier. *Id.* ¶ 9–10. Accordingly, Defendant served timely preliminary responses to these Requests in order to preserve its objections. *Id.* In these responses, Defendant indicated that it would supplement its responses as discovery in this action progressed. *Id.* ¶ 10. And Defendant has done exactly that.

On July 18, 2025, less than a month after serving its initial objections, Defendant served its first amended responses and objections to Plaintiff Ringler's RFPs. *Id.* ¶ 11. On August 11 and 13, 2025 the Defendant and Plaintiff Ringler (collectively, the "Parties") met and conferred regarding these responses as well as the status of Defendant's other discovery responses, which Defendant assured Plaintiff Ringler it was working as quickly as possible to complete. *Id.* ¶ 12. Shortly thereafter, Plaintiff Ringler amended her complaint to include two additional at-issue products and three new named plaintiffs. *Id.* ¶ 7. *See also* Dkt. No. 44.

Nonetheless, since the Parties' August 11 and 13, 2025 conferences, Defendant has provided amended responses and objections to Plaintiff Ringler's RFAs and ROGs, which were served on September 22, 2025. Rothstein Decl. ¶ 14. Moreover, Defendant has produced an initial tranche of documents central to Plaintiff's claims, including labels for the three at-issue products (the "Products") and documents identifying the source of the citric acid used in the Products. *Id.* ¶ 13. Defendant has also provided a list of proposed search terms to Plaintiffs pursuant to the ESI Stipulation entered by this Court so as to facilitate a reasonable search and review of potentially relevant documents. *Id.* ¶ 15. Defendant awaits Plaintiffs' response. *Id.*

Finally, on August 28, 2025, Plaintiff Ringler served a Notice of Taking the Deposition of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "30(b)(6) Notice"). *Id.* ¶ 16. The 30(b)(6) Notice comprised "one" topic broken out into four extensive sub-parts, many of which seek information that is known only to

5

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Defendant's citric acid supplier and thus is outside Defendant's possession, custody, or control. *Id.* ¶¶ 17–18. Defendant served its responses and objections to the 30(b)(6) Notice on September 22, 2025. *Id.* ¶ 19. Defendant believes it has identified the appropriate witness and anticipates meeting and conferring with Plaintiff Ringler to establish the scope and date of the deposition as well as to identify the name of this witness. *Id.* ¶¶ 19–20.

The steps taken by Defendant to engage meaningfully in the discovery process undermine Plaintiff's position that an order by this Court compelling Defendant to provide substantive discovery responses and to produce documents and a witness is warranted. Indeed, Defendant is working thoughtfully and vigorously to continue to obtain, review, and compile the documents and information responsive to Plaintiff Ringler's Requests in as a timely a manner as is feasible. *Id.* ¶ 8.

In light of Defendant's production of documents, substantive responses to Plaintiff Ringler's Requests, and overall willingness to cooperate with Plaintiff Ringler throughout the discovery process, Defendant respectfully requests that this Court deny Plaintiff Ringler's motion to compel in its entirety.

With respect to Plaintiff Ringler's present motion to compel, Plaintiff Ringler's counsel served to Defendant on September 15, 2025, a draft joint stipulation regarding the motion (the "Stipulation") and complaining that Defendant had failed to produce documents, failed to provide substantive responses to Plaintiff Ringler's ROGs and RFAs, and failed to provide a date certain for a Rule 30(b)(6) deposition. *Id.* ¶ 23. At the same time, Plaintiff Ringler also served a declaration from her counsel, Craig Straub, in support of the Stipulation. *Id*. Pursuant to Local Rule 37-2.2, seven (7) days later, on September 22, 2025, Defendant responded to the issues raised in the Stipulation. *Id*. Specifically, Defendant replied that each issue about which Plaintiff Ringler complains is moot; Defendant has provided substantive ROG responses, substantive responses to Plaintiff Ringler's RFAs, and has responded that it will produce a 30(b)(6) witnesses (with a deposition date to be

6

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

coordinated by the Parties). *Id*. This is in keeping with promises made at the meet and confer by Defendant to supplement discovery. *Id*.

That should have been the end of Plaintiff Ringler's vexatious push to run to court over moot discovery issues. Nevertheless, on September 23, 2025, Plaintiff Ringler served Defendant with proposed final versions of the Stipulation and Mr. Straub's declaration. *Id*. ¶ 24. But these proposed final documents ignored the significant discovery efforts undertaken by Defendant in the intervening week. *Id*. To be sure, Mr. Straub failed to make any revisions to his declaration to accurately reflect the current state of discovery and likewise made no effort to update Plaintiff Ringler's now inaccurate portions of the Stipulation. *Id*. The result is that Plaintiff Ringler's proffered portion of the Stipulation and Mr. Straub's declaration (executed "pursuant to 28 U.S.C. § 1746" and the penalty of perjury) are riddled with demonstrably false statements. *See id*. (citing Straub Decl. ¶ 6 (falsely claiming that "[t]o date, Defendant has not produced a single responsive document"); *Id*. (falsely claiming Defendant has not "provided a single substantive response to Plaintiff's discovery requests[.]"); *see also* Joint Stipulation re Plaintiff Adina Ringler's Motion to Compel, Sections I(a), II(a)(i), II(b)(i), II(c)(i), (III)(i)).

## II.   CONTENTIONS

### a.   Failure to Produce Documents

#### i.   Plaintiff's Position

Despite agreeing to produce responsive documents on July 18, 2025, Defendant has yet to produce a single responsive document. Defendant's undue delay is unjustified and prejudices Plaintiff's ability to prepare a Motion for Class Certification, as Plaintiff's burden in class certification requires providing evidence. *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) (a plaintiff must "must satisfy through evidentiary proof at least one of Rule 23(b)'s provisions."); *Mocha Gunaratna v. Dennis Gross Cosmetology LLC et al.*, No. CV2002311MWFGJSX, 2021 WL 6103076, at *2 (C.D. Cal. Nov. 10, 2021) (granting extension to class

7

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

certification deadline given Defendant's delay in producing documents, with the court surmising that Defendant hoped class certification would be derailed through timing rather than the merits).

Further, by failing to include a deadline for production of documents, Defendant has failed to provide a complete response to Plaintiff's Requests for Production of Documents. *See* Fed. R. Civ. P. 34(b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."); *Happy Place, Inc. v. Hofesh, LLC*, 2019 WL 4221400, at *1 (C.D. Cal. May 17, 2019), citing *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("[R]esponses [that] do not indicate when documents and ESI that defendants are producing will be produced" violate amended Rule 34); *Sarieddine v. D&A Distribution, LLC*, 2018 WL 5094937, at *4 (C.D. Cal. Apr. 6, 2018) (same).

By delaying its document production and failing to even specify a date for production of documents, Defendant severely prejudices Plaintiff's ability to properly brief her Motion for Class Certification and provide evidence as required by Rule 23(b). Accordingly, Plaintiff requests that the Court compel Defendant to produce documents immediately and complete its production within two weeks of the Court's Order.

### ii. Defendant's Position

On September 21, 2025 Defendant served an initial tranche of documents central to the claims made in the amended complaint, including the Products' labels and documents identifying the source of the citric acid ingredient used in the Products. Rothstein Decl. ¶ 13. Defendant is working to produce additional responsive documents, including documents that address the new products and parties added in the amended complaint, which was filed just two weeks ago on September 8, 2025. *Id.* ¶ 8. *See also* Dkt. No. 44. To facilitate that process, Defendant has proposed a list of search terms to Plaintiffs pursuant to the Parties' ESI

8

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Stipulation. Rothstein Decl. ¶ 15.

Defendant intends to produce additional tranches of documents on a rolling basis after Plaintiffs review and comment upon Defendant's proposed search terms. *Id.* In light of the substantial steps Defendant has taken to produce documents, an order compelling Defendant to produce documents is moot and Plaintiff Ringler's motion should be denied.

### b. Failure to Provide Substantive Responses to Interrogatories and Requests for Admission

#### i. Plaintiff's Position

Defendant responded to each Interrogatory by asserting "Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Interrogatories and will supplement its response as discovery progresses." Defendant similarly responded to each Request for Admission by asserting "Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Admission and will supplement its response as discovery progresses." This is improper.

Under Fed. R. Civ. P. 36(a)(4), "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." If the answering party asserts a lack of knowledge or information as a reason for failing to admit or deny, the party must state "that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id*. All of Defendant's responses to Plaintiff's requests for admission fail to comply with Rule 36's requirements, as they do not admit, deny, or state in detail why Defendant cannot truthfully admit or deny. Additionally, while Defendant states that discovery is in its early stages, Defendant fails to state that it has made a reasonable inquiry as required by Fed. R. Civ. P. 36. Furthermore, Fed. R. Civ. P. 36(a)(3) requires a party to respond within thirty (30) days of being served. Defendant's response that it "will supplement its response as discovery progresses"

9

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

– in effect provide a substantive response at its discretion – is improper and fails to comply with the response deadline set forth in Rule 36.

Under Fed. R. Civ. P. 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Defendant's responses to Plaintiff's interrogatories fail to comply with Fed. R. Civ. P. 33. The response that Defendant "will supplement its response as discovery progresses" does not constitute a proper answer or objection under Rule 33. Further, Fed. R. Civ. P. 33 requires the responding party to serve its answers and objections within 30 days after being served with interrogatories. Fed. R. Civ. P. 33(b)(2). Defendant's responses that "it will supplement its response as discovery progresses" – in effect provide a substantive response at its discretion – is improper, is not a complete interrogatory response, and fails to comply with the response deadline set forth in Rule 33. *See Foster v. State Farm Fire and Casualty Co.*, 2023 WL 9181333, at *2 (S.D. Miss. March 13, 2023) (indicating an intent to supplement violates Federal Rule of Civil Procedure 33 by failing to timely provide complete and substantive answers to interrogatories).

### ii. **Defendant's Position**

The theory of harm at issue here is that representations on the Products' labels stating that the Products are "natural" and "made with ingredients from natural sources" are false and misleading because the Products purportedly contain artificial citric acid. Rothstein Decl. ¶ 9. *See also, e.g.*, First Am. Compl. ¶¶ 3–4. With that in mind, many of Plaintiff Ringler's ROGs and RFAs inquire as to the source of, and manufacturing process related to, the citric acid used in Smucker's® Natural Triple Berry Fruit Spread. Rothstein Decl. ¶ 9. Accordingly, substantive responses from Defendant necessarily require extensive factual investigation. *Id*. Since receiving Plaintiff's Requests, Defendant has been making the required inquiries so as to meaningfully respond to Plaintiff's Requests. *Id.* ¶ 8. After extensive investigation, Defendant obtained much of the necessary information and served amended

10

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

responses and objections to Plaintiff Ringler's ROGs and RFAs on September 22, 2025. *Id.* ¶ 14. Therefore, Plaintiff Ringler's motion to compel Defendant to provide substantive ROG and RFA responses is moot and should be denied.

### c. Failure to Provide a Date Certain or Deponent for Rule 30(b)(6) Deposition

#### i. Plaintiff's Position

On August 28, 2025, Plaintiff served a Rule 30(b)(6) notice requesting a deposition of Defendant's person most knowledgeable on a single subject matter—the sourcing, manufacturing, and processing of citric acid incorporated into the Products. This is a key issue in the matter, as Plaintiff needs to know what entities produce the citric acid and determine how the ingredient is manufactured. *See* Order Denying in Part and Granting in Part Def.'s Mtn. to Dismiss, ECF No. 27, at 5 ("The Court finds that Plaintiff has drawn a sufficient connection between the industry practice of using artificial citric acid and Defendant's practices."). Plaintiff's request to take the deposition within two weeks of the Court's order is reasonable. *See Montoya v. Orange Cnty. Sheriff's Dep't*, 2013 WL 12347293, at *1 (C.D. Cal. Feb. 21, 2013) (ordering defendant "to designate and produce its Rule 30 (b)(6) witness(es) within fourteen (14) days" of the court's order).

#### ii. Defendant's Position

Plaintiff Ringler served the 30(b)(6) Notice on August 28, 2025, and unilaterally chose a deposition date a mere 15 days later—on September 12, 2025. *Id.* ¶ 16. The 30(b)(6) Notice seeks information on four extensive categories of information, including information related to the sourcing, manufacturing, and processing of the citric acid used in the Products, lumped together as "one" wide-ranging topic. *Id.* ¶ 17. But much of the information Plaintiff Ringler seeks is known only to Defendant's citric acid supplier and thus is outside Defendant's possession, custody, or control. *Id.* ¶¶ 17–18. Nonetheless, Defendant served its responses and objections to the 30(b)(6) Notice on September 22, 2025 and believes it has

11

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

identified the appropriate witness. *Id.* ¶ 19. Defendant anticipates meeting and conferring with Plaintiff Ringler to establish the scope and date of the deposition as well as to identify the name of such witness. *Id.* ¶ 20.

Given that Defendant's investigation and identification of a witness are substantially complete and Defendant needs only to confer with Plaintiff Ringler's counsel to finalize the scope of topics and identify a date for the deposition as well as the name of its witness, this issue is moot and the motion to compel Defendant to produce a witness should be denied.

### III. CONCLUSION

#### i. Plaintiff's Position

For the foregoing reasons, Plaintiff respectfully requests that the Court order Defendant to make a full document production immediately and complete its document production within two weeks of the Court's Order. Additionally, Plaintiff requests that the Court order Defendant to produce complete and substantive responses to Plaintiff's discovery within one week of the Court's Order. Plaintiff further requests that the Court compel Defendant to provide a date certain and designate and produce a Rule 30(b)(6) witness within two weeks of the Court's Order.

#### i. Defendant's Position

For the foregoing reasons, including Defendant's document production and service of substantive discovery responses, Defendant respectfully asks that this Court deny Plaintiff Ringler's motion to compel in its entirety.

DATED: September 15, 2025            Respectfully submitted,

/s/  *Craig W. Straub*
Craig W. Straub
*Counsel for Plaintiffs and the Proposed Class*

12

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
Joint Stipulation Re. Plaintiff Adina Ringler's Motion to Compel

DATED: September 23, 2025              Respectfully submitted,

*/s/ Ronald Y. Rothstein*
RONALD Y. ROTHSTEIN
*Counsel for Defendant*

## ATTESTATION PURSUANT TO CIVIL L.R. 5-4.3.4

The undersigned filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated:  September 24, 2025              */s/ Craig W. Straub*
                                        Craig W. Straub

13

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL