Ronald Y. Rothstein (*pro hac vice*)
RRothstein@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: +1 312-558-5600

Jared R. Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone: +1 305-910-0500

Shawn R. Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J.M. Smucker Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>Hon. Anne Hwang<br><br>**DECLARATION OF RONALD Y. ROTHSTEIN IN SUPPORT OF JOINT STIPULATION RE PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL**<br><br>Complaint filed: February 10, 2025<br>Amended Complaint filed: September 8, 2025 |

## DECLARATION OF RONALD Y. ROTHSTEIN

I, Ronald Y. Rothstein, declare as follows:

1.    I am an attorney admitted *pro hac vice* to appear before this Court in the above-captioned action. I am a partner with the law firm Winston & Strawn LLP. I am serving as lead counsel for Defendant The J.M. Smucker Company ("Defendant") in connection with the current proceedings. I make the following declaration in support of Plaintiff Adina Ringler ("Plaintiff Ringler") and Defendant's Joint Stipulation Re Plaintiff Ringler's Motion to Compel. I am over the age of 18 and am competent to make this declaration. I have personal knowledge of the following facts and, if called to testify to them, could and would competently do so.

2.    Plaintiff Adina Ringler filed this case on February 10, 2025 making allegations concerning a single product, Smucker's® Natural Triple Berry Fruit Spread. *See* Dkt. No. 1.

3.    Defendant moved to dismiss the complaint and this Court granted in part and denied in part that motion on May 13, 2025. *See* Dkt. Nos. 16, 27.

4.    On that same day, May 13, 2025, Plaintiff Ringler served 47 requests for production of documents ("RFPs"), 18 interrogatories ("ROGs"), and seven requests for admission ("RFAs" and collectively, the "Requests").

5.    On July 29, 2025, following this Court's order on the motion to dismiss limiting the product at issue to the product Plaintiff Ringler purchased (Smucker's® Natural Triple Berry Fruit Spread), Plaintiff Ringler's attorneys filed an action in the Superior Court of California, Riverside County on behalf of a new plaintiff, Diane Reed, making identical allegations as to Smucker's® Natural Concord Grape Fruit Spread and Smucker's® Natural Strawberry Fruit Spread.

6.    On July 31, 2025, this Court entered a civil pretrial schedule and trial order. *See* Dkt. No. 38.

– 1 –

DECLARATION OF RONALD Y. ROTHSTEIN IN SUPPORT OF JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL
CASE NO. 2:25-cv-01138-AH-E

7.    On September 8, 2025, Plaintiff Ringler amended the Complaint in this case on September 8, 2025, adding three additional plaintiffs, Krista Robles, Jay Smith, and Jana Rabinowitz (together with Plaintiff Ringler, "Plaintiffs"), and adding two additional products, Smucker's® Natural Strawberry Fruit Spread and Smucker's® Natural Red Raspberry Fruit Spread. *See* Dkt. No. 44.

8.    Since receiving Plaintiff Ringler's Requests, Defendant has been making the required inquiries so as to meaningfully respond. It is working to obtain, review, and compile the documents and information responsive to the Requests, including documents that address the new products and parties added in the amended complaint filed just two weeks ago, in as a timely a manner as is feasible.

9.    The theory of harm at issue here is that representations on the three at-issue products' (the "Products") labels stating that the Products are "natural" and "made with ingredients from natural sources" are false and misleading because the Products purportedly contain artificial citric acid. First Am. Compl. ¶¶ 3–4. Accordingly, many of the Plaintiff Ringler's Requests inquire as to the source of, and manufacturing process related to, the citric acid ingredient used in Smucker's® Natural Triple Berry Fruit Spread and necessarily require extensive factual investigation into the sourcing and manufacturing process of Defendant's third-party citric acid supplier.

10.    Given the complexity of these Requests, Defendant served timely preliminary responses in order to preserve its objections. In these responses, Defendant indicated that it would supplement its responses as discovery in this action progressed.

11.    On July 18, 2025, Defendant served its first amended responses and objections to Plaintiff Ringler's RFPs.

12.    On August 11 and 13, 2025 Defendant and Plaintiff Ringler (collectively, the "Parties") met and conferred regarding Defendant's amended RFP responses as

– 2 –

well as the status of Defendant's other discovery responses, which Defendant assured Plaintiff Ringler it was working as quickly as possible to complete.

13. On September 21, 2025 Defendant produced an initial tranche of documents central to the claims made in the amended complaint, including the Products' labels and documents identifying the source of the citric acid used in the Products.

14. After extensive investigation, Defendant obtained much of the information necessary to respond to Plaintiff Ringler's RFAs and ROGs and, on September 22, 2025, Defendant served amended responses and objections to those requests.

15. On September 22, 2025, in order to facilitate a reasonable search and review of potentially relevant documents, Defendant provided Plaintiffs with a list of proposed search terms in accordance with the Parties' ESI Stipulation. Defendant intends to produce additional tranches of documents on a rolling basis after Plaintiffs review and comment upon Defendant's proposed search terms.

16. On August 28, 2025, Plaintiff Ringler served a Notice of Taking the Deposition of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "30(b)(6) Notice"), unilaterally choosing a deposition date 15 days later—on September 12, 2025.

17. The 30(b)(6) Notice comprised "one" topic broken out into four sub-parts, which seek information regarding the manufacturing, sourcing, and processing of the citric acid used in the Products.

18. Much of the information sought in the 30(b)(6) Notice is known only to Defendant's citric acid supplier and thus is outside Defendant's possession, custody, or control.

19. Defendant served its responses and objections to the 30(b)(6) Notice on September 22, 2025, and believes it has identified the appropriate witness.

– 3 –

20.    Defendant anticipates conferring with Plaintiff Ringler to establish the scope and date of the deposition as well as to identify the name of its witness.

21.    On September 15, 2025, Plaintiff Krista Robles served virtually identical RFPs, ROGs, and RFAs as those at issue in Plaintiff Ringler's motion to compel. Defendant's responses to Plaintiff Robles's discovery requests are not yet due.

22.    As of September 22, 2025, Defendant is current on its discovery obligations.

23.    With respect to Plaintiff Ringler's present motion to compel, Plaintiff's counsel served to Defendant on September 15, 2025, a draft joint stipulation regarding the motion (the "Stipulation") and complaining that Defendant had failed to produce documents, failed to provide substantive responses to Plaintiff Ringler's ROGs and RFAs, and failed to provide a date certain for a Rule 30(b)(6) deposition. At the same time, Plaintiff Ringler also served a declaration from her counsel, Craig Straub, in support of the Stipulation. Pursuant to Local Rule 37-2.2, seven (7) days later, on September 22, 2025, Defendant responded to the issues raised in the Stipulation. Specifically, Defendant replied that each issue about which Plaintiff Ringler complains is moot; Defendant has provided substantive ROG responses, substantive responses to Plaintiff Ringler's RFAs, and has responded that it will produce a 30(b)(6) witnesses (with a deposition date to be coordinated by the Parties). This is in keeping with promises made at the meet and confer by Defendant to supplement discovery.

24.    The next day, on September 23, 2025, Plaintiff Ringler served Defendant with proposed final versions of the Stipulation and Mr. Straub's declaration. But these proposed final documents ignored the significant discovery efforts undertaken by Defendant in the intervening week. To be sure, Mr. Straub failed to make any revisions to his declaration to accurately reflect the current state of discovery and likewise made no effort to update Plaintiff Ringler's now inaccurate portions of the

– 4 –

Stipulation. The result is that Plaintiff Ringler's proffered portion of the Stipulation and Mr. Straub's declaration (executed "pursuant to 28 U.S.C. § 1746" and the penalty of perjury) are riddled with demonstrably false statements. *See e.g.*, Straub Decl. ¶ 6 (falsely claiming that "[t]o date, Defendant has not produced a single responsive document"); *Id.* (falsely claiming Defendant has not "provided a single substantive response to Plaintiff's discovery requests[.]"); *see also* Joint Stipulation re Plaintiff Adina Ringler's Motion to Compel, Sections I(a), II(a)(i), II(b)(i), II(c)(i), (III)(i).

I certify under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on September 23, 2025 in Chicago, Illinois.

Dated: September 23, 2025          WINSTON & STRAWN LLP


                                    By:  */s/ Ronald Y. Rothstein*
                                         Ronald Y. Rothstein (*pro hac vice*)
                                         Jared R. Kessler (*pro hac vice*)
                                         Shawn R. Obi

                                         *Attorneys for Defendant*
                                         *The J.M. Smucker Company*

– 5 –

DECLARATION OF RONALD Y. ROTHSTEIN IN SUPPORT OF JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL
CASE NO. 2:25-cv-01138-AH-E