**CROSNER LEGAL, P.C.**
Craig W. Straub (SBN 249032)
*craig@crosnerlegal.com*
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:    Oct. 29, 2025<br>Time:    1:30 p.m.<br>Ctrm:    9C<br>Judge:   Hon. Anne Hwang<br><br>Complaint Filed: Feb. 10, 2025<br>Trial Date:      Aug. 4, 2026 |

# **TABLE OF CONTENTS**

I.      INTRODUCTION................................................................................................1

II.     BACKGROUND.................................................................................................1

III.    LEGAL STANDARD .........................................................................................3

IV.     ARGUMENT .....................................................................................................3

     A.      Defendant Cannot Raise Defenses on a Rule 12(b)(6) Motion
        That Could Have Been Brought in an Earlier Motion.........................3

     B.      Plaintiffs Do Not Bring Claims for Substantially Similar
        Products.............................................................................................4

     C.      Plaintiffs Plausibly Allege Fraud by Omission ..................................4

     D.      The Court Should Defer Ruling on Nationwide Class Issues
        Until Class Certification Consistent with its Prior MTD Order...........7

     E.      This Court Should Reject Defendant's Arguments Regarding
        the Economic Loss Doctrine for a Second Time .................................8

     F.      Plaintiff Rabinowitz Does Not Attempt to Bring Warranty
        Claims Under California Law ...........................................................11

     G.      The FAC Satisfies Rule 9(b).............................................................11

     H.      This Court Correctly Found that the Complaint Alleges a Lack
        of an Adequate Remedy at Law........................................................14

V.      CONCLUSION ................................................................................................17

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                    **Page(s)**

*Anderson v. Apple Inc.*,
    500 F. Supp. 3d 993 (N.D. Cal. 2020) ................................................4, 5, 10, 15

*Annunziato v. Guthrie*,
    2021 WL 5015496 (C.D. Cal. Oct. 26, 2021) .....................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..............................................................................................3

*Astiana v. Ben & Jerry's Homemade, Inc.*,
    2011 WL 2111796 (N.D. Cal. May 26, 2011) ...............................................12, 14

*Augustine v. Talking Rain Beverage Co., Inc.*,
    386 F.Supp.3d 1317 (S.D. Cal. 2019) ...................................................................5

*B.K. v. Desert Care Network*,
    2024 WL 1343305 (C.D. Cal. Feb. 1, 2024)..........................................................8

*Beasley v. Lucky Stores, Inc.*,
    400 F. Supp. 3d 942 (N.D. Cal. 2019) .................................................................13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..............................................................................................3

*Boghossian v. Capella Univ., LLC,*
     2025 WL 934878 (S.D.N.Y. Mar. 27, 2025)  ......................................................6

*Bret Harte Union High Sch. Dist. v. FieldTurf, USA, Inc.*,
    2016 WL 3519294 (E.D. Cal. June 27, 2016).......................................................9

*In re ConAgra Foods, Inc.*,
    908 F. Supp. 2d 1090 (C.D. Cal. 2012)...............................................................14

*Dana v. Hershey Co.*,
    180 F. Supp. 3d 652 (N.D. Cal. 2016) ..................................................................5

*Davis v. The Kroger Company*,
    2023 WL 9511156 (C.D. Cal. Sept. 22, 2023)................................................12, 13

-ii-

*Dhital v. Nissan N. Am., Inc.*,

  84 Cal. App. 5th 828 (Cal. Ct. App. 2022) ....................................................9, 10

*DiGiacinto v. RB Health (US) LLC*,

  2023 WL 2918745 (N.D. Cal. Apr. 11, 2023) .......................................................9

*Fernandez v. Atkins Nutritionals, Inc.*,

  2018 WL 280028 (S.D. Cal. Jan. 3, 2018) .............................................12, 13, 14

*Fitzhenry-Russell v. Coca-Cola Cola Co.*

  2017 WL 4680073 (N.D. Cal. Oct. 18, 2017).......................................................8

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*,

  2017 WL 4224723 (N.D. Cal. Sept. 22, 2017).......................................12, 13, 14

*Fried v. Snapple Beverage Corp.*,

  753 F.Supp.3d 1145 (S.D. Cal. 2024) .............................................................7, 10

*Glen Holly Ent., Inc. v. Tektronix, Inc.*,

  100 F. Supp. 2d 1086 (C.D. Cal. 1999)..............................................................13

*Gomez v. Jelly Belly Candy Co.*,

  2017 WL 8941167 (C.D. Cal. Aug. 18, 2017) ...................................................14

*Grausz v. Kroger Co.*,

  2020 WL 12688138 (S.D. Cal. Mar. 3, 2020)...............................................12, 14

*Graves v. Arpaio*

  623 F. 3d 1043 (9th Cir. 2010 ).............................................................................4

*Guzman v. Polaris Indus. Inc.*,

  49 F.4th 1308 (9th Cir. 2022)..............................................................................16

*Hall v. Marriott International, Inc.*,

  2020 WL 4727069 (S.D. Cal. Aug. 14, 2020) ..............................................12, 14

*Hannibal Pictures, Inc. v. Sonja Prods. LLC*,

  432 Fed.Appx. 700 (9th Cir. 2011) .......................................................................9

*Harmsen v. Smith*,

  693 F.2d 932 (9th Cir. 1982)................................................................................8

-iii-

*Hild v. Bank of Am., N.A.*,

   2015 WL 1813571 (C.D. Cal. Apr. 21, 2015)......................................................4

*Hodsdon v. Mars, Inc.*,

   162 F. Supp. 3d 1016 (N.D. Cal. 2016), aff'd, 891 F.3d 857 (9th

   Cir. 2018)...............................................................................................................6

*Hodsdon v. Mars, Inc.*,

   891 F.3d 857 (9th Cir. 2018)................................................................................5

*Hong v. RugsUSA, LLC*,

   2025 WL 2710096 (N.D. Cal. Sept. 23, 2025)..................................................11

*In re Hyundai & Kia Fuel Econ. Litig.*,

   926 F.3d 539 (9th Cir. 2019)................................................................................8

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,

   996 F. Supp. 2d 942 (S.D. Cal. 2014)..................................................................6

*Johnson v. Navient Corp.*,

   2024 WL 4494677 (C.D. Cal. Oct. 15, 2024).......................................................4

*Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc.*,

   315 Fed. App'x 603 (9th Cir. 2008).....................................................................9

*Lazar v. Superior Ct.*,

   12 Cal. 4th 631 (1996)..........................................................................................9

*Lemus v. Rite Aid Corp.*,

   613 F.Supp.3d 1269 (C.D. Cal. 2022)..................................................................9

*Luong v. Subaru of Am., Inc.*

   2018 WL 2047646 (N.D. Cal. May 2, 2018) .....................................................15

*Maisel v. Tootsie Roll Indus., LLC*,

   2021 WL 3185443 (N.D. Cal. July 27, 2021)....................................................13

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,

   519 F.3d 1025 (9th Cir. 2008).............................................................................3

-iv-

*Melendres v. Arpaio*,
  784 F.3d 1254 (9th Cir. 2015) ............................................................................. 7

*Mencia-Montes v. Fit Foods Distribution, Inc.*,
  2025 WL 1185372 (N.D. Cal. Mar. 31, 2025) .................................................. 15

*Murphy v. Olly Pub. Benefit Corp.*,
  651 F. Supp. 3d 1111 (N.D. Cal. 2023) ...................................................... 15, 16

*In re Natera Prenatal Testing Litig.*,
  664 F. Supp. 3d 995 (N.D. Cal. 2023) ............................................................. 16

*Northstar Fin. Advisors Inc. v. Schwab Investments*,
  135 F. Supp. 3d 1059 (N.D. Cal. 2015) ............................................................. 3

*Oh v. Catalina Snacks, Inc.*,
  764 F. Supp. 3d 903 (C.D. Cal. 2025) ............................................................. 13

*Olson v. FCA US LLC*,
  2024 WL 4267885 (E.D. Cal. Sept. 23, 2024) ................................................. 14

*Rattagan v. Uber Technologies, Inc.*,
  17 Cal. 5th 1 (2024) ................................................................... 8, 9, 10, 11

*Ries v. Hornell Brewing Co.*,
  2011 WL 1299286 (N.D. Cal. Apr. 4, 2011) ................................................... 13

*Robinson Helicopter Co. v. Dana Corp*,
  34 Cal. 4th 979 (2004) ....................................................................................... 9

*Romo v. Wells Fargo Bank, N.A.*,
  2016 WL 3523779 (N.D. Cal. June 28, 2016) ................................................... 4

*Roper v. Big Heart Pet Brands, Inc.*,
  510 F. Supp. 3d 903 (E.D. Cal. Dec. 30, 2020) .............................................. 12

*Salvestrini v. General Motors, LLC*,
  2024 WL 3626695 (S.D. Cal. Aug. 1, 2024) .................................................... 16

*Schuman v. Visa U.S.A., Inc.*,
  --- F.Supp.3d --- 2025 WL 1731795 (S.D. N.Y. June 23, 2025) ....................... 6

-v-

*Shank v. Presidio Brands, Inc.*,

    2018 WL 510169 (N.D. Cal. Jan. 23, 2018) ......................................................14

*Sonner v. Premier Nutrition Corp.*,

    971 F.3d 834 (9th Cir. 2020).................................................................14, 16

*Steiner v. Vi-Jon Inc.,*

    723 F. Supp. 3d 784 (N.D. Cal. 2024) ..............................................................14

*Taylor v. Walmart, Inc.*,

    2025 WL 1600395 (C.D. Cal. June 4, 2025).......................................................5

*Timmins v. Walmart, Inc.*,

    785 F.Supp.3d 774 (E.D. Cal. 2025).............................................................15, 16

*Valiente v. Simpson Imps., Ltd.*,

    717 F. Supp. 3d 888 (N.D. Cal. 2024) ........................................................15, 16

*Vance v. Church & Dwight Co.*,

    2023 WL 2696826 (E.D. Cal. Mar. 29, 2023) .....................................................8

*Vegetable Juices, LLC v. Haliburton International Foods, Inc.,*

    2023 WL 94208473 (C.D. Cal. Dec. 27, 2023) .................................................13

*Wash. Mut. Bank, FA v. Superior Court,*

    15 P.3d 1071 (Cal. 2001)...............................................................................8

*Wong v. Iovate Health Sciences U.S.A. Inc.*,

    2025 WL 821451 (E.D. Cal. Mar. 14, 2025) ....................................................15

*Woulfe v. Universal City Studios, LLC*

    2022 WL 18216089 (C.D. Cal. Dec. 20, 2022) ................................................16

*Young v. Neurobrands, LLC*,

    2019 WL 13247942 (N.D. Cal. 2019)...............................................................9

*Yumul v. Smart Balance, Inc.*,

    733 F. Supp. 2d 1117 (C.D. Cal. 2010).............................................................13

**Rules**

Fed. R. Civ. P. 8(d)...............................................................................................16

Fed. R. Civ. P. 9(b) ................................................................................... 11, 12, 13

Fed. R. Civ. P. 12(g)(2) ................................................................................... 1, 3, 4

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT

## I.   INTRODUCTION

In this consumer protection class action, Plaintiffs Adina Ringler, Krista Robles, Jay Smith, and Jana Rabinowitz (collectively, "Plaintiffs") allege Defendant The J.M. Smucker Company's ("Defendant") Smucker's Natural Triple Berry Fruit Spread, Smucker's Natural Strawberry Fruit Spread, and Smucker's Natural Red Raspberry Fruit Spread products ("Products") are deceptively labeled as "natural" and "made with ingredients from natural sources" because the Products contain the artificial ingredient citric acid. *See* ECF No. 44 ("FAC"), at ¶¶ 3-5, 11-14.

In its motion to dismiss the FAC, Defendant argues (1) Plaintiffs lack standing to sue for substantially similar Products, (2) Plaintiffs' claims fail under an omission theory, (3) Plaintiffs fail to allege which state's law applies to their misrepresentation claims, (4) Plaintiffs' misrepresentation claims are barred by the economic loss doctrine and independent tort principles, (5) Plaintiff Rabinowitz lacks standing to bring claims under California law, (6) Plaintiffs fail to satisfy Rule 9(b), and (7) Plaintiffs have an adequate remedy at law and therefore cannot seek equitable relief. *See* ECF No. 46 ("Mot.").[1]

Defendant's Motion improperly rehashes arguments already rejected by this Court in its prior MTD Order, and raises new arguments that could have been raised in response to the original Complaint in violation of the Federal Rules of Civil Procedure, which prohibit successive motions to dismiss raising defenses that were available but not asserted earlier. *See* Fed. R. Civ. P. 12(g)(2). Even if the Court were to consider these arguments, they fail on the merits, and Defendant's Motion should be denied in its entirety.

## II.   BACKGROUND

This action was initiated by Plaintiff Adina Ringler on February 10, 2025.

---

[1] Plaintiffs do not oppose (1) and (5), as Plaintiffs do not seek to assert claims based on Products they did not purchase, and Plaintiff Rabinowitz does not seek to assert claims under California law.

-1-

ECF No. 1 ("Complaint"). The Complaint alleged that Defendant's labeling of its Fruit Spread products as "natural" and "made with ingredients FROM NATURAL SOURCES" is misleading because the Products contain citric acid – an artificial ingredient not made from natural sources. *See* Compl. ¶¶ 3-4, 16-17.

Defendant filed a Motion to Dismiss the Complaint on April 7, 2025. ECF No. 16 ("Def's MTD"). Following the Parties' briefing and oral argument, on May 13, 2025, the Court granted in part and denied in part Defendant's MTD. ECF No. 27 ("MTD Order"). The Court held, *inter alia*, that Plaintiff Ringler lacked standing to assert claims based on Product flavors she did not purchase. *Id.*, at 16. The Court also rejected Defendant's economic loss doctrine and adequate remedy at law arguments, and deferred ruling on nationwide class allegations until class certification. *See id.*, at 13-19, 21-22.

On August 20, 2025, Plaintiff Ringler filed a motion for leave to amend the complaint to add three Plaintiffs who purchased additional Product flavors, consistent with the Court's ruling regarding standing for substantially similar products. *See* ECF No. 39. The Court granted the motion on September 5, 2025, and Plaintiffs filed the FAC on September 8, 2025. ECF Nos. 43, 44.

The FAC alleges that Plaintiffs Adina Ringler, Krista Robles, and Jay Smith purchased the Triple Berry, Strawberry and Red Raspberry Fruit Spread Products, read and relied on Defendant's "natural" and "made with ingredients from natural sources" misrepresentations, and seek to represent a California subclass under California consumer protection laws. *See* FAC ¶¶ 11-13, 58, 71, 81. The FAC further alleges that Plaintiff Rabinowitz purchased the Strawberry Fruit Spread Product in New York and seeks to represent a New York subclass under New York consumer protection laws. FAC ¶¶ 14, 127, 138. Plaintiffs also seek to represent a nationwide class. *See id.*, ¶ 45.

Defendant now moves to dismiss the FAC, reasserting arguments this Court has already rejected, while also raising new arguments that could have been raised

in response to the original Complaint. *See* Mot. Defendant's motion should be denied.

### III.   LEGAL STANDARD

A Plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a Plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### IV.   ARGUMENT

**A. Defendant Cannot Raise Defenses on a Rule 12(b)(6) Motion That Could Have Been Brought in an Earlier Motion**

"Federal Rule of Civil Procedure 12(g)(2) 'generally precludes a defendant from bringing successive motions to dismiss raising arguments that the defendant failed to raise at the first available opportunity.'" *See Northstar Fin. Advisors Inc. v. Schwab Investments*, 135 F. Supp. 3d 1059, 1070–72 (N.D. Cal. 2015) (citation omitted); *see also* Fed. R. Civ. P. 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

Here, Defendant's Motion raises new arguments that were available to Defendant when Plaintiff Ringler filed the Complaint. *See* Dkt. No. 16. Defendant previously filed a Motion to Dismiss which was granted in part and denied in part. *See* MTD Order. Plaintiffs filed a First Amended Complaint to add Plaintiffs Robles, Smith, and Rabinowitz as Plaintiffs and additional Product flavors purchased by Plaintiffs consistent with this Court's ruling that Plaintiff Ringler did not have standing to pursue claims for substantially similar Products. *See id.*, at 15-16.

-3-

Defendant now asserts new defenses which could have been brought in response to Plaintiff Ringler's Complaint. *See* Mot. at §§ IV(C), (F). Because the rules regarding motions to dismiss do not permit successive motions to dismiss (*see* Fed. R. Civ. P. 12(g)(2)), Defendant should be precluded from raising new arguments that could have been previously raised. *See Hild v. Bank of Am., N.A.*, 2015 WL 1813571, at *3 (C.D. Cal. Apr. 21, 2015) (prohibiting the defendant "from taking a second bite at the apple after neglecting to set forth arguments that were fully available to it when moving to dismiss the FAC"); *Romo v. Wells Fargo Bank, N.A.*, 2016 WL 3523779, at *2 (N.D. Cal. June 28, 2016) (agreeing and collecting cases). The Court should decline to consider Defendant's belated arguments and should deny Defendant's Motion.

### B.      Plaintiffs Do Not Bring Claims for Substantially Similar Products

Plaintiffs do not oppose this portion of Defendant's Motion, as the inclusion of Products not purchased by Plaintiffs in the FAC was inadvertent. During the Parties' meet and confer, Plaintiffs acknowledged this error and agreed to remove those allegations from the FAC. *See* Klein Decl., ¶ 2. Defendant indicated it would proceed with filing a Motion to Dismiss on this basis. *Id*.

### C.      Plaintiffs Plausibly Allege Fraud by Omission

The FAC alleges a partial omission theory based on Defendant's affirmative misrepresentations.[2] *See Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1013 (N.D. Cal. 2020) (partial omission claims are "more straightforward," "well-settled under California law," based on a duty to disclose "aris[ing] from the fact that the omission is 'contrary to a representation actually made by the defendant.'"). Here,

---

[2] Defendant challenged Plaintiff Ringler's partial omission theory for the first time in its Reply in support of its motion to dismiss the Complaint – an argument that should have been deemed waived. *See Johnson v. Navient Corp.*, 2024 WL 4494677, at *4 (C.D. Cal. Oct. 15, 2024) ("arguments raised for the first time in a reply brief are waived."), quoting *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). As a result, Plaintiff was denied the opportunity to address this argument in the briefing.

-4-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT

Defendant's affirmative representations – that the Products are "natural" and "made with ingredients from natural sources" – are misleading because they lead reasonable consumers to believe that the Products contain only natural ingredients and do not contain artificial ingredients. *See* FAC ¶¶ 3-5. However, Defendant fails to disclose that the Products contain at least one artificial ingredient – citric acid – which is not "natural" or made "from natural sources." *Id.*, ¶ 4. While some ingredients in the Products, such as fruit juice, fruit pectin, and sugar, may be "natural," Defendant's representations are misleading because they omit the material fact that the Products also contain citric acid, a synthetic, non-natural ingredient. Accordingly, Plaintiffs adequately allege a partial omission theory. *See, e.g.*, *Augustine v. Talking Rain Beverage Co., Inc.*, 386 F.Supp.3d 1317, 1330 (S.D. Cal. 2019) (declining to dismiss omission claim where product label prominently displayed a "naturally flavored" designation but contained the artificial flavoring ingredient malic acid); *Taylor v. Walmart, Inc.*, 2025 WL 1600395, at *8 (C.D. Cal. June 4, 2025) (plaintiffs sufficiently alleged fraudulent omission where "the front label of the Product 'prominently states that the Product contains "No artificial flavors" and "No artificial preservatives"' [] however, the Product contains citric acid, 'an artificial flavoring and preservative ingredient.'").

The FAC does not allege a pure omission theory.[3] *See generally*, FAC. Defendant's assertion that an FAL claim cannot be based on an omission is incorrect. While the court in *Dana v. Hershey Co*., 180 F. Supp. 3d 652, 668-69 (N.D. Cal. 2016) held that a pure omission cannot support an FAL claim, it clarified that an omission claim under the FAL can proceed where there is an affirmative misrepresentation. *See id*. Because Plaintiffs allege a partial omission based on

---

[3] Defendant's argument that Plaintiff does not allege "'physical defects that affect the central function' of the product" or "exclusive knowledge" (Mot. at 7) are inapplicable because Plaintiff's omission-based claims are based on a partial misrepresentation rather than a pure omission theory. *See Anderson*, 500 F. Supp. 3d at 1012-1013; *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861, fn. 3 (9th Cir. 2018)

-5-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT

Defendant's affirmative statements (*e.g.*, "natural" and "made with ingredients from natural sources"), the FAL claim is properly pled. *See Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1023 (N.D. Cal. 2016), aff'd, 891 F.3d 857 (9th Cir. 2018) ("a plaintiff may state a claim under the FAL if the defendant actually made a statement, but omitted information that undercuts the veracity of the statement."), citing *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 991 (S.D. Cal. 2014) (permitting FAL claim for omissions where plaintiffs alleged defendant made misrepresentations which omitted certain information about the product).

Defendant argues that Plaintiff Rabinowitz's claim for omission under New York General Business Law § 349 and § 350 fails because Plaintiffs' cited sources indicate "Smucker alone did not possess information concerning the allegedly artificial nature of the citric acid in the Products." Mot. at 6, fn. 2. However, omission-based claims under New York consumer protection laws are not limited to "only those where the omitted information is in the defendant's exclusive possession." *Schuman v. Visa U.S.A., Inc.*, --- F.Supp.3d ----2025 WL 1731795, at *10-11 (S.D. N.Y. June 23, 2025). Instead, "[t]o plead an omission-based claim under Section 349, a plaintiff must plausibly plead that they could not 'reasonably have obtained the relevant information they ... claim the [defendant] failed to provide.'" *Id.*, at *11. Defendant's own cited authority supports this standard. *See* Mot. at 6, fn. 2, citing *Boghossian v. Capella Univ., LLC*, 2025 WL 934878, at *4 (S.D.N.Y. Mar. 27, 2025) ("For claims based on an alleged omission, a plaintiff must show 'either that the business alone possessed the relevant information, or that a consumer could not reasonably obtain the information.'"). Here, reasonable consumers shopping in a supermarket would have no way of knowing that the Products contain an artificial ingredient unless they scrutinized the rear-label ingredient list for citric acid and possessed advanced scientific knowledge or independently researched academic literature detailing the industrial production of

-6-

artificial citric acid from *Aspergillus niger*. *See* FAC ¶¶ 21-39; *see also Fried v. Snapple Beverage Corp.*, 753 F.Supp.3d 1145, 1153 (S.D. Cal. 2024) ("Even if reasonable consumers looked to the back label of one of Defendant's Products to learn about the ingredients, they 'could not know that the "citric acid" listed among the ingredients was an artificial, industrially-manufactured chemical,' especially because citric acid occurs naturally in fruits as well."). Because reasonable consumers could not reasonably know that the Products contained an artificial ingredient and Defendant's "natural" and "made with ingredients from natural sources" representations were misleading, Defendant's Motion should be denied.

### D. The Court Should Defer Ruling on Nationwide Class Issues Until Class Certification Consistent with its Prior MTD Order

Defendant argues that Plaintiffs' negligent and intentional misrepresentation claims should be dismissed because Plaintiffs fail to identify which state law(s) govern their nationwide claims and therefore Smucker cannot evaluate whether the claims are adequately pled. *See* Mot. at 8-9. Defendant should be judicially estopped from making this argument, as it previously asserted, "the laws of all 50 states on Plaintiff's warranty claims and misrepresentation claims are implicated because of the nationwide class allegations." Def's MTD at 19-20. In denying in part Defendant's MTD, this Court held "Plaintiff has individual standing to bring all of her claims under California law," and with respect to Defendant's manageability argument regarding laws of other states, "it is preferable to defer ruling on the scope of the class in the context of a class certification motion and not a motion to dismiss." (citing cases). *See* MTD Order at 22; *see also Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015) ("[r]epresentative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation."). Defendant's attempt to rehash this argument should be denied.

-7-

Moreover, Defendant has failed to identify any statutory basis requiring common law claims to be pleaded by reference to a particular state, and the Court should decline to require such a rule. *See B.K. v. Desert Care Network*, No. 2:23-cv-05021, 2024 WL 1343305, at fn. 2 (C.D. Cal. Feb. 1, 2024) (regarding decisions requiring putative class action common law claims to be pleaded by reference to a particular state, finding "the Court is not aware of a statutory basis for this rule and declines to apply it here."). Here, "[b]y default, California courts apply California law..." *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 561 (9th Cir. 2019) (citing *Wash. Mut. Bank, FA v. Superior Court*, 15 P.3d 1071, 1080–81 (Cal. 2001)); *Harmsen v. Smith*, 693 F.2d 932, 946–47 (9th Cir. 1982) (noting that a district court sitting in diversity is "required to apply the substantive law of the state in which it sits, including choice-of-law rules"). To the extent a choice-of-law analysis is required at the class certification stage, such issues should be deferred until then. *See* MTD Order at 22 ( "it is preferable to defer ruling on the scope of the class in the context of a class certification motion and not a motion to dismiss."), citing *Fitzhenry-Russell v. Coca-Cola Co.*, 2017 WL 4680073, at *4 (N.D. Cal. Oct. 18, 2017) and *Vance v. Church & Dwight Co.*, 2023 WL 2696826, at *6 (E.D. Cal. Mar. 29, 2023) ("the question of whether [the plaintiff] can bring claims under the laws of non-California states is better suited for a motion for class certification").

**E.  This Court Should Reject Defendant's Arguments Regarding the Economic Loss Doctrine for a Second Time**

Defendant previously argued, and this Court rejected, the argument that the economic loss doctrine bars Plaintiffs' misrepresentation claims. *See* MTD Order at 13-15. The economic loss doctrine does not apply to claims of misrepresentation that are grounded in fraud, such as the allegations in the FAC. *See Rattagan v. Uber Technologies, Inc.*, 17 Cal. 5th 1, 38 (2024) ("the economic loss rule does not apply to limit recovery for intentional tort claims like fraud."). The Complaint alleges Plaintiffs relied on the Products' affirmative misrepresentations and they "would not

-8-

have purchased Defendant's Products, or would have paid less for the Products, if they had known the Products actually contain an artificial ingredient not made from natural sources." FAC ¶¶ 15-16, 42. Thus, the purchases were fraudulently induced by Defendant's deceptive advertising. This conduct rises from principles of tort law and amounts to tortious conduct, permitting tort damages. *See DiGiacinto v. RB Health (US) LLC*, 2023 WL 2918745, at *10 (N.D. Cal. Apr. 11, 2023) ("[T]he Ninth Circuit has held 'that California law classifies negligent misrepresentation as a species of fraud for which economic loss is recoverable.'") (citing *Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc.*, 315 Fed. App'x. 603, 607 (9th Cir. 2008)); *Hannibal Pictures, Inc. v. Sonja Prods. LLC*, 432 Fed.Appx. 700, 701 (9th Cir. 2011) (claim not precluded by economic loss rule where "one party has lied to the other"); *Young v. Neurobrands, LLC*, 2019 WL 13247942, at *6 (N.D. Cal. 2019) ("Because Plaintiffs allege that they were fraudulently induced to purchase the Products, they have stated a claim under tort principles[.]"); *Lemus v. Rite Aid Corp.*, 613 F.Supp.3d 1269, 1282 (C.D. Cal. 2022) ("economic loss rule does not apply to claims of affirmative misrepresentation"); *Bret Harte Union High Sch. Dist. v. FieldTurf, USA, Inc.*, 2016 WL 3519294, at *5 (E.D. Cal. June 27, 2016).

Indeed, it is well settled under California law that "fraudulent inducement [is] an existing exception to the economic loss rule." *Dhital v. Nissan N. Am., Inc.*, 84 Cal. App. 5th 828, 841, 300 Cal.Rptr.3d 715 (Cal. Ct. App. 2022) (citing *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal.4th 979, 989-90, (Cal. Ct. App. 2004)); *see Rattagan*, 17 Cal. 5th at 41 ("As we observed in *Lazar*, 'fraudulent inducement of contract—as the very phrase suggests—is not a context where the "traditional separation of tort and contract law" obtains.... [I]t has long been the rule that where a contract is secured by fraudulent representations, the injured party may elect to affirm the contract and sue for the fraud.'" (alteration omitted) (quoting *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 645 (1996)).

Similarly, the independent tort doctrine does not bar Plaintiffs' claims,

-9-

because Defendant fraudulently induced Plaintiffs to purchase the Products. *See, e.g., Dhital v. Nissan N. Am.*, 84 Cal. App. 5th at 828, 841 (2024) ("[f]or fraudulent inducement ... 'the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm,'" because "a defendant's conduct in fraudulently inducing someone to enter a contract is separate from the defendant's later breach of the contract or warranty provisions that were agreed to."). This is in line with "California's public policy favoring the punishment and deterrence of fraud." *Id*. at 840. The *Rattagan* court expressly decided not to reverse or alter the California Court of Appeal's decision in *Dhital v. Nissan North America, Inc.*, 84 Cal. App. 5th 828 (2022), meaning that courts continue to treat *Dhital*—which held that the economic loss rule and independent tort doctrine are not bars to a fraudulent inducement claim—as good law.

Both prior to and following the California Supreme Court's decision in *Rattagan*, courts find fraudulent inducement and fraudulent concealment claims satisfy the independent tort requirements, such that they are not barred by the economic loss rule. Here, Defendant had a duty independent of any contractual duty to disclose the presence of an artificial ingredient in the Products, given its affirmative representations that the Products were "natural" and "made with ingredients from natural sources." *See* Section IV(C) and fn. 3, *supra*. Independently, Defendant, who possessed superior knowledge about the Products, had a duty to disclose accurate information, including the presence of an artificial ingredient. *See* FAC ¶ 108. This information was not reasonably discoverable by Plaintiffs, as it required not only investigation of the rear-label ingredient list for citric acid, but also advanced scientific knowledge or prior independent academic research into the industrial production of citric acid from *Aspergillus niger*. *See* FAC ¶¶ 21-39; *see also Fried*, 753 F.Supp.3d at 1153. Defendant's conclusory arguments regarding publicly available documents is misplaced. *See Anderson v. Apple Inc.*,

-10-

500 F. Supp. 3d 993, 1014-1015 (N.D. Cal. 2020) ("The defendant need not have literally been the sole holder of the knowledge. It is generally sufficient for defendants to have had 'superior knowledge' and for the information to have not been reasonably discoverable by the plaintiffs. [ ] As a result, even the presence of the information from publicly available sources—for instance, online—does not automatically foreclose an exclusive-knowledge claim."). Further, the injury suffered by Plaintiffs based on Defendant's failure to disclose – the purchase of the Products or price premium they paid for the Products – is separate from any injury arising from Defendant's non-performance. Such allegations "do not trigger the economic loss rule." *See Hong v. RugsUSA, LLC*, 2025 WL 2710096, at *7 (N.D. Cal. Sept. 23, 2025) (applying *Rattagan* and declining to dismiss negligent and intentional misrepresentation claims sounding in fraud).[4]

### F. Plaintiff Rabinowitz Does Not Attempt to Bring Warranty Claims Under California Law

Defendant contends that Plaintiff Rabinowitz cannot assert warranty claims under California law because she purchased the Product in New York. However, Plaintiff Rabinowitz does not seek to assert such claims under California law. The FAC's citations to Cal. Com. Code §§ 2313 and 2314 under the causes of action for breach of express and implied warranties remained from the prior Complaint and are not the basis for Plaintiff Rabinowitz's claims.

### G. The FAC Satisfies Rule 9(b)

For the first time, Defendant argues that Plaintiffs fail to allege the "when"

---

[4] Defendant's argument that Plaintiffs' "failure to allege an injury beyond economic injury provides a second reason to dismiss Plaintiffs' claims" is just a reiteration of the economic loss doctrine, pursuant to which there is generally no recovery for negligently inflicted purely economic losses. *See* Mot. at 11. As described above, Defendant's reliance on the economic loss rule is misplaced because it is accused of fraud. *See Rattagan*, 17 Cal. 5th at 1236 ("the economic loss rule does not apply to limit recovery for intentional tort claims like fraud.").

-11-

element of Rule 9(b), and that references to the month and year of Plaintiffs' purchases is insufficient. *See* Mot. at 12-14. However, this position has been expressly rejected in consumer fraud and mislabeling cases. *See, e.g.*, *Grausz v. Kroger Co.*, 2020 WL 12688138, at *6 (S.D. Cal. Mar. 3, 2020) (rejecting argument that plaintiff must specify exact dates of purchase; finding even though the plaintiff[] cannot specify when [she saw the label], [she] do[es] not need to provide such a level of specificity because the date when the [labeling] began [appearing in stores] is within [Defendant]'s knowledge, as these advertisements were for [Defendant]'s product."), citing *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723, at *6 (N.D. Cal. Sept. 22, 2017); *Hall v. Marriott International, Inc.*, 2020 WL 4727069, at *12 (S.D. Cal. Aug. 14, 2020) (same); *Fernandez v. Atkins Nutritionals, Inc.*, 2018 WL 280028, at *11–12 (S.D. Cal. Jan. 3, 2018) (rejecting argument that identifying product purchases on specific dates is necessary under Rule 9(b) and finding that requiring plaintiff "to identify whether she purchased, for example, a Chocolate Coconut Bar on September 5, 2016, as opposed to a Chocolate Peanut Candy on September 10, 2016, serves no end towards ensuring that [defendant] receives adequate notice and is protected from the burdens of baseless litigation."); *Davis v. The Kroger Company*, 2023 WL 9511156, at *11 (C.D. Cal. Sept. 22, 2023) (rejecting argument that plaintiffs' allegations are "too general as to time" and finding "California district courts have repeatedly held that allegations satisfy Rule 9(b) as to time when they narrow the timeframe down to a short span of years as long as that timeframe puts defendants on notice as to which statements are at issue.").

Courts have consistently held that general time frame allegations are sufficient to satisfy Rule 9(b) in consumer mislabeling cases. *See, e.g.*, *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 914 (E.D. Cal. Dec. 30, 2020) (product purchase "in 2016" sufficient to satisfy Rule 9(b) in citric acid "natural" labeling case); *Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796, at *6 (N.D. Cal. May

-12-

26, 2011) (purchases "since at least 2006" and "throughout the class period" sufficient to satisfy Rule 9(b) in "all natural" labeling case); *Oh v. Catalina Snacks, Inc.*, 764 F. Supp. 3d 903, 913 (C.D. Cal. Jan. 29, 2025) (allegations of July 2024 purchase sufficient under Rule 9(b)); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723, at *6 (N.D. Cal. 2017) (allegations of purchases "over the last five years" adequate); *Fernandez v. Atkins Nutritionals, Inc.*, 2018 WL 280028, at *11 (S.D. Cal. Jan. 3, 2018) (product purchases "[o]ver the course of the last several years and up until just a few months ago" sufficient); *Maisel v. Tootsie Roll Indus., LLC*, 2021 WL 3185443, at *1, 5 (N.D. Cal. July 27, 2021) (Rule 9(b) satisfied where product purchased in "early 2018"); *Davis*, 2023 WL 9511156, at *11 (finding "Plaintiffs' claims are quite specific as to time" where plaintiff "purchased the products from 2018 until February, 2022" and "from 2020 through part of 2021.").[5]

Moreover, in false advertising cases, the particularity requirement of Rule 9(b) is satisfied by "identifying or attaching representative samples of the misleading materials," which Plaintiffs do here. *See Ries v. Hornell Brewing Co.*, 2011 WL 1299286, at *4 (N.D. Cal. Apr. 4, 2011); FAC ¶¶ 17-20. Plaintiffs also identify the exact claims on the labeling that are alleged to be misleading and explain in detail

---

[5] Defendant's cited cases have nothing to do with consumer fraud and mislabeling cases such as this one and are inapplicable here. *See* Mot. at 12-13, citing *Vegetable Juices, LLC v. Haliburton International Foods, Inc.*, 2023 WL 9420847, at *1-3 (C.D. Cal. Dec. 27, 2023) (business claims); *Annunziato v. Guthrie*, 2021 WL 5015496, at *1 (C.D. Cal. Oct. 26, 2021) (failure to perform managerial services); *Glen Holly Ent., Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1088 (C.D. Cal. 1999) (antitrust violations). Defendant's reliance on *Yumul* and *Beasley* is misplaced because those allegations spanned nearly a decade, far broader than Plaintiffs' allegation of purchases in specific timeframes such as May 2024, Summer of 2025, June 2025, and beginning of 2025 (FAC ¶¶ 11-14). *See Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1124 (C.D. Cal. 2010); *Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 955 (N.D. Cal. 2019).

why the claims are misleading. *Id*. Under these circumstances, Plaintiffs need not identify the exact date of their purchases, as the FAC's allegations are specific enough to provide Defendant with notice of the conduct that is alleged to constitute the fraud. *See, e.g., Grausz*, 2020 WL 12688138, at *6; *Fitzhenry-Russell*, 2017 WL 4224723, at *6; *In re ConAgra Foods, Inc.*, 908 F. Supp. 2d 1090, 1100 (C.D. Cal. 2012); *Astiana*, 2011 WL 2111796, at *6; *Shank v. Presidio Brands, Inc.*, 2018 WL 510169, at *8 (N.D. Cal. Jan. 23, 2018); *Fernandez.*, 2018 WL 280028, at *11-12.[6]

**H.    This Court Correctly Found that the Complaint Alleges a Lack of an Adequate Remedy at Law**

Despite this Court already finding that Plaintiff Ringler "sufficiently alleged that no adequate remedy at law exists," Defendant again argues that Plaintiffs fail to plausibly allege a lack of an adequate legal remedy. *See* Mot. at 14-15, *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Defendant's arguments are unsupported and unpersuasive.

Defendant first argues that Plaintiffs' request for monetary damages "confirms they have an adequate remedy at law." Mot. at 14. But this is unsupported.[7] "[M]any cases hold that '[t]he availability of monetary damages does not preclude a claim for equitable relief under the UCL and CLRA based upon the same conduct.'" *Olson v. FCA US LLC*, 2024 WL 4267885, at *2 (E.D. Cal. Sept. 23, 2024), citing *Steiner v. Vi-Jon Inc.*, 723 F.Supp.3d 784, 795-96 (N.D. Cal. Mar.

---

[6] Defendant's argument that "Plaintiffs do not allege that the packaging of the Products was the same for the entirety of the class period" (Mot. at 14) is misplaced. Plaintiffs allege that they each read and relied on the same misleading advertising at issue. *See* FAC ¶¶ 11-15. Moreover, Defendant is fully capable of defending itself, as it possesses the information regarding how the packaging appeared during the class period. *See, e.g.*, *Grausz*, 2020 WL 12688138, at *6; *Hall*, 2020 WL 4727069, at *12; *Fernandez*, 2018 WL 280028, at *11–12.

[7] The case Defendant relies upon merely held that the plaintiff failed to allege facts supporting the inadequacy of legal remedies. *See* Mot. at 13, citing *Gomez v. Jelly Belly Candy Co.*, 2017 WL 8941167, at *2 (C.D. Cal. Aug. 18, 2017).

-14-

18, 2024) (quoting *Luong v. Subaru of Am. Inc.*, 2018 WL 2047646, at *7 (N.D. Cal. May 2, 2018)) (citing cases).

Numerous courts have held that equitable relief may still be available where it is more prompt, certain, or efficient than monetary damages. *See, e.g.*, *Wong v. Iovate Health Sciences U.S.A. Inc.*, 2025 WL 821451, at *4-5 (E.D. Cal. Mar. 14, 2025) (plaintiff's allegation that equitable relief was more prompt, certain, and efficient than an award of damages and may justify an award of greater relief than damages sufficient to allege inadequate remedy at law); *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020) (same); *Timmins v. Walmart, Inc.*, 785 F.Supp.3d 774, 783-84 (E.D. Cal. June 4, 2025) (same); *Mencia-Montes v. Fit Foods Distribution, Inc.*, 2025 WL 1185372, at *7 (N.D. Cal. Mar. 31, 2025) (same); *Murphy v. Olly Pub. Benefit Corp.*, 651 F. Supp. 3d 1111, 1129 (N.D. Cal. 2023) ("Plaintiffs alleged that legal remedies were not as certain as equitable remedies. That is sufficient."); *Valiente v. Simpson Imps., Ltd.*, 717 F. Supp. 3d 888, 907 (N.D. Cal. 2024) (same).

Here, Plaintiffs allege precisely that: legal remedies may be inadequate due to varying statutes of limitations, the broader scope of the UCL, and the availability of restitution where damages may be unavailable, such that equitable relief is more certain and may justify an award of greater relief than legal damages. *See* FAC ¶¶ 43–44 (heading "**No Adequate Remedy at Law**"). For example, Plaintiffs allege that class members who purchased the Products more than three years before the filing date may be barred from recovery without equitable relief, and that restitution may be available under the UCL even when damages are not. FAC ¶¶ 43–44. They also allege that the UCL's "unfair" prong covers broader conduct than other claims. FAC ¶ 44. Courts have routinely accepted such allegations as sufficient to plead a lack of adequate legal remedy. *See, e.g.*, *Wong*, 2025 WL 821451, at *4-5; *Timmins*, 785 F.Supp.3d at 783-84; *Murphy*, 651 F. Supp. 3d at 1129; *Valiente*, 717 F. Supp.

3d at 907.[8]

Defendant's reliance on *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308 (9th Cir. 2022), is misplaced. Mot. at 14. *Guzman* was decided at summary judgment and does not alter the well-established rule that equitable claims may be pled in the alternative. *See, e.g., Valiente*, 717 F.Supp.3d at 906-07 ("*Sonner* and *Guzman* do not mandate dismissal of Valiente's claims because the decisions "require far less at the pleading stage.""); *In re Natera Prenatal Testing Litig.*, 664 F. Supp. 3d 995, 1012–13 (N.D. Cal. 2023); *Murphy*, 651 F. Supp. 3d at 1129; *Salvestrini v. General Motors, LLC*, 2024 WL 3626695, at *6 (S.D. Cal. Aug. 1, 2024) ("the burden plaintiffs face to establish the 'lack of an adequate legal remedy' is certainly lower at the pleading stage than it is at the MSJ or 'eve of trial' stages in *Guzman* and *Sonner*."); *Timmins v. Walmart, Inc.*, 785 F.Supp.3d 774, 783-84 (E.D. Cal. June 4, 2025) ("To seek equitable remedies at the pleading stage, a plaintiff need only allege that they might lack an adequate remedy at law.").

Federal Rule of Civil Procedure 8(d) expressly permits plaintiffs to plead legal and equitable remedies in the alternative. Plaintiffs have done so here and have plausibly alleged that monetary damages may be inadequate to fully redress their harm. Accordingly, Defendant's motion to dismiss Plaintiffs' equitable claims should be denied.[9]

---

[8] Defendant's own cited case confirms that such allegations are sufficient to plead a lack of an adequate legal remedy. *See* Mot. at 15, citing *Woulfe v. Universal City Studios LLC*, 2022 WL 18216089, at 10–11 (C.D. Cal. Dec. 20, 2022) (finding plaintiffs sufficiently alleged an inadequate legal remedy where certain conduct was not covered by other claims).

[9] If the Court is inclined to dismiss claims for equitable relief, Plaintiffs request it be without prejudice. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1315 (9th Cir. 2022) ("[W]here federal law bars us from considering the merits of state-law claims, we also lack authority to prevent state courts from doing so.").

-16-

## V.  **CONCLUSION**

Defendant's motion to dismiss should be denied. If the Court dismisses any portion of the FAC, Plaintiffs respectfully request leave to amend.

Dated: October 8, 2025                    CROSNER LEGAL, P.C.


By:      */s/ Lilach H. Klein*
         Lilach H. Klein

9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
lilach@crosnerlegal.com

*Attorneys for Plaintiffs and the Proposed Class*

-17-

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief contains 5,532 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 8, 2025                    CROSNER LEGAL, P.C.

By:        /s/  Lilach H. Klein
           LILACH H. KLEIN

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT