1
2
3
4
5
6
7
8
9
10
11

**CROSNER LEGAL, P.C.**
Craig W. Straub (SBN 249032)
*craig@crosnerlegal.com*
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
***Attorneys for Plaintiffs and the Proposed Class***

12
13
14

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>      v.<br><br>THE J.M. SMUCKER COMPANY,<br><br>        Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>**[CORRECTED] PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER TO CONTINUE CLASS CERTIFICATION HEARING**<br><br>Date:  November 5, 2025<br>Time:  1:30 p.m.<br>Ctrm:  9C<br>Judge:  Hon. Anne Hwang<br><br>FAC Filed: September 8, 2025<br>Complaint Filed: Feb. 10, 2025<br>Trial Date: Aug. 4, 2026 |

## <u>NOTICE OF MOTION AND MOTION</u>

PLEASE TAKE NOTICE that on Wednesday, November 5, 2025, at 1:30 p.m., or as soon thereafter as this matter can be heard, in the Courtroom of the Honorable Anne Hwang (Courtroom 9C) of the above-titled Court, located at the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Plaintiffs Adina Ringler, Krista Robles, Jay Smith, and Jana Rabinowitz (collectively, "Plaintiffs") move to modify the Court's Scheduling Order (ECF No.) under Federal Rule of Civil Procedure 16(b) by continuing the December 10, 2025 Class Certification Motion Hearing Deadline by 91 days to **<u>March 11, 2026</u>** or to any later date that is convenient for the Court.

This continuance is necessary to allow Plaintiffs sufficient time to complete discovery and prepare their Motion for Class Certification. Good cause exists because: (1) Plaintiffs have diligently pursued discovery; (2) Defendant has delayed in responding and has only recently produced an initial, limited set of documents consisting primarily of Product labels; (3) several discovery disputes remain unresolved and may require the Magistrate Judge's intervention; and (4) Plaintiffs must conduct third-party discovery concerning the ingredient at issue, the identity of which Defendant disclosed only recently.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Craig W. Straub in support of this Motion, all pleadings, papers, and documents on file herein, and any other written or oral submissions that may be presented at or before the hearing on this Motion.

This Motion is made following conferences of counsel pursuant to L.R. 7-3, which included discussions about modifying the Scheduling Order on August 11, 2025, August 13, 2025, September 10, 2025, and specifically discussing this Motion on October 1, 2025. All conferences were conducted via video.

-i-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO CONTINUE CLASS
CERTIFICATION HEARING

1

Dated: October 8, 2025                    CROSNER LEGAL, P.C.

2

By:  */s/ Craig W. Straub*

3
                                          Craig W. Straub

4
                                          *Attorneys for Plaintiffs and the*

5                                         *Proposed Class*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO CONTINUE CLASS
CERTIFICATION HEARING

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION.................................................................i

I.     INTRODUCTION....................................................................................1

II.    ADDITIONAL FACTUAL BACKGROUND ........................................3

III.   LEGAL STANDARD ..............................................................................9

IV.    GOOD CAUSE EXISTS ..........................................................................9

     A.   Plaintiffs Have Been Diligent in Pursuing Discovery ........................9

     B.   Plaintiffs Were Diligent in Seeking a Scheduling Order Modification .........................................................................................10

     C.   Plaintiffs' Requested Extension Allows Time to Build an Adequate Record for their Class Certification Motion.......................11

V.     CONCLUSION .......................................................................................12

-iii-

# TABLE OF AUTHORITIES

**Cases**

*ABS Ent., Inc. v. CBS Corp.*,

   908 F.3d 405 (9th Cir. 2018) ......................................................... 9, 11

*Fabricant v. Paymentclub Inc.*,

   2019 WL 5784174 (C.D. Cal. Nov. 6, 2019) ..................................... 12

*Jackson v. Laureate, Inc.*,

   186 F.R.D. 605 (E.D. Cal. 1999) ......................................................... 9

*Mammoth Recreations, Inc.*,

   975 F.2d 604 (9th Cir. 1992) .............................................................. 9

*Parsons v. Ryan*,

   754 F.3d 657 (9th Cir. 2014) ......................................................... 3, 11

*Q. D. R. By & Through Lee v. City of Los Angeles*,

   No. CV 14-7926-JFW (EX), 2015 WL 13918239 (C.D. Cal. July 17, 2015) ...... 9

*Zivkovic v. S. California Edison Co.*,

   302 F.3d 1080 (9th Cir. 2002) ............................................................ 9

**Rules**

Fed. R. Civ. P. 16(b) .......................................................................... 9, 10

Fed. R. Civ. P. 23 ..................................................................................... 9

Fed. R. Civ. P. 23(a)(1) ............................................................................ 3

Fed. R. Civ. P. 30(b)(6) ................................................................ 2, 10, 11

Fed. R. Civ. P. 37 ..................................................................................... 2

L.R. 37-1 .................................................................................................. 4

L.R. 37-2 .................................................................................................. 2

L.R. 37-2.2 .............................................................................................. 8

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO CONTINUE CLASS
CERTIFICATION HEARING

Pursuant to Federal Rule of Civil Procedure 16(b), Plaintiffs respectfully request that the Court modify the Scheduling Order, ECF No. 38, to continue the deadline to hear Plaintiffs' anticipated Motion for Class Certification to March 11, 2026, or to such later date as is convenient for the Court. Good cause supports this request, as set forth below and supported by the concurrently filed Declaration of Craig W. Straub ("Straub Decl.").

## I.    INTRODUCTION

On July 31, 2025, the Court issued a Scheduling Order setting the hearing deadline for Plaintiffs' Class Certification for December 10, 2025, making Plaintiffs' motion due by November 12, 2025. ECF No. 38. Conscious of the Court's Order, Plaintiffs have been diligent in seeking discovery from Defendant and have engaged in numerous meet and confers regarding Defendant's failure to timely produce documents. Plaintiffs served discovery on Defendant on May 13, 2025. Defendant did not produce any documents or provide substantive responses until September 22, 2025—a delay of 102 days.

On August 20, 2025, Plaintiff Ringler filed a motion for leave to amend the complaint to add three additional Plaintiffs who have standing to assert claims regarding additional Product flavors, consistent with the Court's ruling on Defendant's Motion to Dismiss. *See* ECF No. 39. Despite refusing to stipulate to Plaintiff filing an amended complaint, Defendant filed a notice of non-opposition. ECF No. 41. The Court granted the motion, and Plaintiffs filed the First Amended Complaint on September 8, 2025. ECF Nos. 43, 44.

Plaintiffs did not sit idly by during this period. Instead, Plaintiffs sent dozens of emails and participated in multiple meet and confer videoconferences regarding Defendant's failure to produce substantive discovery responses, during which Defendant repeatedly promised that it was working as quickly as possible to amend its boilerplate objections and produce substantive responses and responsive

-1-

documents. Plaintiffs were thus forced to initiate the process of filing a motion to compel pursuant to Fed. R. Civ. P. 37 and Local Rule 37-2. *See* ECF No. 47. Plaintiffs have also contacted numerous experts and potential consultants in anticipation of their Motion for Class Certification, several of whom have been retained and are currently working on the case.

On September 22, 2025—the day before the parties' Joint Stipulation under L.R. 37-2 was due—Defendant made its first production of documents. That production was plainly deficient: Defendant produced only fifty-one pages of documents, forty-four of which were merely product labels. The remaining documents vaguely referred to two potential manufacturers of the citric acid at issue in this case. On the same day, Defendant amended its interrogatory responses. While its initial responses consisted entirely of boilerplate objections, more than half of the amended responses improperly referred to documents that Defendant stated would be produced at some unspecified future date which violated Rule 33's mandate to specify the documents "in sufficient detail to enable the interrogating party to locate and identify them." Plaintiffs are currently meeting and conferring regarding these deficiencies and others in anticipation of filing a Motion to Compel.

On August 29, 2025, Plaintiffs served a deposition notice pursuant to Rule 30(b)(6) concerning one subject matter, the manufacture of the citric acid in the Products. Defendant failed to appear for that deposition and instead, on September 22, 2025, lodged objections. Plaintiffs have also served five third-party subpoenas and are diligently working with those third parties to secure timely production of documents. In the meantime, Defendant has filed a second motion to dismiss and a motion to transfer this action to Ohio. The hearing for both motions is currently set for October 29, 2025.

Due to these delays and recognizing that class certification is not "a dress rehearsal for the trial on the merits," *Parsons v. Ryan*, 754 F.3d 657, 676 (9th Cir.

-2-

2014),[1] Plaintiffs nevertheless require some factual support—such as documents and testimony from Defendant—to satisfy their burden on certification. *See*, *e.g.*, Fed. R. Civ. P. 23(a)(1) (must show there "are questions of law or *fact* common to the class") (emphasis added). Accordingly, Plaintiffs respectfully request that the Court modify the Scheduling Order and set the hearing on Plaintiffs' Motion for Class Certification for March 11, 2026, or such later date as is convenient for the Court.

## II.  ADDITIONAL FACTUAL BACKGROUND

This action was initiated by Plaintiff Adina Ringler in the Central District of California on February 10, 2025. ECF No. 1. After requesting and receiving an extension from Plaintiff to respond to the Complaint, on April 7, 2025, Defendant filed a Motion to Dismiss the Complaint. ECF No. 16. Plaintiff Ringler filed an Opposition on April 16, 2025, and Defendant filed a Reply on April 23, 2025. ECF Nos. 20-21. The Parties presented oral argument on May 7, 2025. Following the Parties' briefing and oral argument, the Court granted in part and denied in part Defendant's motion to dismiss the complaint. ECF No. 27. The Court held, *inter alia*, that Plaintiff did not have standing to assert claims for Product flavors that she did not purchase. *Id.*, at 16.

The Parties exchanged initial disclosures on May 7, 2025. In its initial disclosures, Defendant did not disclose any witnesses other than Plaintiff Ringler. On May 13, 2025, Plaintiff Ringler served Defendant with Requests for Production ("RFPs"), Interrogatories ("ROGs"), and Requests for Admission ("RFAs"). Straub Decl., ¶ 8. Thereafter, Defendant filed an Answer and affirmative defenses to the complaint on June 10, 2025. ECF No. 29.

---

[1] Internal citations, quotation, backets, and ellipses omitted here and throughout unless otherwise indicated.

-3-

After requesting and receiving an extension from Plaintiff, Defendant served its responses on June 23, 2025. *Id.*, ¶ 9. In response to Plaintiff Ringler's Interrogatories, Defendant failed to identify any individuals with knowledge relevant to the facts or claims at issue in the case and stated general boilerplate objections. *Id.* In response to Plaintiff Ringler's Requests for Admission, Defendant responded "Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Admission and will supplement its response as discovery progresses." *Id.* In response to Plaintiff Ringler's Requests for Production of Documents, Defendant likewise responded "Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents ("RFPs" and will supplement its response as discovery progresses." *Id.* No documents were produced and no date certain was provided for any production. *Id.*

On June 13, Plaintiff provided Defendant with a draft Stipulated Protective Order and draft protocol concerning Electronically Stored Information ("ESI"). *Id.*, ¶ 10. On June 27, 2025, Defendant provided edits to the Protective Order and ESI Protocol. *Id.* On June 30, 2025, Plaintiff responded with edits and corrections to the documents. *Id.* On July 3, 2025, the Protective Order and ESI Protocol were finalized and filed by Plaintiff Ringler. ECF Nos. 32–33. The Court promptly granted the stipulations the same day. ECF Nos. 34–35.

On June 26, 2025. Plaintiff Ringler served a meet and confer letter pursuant to L.R. 37-1 outlining why Defendant's discovery responses were wholly inadequate. *Id.*, ¶ 11. On July 3, Defendant stated that it intended to provide supplemental responses to the discovery requests, and noted (1) discovery is in its nascent stages, (2) Defendant's objections were served merely to preserve them while its fact investigation is ongoing, (3) Defendant had begun its discovery efforts

-4-

and expected to provide supplemental responses to Plaintiff's RFP by July, 18, 2025, and (4) once Defendant collects and reviews documents it will be able to provide substantive responses to Plaintiff's RFAs and ROGs. *Id.*, ¶ 11. Plaintiff agreed to continue the meet and confer to give Defendant additional time to gather documents and provide adequate discovery responses. *Id.*

On July 18, 2025, Defendant amended its response to the RFPs. Straub Decl., ¶ 12. However, no documents were produced and a date certain for Defendant's document production was not provided. *Id.* On July 23, 2025, Plaintiff asked Defendant if it would agree to stipulate to the filing of a First Amended Complaint. *Id.* Defendant stated it would not stipulate to the filing of an amended complaint. *Id.*

On July 31, 2025, the Court vacated the Scheduling Conference and entered the Scheduling Order which set the hearing deadline for Plaintiffs' Class Certification for December 10, 2025, making Plaintiffs' motion due by November 12, 2025. ECF No. 38. Plaintiff began contacting potential experts and identifying third parties to subpoena. Straub Decl., ¶ 13.

On August 5, 2025, Plaintiff sent Defendant another meet and confer letter concerning Defendant's failure to produce any documents or provide any substantive responses to Plaintiff's ROGs and RFAs. *Id.*, ¶ 14. Plaintiff also notified Defendant that she would need to file a motion for leave to file the FAC. *Id.* On August 11 and August 13, 2025, the parties meet and conferred via video conference regarding Defendant's deficient discovery responses and Plaintiff's anticipated motion for leave. *Id.* On August 18, 2025, Defendant stated in an email that it was still considering Plaintiff's request to stipulate to amend the Complaint. Straub Decl., ¶ 14.

On August 20, 2025, Plaintiff Ringler filed a motion for leave to amend the complaint to add three additional Plaintiffs who have standing to assert claims

-5-

regarding additional Product flavors, consistent with the Court's ruling on Defendant's Motion to Dismiss. *See* ECF No. 39. Despite refusing to stipulate to the filing of an amended complaint, Defendant filed a notice of non-opposition. ECF No. 41. The Court granted the motion, and Plaintiffs filed the First Amended Complaint ("FAC") on September 8, 2025. ECF Nos. 43, 44.

On August 12, 2025, Plaintiff emailed Defendant suggesting that the Parties file a stipulation to modify the Court's Scheduling Order to allow more time for the preparation of Plaintiff's anticipated Motion for Class Certification and attached a draft stipulation. Straub Decl., ¶ 15. On August 28, 2025, Plaintiffs followed up with Defendant's counsel regarding the stipulation to amend the Scheduling Order, the search terms to be used to locate responsive documents, a date certain for serving amended responses to Plaintiff Ringler's ROGs and RFAs, and asked Defendant to provide information regarding the third part(ies) who supply the citric acid in the Products. Straub Decl., ¶ 15. On August 28, 2025, Plaintiffs also served a Rule 30(b)(6) deposition notice for a remote deposition. *Id.* Defendant failed to designate or produce a corporate representative and did not appear for the scheduled deposition. *Id.* Thereafter, Plaintiffs served five subpoenas seeking sales data from retailers. *Id*. Plaintiff then began the process of meeting and conferring with the subpoenaed third parties regarding the document requests and obtained agreements that the documents would be timely produced. *Id*.

On September 4, 2025, Plaintiffs followed up on the August 28, 2025 email, noting that Defendant had not responded regarding its deficient discovery responses or the proposed stipulation to modify the Scheduling Order. Straub Decl., ¶ 16. The following day, Defendant replied that it was still working on its document collection and expected to provide proposed search terms for upcoming productions. *Id.*

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO CONTINUE CLASS
CERTIFICATION HEARING

Defendant also suggested that any stipulation to modify the Scheduling Order should extend fact and expert discovery deadlines. *Id*.

On September 8, 2025, Plaintiffs requested a firm deadline for Defendant's amended ROG/RFA responses and document production and indicated they would otherwise move forward with a motion to compel. Plaintiffs also stated they were happy to discuss proposed dates for fact and expert discovery deadlines related to class certification. Straub Decl., ¶ 17. The parties met and conferred via videoconference the following day. *Id*. At the videoconference, Plaintiffs explained that absent timely discovery, they would need to move to compel. Defendant agreed to provide proposed dates for amended responses, document production, and an extension of the case schedule by the same business day, which Plaintiffs agreed to await before filing. *Id*. However, Defendant did not provide a date certain for its document production of amended discovery responses by that date.

On September 10, 2025, Defendant provided its revisions to the stipulation to Modify the Scheduling Order. *Id.*, ¶ 18. Defendant's revisions extended beyond the current pretrial and trial deadlines and provided nearly four months for Defendant to complete expert depositions and file an opposition to class certification, while providing Plaintiff only one month to (1) depose Defendant's experts, (2) file a Reply in support of class certification, (3) oppose Defendant's anticipated *Daubert* motions, and (4) file any *Daubert* motions of their own. Plaintiffs responded by proposing a briefing schedule that allowed Defendant five weeks to oppose Plaintiffs' class certification motion and four weeks for Plaintiffs to reply, with a hearing in April 2026. *Id.*. Defendant rejected Plaintiffs' counter-proposal regarding the Class Certification briefing, and responded, "[i]f Plaintiff cannot agree to our proposed dates, we will not stipulate." *Id*. This disagreement and failure to negotiate culminated in Plaintiffs filing the current Motion.

-7-

On September 15, 2025, Plaintiffs sent Defendant a draft joint stipulation regarding Plaintiff Ringler's motion to compel and requested that Defendant insert its portion of the joint stipulation within seven days under L.R. 37-2.2. Straub Decl., ¶ 19. Defendant provided its section on September 22, but when Plaintiffs circulated finalized documents the next day for signature, Defendant returned further edits instead of signing. *Id*. Between September 23 and October 7, 2025, the parties exchanged proposed search terms and continued meeting and conferring regarding Defendant's discovery responses. *Id.*

Approximately seven months after this action was filed, on September 17, 2025, Defendant filed a Motion to Transfer this action to Ohio. ECF No. 45. In support of its Motion, Defendant filed a declaration with a witness list that Plaintiffs had not previously seen. *See* ECF No. 45-1; Straub Decl., ¶ 20. On September 24, 2025, Defendant filed a motion to dismiss the FAC which largely covers the same arguments that were previously decided by the Court in connection with the first Motion to Dismiss. *See* ECF Nos. 47 and 16. The hearings for these motions are set for October 29, 2025. *See* ECF Nos. 45–46.

On October 1, 2025, Plaintiffs' counsel met and conferred with Defendant's counsel regarding this Motion to continue the class certification hearing deadline. Straub Decl., ¶ 21. Defendant stated that it would oppose the Motion unless Plaintiffs agreed to a proposed briefing schedule on class certification. *Id*. Plaintiffs' counsel explained that while they were open to negotiating a reasonable briefing schedule, Defendant had previously maintained a "take-it-or-leave-it" stance regarding its proposed dates. *Id.* As a result, Plaintiffs were compelled to file this Motion to continue the class certification hearing deadline before their deadline to file for class certification. Plaintiffs reiterated their willingness to meet and confer on a mutually

-8-

agreeable briefing schedule following the continuance, but Defendant declined to agree to that approach, necessitating the filing of the present Motion. *Id.*

### III.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). "[G]ood-faith compliance with Rule 16 plays an important role" in determining whether good cause exists. *Q. D. R. By & Through Lee v. City of Los Angeles*, No. CV 14-7926-JFW (EX), 2015 WL 13918239, at *1 (C.D. Cal. July 17, 2015) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)).

The Ninth Circuit has noted that the Central District's previous 90-day time period to file a motion for class certification was "impractical," "in direct contrast to the flexibility of" Fed. R. Civ. P. 23, and "may be inconsistent with Rule 23(c)(1)(A)'s emphasis on the parties' obligation to present the court with sufficient information to support an informed decision on certification. Parties need sufficient time to develop an adequate record." *ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018).

### IV.    <u>GOOD CAUSE EXISTS</u>

#### A.    **Plaintiffs Have Been Diligent in Pursuing Discovery**

Plaintiffs have pursued discovery diligently from the outset of this litigation. They served comprehensive written discovery the same day that the Court entered its Order on Defendant's Motion to Dismiss,[2] provided a draft protective order and ESI protocol, and consistently followed up when Defendant failed to provide

---

[2] Defendant's counsel stated that if Plaintiff served discovery prior to the Court ruling on Defendant's Motion to Dismiss, Defendant would move to stay discovery. Straub Decl., ¶ 22.

-9-

substantive responses or documents. Plaintiffs promptly sent meet-and-confer letters, engaged in multiple video conferences, and accommodated Defendant's requests for extensions, all while continuing to press for production. When Defendant refused to stipulate to amend the complaint, Plaintiffs moved for leave and successfully added new lead Plaintiffs. Plaintiffs also pursued third-party discovery, issuing subpoenas to retailers and data providers shortly after Defendant disclosed the identity of relevant third parties.

Despite Defendant's repeated delays—including serving boilerplate objections, failing to produce documents, and not appearing for a properly noticed 30(b)(6) deposition—Plaintiffs continued to move forward. They prepared and circulated stipulations to extend the case schedule, proposed reasonable briefing timelines for class certification, and only filed the present Motion after Defendant insisted on an unreasonable and prejudiced class certification briefing schedule. Plaintiffs' consistent efforts to initiate discovery, resolve disputes without court intervention, and secure necessary evidence demonstrate diligence under Rule 16(b).

## B. Plaintiffs Were Diligent in Seeking a Scheduling Order Modification

Plaintiffs also acted diligently in seeking a timely modification of the Scheduling Order. As early as August 12, 2025—well before the current class certification deadline—Plaintiffs circulated a proposed stipulation to extend the schedule to allow for necessary discovery and expert work. When Defendant finally responded weeks later, its proposal sought to stretch the briefing process over more than five months, an approach that is both excessive and inconsistent with common practice. *See* Straub Decl., ¶ 18. In Plaintiffs' counsel's experience, briefing schedules for class certification rarely allow more than six weeks for a defendant's opposition, even when expert discovery is involved. *Id.* Plaintiffs' proposal reflected this practical and well-accepted framework, ensuring sufficient time for expert

-10-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO CONTINUE CLASS
CERTIFICATION HEARING

1   depositions while keeping the case on track. Defendant's request for an unusually
2   protracted schedule does not undercut Plaintiffs' diligence; it only underscores why
3   Plaintiffs were right to promptly raise the issue with the Court.

4       **C.    Plaintiffs' Requested Extension Allows Time to Build an Adequate**
5           **Record for their Class Certification Motion**

6       Although class certification is not "a dress rehearsal for the trial on the
7   merits," *Parsons v. Ryan*, 754 F.3d 657, 676 (9th Cir. 2014), Plaintiffs must
8   nonetheless have sufficient time to develop an adequate factual record to support an
9   informed decision on certification. *See ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405,
10  427 (9th Cir. 2018).

11      Here, Defendant's repeated delays in complying with its discovery obligations
12  have prevented Plaintiffs from developing an adequate record to prepare their
13  motion for class certification. Only recently did Defendant disclose the identity of
14  its citric acid supplier, making it impossible for Plaintiffs to serve timely subpoenas
15  or pursue third-party discovery until this late stage. Plaintiffs now require additional
16  time to obtain documents and potentially depose the supplier regarding how the citric
17  acid at issue is manufactured—evidence directly relevant to predominance,
18  typicality, and common proof. Defendant has itself stated that it does not possess
19  this critical information, as reflected in its Rule 30(b)(6) responses stating that the
20  identity of raw materials and manufacturing process information is "not within
21  Defendant's control" and instead resides with third-party suppliers. *See* Straub Decl.,
22  ¶ 23.

24      Given this record, Plaintiffs have been diligent, and good cause exists to
25  extend the class certification schedule so that discovery can proceed in an orderly
26  manner and Rule 23 issues can be adjudicated on an adequate evidentiary record.
27  *See Fabricant v. Paymentclub Inc.*, 2019 WL 5784174, at *2 (C.D. Cal. Nov. 6,
28

-11-

2019) (granting request to extend class certification deadline because of "the demanding requirement of a sufficient factual record at class certification").

## V.    CONCLUSION

For the reasons stated herein, the Court should continue the December 10, 2025 Class Certification Motion Hearing Deadline by 91 days to March 11, 2026 or to any later date that is convenient for the Court.

Respectfully submitted,

Dated: October 8, 2025                          CROSNER LEGAL, P.C.

By: /s/ Craig W. Straub
_____
Craig W. Straub (SBN 249032)
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
craig@crosnerlegal.com

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this Motion contains 3,380 words which complies with the word limit of L.R. 11-6.1.

Dated: October 8, 2025                          By: /s/ Craig W. Straub
                                                _____

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO CONTINUE CLASS CERTIFICATION HEARING