Ronald Y. Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
300 N. LaSalle Drive, Suite 4400
Chicago, IL 60654-3406
Telephone: +1 312-558-5600

Jared R. Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 S. Biscayne Boulevard, Suite 2400
Miami, FL 33131
Telephone: +1 305-910-0500

Shawn Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J. M. Smucker Company*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>THE J. M. SMUCKER COMPANY,<br><br>                    Defendant. | Case No. 2:25-cv-01138<br><br> Hon. Anne Hwang<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(A)**<br><br>Hearing Date: Wednesday, Oct. 29, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9C<br>Amended Complaint filed: September 8, 2025 |

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I.     INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ........................................................................................................ 2

    A.    The Court Should Reject Plaintiffs' Rule 7-3 Argument Because Plaintiffs Suffered No Prejudice. ............................................................ 2

    B.    Plaintiffs Do Not Dispute That This Action Could Have Been Brought in the Northern District of Ohio. ............................................ 4

    C.    Convenience and the Interests of Justice Strongly Favor Transfer. ............... 4

        i.    The Convenience of the Parties and Witnesses Favors Transfer. ......... 4

        ii.   Plaintiffs' Choice of Forum Is Entitled to Little Weight Because They Seek to Represent a Nationwide Class. ..................................... 8

        iii.  Plaintiffs' Forum Shopping Arguments Have No Merit .................... 9

        iv.   The Location of Evidence Supports Transfer and Indicates Costs of Litigation Will Be Lower in Ohio. ................................. 10

        v.    The Forum's Familiarity with the Governing Law Factor Is Neutral. ............................................................................................ 11

        vi.   Ohio has a greater interest in this action. .......................................... 12

III.   CONCLUSION .................................................................................................. 12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ace Mold (Heifei) Co. v. AliphCom*,
    2016 WL 8252923 (C.D. Cal. Oct. 17, 2016) ...............................................10

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
    666 F. Supp. 2d 1109 (C.D. Cal. 2009) ........................................................6

*Alul v. American Honda Motor Co., Inc.*,
    2016 WL 7116934 (N.D. Cal. Dec. 7, 2016).................................................6, 9

*Ballard v. Bhang Corp.*,
    2020 WL 6018939 (C.D. Cal. Sept. 25, 2020) ..............................................3

*BOAGF Holdco LP v. Transamerica Life Ins. Co.*,
    2023 WL 4157463 (C.D. Cal. May 10, 2023) ..............................................11

*Boedeker v. Farley*,
    2020 WL 2536969 (C.D. Cal. Feb. 5, 2020) ................................................3

*Doe v. Epic Games, Inc.*,
    435 F. Supp. 3d 1024 (N.D. Cal. 2020).......................................................6

*GemCap Lending I, LLC v. Bateman*,
    2017 WL 8183191 (C.D. Cal. July 17, 2017)..............................................4

*Greben v. Cinmar, LLC*,
    2025 WL 1765916 (C.D. Cal. May 30, 2025) ...................................*passim*

*Hackwith v. Apple Inc.*,
    2009 WL 10674053 (C.D. Cal. Aug. 12, 2009) ...............................1, 5, 10

*Hendricks v. StarKist Co.*,
    2014 WL 1245880 (N.D. Cal. Mar. 25, 2014) ............................................6

*Jovel v. i-Health, Inc.*,
    2012 WL 5470057 (C.D. Cal. Nov. 8, 2012) ..........................................7, 8, 9

*Kobayashi v. McMullin*,
    2022 WL 422823 (C.D. Cal. Jan. 7, 2022) ..................................................2

ii

*Le v. Walgreen Co.*,
  2019 WL 10250920 (C.D. Cal. Apr. 3, 2019) ........................................................ 2

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*,
  89 F.R.D. 497 (C.D. Cal. 1981) ........................................................................ 11

*Luchini v. CarMax, Inc.*,
  2012 WL 2401530 (E.D. Cal. June 25, 2012) ....................................................... 9

*Luna v. Wal-Mart Transp., LLC*,
  2018 WL 3569357 (C.D. Cal. July 11, 2018) ....................................................... 10

*Maillet v. Endophys Holdings, LLC*,
  2024 WL 5424135 (C.D. Cal. Nov. 4, 2024) ........................................................ 10

*Mendoza v. Princess House*,
  2022 WL 16966692 (C.D. Cal. Aug. 26, 2022) ...................................................... 3

*Meza v. Procter & Gamble Co.*,
  2023 WL 3267861 (C.D. Cal. Apr. 27, 2023) ...................................................... 11

*Montenegro v. Johnson & Johnson Consumer, Inc.*,
  2024 WL 4720925 (C.D. Cal. Sept. 16, 2024) .................................................... 8, 9

*Moreno v. Johnson & Johnson Consumer Inc.*,
  2021 WL 12302429 (C.D. Cal. Oct. 5, 2021) ............................................... 7, 8, 9, 12

*Reyes v. Bakery & Confectionery Union & Industry International Pension Fund*,
  2015 WL 1738269 (N.D. Cal. Apr. 9, 2015) ........................................................ 10

*Ronduen v. Geo Grp., Inc.*,
  2025 WL 567973 (C.D. Cal. Jan. 2, 2025) ........................................................... 4

*Saleh v. Titan Corp.*,
  361 F. Supp. 2d 1152 (S.D. Cal. 2005) ........................................................... 11, 12

*Vasseur v. Johnson & Johnson Consumer, Inc.*,
  2025 WL 576548 (C.D. Cal. Feb. 12, 2025) ...................................................... 2, 7

*Vehimax Int'l, LLC v. Jui Li Enter. Co.*,
  2010 WL 11527371 (C.D. Cal. Mar. 16, 2010) ................................................... 1, 5

iii

*Wilson-Condon v. Allstate Indem. Co.*,
    2011 WL 3439272 (C.D. Cal. Aug. 4, 2011) .................................................................3

**Statutes**

28 U.S.C. § 1404(a) ...........................................................................................4, 12

28 U.S.C. § 1406(a) .......................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 26(a) ...................................................................................................4

Fed. R. Civ. P. 26(e) ...................................................................................................5

Fed. R. Civ. P. 26(e)(1)(A) .....................................................................................4, 5

L.R. 6-1 .......................................................................................................................3

L.R. 7-3 .................................................................................................................1, 2, 4

L.R. 7-6 .......................................................................................................................5

DEFENDANT'S  REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs' Opposition to The J. M. Smucker Company's ("Smucker") Motion to Transfer Venue ("Opposition" or "Opp.") mischaracterizes the record and misapplies the law in an attempt to avoid a merits inquiry that clearly favors transfer. They assert that Smucker's Motion is a "belated request," Opp. at 1, ignoring that this requested transfer followed by less than two weeks their Amended Complaint that, for the first time, named a non-California Plaintiff, Jana Rabinowitz, who resides in "Bayville, New York," and purchased Smucker's Natural Strawberry Fruit Spread there. Dkt. 44 ¶ 14. The addition of a New York plaintiff directly "undercut[s]" Plaintiffs' convenience arguments, *Hackwith v. Apple Inc.*, 2009 WL 10674053, at *2 (C.D. Cal. Aug. 12, 2009), and strongly supports transfer to a central venue such as Ohio, which is "likely more convenient than one located on the coast." *Vehimax Int'l, LLC v. Jui Li Enter. Co.*, 2010 WL 11527371, at *6 (C.D. Cal. Mar. 16, 2010).

Instead of acknowledging the reality that Smucker's transfer motion came shortly after these new allegations, Plaintiffs accuse Smucker of "wait[ing] until after an adverse ruling to raise a venue concern" due to dissatisfaction with this "Court's rulings." Opp. at 15. This accusation is baseless. The Court issued its decision on Smucker's Motion to Dismiss more than five months ago. Dkt. 27. Plaintiffs do not, and cannot, explain why Smucker would wait five months to file its Motion to Transfer if dissatisfaction with the motion to dismiss order was the motivating cause. Moreover, Smucker's recent Motion to Dismiss the Amended Complaint accepted the Court's prior holdings and narrowed its arguments accordingly. Dkt. 46. The Court should reject Plaintiffs' far-fetched inference, particularly because the record clearly demonstrates that Smucker promptly filed its Motion to Transfer after reviewing the Amended Complaint's new allegations.

Plaintiffs' other arguments are transparently designed to avoid a merits determination. They spend much time accusing Smucker of failing to comply with Local Rule 7-3, largely avoiding the fact that counsel *did* meet and confer. The focus of their

grievance is on the number of days between that conference and Smucker's filing of the Motion to Transfer. Plaintiffs seem to suggest that if they had been given an additional four days before Smucker filed its Motion to Transfer, they would have taken some action to limit or drop their putative nationwide class allegations. This is the worst kind of gamesmanship and, in any event, is demonstrably false. Unsurprisingly, Plaintiffs have taken no action to amend, strike, or otherwise limit their pursuit of a nationwide class in the thirty-four (34) days since Smucker filed its Motion to Transfer. Rather than indulge Plaintiffs' blatant attempts to circumvent the merits, the Court should adhere to the established Central District authority holding that transfer is appropriate in almost identical circumstances. *See, e.g.*, *Greben v. Cinmar, LLC*, 2025 WL 1765916, at *2–7 (C.D. Cal. May 30, 2025); *Vasseur v. Johnson & Johnson Consumer, Inc.*, 2025 WL 576548, at *2–3 (C.D. Cal. Feb. 12, 2025).

## II.    ARGUMENT

### A.    The Court Should Reject Plaintiffs' Rule 7-3 Argument Because Plaintiffs Suffered No Prejudice.

Perhaps to avoid merits that strongly favor transfer, Plaintiffs argue that this Court should deny this motion for failure to comply with Local Rule 7-3. But the parties did, in fact, have a meet-and-confer on September 15, 2025. Rothstein Decl. ¶ 8. Instead of acknowledging that there was substantial compliance with Local Rule 7-3, Plaintiffs complain that Smucker filed its Motion to Transfer two days after the meet and confer conference (rather than seven days later). Opp. at 5. But Plaintiffs fail to identify ***any*** resulting prejudice. Although courts possess discretion regarding the enforcement of Local Rule 7-3, they consistently hold that "failure to strictly comply with the Local Rules does not automatically require the denial of a party's motion, particularly where the non-moving party suffered ***no apparent prejudice*** as a result of the failure to comply." *Le v. Walgreen Co.*, 2019 WL 10250920, at *2 (C.D. Cal. Apr. 3, 2019) (emphasis added); *Kobayashi v. McMullin*, 2022 WL 422823, at *3 (C.D. Cal. Jan. 7, 2022). Thus, courts routinely proceed to the merits when the responding party "does not appear to have

suffered any prejudice from [the moving party's] failure to meet and confer sufficiently in advance" and "was able to prepare and submit an opposition." *Wilson-Condon v. Allstate Indem. Co.*, 2011 WL 3439272, at *1 (C.D. Cal. Aug. 4, 2011); *Ballard v. Bhang Corp.*, 2020 WL 6018939, at *4 (C.D. Cal. Sept. 25, 2020).[1]

Not only do Plaintiffs fail to identify any prejudice, but the record clearly shows that Plaintiffs suffered no prejudice from the meet-and-confer's timing relative to the filing. Opp. at 5–6. As their counsel admits, they were notified on September 11, 2025—just three days after filing their Amended Complaint—that Smucker intended to move for transfer. Dkt. 50-1 ¶ 8 (Klein Decl.). Notably, the Amended Complaint, for the first time, included a New York Plaintiff, Jana Rabinowitz. Dkt. 44. ¶ 14. Smucker then filed its transfer motion on September 17, 2025, noticing a hearing date forty-two days later, on October 29, 2025—two weeks beyond the local rules' minimum. C.D. Cal. L.R. 6-1. At the September 15, 2025 meet-and-confer, Plaintiffs briefly inquired whether Smucker would still pursue transfer should they remove nationwide class allegations, but never stated an intent to actually do so. Rothstein Decl. ¶ 8. In the thirty-four (34) days since the motion's filing, Plaintiffs have not advised Smucker's counsel of any intent to remove nationwide class allegations, *id.*, and they still do not indicate that they would remove their nationwide class allegations in their Opposition. *See generally* Opp. Moreover, they have never even suggested that they would consider removing their New York class or New York Plaintiff from this case. Rothstein Decl. ¶ 10.

Denying Smucker's motion on this ground would merely delay consideration of a fully briefed motion where Plaintiffs have suffered no prejudice. Plaintiffs' attempt to leverage a fleeting inquiry, without a concrete proposal, to drop the nationwide class, constitutes pure gamesmanship—a contortion of the record to delay resolution. Plaintiffs chose, in two separate complaints, to bring claims on behalf of a nationwide class. Comp. ¶ 43; FAC ¶ 45. Their equivocal approach, hinting that they might, perhaps drop that

---

[1] In contrast, the two cases that Plaintiffs cites—*Boedeker v. Farley*, 2020 WL 2536969, at *1 (C.D. Cal. Feb. 5, 2020) and *Mendoza v. Princess House*, 2022 WL 16966692, at *2 (C.D. Cal. Aug. 26, 2022—denied motions where there was no meet and confer *at all*.

nationwide class, rings completely hollow. This Court should, therefore, reject Plaintiffs'
effort to avoid consideration of the merits, as courts in this district have frequently done
in similar circumstances. *See, e.g.*, *Ronduen v. Geo Grp., Inc.*, 2025 WL 567973, at *8
(C.D. Cal. Jan. 2, 2025) ("Spartan suffered no prejudice from any inadequacy in the meet-
and-confer process, so even if Plaintiffs had not complied with Local Rule 7-3, the Court
would proceed to the merits of the Motion."). Although the Court should reject Plaintiffs'
argument, Smucker's counsel recognizes the aims of Local Rule 7-3 and will fully comply
with the seven-day period with any future motions.

### B. Plaintiffs Do Not Dispute That This Action Could Have Been Brought in the Northern District of Ohio.

In Smucker's Motion to Transfer, it argued that the Northern District of Ohio
constitutes a proper venue for this action, satisfying the initial transfer requirement. Dkt.
45 at 3–4. Plaintiffs concede this point, agreeing that "this matter could have been brought
in the Northern District of Ohio." Dkt. 50 at 6. Thus, Smucker has met its burden at this
initial step.[2]

### C. Convenience and the Interests of Justice Strongly Favor Transfer.

### i. The Convenience of the Parties and Witnesses Favors Transfer.

Plaintiffs argue that the convenience of the parties and witnesses does not favor
transfer, citing irrelevant facts and misinterpreting the law. They first contend that
Smucker should "[b]e precluded from relying on the location of purported employee-
witnesses in Ohio" because it allegedly failed to disclose them in initial and supplemental
disclosures under Federal Rule of Civil Procedure 26(a). Opp. at 10. This claim is
meritless. Rule 26(e)(1)(A) provides that a party must supplement its disclosure only "***if
the additional or corrective information has not otherwise been made known to the other***

---

[2] Plaintiffs' argument regarding proper venue in the Central District of California is
irrelevant to the first step of the transfer analysis. Opp. at 6. Smucker seeks transfer under
28 U.S.C. § 1404(a) for the "convenience of parties and witnesses," not for improper venue
under § 1406(a), which permits dismissal or transfer if "venue is improper." *GemCap
Lending I, LLC v. Bateman*, 2017 WL 8183191, at *2 (C.D. Cal. July 17, 2017).

1  *parties during the discovery process or in writing*[.]" Fed. R. Civ. P. 26(e)(1)(A)

2  (emphasis added). Smucker's initial disclosures explicitly stated that it was "currently

3  compiling a list of employees with relevant information[.]" Dkt. 50-2 at 3. Smucker has

4  since identified these employees in four separate written documents. *See* Dkt. 45-1 ¶ 7

5  (Bredemus Decl.); Rothstein Decl. ¶ 11 (explaining Defendant's First and Second

6  Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories, and

7  Defendant's Second Supplemental Responses and Objections to Plaintiff's First Set of

8  Requests for Production of Documents, also contained this information). Plaintiffs thus

9  possess the requested information, and Rule 26(e) has been satisfied. Moreover, Plaintiffs

10 do not cite a single case supporting their argument that Smucker should be precluded from

11 relying on employee-witnesses, particularly when those employee-witnesses have, in fact,

12 been identified. And it should come as no surprise that Smucker, a company headquartered

13 in Orrville, Ohio, would have relevant witnesses located in Ohio. In sum, Plaintiffs'

14 argument lacks factual or legal support.

15      Plaintiffs next contend that Smucker's argument "that the Northern District of Ohio

16 would be more convenient for three Plaintiffs residing in California and one residing in

17 New York is both unsupported and plainly inaccurate," Opp. at 10 n.5, but this conclusory

18 statement fails to offer any explanation as to why Smucker's argument is inaccurate.[3] In

19 fact, courts routinely hold that when "class members are scattered throughout the United

20 States, a forum in the center of the country [such as Ohio] is likely more convenient than

21 one located on the coast." *Vehimax Int'l, LLC*, 2010 WL 11527371, at *6. Although

22 Plaintiffs may wish to ignore that their named Plaintiffs reside on both coasts, this fact

23 undermines their arguments. *Hackwith*, 2009 WL 10674053, at *2 ("While Plaintiffs

24

---

25 [3] Not only is Plaintiffs' argument regarding their burden conclusory, but it is entirely
   unsupported by evidence. Their declaration fails to address, in any way, the burden transfer
26 would have on the named Plaintiffs. Dkt. 50-1 (Klein Decl.). But the local rules provide
   that "[f]actual contentions involved in any motion and opposition to motions shall be
27 presented, heard, and determined upon declarations[.]" C.D. Cal. L.R. 7-6. Plaintiffs
   contentions that there would be a "significant burden" on the named plaintiffs, that the
28 named plaintiff intend to "attend hearings," or that "Defendant's employees are more
   financially able," Opp. at 8, 10, should therefore be disregarded.

1  correctly assert that . . . Plaintiff Hackwith . . . lives in the Central District . . . Plaintiffs
2  do not mention that there are two other plaintiffs who are not residents of California,"
3  which "undercut[s] Plaintiffs' argument"). Plaintiffs do not, and cannot, explain why
4  Plaintiff Rabinowitz's responsibilities, such as "attending hearings and staying informed
5  about litigation developments," and her financial burdens would not be alleviated by a
6  forum closer to her New York residence, such as Ohio. Opp. at 10.

7        Plaintiffs also attempt to conclusorily minimize the burden on Smucker and its
8  employees, yet they cite plainly inapposite cases. For example, Plaintiffs rely on *Alul v.*
9  *American Honda Motor Co., Inc.*, 2016 WL 7116934, at *4 (N.D. Cal. Dec. 7, 2016),
10 which considered transfer between two California districts. The burden on Smucker's
11 employees would be far greater, as they are based thousands of miles away in Ohio. Dkt.
12 45-1 ¶ 8. Plaintiffs' other cited cases are equally distinguishable. *See Allstar Mktg. Grp.,*
13 *LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1132 (C.D. Cal. 2009) (holding
14 that the fact that "YSO [wa]s currently involved in other litigation in this district" greatly
15 "undermine[d] defendants' argument that they will be greatly inconvenienced");
16 *Hendricks v. StarKist Co.*, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014) (not
17 involving plaintiffs spanning both coasts); *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024,
18 1042 (N.D. Cal. 2020) (denying transfer, in large part, because defendant did not identify
19 witnesses "with specificity"). Moreover, despite Plaintiffs' assertion that deposition
20 convenience is not typically a factor, Opp. at 9, they ignore that these employees would
21 also have to "travel to California for . . . trial." Dkt. 45-1 ¶ 8 (Bredemus Decl.).

22       In contrast, a string of nearly identical decisions supports that the convenience of
23 the parties and witnesses favors transfer. Consider *Greben v. Cinmar, LLC*, 2025 WL
24 1765916, at *2–3 (C.D. Cal. May 30, 2025). There, a California resident purchased a
25 chandelier online from defendants advertising an "Up to 50% Off Sitewide" sale. *Id.* at
26 *1. Plaintiff alleged that this was deceptive because the defendants did not "regularly sell
27 the chandelier at the regular price," brought California consumer protection claims on
28 behalf of herself and a California sub-class, and also brought claims for breach of contract,

6

breach of express warranty, and unjust enrichment on behalf of herself and a nationwide class. *Id.* Defendants submitted a declaration confirming that "[n]o relevant records or employees are located in California," that their "principal places of business [were in the transferee district,] where all relevant business records regarding online marketing, pricing, and website sales are maintained," and identified specific employees responsible for these functions in the transferee district. *Id.* at *4. The court concluded that "the respective parties' contacts with the forum and the contacts relating to Plaintiff's causes of action diminish Plaintiff's choice of forum and weigh in favor of transfer[.]" *Id.*

Plaintiffs seek to distinguish *Greben* by misdescribing its holding, suggesting that the court's decision hinged on forum shopping. Opp. at 11. But the court there did not rely on forum shopping, concluding that "[t]his is not a case where 'either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding.'" *Greben*, 2025 WL 1765916, at *2. Instead, like here, the court's decision to transfer was primarily because the "heart of the matter" concerned the manufacturing and labeling decisions in the transferee district. *Id.* at *6.

Similarly, in *Vasseur v. Johnson & Johnson Consumer, Inc.*, 2025 WL 576548, at *2 (C.D. Cal. Feb. 12, 2025), the court transferred venue under nearly identical circumstances. There, consumer deception claims were brought, but because the "officials involved in the marketing and production of Listerine" were based in New Jersey, this favored transfer. *Id.* The court explained that "while Plaintiff resides in California and Defendants' products are sold and marketed here, those contacts are less germane to Plaintiffs' claims than Defendants' contacts with New Jersey. That is, the locus of the operative facts in this case is New Jersey, where the decisions about the formulation, labeling, and marketing of [Listerine] products were made." *Id.* (citation and internal quotation marks omitted). Plaintiffs attempt to distinguish *Vasseur* by noting that defendants there "moved to transfer within two months of filing," but Smucker likewise moved promptly after the Amended Complaint revealed named Plaintiffs on both coasts. As explained, Plaintiffs' suggestion of delay is unsupported by the record.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

Plaintiffs' attempt to distinguish *Moreno v. Johnson & Johnson Consumer Inc.* and *Jovel v. i-Health, Inc.* is unpersuasive. Opp. at 12. They ignore the core reasoning of these decisions, instead cherry-picking points that were not central to the district courts' analyses. In *Moreno*, 2021 WL 12302429, at *4 (C.D. Cal. Oct. 5, 2021), the court emphasized that the "most important [factors] to this case—the contacts relating to the causes of action, and the foras' comparative interests—weigh heavily in favor of transfer to New Jersey." Similarly, in *Jovel*, 2012 WL 5470057, at *6 (C.D. Cal. Nov. 8, 2012), the court emphasized that "[c]onvenience and fairness [we]re better served by transfer" when "the crux of the case lies not in [plaintiff's] act of purchasing the product in Los Angeles, but instead in [the] issue of the alleged misrepresentations, which [plaintiff] would have perceived in identical form in any state." The Court should follow this clear line of authority and hold that the convenience of the parties and witnesses strongly favors transfer.

### ii.    Plaintiffs' Choice of Forum Is Entitled to Little Weight Because They Seek to Represent a Nationwide Class.

Plaintiffs contend that their choice of forum "weighs heavily in favor of this district," Opp. at 8, yet they disregard cases with nearly identical facts. Courts consistently hold that when "'the gravamen of th[e] case is whether [the defendant] made false and misleading statements in its advertising,' and a 'substantial portion of the most important contacts and conduct relating to the causes of action happened in the transferee forum' . . . this factor 'weighs heavily in favor of transfer.'" *Greben*, 2025 WL 1765916, at *4 (quoting *Moreno*, 2021 WL 12302429, at *3); *Jovel*, 2012 WL 5470057, at *3; *Montenegro v. Johnson & Johnson Consumer, Inc.*, 2024 WL 4720925, at *4 (C.D. Cal. Sept. 16, 2024). Plaintiffs offer no meaningful response to these cases, which make clear that a plaintiff's "choice of forum is entitled to [even] lesser weight" in precisely these circumstances. *Greben*, 2025 WL 1765916, at *4 (although plaintiffs alleged that the products were "marketed and sold—and [several] purchased by Plaintiff[s]—in this district," this was "less germane" to their claims than defendant's contacts with the

8

transferee forum, where the primary marketing, ingredient sourcing, and product development *decisions* were actually made).

Plaintiffs also ignore that one of the named plaintiffs is a New York resident, ***not*** a California resident. Although Plaintiffs cite *Luchini v. CarMax, Inc.*, 2012 WL 2401530, at *4 (E.D. Cal. June 25, 2012), that case concluded that a plaintiff's choice of forum was entitled to "some weight" after noting that "the only named Plaintiff resides in this District, and his employment in this District led to this action." Moreover, even the cases that Plaintiffs rely on, such as *Alul*, 2016 WL 7116934, at *2, recognize that when "an individual brings a derivative suit or represents a class, that named plaintiff's choice of forum is given less weight." *Alul* also examined whether the plaintiff had "significant contacts with the forum related to the claims in the Complaint" when determining the weight. *Id.* at *3. Plaintiffs essentially concede that their only connection to this forum is three named Plaintiffs residing and allegedly purchasing products in California, but courts have repeatedly concluded that, when it comes to claims for consumer deception, the mere purchase of products in California, and residence in California, are not the type of "significant contact" that supports giving a plaintiff's choice of forum significant weight. *Greben*, 2025 WL 1765916, at *4; *Moreno*, 2021 WL 12302429, at *3; *Jovel*, 2012 WL 5470057, at *3; *Montenegro*, 2024 WL 4720925, at *4. And this case is even weaker than those because one named plaintiff, Rabinowitz, resides in New York and purchased her product in New York. The Court should, therefore, follow this line of persuasive authority and hold that Plaintiffs' choice of forum is entitled to little weight.

### iii.    Plaintiffs' Forum Shopping Arguments Have No Merit.

Plaintiffs next argue that Smucker's motion is "not motivated by genuine convenience factors" and instead this court's "adverse ruling," Opp. at 15, but this again ignores the plain record. This Court issued its ruling on May 13, 2025. Dkt. 27. Plaintiffs chose in their Amended Complaint, filed on September 8, 2025, to add a named Plaintiff who was a New York resident and who purchased their product in New York. Dkt. 44 ¶ 14. Smucker filed its Motion to Transfer promptly after Plaintiffs' Amended Complaint

because that Amended Complaint now named a New York resident as a plaintiff. Dkt. 45. If Smucker's motive were truly to avoid an adverse ruling, it would have filed immediately after the Court's order, not months later, and not in direct response to the addition of a New York Plaintiff. The timing makes clear that the motion was prompted by the new plaintiff, not by forum shopping, because, with the addition of a New York Plaintiff, it became clear that Ohio was the most convenient forum. *See Hackwith*, 2009 WL 10674053, at *2 ("While Plaintiffs correctly assert that . . . Plaintiff Hackwith . . . lives in the Central District . . . Plaintiffs do not mention that there are two other plaintiffs who are not residents of California," which "undercut[s] Plaintiffs' argument"). Plaintiffs' accusation of forum shopping is belied by the record.

Plaintiffs also suggest that a party "genuinely interested in convenience . . . would have welcomed a narrowed class definition[.]" Opp. at 16. But, as previously explained, Plaintiffs have never proposed a narrowed class definition, nor have Plaintiffs ever suggested eliminating the New York class. *See supra* p.3. Instead, Plaintiffs' arguments are pure gamesmanship, designed to delay resolution or to distract from the fact that the convenience factors overwhelmingly favor transfer.

### iv. The Location of Evidence Supports Transfer and Indicates Costs of Litigation Will Be Lower in Ohio.

Plaintiffs claim that the availability of "key documents" does not support transfer, Opp. at 16–17, but even their own cited cases undermine this position. For instance, in *Reyes v. Bakery & Confectionery Union & Industry International Pension Fund*, 2015 WL 1738269, at *4 (N.D. Cal. Apr. 9, 2015), the court found the factor did "not significantly favor transfer," not that it was neutral. Moreover, Plaintiffs rely exclusively on Northern District cases, ignoring that courts in this district tend to hold that this factor weighs in favor of transfer. *See* Mot. at 9 (citing *Ace Mold (Heifei) Co. v. AliphCom*, 2016 WL 8252923, at *3 (C.D. Cal. Oct. 17, 2016), and *Luna v. Wal-Mart Transp., LLC*, 2018 WL 3569357, at *3 (C.D. Cal. July 11, 2018)); *see also Maillet v. Endophys Holdings, LLC*, 2024 WL 5424135, at *7 (C.D. Cal. Nov. 4, 2024) (finding factors still "favor[ed]

10

transfer," even though "the weight of this factor has decreased . . . as technological advances in document storage and retrieval have greatly reduced the burden of transporting documents").

### v.    The Forum's Familiarity with the Governing Law Factor Is Neutral.

Plaintiffs next argue that it is "dubious" that the federal judges in the Northern District of Ohio are able to apply California consumer protection laws. Yet federal judges routinely apply the laws of other states. *See Greben*, 2025 WL 1765916, at *5. Plaintiffs also ignore that they seek to represent a nationwide class, which makes the fact that they bring claims under California law "matter little" because there will have to be "a robust analysis of . . . the extent to which other state laws are analogous to California laws." *Meza v. Procter & Gamble Co.*, 2023 WL 3267861, at *8 (C.D. Cal. Apr. 27, 2023). Further, Plaintiffs overlook that multiple New York claims are at issue. *BOAGF Holdco LP v. Transamerica Life Ins. Co.*, 2023 WL 4157463, at *4 (C.D. Cal. May 10, 2023) (explaining that court did not need to decide whether "North Carolina or California law" applies when examining this factor because "federal judges routinely apply the law of a State other than the State in which they sit," and so the factor was "neutral"). So, while Plaintiffs question an Ohio court's ability to apply California law, they seemingly take no issue with this Court's ability to apply the laws of New York. The Court should reject Plaintiffs' argument and find this factor neutral.

Plaintiffs also argue that Smucker's purported "delay in bringing a transfer motion" weighs against transfer, relying on an inapposite and nearly fifty-year-old case. Opp. at 18 (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 500 (C.D. Cal. 1981)). That case "was confronted with a delay of two years," and the cases it cited in support "for the proposition that a five-month delay is too long involved instances where the case had already been set for trial or the case had already been extensively litigated." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1168 (S.D. Cal. 2005) (noting that "the Ninth Circuit has never held that a five month delay necessitates the

denial of a motion to transfer"). Unlike *Coliseum*, there was no delay here: Smucker moved to transfer promptly after it became clear that one of the named Plaintiffs was a New York resident who purchased the product in New York. Even if any delay existed, it would not weigh against transfer because this case "is far from trial." *Saleh*, 361 F. Supp. 2d at 1168.

### vi.    Ohio has a greater interest in this action.

Plaintiffs assert that "California has a strong interest in the enforcement of its consumer protection laws," Opp. at 19, but California's "interest is not much different from the interest all other states have in this case[.]" *Moreno*, 2021 WL 12302429, at *4. Where a plaintiff brings a nationwide class, other states have the "same interest in protecting its class-member residents from false advertising as California and all other states do." *Id.* Ohio would, therefore, have precisely the same interest in protecting any putative nationwide class member based in Ohio. But, unlike California, Ohio "has the additional interest in ensuring that corporations that reside and are headquartered there do not engage in false advertising." *Greben*, 2025 WL 1765916, at *5 (citation omitted). Thus, this factor weighs in favor of transfer.

## III.   CONCLUSION

For all the reasons discussed above and in Smucker's Motion to Transfer, the Court should exercise its discretion and grant its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), and transfer this action to the Northern District of Ohio.


Dated: October 15, 2025              WINSTON & STRAWN LLP

                                     By: */s/ Ronald Y. Rothstein*
                                          Ronald Y. Rothstein (*pro hac vice*)
                                          RRothste@winston.com
                                          WINSTON & STRAWN LLP
                                          300 N. LaSalle Drive, Suite 4400
                                          Chicago, IL 60654-3406
                                          Telephone: +1 312-558-5600

Jared R. Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, FL 33131
Telephone: +1 305-910-0500

Shawn Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J. M. Smucker Company*

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for The J.M. Smucker Company, certifies that this brief contains 4,356 words, which complies with the word limit of L.R. 11-6.1.

Date: October 15, 2025                              _/s/ Ronald Y. Rothstein_____

Ronald Y. Rothstein (*pro hac vice*)