Ronald Y. Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
300 N. LaSalle Drive, Suite 4400
Chicago, IL 60654-3406
Telephone: +1 312-558-5600

Jared R. Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 S. Biscayne Boulevard, Suite 2400
Miami, FL 33131
Telephone: +1 305-910-0500

Shawn Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave. Suite 3800
Los Angeles, CA 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J. M. Smucker Company*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE J. M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138<br><br>Hon. Anne Hwang<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing Date: Wednesday, Oct. 29, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9C<br>Amended Complaint filed: September 8, 2025 |

# **TABLE OF CONTENTS**

                                                                                                                           **Page**

I.     INTRODUCTION .................................................................................................. 1

II.    ARGUMENT ......................................................................................................... 2

        A.    Smucker's Arguments Are Not Procedurally Barred. ................................. 2

        B.    Plaintiffs Admit Their Claims as to Products They Did Not Purchase Must Be Dismissed. .................................................................................... 3

        C.    Plaintiffs' Fraud by Omission Theory Still Fails. ....................................... 4

        D.    Plaintiffs' Argument Concerning Nationwide Class Issues Is Misplaced. .................................................................................................... 7

        E.    Plaintiffs' Negligent and Intentional Misrepresentation Claims Must Be Dismissed under Independent Tort Principles and the Economic Loss Doctrine. ............................................................................................. 8

        F.    The Court Should Not Allow Plaintiffs to Replead Their Warranty Claims in an Opposition Brief. ..................................................................... 9

        G.    Plaintiffs' Claims Fail to Satisfy Rule 9(b)'s Particularity Requirement Because They Do Not Sufficiently Plead When They Purchased the Products. ............................................................................... 10

        H.    Plaintiffs Fail to Plausibly Allege a Lack of Adequate Remedy at Law. ............................................................................................................. 11

III.   CONCLUSION ................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Apple Inc.*,
  500 F. Supp. 3d 993 (N.D. Cal. 2020)...........................................................................4

*Annunziato v. Guthrie*,
  2021 WL 5015496 (C.D. Cal. Oct. 26, 2021) ...............................................................10

*Askins v. U.S. Dep't of Homeland Sec.*,
  899 F.3d 1035 (9th Cir. 2018) .......................................................................................2

*Augustine v. Talking Rain Beverage Co.*,
  386 F. Supp. 3d 1317 (S.D. Cal. 2019) ..........................................................................5

*Avdi v. State Farm Gen. Ins. Co.*,
  2024 WL 5424416 (C.D. Cal. Nov. 27, 2024) ..............................................................11

*Bakhtiari v. Nissan N. Am., Inc.*,
  2025 WL 2380964 (N.D. Cal. Aug. 15, 2025) ...............................................................8

*Barrett v. Optimum Nutrition, Inc.*,
  2022 WL 18401338 (C.D. Cal. Dec. 13, 2022).........................................................2, 11

*Bates v. Abbott Laboratories*,
  2025 WL 65668 (2d Cir. Jan. 10, 2025).........................................................................6

*Benson Ave. Co. LLC v. ARRI Americas Inc.*,
  2025 WL 2684035 (C.D. Cal. Aug. 14, 2025) ...............................................................2

*Boghossian v. Capella University, LLC*,
  2025 WL 934878 (S.D.N.Y. Mar. 27, 2025)..................................................................6

*Bride v. Snap Inc.*,
  2025 WL 819567 (C.D. Cal. Feb. 21, 2025) ................................................................11

*Broam v. Bogan*,
  320 F.3d 1023 (9th Cir. 2003) ..................................................................................5, 10

*Carbine v. Target Corp.*,
  2025 WL 501829 (C.D. Cal. Feb. 13, 2025) ................................................................12

*Chavez v. Wal-Mart Stores, Inc.*,
  2014 WL 12591252 (C.D. Cal. June 2, 2014) ...............................................................3

*Costa v. Reliance Vitamin Co.*,
  2023 WL 2989039 (N.D. Cal. Apr. 18, 2023)................................................................9

*Dawson v. Better Booch, LLC*,
  716 F. Supp. 3d 949 (S.D. Cal. 2024)..........................................................................10

*Fitzhenry-Russell v. Coca-Cola Co.*,
 2017 WL 4680073 (N.D. Cal. Oct. 18, 2017) ......................................................... 7

*Fried v. Snapple Beverage Corp.*,
 753 F. Supp. 3d 1145 (S.D. Cal. 2024) ................................................................. 6

*Gamino v. Spin Master, Inc.*,
 2025 WL 1421907 (C.D. Cal. Mar. 31, 2025) ................................................. 2, 11

*Gill v. Chipotle Mexican Grill, Inc.*,
 2025 WL 1443767 (C.D. Cal. May 19, 2025) ..................................................... 11

*Glen Holly Ent., Inc. v. Tektronix, Inc.*,
 100 F. Supp. 2d 1086 (C.D. Cal. 1999) .............................................................. 10

*Gordian Med., Inc. v. Percival*,
 2020 WL 5921947 (C.D. Cal. Aug. 27, 2020) ...................................................... 2

*Grimberg v. Macys, Inc.*,
 2025 WL 1090963 (C.D. Cal. Mar. 18, 2025) ..................................................... 11

*Guzman v. Polaris Industries Inc.*,
 49 F.4th 1308 (9th Cir. 2022) ............................................................................. 12

*Hall v. W. Refin. Retail, LLC*,
 2020 WL 3891453 (C.D. Cal. Apr. 24, 2020) ....................................................... 3

*Hamman v. Cava Grp., Inc.*,
 2023 WL 3450654 (S.D. Cal. Feb. 8, 2023) ......................................................... 4

*Harmsen v. Smith*,
 693 F.2d 932 (9th Cir. 1982) ................................................................................ 7

*In re Hyundai & Kia Fuel Econ. Litig.*,
 926 F.3d 539 (9th Cir. 2019) ................................................................................ 7

*Kavehrad v. Vizio, Inc.*,
 2022 WL 16859975 (C.D. Cal. Aug. 11, 2022) .................................................... 7

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009) ............................................................................ 11

*Kim v. Walmart, Inc.*,
 2023 WL 4316786 (C.D. Cal. Mar. 14, 2023) ...................................................... 7

*Klein v. Ljubljana Inter Auto d.o.o.*,
 2024 WL 5185311 (C.D. Cal. Sept. 26, 2024) ...................................................... 8

*Manlin v. Ocwen Loan Servicing, LLC*,
 2017 WL 8180779 (C.D. Cal. Dec. 7, 2017) ........................................................ 3

*Martinez v. Hub Grp. Trucking, Inc.*,
 2021 WL 937671 (C.D. Cal. Jan. 11, 2021) ....................................................... 12

*McGowan v. McLane Co.*,
  2025 WL 2087565 (C.D. Cal. May 9, 2025) ............................................................... 12

*Obillo v. i-Health Inc.*,
  2025 WL 844389 (N.D. Cal. Mar. 18, 2025) ............................................................... 8

*Pastor Villareal Inc. v. Borderland Traders LLC*,
  2020 WL 8514834 (C.D. Cal. Dec. 11, 2020) .............................................................. 3

*Ramirez v. City of San Bernardino*,
  806 F.3d 1002 (9th Cir. 2015) ..................................................................................... 5

*Rattagan v. Uber Techs., Inc.*,
  17 Cal. 5th 1 (2024) .................................................................................................... 8

*Riverside Healthcare Sys., L.P. v. Apex Mgmt. Grp. Inc.*,
  2025 WL 1720431 (C.D. Cal. Mar. 31, 2025) ........................................................... 11

*Rodriguez v. Just Brands USA, Inc.*,
  2021 WL 1985031 (C.D. Cal. May 18, 2021) ............................................................. 7

*Sagebrush LLC v. Cigna Health & Life Ins. Co.*,
  2025 WL 1180696 (C.D. Cal. Apr. 23, 2025) ........................................................... 11

*Schippell v. Johnson & Johnson Consumer Inc.*,
  2023 WL 6178485 (C.D. Cal. Aug. 7, 2023) ....................................................... 2, 8, 9

*Sheen v. Wells Fargo Bank, N.A.*,
  12 Cal. 5th 905 (2022) ................................................................................................. 9

*Sky Sleep Lab, Inc. v. Cigna Health & Life Ins. Co.*,
  2025 WL 736496 (C.D. Cal. Jan. 23, 2025) .............................................................. 11

*Sum v. FAC US, LLC*,
  2022 WL 2189628 (C.D. Cal. Apr. 25, 2022) ........................................................... 2, 8

*Sylabs, Inc. v. Rose*,
  2024 WL 2059716 (N.D. Cal. May 8, 2024) .............................................................. 8

*Taylor v. Walmart, Inc.*,
  2025 WL 1600395 (C.D. Cal. June 4, 2025) ............................................................... 5

*Vance v. Church & Dwight Co.*,
  2023 WL 2696826 (E.D. Cal. Mar. 29, 2023) ............................................................. 7

*Vegetable Juices, LLC v. Haliburton Int'l Foods, Inc.*,
  2023 WL 9420847 (C.D. Cal. Dec. 27, 2023) ........................................................... 10

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
  2025 WL 2684021 (C.D. Cal. Aug. 15, 2025) ........................................................... 12

iv

**Other Authorities**

Dr. Ryan Monahan, Citric Acid: A Common Food Additive With An Uncommon Source (2024), available at https://www.peacefulmountainmedicine.com/post/citric-acid-a-common-foodadditive-with-an-uncommon-source (last visited May 15, 2024) .......................... 6

Serge Gregoire, Avoid citric acid: a mold byproduct! (July 13, 2021), available at https://www.linkedin.com/pulse/avoid-citric-acid-mold-byproduct-sergegregoire/) ................................................................................................. 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Opposition ("Opposition" or "Opp.") to The J. M. Smucker Company's ("Smucker") Motion to Dismiss the First Amended Complaint ("Amended Complaint" or "FAC") misstates the law, sidesteps this Court's prior rulings, and fails to cure the FAC's defects. Rather than engage with the substance of Smucker's motion, Plaintiffs misconstrue Federal Rule of Civil Procedure 12(g)(2) in an attempt to procedurally bar several of Smucker's arguments. But once Plaintiffs elected to file an amended pleading—adding three new named plaintiffs, additional New York claims, and an entirely new New York subclass—the FAC became the operative complaint, and Smucker became entitled to challenge its defects.

On the merits, Plaintiffs concede that claims based on non-purchased products cannot proceed. This concession confirms the Court's prior ruling as to Plaintiff Ringler and eliminates nine of the Smucker's Natural Fruit Spread products ("Products") that Plaintiffs never purchased. Despite accepting this Court's holding on non-purchased products, Plaintiffs continue to pursue an omission theory already rejected by this Court. Dkt. 27 at 10–11 (order holding Plaintiff Ringler "fail[ed] to allege her claims under a partial omission theory" because "[t]he entire theory of a case based on partial omissions is that what is disclosed is in some sense true but that the whole truth is missing"). Plaintiffs' Amended Complaint advances an identical theory—that the challenged statements "natural" and "made with ingredients from natural sources" are outright false because the Products contain allegedly artificial citric acid. FAC ¶¶ 3–4. Given these identical allegations, the Court should dismiss Plaintiffs' omission-based claims.

Plaintiffs' Opposition also ignores that their negligent and intentional misrepresentation counts are untethered to any identified state's substantive law, a fundamental pleading requirement under Federal Rule of Civil Procedure 8. This is not a choice-of-law dispute, as Plaintiffs assert, but a pleading deficiency preventing Smucker

from framing responsive defenses.

Independent tort principles and the economic loss rule provide a further, independent basis for dismissal of the negligent and intentional misrepresentation claims. Plaintiffs' Opposition identifies no tort duty independent of the alleged product labeling and no injury beyond the economic loss claimed from their purchases. Courts routinely dismiss such claims, particularly where, as here, the asserted "omission" is inseparable from the alleged labeling promise. *See, e.g.*, *Sum v. FAC US, LLC*, 2022 WL 2189628, at *3 (C.D. Cal. Apr. 25, 2022); *Schippell v. Johnson & Johnson Consumer Inc.*, 2023 WL 6178485, at *14 (C.D. Cal. Aug. 7, 2023).

The FAC also falls short of Rule 9(b). Two plaintiffs plead only a season or a vague time frame; others allege at most a month and year. In a case turning on what label was seen and relied upon when, such imprecision is insufficient. Finally, Plaintiffs' equitable claims must be dismissed. They fail to plausibly allege an inadequate remedy at law, offering only conclusory statements and litigation boilerplate that courts in this district routinely reject. *Barrett v. Optimum Nutrition, Inc.*, 2022 WL 18401338, at *1 (C.D. Cal. Dec. 13, 2022); *Gamino v. Spin Master, Inc.*, 2025 WL 1421907, at *7 (C.D. Cal. Mar. 31, 2025) (same).

## II.   ARGUMENT

### A.   Smucker's Arguments Are Not Procedurally Barred.

Plaintiffs contend that Smucker should be precluded from making certain "new" arguments under Federal Rule of Civil Procedure 12(g)(2), but they fundamentally misunderstand that Rule and the effect of filing an amended complaint. "[O]nce the plaintiff elects to file an amended complaint, the new complaint is the only operative complaint before the district court." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018). Therefore, courts in this district have routinely "permitted defendants moving to dismiss an amended complaint to make arguments previously made and to raise new arguments that were previously available." *Benson Ave. Co. LLC v. ARRI Americas Inc.*, 2025 WL 2684035, at *2 (C.D. Cal. Aug. 14, 2025); *Gordian Med., Inc. v. Percival*,

2

2020 WL 5921947, at *4 (C.D. Cal. Aug. 27, 2020) (finding Rule 12(g)(2) does not prohibit a defendant moving to dismiss an amended complaint from raising new arguments that were previously available); *Manlin v. Ocwen Loan Servicing, LLC*, 2017 WL 8180779, at *3 (C.D. Cal. Dec. 7, 2017) (same); *Chavez v. Wal-Mart Stores, Inc.*, 2014 WL 12591252, at *1 (C.D. Cal. June 2, 2014) (same).

Moreover, Plaintiffs' Amended Complaint adds three new plaintiffs and a New York class, meaning Smucker could not have previously asserted these arguments as to these newly added Plaintiffs. *Hall v. W. Refin. Retail, LLC*, 2020 WL 3891453, at *5 (C.D. Cal. Apr. 24, 2020) ("Plaintiff Maynor was added to the Second Amended Complaint, so Defendant could not have asserted this argument in its first motion to dismiss. The Court will therefore address Defendant's argument as to Plaintiff Maynor and non-Store Manager putative class members."). Indeed, one of the two arguments Plaintiffs cite—Smucker's challenge to Plaintiffs' claims under Rule 9(b)—was based largely on Plaintiff Robles's and Plaintiff Rabinowitz's vague purchase allegations, which referred only to a season. Opp. at 4. (citing Mot. at § IV(C), (F)); Mot. at 12. As to the other argument Plaintiffs point to—Plaintiffs' failure to allege which state's law applies to their negligent misrepresentation and intentional misrepresentation claims—Smucker accepts that it technically could have brought that argument only as to Plaintiff Ringler. Mot. at 8. But it was Plaintiffs' addition of a New York plaintiff, residing and purchasing the product in New York, that highlighted this pleading failure. FAC ¶ 14. Furthermore, because Smucker can raise this defense as to the new named plaintiffs, it "would be counterproductive to bar Defendants from asserting" its argument as to Ringler "based on a hyper-technical reading of Rule 12(g)(2)." *Pastor Villareal Inc. v. Borderland Traders LLC*, 2020 WL 8514834, at *4 (C.D. Cal. Dec. 11, 2020).

### B. Plaintiffs Admit Their Claims as to Products They Did Not Purchase Must Be Dismissed.

Plaintiffs concede that their claims for products they did not purchase must be

3

dismissed. Opp. at 4. Plaintiffs purchased only three products: Natural Triple Berry Fruit Spread, Natural Strawberry Fruit Spread, and Natural Red Raspberry Fruit Spread Product. FAC ¶¶ 11–14. Yet Plaintiffs' Amended Complaint listed nine other products. FAC ¶ 2. The claims as to these other non-purchased products must be dismissed. Plaintiffs also suggest that including these products was "inadvertent" and an "error" and that they "agreed to remove these allegations[.]" Dkt. 51-1 ¶ 2. Despite asserting that they agreed to remove these allegations, Plaintiffs failed to do so within the next seven days, requiring Smucker to move for dismissal on this ground.

### C. Plaintiffs' Fraud by Omission Theory Still Fails.

Plaintiffs next contend that they sufficiently allege a partial omission theory, but this argument was rejected by this Court's prior order. That order held that Plaintiff Ringler "fail[ed] to allege her claims under a partial omission theory." Dkt. 27 at 11. The Court explained that "[t]he entire theory of a case based on partial omissions is that what is disclosed is in some sense true but that the whole truth is missing." *Id.* at 10 (quoting *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1013 (N.D. Cal. 2020)). The Court further noted that "[p]laintiffs cannot allege a partial omission triggering a duty to disclose where they only claim that Defendant's marketing materials are outright false." *Id.* (quoting *Hamman v. Cava Grp., Inc.*, 2023 WL 3450654, at *9 (S.D. Cal. Feb. 8, 2023)). After considering this authority on partial omissions, the Court held that Plaintiff Ringler could not assert a partial omission theory because "Plaintiff [Ringler] alleges in her Complaint that the 'representations are false because the Products contain citric acid, an artificial ingredient not made from natural sources.'" *Id.* at 11 (citing Compl. ¶ 4). Plaintiffs' omission theory in their Amended Complaint must be dismissed because they include an identical allegation. FAC ¶ 4 ("These representations are false because the Products contain citric acid, an artificial ingredient not made from natural sources.").

Plaintiffs' Opposition ignores this Court's order and their own theory of deception. Plaintiffs' core allegation is that the representations "'natural' and 'made with ingredients from natural sources' . . . mislead[] reasonable consumers into believing that the Products

4

contain *only* natural ingredients and are free from artificial ingredients." FAC ¶ 17 (emphasis added). Indeed, even in their Opposition, Plaintiffs advance that these representations mean that the Products "contain *only* natural ingredients and do not contain artificial ingredients." Opp. at 5 (emphasis added). Simply put, Plaintiffs are not claiming the representation is partially true, but rather that it is outright false due to the inclusion of citric acid, which they claim is artificial. FAC ¶ 4.

Plaintiffs' cited authority is off point and unpersuasive. They rely solely on two cases—*Augustine v. Talking Rain Beverage Co.*, 386 F. Supp. 3d 1317, 1330 (S.D. Cal. 2019), and *Taylor v. Walmart, Inc.*, 2025 WL 1600395, at *8 (C.D. Cal. June 4, 2025)—***neither*** of which mentions a partial omission theory. Thus, the courts in those cases did not consider the argument Smucker makes here, which this Court accepted in its prior order.[1]

Finally, Plaintiffs suggest that they alleged a viable omission theory as to their New York claims under New York General Business Law §§ 349 and 350, but they ignore that these claims under NY law do not allege *any* omissions. FAC ¶¶ 126–45 (focusing only on "misrepresentations," with no mention of an "omission"). Plaintiffs cannot use an opposition brief to introduce new allegations absent from their pleadings. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving

---

[1] Plaintiffs also argue that Smucker waived its partial omission theory argument, asserting that Smucker raised the argument for the first time in its Reply in support of its motion to dismiss the Complaint. Opp. at 4 n.2. This is baseless. As Smucker explained in that reply, Plaintiff Ringler's original complaint did "not once mention[] a 'partial omission'" theory. Dkt. 21 at 7. The very first time Plaintiff Ringler mentioned a partial omission theory was in her Opposition to Smucker's motion to dismiss the original complaint. Dkt. 20 at 12. Plaintiffs' Amended Complaint ***again*** fails to allege that they are bringing a partial omission theory. *See generally* FAC. Finally, even if Plaintiffs' waiver argument had merit previously as to the original complaint (which it does not), it is irrelevant now because their "amended complaint supersedes the original." *See Ramirez v. City of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

5

papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Plaintiffs' Opposition fails to address this critical shortcoming or to provide any justification for why the Court should overlook it. Opp. at 6–7.

      Regardless, Plaintiffs' assertion that they had "no way of knowing" the nature of citric acid is undermined by their allegations. Opp. at 6. Not only do Plaintiffs rely on numerous publicly available academic articles, *see* FAC ¶¶ 21–42, but they also rely on publicly available blog posts,[2] which are easily accessible to a consumer. Moreover, in one of the cases Plaintiffs cite, *Boghossian v. Capella University, LLC*, 2025 WL 934878, at *4 (S.D.N.Y. Mar. 27, 2025), the plaintiffs there similarly argued that they could not have known about information in a publicly available statute because the "statute's language [wa]s 'highly technical'" and that it was "a question of fact whether a reasonable consumer would be expected to engage in a high-level review and analysis." The court there rejected that argument, reasoning that a consumer could make sense of the technical statute. *Id.* Moreover, the Second Circuit disagreed with a similar argument raised in *Bates v. Abbott Laboratories*, writing that "to the extent [plaintiff] suggests that the challenged statements were misleading under New York law . . . because Abbott did not also disclose the potential adverse health effects of added sugar, ***we disagree because a reasonable consumer could certainly discover and examine the health effects of added sugar on their own, including from the numerous publicly available studies and sources that [plaintiff] cites in her complaint***." 2025 WL 65668, at *3 (2d Cir. Jan. 10, 2025) (emphasis added). Plaintiffs, rather than citing this directly on-point New York law regarding a New York statute, cite a case that did not consider New York law at all. Opp. at 7 (citing *Fried v. Snapple Beverage Corp.*, 753 F. Supp. 3d 1145, 1153 (S.D. Cal.

---

[2] *See* FAC ¶¶ 29, 33 (citing Dr. Ryan Monahan, Citric Acid: A Common Food Additive With An Uncommon Source (2024), available at https://www.peacefulmountainmedicine.com/post/citric-acid-a-common-foodadditive-with-an-uncommon-source (last visited May 15, 2024), and Serge Gregoire, Avoid citric acid: a mold byproduct! (July 13, 2021), available at https://www.linkedin.com/pulse/avoid-citric-acid-mold-byproduct-sergegregoire/).

2024)). The Court should again dismiss Plaintiffs' omission theory in its entirety.

### D. Plaintiffs' Argument Concerning Nationwide Class Issues Is Misplaced.

In its Motion to Dismiss, Smucker argued that, under Rule 8, a plaintiff must "allege the applicable law to determine whether [they] plead[] a sufficient claim." Mot. at 8–9. Smucker expressly noted that it was not raising an argument concerning certification of the nationwide class claims. *Id.* at 9 n.4. Rather than address this Rule 8 argument, Plaintiffs contend that Smucker is "attempt[ing] to rehash" a choice of law argument. Opp. at 7. This is incorrect, and Smucker cited a wealth of authority that under Rule 8, Plaintiffs must allege the applicable law to plausibly state a claim. *See, e.g.*, *Kim v. Walmart, Inc.*, 2023 WL 4316786, at *3 (C.D. Cal. Mar. 14, 2023) (Rule 8 requires plaintiffs to "allege the applicable law to determine whether [they] plead[] a sufficient claim"); *Rodriguez v. Just Brands USA, Inc.*, 2021 WL 1985031, at *7 (C.D. Cal. May 18, 2021) ("[D]ue to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal); *Kavehrad v. Vizio, Inc.*, 2022 WL 16859975, at *3 (C.D. Cal. Aug. 11, 2022) (dismissing plaintiffs' common-law claims on behalf of proposed nationwide class for "failure to allege which state law governs [those] claims").

Plaintiffs then cite a string of cases that opine on choice of law principles, Opp. at 8, which are irrelevant to Smucker's argument concerning the pleading requirements of Rule 8. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 561 (9th Cir. 2019) (addressing choice-of-law rules, not federal pleading requirement under Rule 8); *Harmsen v. Smith*, 693 F.2d 932, 947 (9th Cir. 1982) (same); *Fitzhenry-Russell v. Coca-Cola Co.*, 2017 WL 4680073, at *4 (N.D. Cal. Oct. 18, 2017) (same); *Vance v. Church & Dwight Co.*, 2023 WL 2696826, at *6 (E.D. Cal. Mar. 29, 2023) (same). The Court should reject Plaintiffs' attempt to distort Smucker's argument and follow the line of cases supporting that claims failing to allege which state's substantive law applies do not satisfy Rule 8.

### E. Plaintiffs' Negligent and Intentional Misrepresentation Claims Must Be Dismissed under Independent Tort Principles and the Economic Loss Doctrine.

Plaintiffs next argue that their negligent and intentional misrepresentation claims are not barred by the independent tort doctrine and economic loss principles, but they largely ignore the California Supreme Court's decision in *Rattagan*. As this Court explained previously, in *Rattagan*, "[c]ourts generally permit tort suits if the defendant allegedly violated a duty rooted in tort principles that is ***independent*** of the parties' contractual rights and obligations." Dkt. 27 at 14 (emphasis added) (quoting *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 23 (2024)). Thus, courts considering claims for a negligent or intentional misrepresentation that induced a purchase still require, under independent tort principles, Plaintiffs to allege that "any damages arise from a breach of a duty ***independent*** of those contemplated in the warranty agreement." *Sum*, 2022 WL 2189628, at *3 (emphasis added); *Schippell*, 2023 WL 6178485, at *14.

Plaintiffs do not point to a single duty independent of the alleged contractual promise in their express warranty claim. Opp. at 10. Instead, they again raise arguments relying on a duty stemming from an omission. *Id.* But, as explained previously, Plaintiffs' theory is predicated on an outright falsehood, making any omission-based theory of duty implausible. *See supra* 4–7. Other courts have routinely dismissed claims under similar circumstances. *Schippell*, 2023 WL 6178485, at *14; *Klein v. Ljubljana Inter Auto d.o.o.*, 2024 WL 5185311, at *4–5 (C.D. Cal. Sept. 26, 2024); *Obillo v. i-Health Inc.*, 2025 WL 844389, at *1, *9 (N.D. Cal. Mar. 18, 2025); *Bakhtiari v. Nissan N. Am., Inc.*, 2025 WL 2380964, at *1 (N.D. Cal. Aug. 15, 2025). The Court should, therefore, dismiss Plaintiffs' negligent and intentional misrepresentation claims.

In a footnote, Plaintiffs argue that the prohibition on tort claims based on economic injuries should not apply to their intentional misrepresentation claim based on a fraudulent inducement exception, Opp. at 11 n.4, offering no explanation as to why their claim for ***negligent*** misrepresentation would not be barred under that rule. *Sylabs, Inc. v. Rose*, 2024

WL 2059716, at *8 (N.D. Cal. May 8, 2024) ("In general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage."). And, following the California Supreme Court's decision in *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905 (2022), courts routinely hold that pure economic losses cannot support a negligent misrepresentation claim. *See Costa v. Reliance Vitamin Co.*, 2023 WL 2989039, at *6 (N.D. Cal. Apr. 18, 2023) ("[Plaintiff's] negligent misrepresentation claim and injury arise from the underlying 'contract'—the purchase of the allegedly deceptive product—which is barred by the economic loss doctrine.... And while [plaintiff] cites cases suggesting that the doctrine does not bar negligent misrepresentation claims, her cases came many years before the California Supreme Court's clear explanation in *Sheen*."); *Schippell*, 2023 WL 6178485, at *14. Thus, Plaintiffs' claim for negligent misrepresentation should independently be dismissed because they allege only economic damages.

### F. The Court Should Not Allow Plaintiffs to Replead Their Warranty Claims in an Opposition Brief.

Plaintiffs now concede that Plaintiff Rabinowitz is not pursuing warranty claims under California law, Opp. at 11, despite the Amended Complaint expressly asserting such claims. FAC ¶ 90 ("Plaintiffs bring this claim for breach of express warranty individually and on behalf of all Classes against Defendant."). Plaintiffs attribute this to an inadvertent "remaind[er] from the prior Complaint," Opp. at 11, but this inconsistent pleading underscores the necessity—under Rule 8—of clearly identifying the governing law in the complaint. A defendant, such as Smucker, bases its defenses on the substantive law actually alleged, not on Plaintiffs' unexpressed intentions. Plaintiffs' Opposition only further muddies the record, as they now suggest the inclusion of California law as to all Plaintiffs was inadvertent. Opp. at 11 ("The FAC's citations to Cal. Com. Code §§ 2313 and 2314 under the causes of action for breach of express and implied warranties remained from the prior Complaint[.]"). This is an impermissible attempt to amend a pleading in an

opposition brief. *Broam*, 320 F.3d at 1026 n.2. Allowing for this type of pleading through opposition would prejudice Smucker because, had Plaintiffs' Amended Complaint failed to identify the state's substantive law for their warranty claims, Smucker would have been able to move to dismiss those claims under Rule 8. *Supra* p.7. Thus, the Court should disregard Plaintiffs' attempt to replead their warranty claims and dismiss Plaintiff Rabinowitz's warranty claims in their entirety.

**G.  Plaintiffs' Claims Fail to Satisfy Rule 9(b)'s Particularity Requirement Because They Do Not Sufficiently Plead When They Purchased the Products.**

In Plaintiffs' reply, they contend that they sufficiently allege the dates of purchase under Rule 9(b), but they cite cases predominantly from other districts. Opp. at 11–14. The majority approach within this district is to hold that "[g]eneral allegations of the month and year in which the purported fraudulent misconduct occurred do not suffice." *Vegetable Juices, LLC v. Haliburton Int'l Foods, Inc.*, 2023 WL 9420847, at *3 (C.D. Cal. Dec. 27, 2023); *Annunziato v. Guthrie*, 2021 WL 5015496, at *5 (C.D. Cal. Oct. 26, 2021) (similar); *Glen Holly Ent., Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999).

Plaintiffs also ignore *Dawson v. Better Booch, LLC*, 716 F. Supp. 3d 949, 959–60 (S.D. Cal. 2024), where the court held that plaintiff's allegation that plaintiff purchased the products "during the class period" was insufficient when plaintiff had defined the class period "as the maximum time allowable as determined by the statute of limitations periods." The court in *Dawson* explained that plaintiff's allegations did not allege "[a] start or end date to mark the class period" and that "[b]ecause Plaintiff ha[d] alleged multiple claims with varying statute of limitations periods," the allegations were "too general to satisfy Rule 9(b)'s heightened pleading standard." *Id.* at 960. Plaintiff's allegations are almost identical, Compl. ¶¶ 12, 13, 45, and equally deserve dismissal. Moreover, the court in *Dawson* expressly distinguished those cases that "alleged a start or end date to mark the class period." *Dawson*, 716 F. Supp. 3d at 959. Plaintiffs' failure to allege any start or end date for the class cannot suffice under Rule 9(b), which requires that a plaintiff provide

10

allegations "specific enough to give defendants notice of the particular misconduct." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

### H. Plaintiffs Fail to Plausibly Allege a Lack of Adequate Remedy at Law.

Plaintiffs argue that they plausibly allege they lack an adequate remedy at law, but they fail to cite a single Central District of California case. Opp. at 14–15. Plaintiffs first contend that they may seek equitable relief because it may be "more prompt, certain, or efficient," Opp. at 15, but they fail to explain how or why. Courts in this district routinely reject this type of unsupported, conclusory argument. *See, e.g.*, *Grimberg v. Macys, Inc.*, 2025 WL 1090963, at *6 (C.D. Cal. Mar. 18, 2025) ("Plaintiffs must allege **how** the equitable relief they seek alongside damages is more prompt, certain, or efficient than damages." (emphasis added); *Sky Sleep Lab, Inc. v. Cigna Health & Life Ins. Co.*, 2025 WL 736496, at *2 (C.D. Cal. Jan. 23, 2025) (similar). And "[s]imply asserting the differences in the elements of the claims does not show that the restitution sought would go beyond the damages available to her, or that it would be more "certain, prompt, or efficient" than the available legal remedies." *Barrett*, 2022 WL 18401338, at *1; *Gamino*, 2025 WL 1421907, at *7.

Plaintiffs' suggestion that they can plead an inadequate remedy of law in the alternative is also misplaced for two reasons. First, this claim is contradicted by the bulk of authority in this district. *Gill v. Chipotle Mexican Grill, Inc.*, 2025 WL 1443767, at *5 (C.D. Cal. May 19, 2025) ("Plaintiffs' allegation that the unjust enrichment claim is alleged in the alternative to legal claims . . . has been explicitly rejected by numerous courts post-*Sonner*." (citation and quotation marks omitted)); *Bride v. Snap Inc.*, 2025 WL 819567, at *9 (C.D. Cal. Feb. 21, 2025) (same); *Avdi v. State Farm Gen. Ins. Co.*, 2024 WL 5424416, at *5 n.4 (C.D. Cal. Nov. 27, 2024) (same); *Sagebrush LLC v. Cigna Health & Life Ins. Co.*, 2025 WL 1180696, at *3 n.5 (C.D. Cal. Apr. 23, 2025) (similar). And second, even if alternative pleading were permitted, Plaintiffs "must still sufficiently plead . . . that [they] *lack*[] an adequate remedy at law[.]" *Riverside Healthcare Sys., L.P. v. Apex Mgmt. Grp. Inc.*, 2025 WL 1720431, at *6 (C.D. Cal. Mar. 31, 2025). Plaintiffs'

11

conclusory assertions are not "***facts*** suggesting that damages are insufficient to make them whole." *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 2025 WL 2684021, at *67 (C.D. Cal. Aug. 15, 2025) (emphasis added) ("The mere possibility that Plaintiffs may fail to prevail on their claims for damages does not address whether those damages would have been an adequate remedy at law.").

Plaintiffs also point to the "varying statutes of limitations" to try to demonstrate that they lack an adequate remedy at law. Opp. at 15. This position not only was explicitly rejected by the Ninth Circuit in *Guzman v. Polaris Industries Inc.*, 49 F.4th 1308, 1313 n.2 (9th Cir. 2022), but it has been consistently rejected by courts in this district. *Carbine v. Target Corp.*, 2025 WL 501829, at *6 (C.D. Cal. Feb. 13, 2025) ("[D]istrict courts in the Ninth Circuit have rejected the proposition that 'a different statute of limitations is sufficient to demonstrate inadequacy of a legal remedy.'" (quoting *Martinez v. Hub Grp. Trucking, Inc.*, 2021 WL 937671, at *8 (C.D. Cal. Jan. 11, 2021)); *McGowan v. McLane Co.*, 2025 WL 2087565, at *6 n.3 (C.D. Cal. May 9, 2025) ("That the UCL and California Labor Code provide for different statute of limitations periods is not a sufficient basis for establishing the inadequacy of a legal remedy.").

Finally, Plaintiffs assert that this Court already found that Plaintiff Ringler "sufficiently alleged that no adequate remedy at law exists." Opp. at 14. But the Court did not reach the merits of this determination, concluding that Smucker's argument was not sufficiently specific to the "actual allegations." Dkt. 27 at 19. Smucker has now provided arguments that detail precisely why Plaintiffs' allegations are insufficient, providing ample Central District authority in support. Plaintiffs' claims seeking equitable relief must, therefore, be dismissed.

## III. CONCLUSION

For all the reasons discussed above and in Smucker's Motion to Dismiss, the Court should dismiss Plaintiffs' Amended Class Action Complaint with prejudice.

Dated: October 15, 2025

WINSTON & STRAWN LLP

By: */s/ Ronald Y. Rothstein*
Ronald Y. Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
300 N. LaSalle Drive, Suite 4400
Chicago, IL 60654-3406
Telephone: +1 312-558-5600

Jared R. Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, FL 33131
Telephone: +1 305-910-0500

Shawn Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J. M. Smucker Company*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for The J.M. Smucker Company, certifies that this brief contains 4,249 words, which complies with the word limit of L.R. 11-6.1.

Date: October 15, 2025                     /s/ Ronald Y. Rothstein

                                                              Ronald Y. Rothstein (*pro hac vice*)