Ronald Y. Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
300 N. LaSalle Dr. Suite 4400
Chicago, IL 60654-3406
Telephone: +1 312-558-5600

Jared R. Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 S. Biscayne Boulevard, Suite 2400
Miami, FL 33131
Telephone: +1 305-910-0500

Shawn Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave. Suite 3800
Los Angeles, CA 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J. M. Smucker Company*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE J. M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>Hon. Anne Hwang<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO CONTINUE CLASS CERTIFICATION HEARING AND CROSS MOTION FOR ENTRY OF BRIEFING SCHEDULE**<br><br>Hearing Date: November 5, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9C<br>Amended Complaint filed: September 8, 2025 |

Defendant The J. M. Smucker Company ("Defendant" or "Smucker") hereby submits this response and cross motion to Plaintiffs Adina Ringler, Krista Robles, Jay Smith, and Jana Rabinowitz's (collectively, "Plaintiffs") Motion to Modify Scheduling Order to Continue Class Certification Hearing (the "Motion"). See Dkt. Nos. 49, 52–53.

## I. INTRODUCTION

Plaintiffs' request to extend the class certification hearing deadline by three months ignores the full extent of the Parties' meet and confer efforts on this issue. Defendant tried stipulating to a class certification hearing date and briefing schedule on multiple occasions, but Plaintiffs were unwilling to agree to a ***mutually*** beneficial schedule that permitted both Plaintiffs and Defendant (collectively, the "Parties") a meaningful opportunity to present class certification arguments. Defendant agrees that additional time is needed to brief class certification but opposes Plaintiffs' unilateral attempt to cut short Defendant's opportunity to respond and adequately address the issues that will surely be raised through Plaintiffs' motion for class certification.

## II. RELEVANT BACKGROUND

On May 7, 2025, the Parties submitted a Rule 26(f) report regarding their discovery plan along with a proposed scheduling worksheet containing the Parties' proposed pretrial and trial dates. Declaration of Ronald Y. Rothstein ("Rothstein Decl.") ¶ 2. *See also* Dkt. Nos. 24, 24-1. In the Parties' conferences preceding that submission, Defendant proposed a class certification schedule that contemplated adequate time for Plaintiffs and Defendant to prepare class certification papers and conduct related expert discovery. Rothstein Decl. ¶ 3.

Based on Defendant's counsel's decades of experience handling complex consumer class actions like this one, the schedule Defendant proposed provided ample time to address all issues that may arise in Plaintiffs' class certification briefing. *Id.* Of course, when Plaintiffs file their class certification motion they will almost certainly also disclose

expert reports, potentially from multiple survey experts, economists and damages experts, and subject matter experts. In responding to Plaintiffs' class certification motion, Defendant must depose, and prepare responses to, each of these experts while also preparing its own affirmative expert reports. Consumer surveys, which Defendant may require to respond to Plaintiffs' motion or expert reports, typically take at least three months to conduct from start to finish. *Id.* ¶ 4. Relatedly, Defendant should be afforded sufficient opportunity to challenge, through *Daubert* motions, any or all of Plaintiffs' proffered experts that do not meet the requirements of Federal Rule of Evidence 702. The class certification schedule proposed by Defendant contemplated each of these tasks and provided sufficient time for them to be completed (while endeavoring to avoid additional requests to the Court for extensions of time). *Id.* ¶ 5.

Plaintiffs, however, did not agree to Defendant's proposed class certification schedule, nor did they propose a schedule of their own. *Id.* ¶ 6. Thus, when submitting the proposed scheduling worksheet, Defendant was forced to include a separate section setting forth its proposed briefing schedule and indicating that, "Defendant proposed to Plaintiff [Ringler] the deadlines reflected below, but Plaintiff [Ringler] deferred on the issue. If Plaintiff [Ringler] wanted to propose alternative class certification and Daubert deadlines she was free to do so but chose not to." *Id. See also* Dkt. No. 24-1 at 3–4.

On July 31, 2025, this Court entered a civil pretrial schedule and trial order in which it set forth a class certification motion hearing deadline of December 10, 2025, making Plaintiffs' deadline to file their class certification motion November 12, 2025. Rothstein Decl. ¶ 7. *See also* Dkt. No. 38. On August 11, 2025, the Parties met and conferred regarding, among other things, the Court's scheduling order and the class certification hearing deadline contained therein. Rothstein Decl. ¶ 8. The next day, Plaintiffs' counsel sent Defendant a proposed stipulation to extend the class certification hearing deadline and set a briefing schedule in which Plaintiffs' counsel proposed (1) extending the hearing

2

Defendant's Response to Plaintiffs' Motion to Modify Scheduling Order and Cross Motion to Modify Scheduling Order
Case No. 2:25-CV-01138-AH-E

deadline by 17 weeks; (2) allowing Defendant approximately four weeks to oppose; and (3) allowing Plaintiffs three weeks to file a reply. *Id.* ¶ 9. The Parties discussed the contemplated stipulation again during an August 13, 2025 meet and confer, during which counsel for Defendant expressed their desire to extend the hearing deadline further than Plaintiffs' proposal, again explaining the time that would be necessary for each party to fully prepare and file its respective briefing. *Id.* ¶ 10. Throughout the month of August, the Parties diligently continued their discovery efforts and discussions regarding the class certification hearing date and briefing scheduling. *Id.* ¶ 11.

On September 5, 2025 Defendant again stated that the class certification briefing schedule should be modified but emphasized (as it had when the Parties' first prepared their scheduling worksheet) that expert discovery deadlines should be amended as well. *Id.* ¶ 12. On September 10, 2025, the Parties met and conferred via videoconference again to discuss, among other things, the class certification briefing schedule. *Id.* ¶ 13. Later that day, Defendant circulated revisions to Plaintiffs' proposed stipulation, further extending the hearing deadline as well as Plaintiffs' motion deadline. *Id.* Under Defendant's proposal, Plaintiffs would have approximately 16 additional weeks (from the current deadline) to file a motion for class certification, Defendant would have 15 weeks to file its opposition, and Plaintiffs would have four weeks to file their reply. *Id.* ¶ 14. Expert disclosure and discovery deadlines, including for *Daubert* motions, were synchronized with the class certification briefing deadlines in the same manner previously set forth in Defendant's proposals in the Parties' scheduling worksheet. *Id. See also* Dkt. No. 24-1 at 3–4.

Nearly a week later, on September 16, 2025, Plaintiffs' counsel suggested further edits to the stipulation, indicating that they felt as though Defendant's counsel had "pushed things out too far." Rothstein Decl. ¶ 15. Plaintiffs' updated proposal provided them with a nearly 12-week extension from the current deadline, while providing Defendant only

3

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND CROSS MOTION TO MODIFY SCHEDULING ORDER
CASE NO. 2:25-CV-01138-AH-E

five weeks to respond. *Id.* Inexplicably, Plaintiffs also removed all contemplated deadlines regarding expert discovery. *Id.* The next day, Defendant responded that Plaintiffs' proposal was too compressed and that it could not stipulate to Plaintiffs' dates. *Id.* ¶16. On October 1, 2025, the Parties discussed the matter once again via videoconference and Defendant pointed out that Plaintiffs were unfairly proposing a three-month extension to their class certification deadline, but refusing to grant a reciprocal three-month extension for Defendant's opposition. *Id.* ¶ 17. Plaintiffs had no meaningful response to this assertion. *Id.*

Now, through their present Motion, Plaintiffs again seek a one-sided extension of their class certification deadline with no reciprocity to Defendant. This request is despite Plaintiffs' previous rejections of Defendant's efforts to reach a mutually agreeable class certification hearing and briefing schedule. Irrespective of the Parties' numerous conferences and Defendant's clear willingness to reach a compromise, Plaintiffs have continually rejected Defendant's request for mutually agreeable deadlines and insisted on a three-month extension for themselves, while in return offering Defendant insufficient time to prepare its response.

## III. CONCLUSION

Defendant does not dispute that more time is needed to brief and argue class certification. But Plaintiffs' request does not contemplate adequate time for both sides to address expert discovery issues or meaningfully brief class certification. Should the Court entertain Plaintiffs' request for a continuation of the class certification hearing date, which would provide Plaintiffs a 91-day extension to file their motion for class certification, Defendant respectfully requests that this Court also order a reciprocal 91-day extension for Defendant, through and including May 13, 2026, to file an opposition to Plaintiffs' motion for class certification. Accordingly, Defendant requests that, if the Court grants Plaintiffs' request to continue the class certification hearing, that the Court enter the

4

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND CROSS MOTION TO MODIFY SCHEDULING ORDER
CASE NO. 2:25-CV-01138-AH-E

following class certification briefing schedule:

| EVENT | DEADLINE |
|---|---|
| Plaintiffs' Motion for Class Certification | February 11, 2026 |
| Defendant's Opposition to Class Certification | May 13, 2026 |
| Plaintiffs' Reply Supporting Class Certification | June 3, 2026 |
| Hearing on Motion for Class Certification | June 17, 2026 |

Dated: October 15, 2025        WINSTON & STRAWN LLP

By: */s/ Ronald Y. Rothstein*
Ronald Y. Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
 300 N. LaSalle Dr. Suite 4400
Chicago, IL 60654-3406
Telephone: +1 312-558-5600

Jared R. Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, FL 33131
Telephone: +1 305-910-0500

Shawn Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J. M. Smucker Company*

5

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND CROSS MOTION TO MODIFY SCHEDULING ORDER
CASE NO. 2:25-CV-01138-AH-E

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for The J. M. Smucker Company, certifies that this brief contains 1,294 words, which complies with the word limit of L.R. 11-6.1.

Date: October 15, 2025          */s/ Ronald Y. Rothstein*

                               Ronald Y. Rothstein (*pro hac vice*)