UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.   2:25-cv-01138-AH-(Ex)                                Date   October 30, 2025

Title   *Adina Ringler v. The J.M. Smucker Company*

Present: The Honorable   Anne Hwang, United States District Judge

|   Yolanda Skipper   |   Not Reported   |
|---|---|
|   Deputy Clerk   |   Court Reporter   |

Attorney(s) Present for Plaintiff(s):         Attorney(s) Present for Defendant(s):

None Present                                                  None Present

**Proceedings:**   (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (DKT. NOS. 45-46)

    Before the Court is Defendant The J.M. Smucker Company's ("Defendant") Motion to Transfer Venue ("Motion to Transfer" or "First Mot."), First Mot., Dkt. No. 45, and Motion to Dismiss the First Amended Complaint ("FAC") ("Motion to Dismiss" or "Second Mot."). Second Mot., Dkt. No. 46. Plaintiffs Adina Ringler ("Plaintiff Ringler"), Krista Robles ("Plaintiff Robles"), Jay Smith ("Plaintiff Smith"), and Jana Rabinowitz ("Plaintiff Rabinowitz") (collectively "Plaintiffs") filed oppositions to the Motion to Transfer ("First Opposition" or "First Opp'n") and the Motion to Dismiss ("Second Opposition" or "Second Opp'n"). First Opp'n, Dkt. No. 50; Second Opp'n, Dkt. No. 51. Defendant filed replies to the First Opposition ("First Reply") and Second Opp'n ("Second Reply"). First Reply, Dkt. No. 54; Second Reply, Dkt. No. 55. The Court heard oral argument on October 29, 2025. For the reasons below, the Court **DENIES** Defendant's Motion to Transfer, and **GRANTS** in part and **DENIES** in part Defendant's Motion to Dismiss with leave to amend.

## I. BACKGROUND

Defendant manufactures, distributes, advertises, and sells a line of Smucker's Natural Fruit Spread products, available in both jar and squeezable packaging (the "Products"). FAC ¶ 2. The Products' front labels contain images of fresh fruit and prominently represent that the Products are "natural" and "made with ingredients FROM NATURAL SOURCES." *Id.* ¶ 3 (emphasis omitted). The Products' front and back labels also contain a list of undesired items that the Products do not contain, stating "Non-GMO," "NO High Fructose Corn Syrup," and "NO artificial flavors or colors." *Id.* ¶ 18. Below is an image of one of the Products:



*Id.* ¶ 19.

On February 10, 2025, Plaintiff Ringler brought this action against Defendant. Compl., Dkt. No. 1. The Complaint alleged that Defendant's labeling of its Fruit Spread products as "natural" and "made with ingredients FROM NATURAL SOURCES" was false because the Products contain citric acid, an artificial ingredient not made from natural sources. *See* Compl. ¶¶ 3-4, 16-17. Plaintiff Ringler filed a putative class action lawsuit alleging claims for: (1) violation of California's Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*); (2) violation of the Unfair Competition Law ("UCL") (Cal. Bus & Prof. Code § 17200, *et seq.*); (3) violation of the False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500, *et seq.*); (4) breach of express warranty (Cal. Com. Code § 2313(1)); (5) breach of implied warranty (Cal. Com. Code § 2314); (6) negligent misrepresentation; and (7) intentional misrepresentation/fraud. *See generally* Compl.

On April 7, 2025, Defendant filed a Motion to Dismiss the Complaint. Dkt. No. 16. Following the parties' briefing and oral argument, the Court granted in part and denied in part Defendant's Motion to Dismiss the Complaint. Dkt. No. 27. On August 20, 2025, Plaintiff Ringler filed a motion for leave to amend the complaint to add three Plaintiffs who purchased additional Product flavors, consistent with the Court's ruling regarding standing for substantially similar products. *See* Dkt. No. 39. The Court granted the motion on September 5, 2025, and on September 8, 2025, Plaintiffs filed the FAC. Dkt. Nos. 43, 44.

The FAC alleges that Plaintiffs Ringler, Robles, and Smith purchased Products, read and relied on Defendant's "natural" and "made with ingredients from natural sources" misrepresentations, and seek to represent a California subclass under applicable California laws. *See* FAC ¶¶ 11-13, 58, 71, 81. The FAC further alleges that Plaintiff Rabinowitz purchased a Product in New York and seeks to represent a New York subclass under applicable New York laws. FAC ¶¶ 14, 127, 138. Plaintiffs also seek to represent a nationwide class. *See id.* ¶ 45. Defendant now moves the Court to transfer venue to the United States District Court for the Northern District of Ohio and dismiss the FAC. First Mot., Dkt. No. 45; Second Mot., Dkt. No. 46. Plaintiffs opposed both motions. First Opp'n, Dkt. No. 50; Second Opp'n, Dkt. No. 51. Defendant replied to both oppositions. First Reply, Dkt. No. 54; Second Reply, Dkt. No. 55.

## II. LEGAL STANDARD

### A. Motion to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation modified). "The party seeking the transfer bears the burden of persuasion." *Catch Curve, Inc. v. Venali, Inc.*, 2006 WL 4568799, at *1 (C.D. Cal. Feb. 27, 2006) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). "Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight. In judging the weight to be accorded [the plaintiff's] choice of forum, consideration must be given to the extent of both [the plaintiff's and the defendant's] contacts with the forum … If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted).

The Section 1404(a) analysis is two-fold. First, the defendant must establish that the matter "might have been brought" in the district to which transfer is sought. 28 U.S.C. § 1404(a). "This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." *Catch Curve*, 2006 WL 4568799, at *1 (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)). Second, the Court must weigh various factors to determine whether transfer is appropriate. *Jones*, 211 F.3d at 498. Courts may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in

the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99.

### B.     Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A dismissal under a 12(b)(6) motion can be based on either a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citation omitted). On a 12(b)(6) motion, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not" suffice. *Id.* (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A court may consider the allegations contained in the pleadings, as well as exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

Leave to amend a dismissed complaint should be granted unless it is clear the complaint cannot be saved by any amendment. Fed. R. Civ. P. 15(a); *see Manzarek*, 519 F.3d at 1031. A "district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Otherwise, leave to amend shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

## III.  DISCUSSION

### A.  Motion to Transfer Venue[1]

#### 1.  The Northern District of Ohio

Defendant must establish that this matter "might have been brought" in the Northern District of Ohio.  28 U.S.C. § 1404(a).

Plaintiffs do not contest that this matter "might have been brought" in the Northern District of Ohio. The Northern District of Ohio would have properly had subject matter jurisdiction under the jurisdictional requirements of the Class Action Fairness Act, *see* First Mot. at 7; FAC ¶ 7, personal jurisdiction over Defendant which is incorporated and has its principal place of business in Ohio, Bredemus Decl., Dkt. No 45-1, ¶ 3, and venue because Defendant's Orrville, Ohio headquarters are in the Northern District of Ohio.  *See* First Mot. at 3-4.

Accordingly, this matter "might have been brought" in the Northern District of Ohio.

#### 2.  The Convenience of Parties and Witnesses, In the Interest of Justice

In weighing the various factors to determine whether transfer is appropriate, the Court finds that Defendant has not met its burden to show a transfer of venue is warranted here.

##### *i.  Convenience of the Parties and Witnesses*

Defendant is incorporated and has its principal place of business in Orrville, Ohio.  Bredemus Decl. ¶ 3.  Defendant identifies six employees involved in labeling, marketing, and sales who are located in Ohio and may serve as witnesses

---

[1] The Court acknowledges Plaintiffs' argument that Defendant failed to effectuate a meaningful meet and confer as required by Local Rule 7-3 when it filed its Motion to Transfer only two days after the parties met.  First Opp'n at 5; C.D. Cal. L.R. 7-3.  While the Court admonishes Defendant for its failure to comply with Local Rule 7-3, "[d]enying Smucker's motion on this ground would merely delay consideration of a fully briefed motion."  First Reply at 3.  That said, failure to abide by the rules of this Court may result in sanctions in the future.

in this action. *Id.* ¶ 7. Meanwhile, "[n]o Smucker employee with responsibility for key functions relating to the Products at issue in this case is based in California." *Id.* ¶ 5. That said, "Plaintiffs have . . . offered to stipulate that depositions may be conducted by video," which would considerably ease burdens imposed on witnesses. First Opp'n at 8.

Although only two of the four plaintiffs reside in this forum specifically, *see* FAC ¶ 13 (noting that Plaintiff Jay Smith's home is in Dixon, which is in the Eastern District of California), three of the four reside in California.[2] Only Plaintiff Rabinowitz, a New York resident who was added as a plaintiff to this action in the FAC, resides outside out of California. Defendant appears to move this Court to transfer venue for the convenience of that New York Plaintiff as well, arguing that "with the addition of a New York Plaintiff, it became clear that Ohio was the most convenient forum." First Reply at 10.

Considering Plaintiffs' willingness to accommodate out-of-state witnesses through video conference depositions, and that one of Defendant's stated reasons for moving this Court to transfer venue was to benefit a *plaintiff*,[3] the Court finds that the convenience of the parties and witnesses does not weigh in favor of transfer.

        ii.        *Interest of Justice Factors*

*Familiarity with Governing Law.* Plaintiffs assert claims under California and New York law. However, federal courts routinely apply the law of states other than those in which they sit, and "judges in each jurisdiction are fully capable of deciding issues arising under" the relevant law. *Szegedy v. Keystone Food Prods.*,

---

[2] Although the FAC claims that Plaintiffs Robles and Smith's homes are in California and that Plaintiff Rabinowitz's home is in New York, it does not claim that Plaintiff Ringler's home is in California, only that she purchased a Smucker's Product at a store in Northridge, California. *See* FAC ¶¶ 11-14. However, for purposes of this motion, the Court assumes that Plaintiff Ringler resides in California.

[3] The Court acknowledges Defendant's argument that Plaintiffs seek to represent a nationwide class, whereas Defendant is located in Ohio.

*Inc.*, 2009 WL 2767683, at *7 (C.D. Cal. Aug. 26, 2009). Accordingly, the Court finds this factor to be neutral.[4]

*Plaintiffs' Choice of Forum.* Courts generally afford the plaintiff's choice of forum substantial weight in a Section 1404(a) analysis, especially when the forum is the plaintiff's state of residence. *See, e.g.*, *Decker*, 805 F.2d at 843. Here, three of the four plaintiffs appear to reside in California. FAC ¶¶ 11-14. However, because this is a nationwide putative class action, Plaintiffs' choice of forum is given less weight. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Accordingly, the Court finds that this factor does not weigh strongly in favor of Plaintiffs.

*Parties' Contacts with the Forum.* Three of the four plaintiffs reside in California, but only two reside in the Central District of California. Defendant, being incorporated and headquartered in Ohio, does not appear to have material contacts with California other than selling some of its Products here. Accordingly, the Court finds this factor is neutral.

*Contacts Relating to the Causes of Action.* Three of the four plaintiffs purchased products in this state—though as noted above, only two in this district—but these contacts are of diminished weight since this is a nationwide class action. By contrast, "the gravamen of this case is whether Defendant made false and misleading statements in its advertising," *Aleisa v. Gojo Indus., Inc.*, 2020 WL 6826475, at *2 (C.D. Cal. Oct. 19, 2020), and the decisions relating to this occurred almost exclusively in Ohio. Thus, some important contacts in this case occurred in Ohio. Accordingly, the Court finds this factor weighs slightly in favor of transfer.

*Ease of Access to Sources of Proof.* Defendant argues that electronic and physical records are located in the Ohio Defendant's headquarters. First Mot. at 8-9. However, "[i]mprovements in communication and transportation have reduced

---

[4] Although not expressly a consideration with regard to this factor, the Court takes into account that the Complaint was filed on February 10, 2025 in this court, the Court already ruled on an extensive motion to dismiss on May 13, 2025, the parties have been engaged in discovery proceedings with the Magistrate Judge, and deadlines and a trial date have been set in this case. Transferring the case to another district court is an efficient use of judicial resources given this Court's familiarity with the action.

much of the historical burden of litigating in a distant forum." *Decker Coal*, 805 F.2d at 841. As Defendant seems to acknowledge, documentary evidence is most often produced electronically. Accordingly, the Court finds this factor is neutral.

*Interests of the Fora.* It is true that California has an interest in its residents not being deceived by false advertising. Ohio has the same interest in protecting its class-member residents from false advertising as California does, and as Defendants note, Ohio "has the additional interest in ensuring that corporations that reside and are headquartered there do not engage in false advertising." First Reply at 12; *Moreno v. Johnson & Johnson Consumer Inc.*, 2021 WL 12302429, at *4 (C.D. Cal. Oct. 5, 2021). "Thus, [Ohio] has an interest in the resolution on this case based on the fact that there are [Ohio] class members and that Defendant is a[n] [Ohio] corporation." *Moreno*, 2021 WL 12302429, at *4. Accordingly, the Court finds this factor weighs slightly in favor of transfer.

Although the factors cut in both directions, the Court finds that Defendant has not met its burden here, particularly where the convenience of the parties and witnesses does not weigh in favor of transfer, and taking into account the length of time this case has been litigated in this district. Accordingly, the Court DENIES Defendant's Motion to Transfer Venue.

### B.     Motion to Dismiss

Defendant appears to move to dismiss each of Plaintiffs' nine causes of action, but specifically argues that Plaintiffs' claims for negligent misrepresentation and intentional misrepresentation/fraud fail to allege which state's law applies, fail to allege an omission theory, and do not meet the particularity requirements of Federal Rule of Civil Procedure 9(b). *See generally* Second Mot. Defendant also argues that Plaintiffs lack standing to sue based on Products they did not purchase; that Plaintiff Rabinowitz has failed to properly bring any warranty claims; and that Plaintiffs have an adequate remedy at law. *See generally id.* The Court addresses each of Defendant's arguments.

#### 1.     Plaintiffs Still Do Not Have Standing to Sue for Substantially Similar Products

Plaintiffs admit that their inclusion of products not actually purchased by Plaintiffs in the FAC was inadvertent, and agree that they should be removed. FAC ¶ 2; Second Opp'n at 4. Consistent with the discussion of standing in the Court's order on the prior motion to dismiss, Dkt. No. 27 at 15-16, the Court finds that

Plaintiffs lack standing to bring claims related to products they did not actually purchase.

### 2. Plaintiffs Still Fail to Sufficiently Allege an Omission Theory

Defendant claims that Plaintiffs again fail to sufficiently allege an omission theory. Second Mot. at 5. Plaintiffs appear to allege an omission theory for Counts One, Two, Three, Five, Six, and Seven.[5]

"To plausibly allege a fraudulent omission, the omission must either (1) 'be contrary to a representation actually made by the defendant,' or (2) 'an omission of a fact the defendant was obliged to disclose.'" *McKinney v. Corsair Gaming, Inc.*, 2022 WL 2820097, at *9 (N.D. Cal. July 19, 2022) (quoting *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1012 (N.D. Cal. 2020)). "The phrase 'contrary to a representation actually made by the defendant' is also known as a 'partial omission.'" *Id.* (quoting *Anderson*, 500 F. Supp. 3d at 1013).

As in the original Complaint, Plaintiffs are alleging a claim under the partial omission theory.[6] Specifically, Plaintiffs argue that Defendant's affirmative representations that the Products are "natural" and "made with ingredients from natural sources" are misleading because they fail to disclose that at least one artificial ingredient, citric acid, is not "natural" or "from natural sources." Second Opp'n at 5. The Court again agrees with Defendant that this does not plead a partial omission because Plaintiffs' allegation is that the labels on the Products were outright false, not partially true. *See* Second Mot. at 6-7. "[T]he entire

---

[5] Plaintiffs allege an omission theory for the New York claims for the first time in their Second Opposition. Second Opp'n at 6. However, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003)). Accordingly, the Court finds that Plaintiffs alleged no omission theory for these claims.

[6] In a footnote, Plaintiffs argue that "Defendant challenged Plaintiff Ringler's partial omission theory for the first time in its Reply in support of its motion to dismiss the Complaint – an argument that should have been deemed waived." Second Opp'n at 4 n.2. However, the Court already previously ruled on this issue and Defendant has timely raised the issue in connection with the FAC.

theory of a case based on partial omissions is that what is disclosed is in some sense true but that the whole truth is missing." *Anderson*, 500 F. Supp. 3d at 1013. "Plaintiffs cannot allege a partial omission triggering a duty to disclose where they only claim that Defendant's marketing materials are outright false." *Hamman v. Cava Grp., Inc.*, 2023 WL 3450654, at *9 (S.D. Cal. Feb. 8, 2023).

Accordingly, Plaintiffs fail to sufficiently plead an omission theory for Counts One, Two, Three, Five, Six, and Seven. However, because Plaintiffs have sufficiently alleged these counts under a misrepresentation theory, Plaintiffs' failure to plead an omission theory cannot serve as the basis for dismissal of these counts.

### 3. **Plaintiffs Sufficiently Pled the Misrepresentations with the Required Particularity Under Rule 9(b)**

Defendant claims that Plaintiffs do not plead with sufficient particularity when they purchased the Products, thus failing to meet Rule 9(b)'s pleading standard for claims sounding in fraud.

Claims sounding in fraud must meet the heightened pleading requirements of Rule 9(b),[7] which requires the plaintiff to plead "the who, what, when, where, and how of the misconduct charged." Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).

Here, Plaintiffs allege that Plaintiff Ringler purchased a Product "in or around May 2024"; Plaintiff Robles "occasionally purchased [a Product] . . .

---

[7] The Court notes that there is an intra-circuit split among district courts as to whether Rule 9(b) applies to negligent misrepresentation claims. *See Castillo v. GEICO Ins. Agency, LLC*, 2025 WL 445799, at *3 (N.D. Cal. Feb. 10, 2025); *see also Rolled Alloys, Inc. v. Walls*, 2021 WL 4034201, at *5 (S.D. Cal. Sept. 3, 2021) (identifying two conflicting, unpublished Ninth Circuit decisions on the issue). However, a "majority of district courts in California … consider negligent misrepresentation a species of fraud and apply Rule 9(b)." *Gamez v. Summit Nats. Inc.*, 2022 WL 17886027, at *8 (C.D. Cal. Oct. 24, 2022) (quoting *Giglio v. Monsanto Co.*, 2016 WL 1722859, at *4 (S.D. Cal. Apr. 29, 2016)). The Court adopts the majority approach and requires that both Counts Six and Seven—the negligent misrepresentation and intentional misrepresentation/fraud claims—be pleaded with particularity.

during the putative class period" and last purchased a Product "in the Summer of 2025"; Plaintiff Smith "occasionally purchased [a Product] . . . during the putative class period" and last purchased a Product "in approximately June of 2025"; and Plaintiff Rabinowitz purchased a Product "around the beginning of 2025." FAC ¶¶ 11-14.

The parties contest whether the dates pled satisfy Rule 9(b)'s requirement. *Compare, e.g.*, *Glen Holly Ent., Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999) ("[A]llegations such as '[d]uring the course of discussions in 1986 and 1987,' and 'in or about May through December 1987' do not make the grade under Rule 9(b)." (citation omitted) (alteration in original)), *with Davis v. The Kroger Co.*, 2023 WL 9511156, at *11 (C.D. Cal. Sept. 22, 2023) ("[T]he Court finds that Plaintiffs' claims are quite specific as to time. Plaintiff Davis purchased the products from 2018 until February, 2022. Plaintiff Dawood purchased the products from 2020 through part of 2021. Plaintiff Calkins purchased the products in March, 2022." (internal citations omitted)). Although the FAC does not precisely specify the bounds of the class period, *cf. Dawson v. Better Booch, LLC*, 716 F. Supp. 3d 949, 959-60 (S.D. Cal. 2024), the Court finds that the FAC pleads with sufficient particularity because of the specific time periods alleged for each plaintiff's purchase of the Products. *See, e.g.*, *Oh v. Catalina Snacks, Inc.*, 764 F. Supp. 3d 903, 913 (C.D. Cal. 2025) (finding that "July 2024" satisfies Rule 9(b)'s particularity requirements); *Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796, at *6 (N.D. Cal. May 26, 2011) (finding that "since at least 2006" and "throughout the class period" satisfies Rule 9(b)'s particularity requirements).

Accordingly, because Plaintiffs have pled Counts Six and Seven with sufficient particularity, this argument cannot serve as the basis for dismissal of these counts.

> 4. **Plaintiffs Fail to Sufficiently Allege Which State Law Governs Their Negligent Misrepresentation and Intentional Misrepresentation/Fraud Claims**

Defendant argues that Plaintiffs fail to identify which state law(s) govern their negligent misrepresentation and intentional misrepresentation/fraud claims. Second Mot. at 8. Plaintiffs, pointing to the Court's prior ruling on Defendant's motion to strike class allegations, argue that "it is preferable to defer ruling on the scope of the class in the context of a class certification motion and not a motion to

dismiss." Second Opp'n at 7 (citing Dkt. No. 27 at 22). The Court agrees with Defendants.

"Courts in the Ninth Circuit have held that failure to allege which state law governs a common law claim is grounds for dismissal." *Kavehrad v. Vizio, Inc.*, 2022 WL 16859975, at *3 (C.D. Cal. Aug. 11, 2022) (internal quotation marks omitted) (compiling cases).[8] "Courts have reasoned that given the variance in state laws, failure to allege which state law governs prevents an assessment of whether the claims are adequately pleaded." *Id*. The Court agrees with Defendant that Plaintiffs conflate pleading requirements under Rule 8 with choice-of-law considerations resolved at the class certification stage. *See, e.g., Kim v. Walmart, Inc.*, 2023 WL 4316786, at *3 (C.D. Cal. Mar. 14, 2023) ("Under Rule 8, a plaintiff 'must allege the applicable law to determine whether [she] plead[s] a sufficient claim.'" (citation omitted) (alteration in original)).

Here, Plaintiffs bring negligent misrepresentation and intentional misrepresentation/fraud claims "on behalf of all Classes," but fail to specify which state law governs these claims. FAC ¶¶ 106-25.

Accordingly, Defendant's Motion to Dismiss Counts Six and Seven is GRANTED with leave to amend.[9]

---

[8] One court in this district has declined to follow this approach. *See B.K. v. Desert Care Network*, 2024 WL 1343305, at *3 n.2 (C.D. Cal. Feb. 1, 2024) ("Although the Court is aware of several Northern and Eastern District of California decisions requiring putative class action common law claims to be pleaded by reference to a particular state, the Court is not aware of a statutory basis for this rule and declines to apply it here." (internal citations omitted)). Although Defendant does not identify a statutory basis for its argument, the Court agrees with Defendant here that the Court is unable to assess whether the claims are adequately pled; of particular note is the parties' ongoing dispute regarding the economic loss rule, which has been presented to the Court based on California authorities. Plaintiffs do not address Defendant's arguments regarding the application of the economic loss rule under New York law, yet do not confirm whether the claims are brought under New York law or any other specific state law. If the Court must proceed to analyze this issue under the laws of all states, then Plaintiffs need to first properly present a complaint from which the Court must undertake such an analysis.

[9] Because the Court grants Defendant's Motion to Dismiss on these claims, it does not address at this time the applicability of the economic loss rule under either

>    5.  **Plaintiff Rabinowitz Improperly Brought Claims for Breach of Express And Implied Warranty Under California Law**

Defendant argues that each of the named Plaintiffs bring claims for breach of express warranty and breach of implied warranty under California law, but that Plaintiff Rabinowitz lacks standing to bring such claims. Second Mot. at 12. Plaintiffs concede that these claims were made in error, and appear to seek amendment of Plaintiff Rabinowitz's warranty claims through their Second Opposition. Second Opp'n at 11. However, the Court agrees with Defendant that "[t]his is an impermissible attempt to amend a pleading in an opposition brief." Second Reply at 9-10; *Broam*, 320 F.3d at 1026 n.2.

Accordingly, Defendant's Motion to Dismiss Counts Four and Five as to Plaintiff Rabinowitz is GRANTED.

>    6.  **Plaintiffs Do Not Allege a Lack of an Adequate Remedy at Law for the FAL Claim, and Defendant Fails to Address All of Plaintiffs' Arguments That They Lack an Adequate Remedy at Law for the UCL Claim**

Defendant argues that Plaintiffs' claims for equitable relief under the FAL and UCL should be dismissed because Plaintiffs have not plausibly alleged that they lack an adequate remedy at law. Second Mot. at 14-15.

"To establish equitable jurisdiction and recover equitable relief, a plaintiff must plead and show a lack of adequate remedies at law." *Crowder v. Shade Store, LLC*, 2025 WL 754067, at *2 (N.D. Cal. Mar. 10, 2025) (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021)). "[T]he availability of a CLRA claim for damages precludes a UCL claim for equitable relief in federal court." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 n.2 (9th Cir. 2022) (citing *Sonner*, 971 F.3d at 841-45). FAL claims are also equitable in nature. *Nationwide Biweekly Admin., Inc. v. Superior Ct.*, 9 Cal. 5th 279, 326 (2020) ("[C]ivil causes of action authorized by . . . the FAL must properly be considered equitable, rather than legal, in nature.").

---

California or New York law. The Court notes, however, that the parties still do not sufficiently address the issues raised by the Court in its prior order.

As an initial matter, the FAC only alleges that Plaintiffs lack an adequate remedy at law to fully address their UCL claim, not their FAL claim. FAC ¶¶ 43-44. For this reason, the Court grants the motion as to equitable relief under the FAL.

As to the UCL claim, Plaintiffs allege that the statutes of limitation for the causes of action vary, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action, and Plaintiffs and class members may be entitled to restitution under the UCL but not damages under the CLRA because the CLRA is limited to certain types of plaintiffs. *Id*. As to Plaintiffs' argument regarding the statutes of limitations, *Guzman* expressly rejected the "argument that the federal inadequate-remedy-at-law principle should be limited to cases where an equitable claim and a legal claim have the same statute of limitations." 49 F.4th at 1313 n.2. As to Plaintiffs' argument regarding the scope of actionable misconduct under the unfair prong, Defendant argues that Plaintiffs do not actually plead different misconduct under the unfair prong, which Plaintiffs do not address. However, Defendant does not respond to Plaintiffs' allegation in the FAC that some plaintiffs may be entitled to restitution under the UCL but not damages under the CLRA.[10] In light of Defendant's failure to address all allegations in the FAC, the Court denies the motion as to the UCL claim.

---

[10] Plaintiffs' cause of action under the CLRA seeks "actual and statutory damages as appropriate, as well as attorneys' fees and costs." FAC ¶ 68. Plaintiffs' cause of action under the UCL seeks restitution and "all other relief this Court deems appropriate." FAC ¶¶ 78-79. Plaintiffs' cause of action under the FAL seeks "equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched." FAC ¶ 88. However, Plaintiffs' prayer for relief only seeks an order of "restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the Class members as a result of Defendant's unlawful, unfair, and fraudulent business practices," and "damages in amount which is different than that calculated for restitution." FAC ¶ 146. Therefore, with respect to the UCL and FAL claims, the Court finds that the FAC only seeks restitution and disgorgement, and in this context, those remedies are the same. *See In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009) ("The remedies available in a UCL or FAL action are limited to injunctive relief and restitution."); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1152 (2003) ("[N]onrestitutionary disgorgement of profits is not an available remedy in an individual action under the UCL."); *Lair v. Bank of Am., N.A.*, 2024 WL 943945, at *6 n.2 (C.D. Cal. Jan. 26, 2024) ("Because the remedies available

Accordingly, Defendant's Motion to Dismiss Count Three is GRANTED with leave to amend.  Defendant's Motion to Dismiss Count Two is DENIED.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Transfer to the United States District Court for the Northern District of Ohio.

Moreover, the Court:

- **DENIES** Defendant's Motion to Dismiss Counts One, Two, Eight, and Nine;
- **GRANTS** Defendant's Motion to Dismiss Count Three with leave to amend;
- **GRANTS** Defendant's Motion to Dismiss Counts Six and Seven with leave to amend; and
- **GRANTS** Defendant's Motion to Dismiss Counts Four and Five as to Plaintiff Rabinowitz.

Any amended complaint must be filed within **fourteen (14) days** of the date this Order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page.  Because a second amended complaint completely replaces the first amended complaint, Plaintiffs must include in it all the claims they wish to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiffs may not incorporate material from the original Complaint or the FAC by reference.

**IT IS SO ORDERED.**

---

in a UCL or FAL action are limited to injunctive relief and restitution, the disgorgement a plaintiff may seek under the FAL is necessarily restitutionary." (citation modified)).