Ronald Y. Rothstein (*pro hac vice*)
RRothstein@winston.com
WINSTON & STRAWN LLP
300 N. LaSalle Dr. Suite 4400
Chicago, IL 60654-3406
Telephone: +1 312-558-5600

Jared R. Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone: +1 305-910-0500

Shawn R. Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J. M. Smucker Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE J. M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>Hon. Anne Hwang<br><br>**DECLARATION OF RONALD Y. ROTHSTEIN IN SUPPORT OF STIPULATION TO MODIFY SCHEDULING ORDER [ECF No. 65]**<br><br>Amended Complaint filed: September 8, 2025 |

# DECLARATION OF RONALD Y. ROTHSTEIN

I, Ronald Y. Rothstein, declare as follows:

1. I am an attorney admitted *pro hac vice* to appear before this Court in the above-captioned action. I am a partner with the law firm Winston & Strawn LLP. I am serving as lead counsel for Defendant The J. M. Smucker Company ("Defendant") in connection with the current proceedings. I make the following declaration in support of Plaintiffs Adina Ringler, Krista Robles, Jay Smith, and Jana Rabinowitz (collectively, "Plaintiffs") and Defendant's Stipulation to Modify Scheduling Order. I am over the age of eighteen and am competent to make this declaration. I have personal knowledge of the following facts and, if called to testify to them, could and would competently do so.

2. On October 29, 2025, Plaintiffs and Defendant (collectively, the "Parties") appeared before this Court for hearing on Defendant's Motion to Transfer Venue and Motion to Dismiss. During the hearing, the Court advised the Parties to meet and confer regarding proposed class certification deadlines as well as other pretrial and trial dates.

3. At the hearing, the Court expressed willingness to consider a class certification briefing schedule with dates certain for Plaintiffs' motion, Defendant's opposition, and Plaintiffs' reply. The Court further advised the Parties that they could submit declarations supporting, and setting forth the rationale for, their proposed deadlines.

4. On November 4, 2025, the Parties met and conferred regarding proposed modifications to the class certification briefing schedule. During the conference, Defendant communicated to Plaintiffs its desire to come to an agreement on a briefing schedule with dates certain, in line with the Court's instructions to the Parties during the October 29, 2025 hearing.

5. Following the meet and confer, Plaintiffs sent Defendant a proposed stipulation modifying the scheduling order which did not contain a class certification

briefing schedule. Defendant responded with its suggested revisions, which were in line with Defendant's past proposals in both the Parties' Rule 26(f) report and its response to Plaintiffs' previous motion to modify the Court's scheduling order. *See* Dkt. Nos. 24, 24-1, 56. Notwithstanding the Court's clear directive to provide a class certification briefing schedule, Plaintiffs rejected Defendant's proposal and requested Defendant's consent to file Plaintiffs' version of the stipulation, which did not contain a class certification briefing schedule.

6. Defendant objected to Plaintiffs' attempt to file a stipulation to which the Parties did not agree, and which was not in compliance with the Court's directives. Thereafter Plaintiffs proposed a revised stipulation which, instead of including deadlines, indicated that the Parties were unable to come to an agreement. Again, Defendant responded that Plaintiffs' proposal did not comport with the Court's directives and requested that the Parties file a stipulation reflecting each of their proposed modified schedules.

7. Defendant's proposed schedule contemplates adequate time for Plaintiffs and Defendant to prepare class certification papers and conduct related expert discovery. The Parties agreed on a deadline of March 25, 2026 for Plaintiffs to file their motion for class certification. This means, that from the inception of this case, Plaintiffs will have had over 13 months to prepare for certification.

8. Based on Defendant's counsel's decades of experience handling complex consumer class actions like this one, the schedule Defendant proposed provides ample time to address all issues that may arise in Plaintiffs' class certification briefing.

9. When Plaintiffs file their class certification motion they will almost certainly also disclose expert reports, potentially from subject matter experts, economists and damages experts, and multiple survey experts (who may conduct, among other things, consumer perception and/or conjoint surveys). Defendant must subpoena information from, depose, and prepare responses to, each of Plaintiffs'

2

experts. If Defendant must conduct rebuttal surveys, it must design these surveys, identify appropriate survey populations, conduct the surveys, analyze and opine on the results, and incorporate those results into Defendant's opposition to Plaintiffs' motion for class certification. In my experience, this process takes approximately three months to complete.

10. Defendant must also be afforded sufficient opportunity to challenge, through *Daubert* motions, any or all of Plaintiffs' proffered experts that do not meet the requirements of Federal Rule of Evidence 702. Defendant must file its *Daubert* motions in conjunction with its class certification opposition or risk waiving arguments as to the admissibility of Plaintiffs' expert evidence. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022) (where "a defendant did not raise a *Daubert* challenge to the expert evidence before the district court [at the time of class certification], the defendant forfeits the ability to argue on appeal that the evidence was inadmissible"). Without any extensions, it takes approximately 30 days from the time of filing for a *Daubert* motion to become ripe.

11. In addition to the rebuttal work contemplated in the preceding paragraphs, Defendant must also prepare its own affirmative expert reports. Given the theory at issue in this case (i.e., consumer deception), Defendant's experts will also likely rely upon consumer surveys, which they will have to conduct in connection with their expert reports. These affirmative surveys will likely include conjoint surveys, consumer perception surveys, and/or materiality surveys. To design these surveys, identify appropriate survey populations, conduct the surveys, and analyze and opine on the results takes approximately three months to complete.

12. By way of example, in *Flodin, et al. v. Central Garden & Pet Company et al.*, Case No 4:21-cv-01631-JST-DMR (N.D. Cal.), a case I handled that similarly involves allegations of false advertising and misrepresentations impacting a company's product packaging and labels, the plaintiffs disclosed with their motion

for class certification, among other things, two survey experts—one who conducted a conjoint survey and one who conducted a consumer perception survey—and a damages expert. In opposing the motion and the plaintiffs' survey evidence, the defendant was required to conduct two consumer surveys, a "package understanding" survey and a "purchase impact" survey, to rebut the plaintiffs' surveys and show that the alleged at-issue deception did not mislead consumers or increase consumer purchase interest for the relevant product. Design and implementation of these surveys took approximately three months. At the same time, the defendant also had to subpoena information from the plaintiffs' survey and damages experts, depose plaintiffs' experts and prepare *Daubert* motions. In light of the defendant's significant undertaking in opposing class certification, the defendant was given approximately four months to oppose the plaintiffs' motion.

13. Similar surveys will almost certainly be necessary here. The class certification schedule proposed by Defendant contemplates these surveys and each of the other tasks described above and provides sufficient time for them to be completed while also endeavoring to avoid additional requests to the Court for extensions of time. Moreover, Defendant's proposed schedule avoids the inherently prejudicial scenario of Defendant being forced to move for additional time to oppose Plaintiffs' motion for class certification (without knowing how much, if any time, may be granted), only after Plaintiffs' motion has been filed and the clock on Defendant's existing deadline has started to run.

14. For the reasons discussed above, Defendant's proposed schedule is not only reasonable, but also necessary, and gives each party fair opportunity to present its class certification arguments.

I certify under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on November 7, 2025.

Dated: November 7, 2025     WINSTON & STRAWN LLP

By: /s/ Ronald Y. Rothstein
Ronald Y. Rothstein (*pro hac vice*)
Jared R. Kessler (*pro hac vice*)
Shawn R. Obi

*Attorneys for Defendant*
*The J. M. Smucker Company*