**CROSNER LEGAL, P.C.**
Craig W. Straub (SBN 249032)
*craig@crosnerlegal.com*
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
***Attorneys for Plaintiffs and the Proposed Class***

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

THE J.M. SMUCKER COMPANY,

Defendant.

Case No. 2:25-cv-01138-AH-E

**DISCOVERY MATTER**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM***

Date: January 23, 2026
Time: 9:30 a.m.
Ctrm: 750
Judge: Hon. Charles Eick

Action Filed: Feb. 10, 2025
Discovery Cutoff: Sep. 30, 2026
Pretrial Conference: Feb. 3, 2027
Trial Date: Feb. 23, 2027

## I. INTRODUCTION

This matter is presently pending in the United States District Court for the Central District of California. Plaintiffs Adina Ringler, Krista Robles, Jay Smith, and Jana Rabinowitz ("Plaintiffs") allege that Defendant The J.M. Smucker Co.'s ("Defendant") fruit spread products advertised as "natural" and "made with ingredients from natural sources" are false and misleading because the Products contain citric acid, an artificial ingredient that Defendant does not extract from natural fruits. *See* ECF No. 42 ("FAC").

In its responses to Plaintiff Ringler's Requests for Admission, Defendant stated that it lacks information regarding how the citric acid used in its Products is manufactured, including whether the citric acid was extracted from natural citrus juice or manufactured using *Aspergillus niger*. *See* Declaration of Lilach H. Klein, filed concurrently herewith ("Klein Decl."), at ¶ 2. Because Defendant claims it has no information regarding the manufacturing process of the citric acid used in its Products, Plaintiffs must obtain this information from the manufacturers that supplied the citric acid used in the Products.

In its responses to Plaintiff Ringler's Interrogatories, Defendant identified Harris & Ford, LLC as its sole citric acid supplier. *See* Klein Decl., ¶ 3. In response to a Rule 45 subpoena by Plaintiffs, Harris & Ford, LLC identified BBFY Industrial USA, Inc. as a manufacturer of the citric acid used in the Products. *Id.*, ¶ 4.

On November 19, 2025, Plaintiffs served on non-party BBFY Industrial USA, Inc. ("BBFY") (which is located in this judicial district) a Rule 45 subpoena *duces tecum* commanding production of documents by December 4, 2025 regarding its manufacturing of citric acid. *See* Klein Decl., ¶¶ 5-6 & Exs. 1-2. BBFY neither complied with the subpoena, nor served formal objections. *Id.*, ¶ 7.

Plaintiffs therefore respectfully request that the Court issue an order compelling BBFY to comply with the subpoena by producing the documents sought. //

-1-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM*

## II. BACKGROUND

On November 19, 2025, Plaintiffs issued a Subpoena to Produce Documents to BBFY Industrial USA Inc., requiring production by December 4, 2025 via email to counsel for Plaintiffs. *See* Klein Decl., ¶ 5 & Ex. 1. Plaintiffs also served a cover letter via personal service, advising that objections to the subpoena were due within 14 days of service and reiterating the December 4, 2025 production deadline. *Id.* The letter invited dialogue to reduce any burden, provided production logistics, and included the Stipulated Protective Order entered in this matter. *See id.*

BBFY did not formally respond to the subpoena. *Id.*, ¶ 7. Thus, BBFY neither produced documents nor served formal objections. *Id*. Instead, on Friday November 21, 2025 at 5:18 PM, Plaintiffs' counsel received an email from BBFY stating that BBFY did not sell its products to, nor had direct business relationships with Plaintiffs or Defendant. *See* Klein Decl., ¶ 8 & Ex. 3. On Monday, November 24, 2025 at 9:17 AM, Plaintiffs' counsel responded via email, explaining that BBFY supplied citric acid to Harris & Ford, LLC, and that the subpoena therefore sought information regarding the citric acid supplied by BBFY. *Id*. Plaintiffs' counsel further stated that while the subpoena required production by December 4, 2025, Plaintiffs were willing to meet and confer regarding additional time if necessary. *Id*. No further correspondence or response to the subpoena was received. *See id.*, ¶ 9.

On December 5, 2025 and again on December 17, 2025, Plaintiffs' counsel requested to meet and confer with BBFY regarding a motion to compel compliance with the subpoena. *See* Klein Decl., ¶ 8 & Ex. 3. Plaintiffs' counsel has received no further correspondence from BBFY or response to the subpoena. *Id.*, ¶ 9.

BBFY never moved to quash the subpoena, nor did it seek a protective order from this Court.

## III. ARGUMENT

The Federal Rules of Civil Procedure allow "discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party." Fed. R. Civ.

P. 26(b)(1). The procedure for obtaining discovery from a non-party is governed by Rule 45 of the Federal Rules of Civil Procedure, which authorizes the issuance of a subpoena commanding the production of designated documents. *See* Fed. R. Civ. P. 45(a)(1)A)(iii). "A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection" to production. *Id*. at 45(c)(2)(B). Any such written objection "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id*. If the recipient of the subpoena claims that the information sought is privileged, it "must (i) expressly make the claim; and (ii) describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *Id*. at 45(d)(2)(A). Finally, the "court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *Id*. at 45(e).

Here, Plaintiffs have fully complied with the substantive requirements for issuance of a subpoena under Federal Rule of Civil Procedure 45(a)(1)(A). The subpoena states the court from which it was issued, identifies the title of the action and its civil action number, specifies the time and place for compliance, and sets forth the text of Rules 45(d) and 45(e). Klein Decl. ¶ 5, Ex. 1; *see also In Re Subpoena 317 Labs, Inc.*, 2024 WL 4404977, at *3 (C.D. Cal. Sept. 24, 2024) (granting motion to compel when these requirements are met).

The subpoena seeks highly relevant and narrowly tailored information, namely documents identifying and describing the citric acid manufactured by BBFY, which is the central ingredient challenged in this action. Plaintiffs allege that Defendant markets its fruit spread products as "natural" while containing citric acid derived from microbial fermentation processes, including mold-based production. *See generally*, FAC. Documents reflecting the source, method of manufacture, specifications, and certifications of the citric acid used in the Products therefore go directly to Plaintiffs' claims and Defendant's anticipated defenses.

-3-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM*

The discovery sought is also proportional to the needs of the case under Rule 26(b)(1). The requests concern a single ingredient, are limited in scope and time, and seek information uniquely within the possession, custody, or control of the non-party manufacturer. Plaintiffs cannot obtain this information from Defendant alone, and the burden on the non-party to produce responsive documents is minimal when weighed against the importance of the issues at stake and the amount in controversy. Despite proper service of the subpoena and the absence of any objection or motion to quash, BBFY has failed to respond in any manner. Under these circumstances, an order compelling compliance with the subpoena is appropriate.

The subpoena required production by December 4, 2025. *See* Klein Decl,. ¶ 5 & Ex. 1. Pursuant to Rule 45(c)(2)(B), any objection was due no later than December 3, 2025. BBFY did not serve any objections. *Id*., ¶ 7. Although it claimed that it had no relationship with Plaintiffs or Defendant, it never served Plaintiffs with any written response to the subpoena. *Id*. BBFY is obligated to formally respond to a valid Rule 45 subpoena and produce relevant documents, as Plaintiffs are entitled to obtain relevant information from BBFY even if it is one step removed from Defendant.

BBFY also failed to produce any documents. Simply put, BBFY has refused to obey a valid subpoena without adequate excuse. It should be compelled to comply with the subpoena.

BBFY has not moved to quash the subpoena or sought a protective order. The subpoenaed documents are plainly relevant to Plaintiffs' claims. Accordingly, the Court should order BBFY to produce documents responsive to the subpoena. *See Owings v. Hunt & Henriques*, 2009 WL 4510142 (E.D. Cal. Nov. 23, 2009) (granting motion to compel subpoena where non-party failed to respond).

## IV. CONCLUSION

The Court should order BBFY to produce, within 7 days of its order, all documents responsive to the Subpoena served on November 19, 2025 and overrule

-4-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM*

any objections not timely served.

Dated: December 22, 2025

CROSNER LEGAL, P.C.

By: */s/ Lilach H. Klein*
Lilach H. Klein

9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
lilach@crosnerlegal.com

*Attorneys for Plaintiffs and the Proposed Class*

-5-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM*

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this brief contains 1,316 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 22, 2025

CROSNER LEGAL, P.C.

By: */s/ Lilach H. Klein*
LILACH H. KLEIN

-6-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM*