# <u>EXHIBIT 1</u>

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Central District of California

| | |
|---|---|
| Adina Ringler, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:25-cv-01138-AH-E |
| The J.M. Smucker Company | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
BBFY Industrial USA Inc.
21487 Ferrero Pkwy, City of Industry, CA 91789

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached.

| Place: Via email to lilach@crosnerlegal.com and craig@crosnerlegal.com | Date and Time: 12/04/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/13/2025

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Lilach H. Klein |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff Ringler, et. al. , who issues or requests this subpoena, are:

Lilach Klein, 9440 Santa Monica Blvd, Beverly Hills, CA 90210 lilach@crosnerlegal.com; (424) 332-3107

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:25-cv-01138-AH-E

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



Lilach H. Klein
9440 Santa Monica Blvd., Ste. 301
Beverly Hills, CA 90210
lilach@crosnerlegal.com
Direct: (424) 332-3107

_____

November 13, 2025

*Via Personal Service*

BBFY Industrial USA Inc.
Attn: Legal Dept.
21487 Ferrero Pkwy
City of Industry, CA 91789

Re: *Ringler, et al. v. The J.M. Smucker Company* – **Subpoena to Produce Documents**

To Whom It May Concern,

Simultaneous with this letter, you are being served with a subpoena to produce documents in connection with the above-entitled action.

Please note that the subpoena seeks production of documents in approximately 20 days on December 4, 2025. Please further note that any objections to the Subpoena are due within 14 days of the date the Subpoena is served.

## Confidentiality

You may designate documents as confidential, which then prohibits the disclosure of the information and prohibits the use of the information for any purpose outside litigating this action. In doing so, any documents designated as confidential will not be publicly filed or disclosed, unless and until the designating party consents to disclosure or the Court determines on a properly noticed motion that the materials are not in fact deserving of confidentiality. If you have any concerns, please contact us so that we can discuss ways of satisfying your concerns.

## Document Production

You may produce documents by electronically transmitting them to the following email addresses: lilach@crosnerlegal.com and craig@crosnerlegal.com. ***You do not need to mail or deliver hardcopies*** to produce documents in compliance with the Subpoena. If you require a copy service to come to you to make copies of responsive documents, please notify us and we will make appropriate arrangements. If you require payment of fees

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138
Page 2 of 3

incurred to make copies or mail copies of responsive documents, please send an invoice to
us along with your W-9 and we will make appropriate arrangements.

**Purpose of Letter**

The purpose of this letter is to open a line of communication, efficiently resolve any issues
you may have, and ease the burden of responding to the Subpoena. We are available to
discuss ways of conducting searches, producing documents, and related matters so that,
again, we can mitigate the burden of responding to the Subpoena. If you have any questions
or concerns regarding the Subpoena or any matters set forth above, please do not hesitate
to contact the undersigned.

Sincerely,

*/s/ Lilach H. Klein*

Lilach H. Klein
Attorney
CROSNER LEGAL, P.C.

Enclosures:
1. Subpoena to Produce Documents, Information, or Objects in a Civil Action
2. Exhibit A to Subpoena
3. Stipulated Protective Order

**EXHIBIT A**

**I.    INSTRUCTIONS**

1.    Enclosed is a copy of the Stipulated Order Governing the Designation and Handling of Confidential Materials (ECF No. 34) entered by the Court in this Action. Pursuant to this Order, you may designate information which you believe in good faith contains "confidential" information.

2.    Pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure, all documents or communications produced in response to these requests must be produced as they are kept in the ordinary course of business or organized and labeled to correspond to which they are responsive. Documents gathered from hard-copy documents shall be provided in single-page Group IV tagged image file format ("TIFF") using at least a 300 dots per inch print setting. Multi-page OCR text files should be provided for hard copy documents. Electronically stored information ("ESI") shall be produced in TIFF format. ESI for spreadsheet-type files (e.g., Excel), PowerPoint files, and documents with audio or visual components shall also include the native file linked to its associated TIFF. Media may be delivered on CDs, DVDs, or External USB hard drives, or via digital means. Hard copy documents and ESI in TIFF format should be provided with a Concordance delimited data file and an Opticon cross-reference load file. All metadata-data that describes the electronic files, *e.g.*, "date last modified," associated with ESI shall be produced in text format linked to the associated files.

3.    In the event that any claim of privilege from discovery is asserted with respect to any document or item, identify the document or item by specifying its author(s), addressee(s), recipient(s), date, persons to whom copies were furnished, subject matter, type (*e.g.*, letter, memo, etc.), and specify the precise grounds upon which the claim of privilege is based. If only a portion of any document is subject to an assertion of privilege, produce each and every portion of such document not containing the allegedly privileged matter, and comply with the instructions in the preceding paragraph concerning the matter with respect to which the claim of privilege is asserted. Similarly, in the event an objection is made to any request or part thereof, produce all documents in the category requested to the full extent that such production would

not be subject to the objections.

4.    In responding to these requests, you are required by law to produce all documents reasonably available to you or subject to your custody or control, including without limitation documents in the possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by or associated with you or your counsel, and anyone else otherwise subject to your control.

5.    In responding to these requests, you must make a diligent search of your own records and of all other papers and materials in your possession or available to you or your representatives.

6.    In the event that a document called for by these requests has been destroyed, the response hereto shall identify (to the extent it is known): (a) the preparer of the document; (b) its addressor (if different); (c) its addressee; (d) each recipient thereof; (e) the date it was created or prepared; (f) the date it was transmitted (if different); (g) a description of its contents and subject matter; (h) the date of its destruction; (i) the manner of its destruction; (j) the name, title and address of the person authorizing its destruction; (k) the reason(s) for its destruction; (l) the name, title and address of the person who destroyed the document; and (m) a description of the efforts you have taken to locate a copy of the document.

**II.    DEFINITIONS**

1.    "Document" or "documents" encompasses all forms of tangible expression, including without limitation, all written, recorded, printed, typed, transcribed, filmed, digitized, or graphic matter and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented, including, but not limited to, books, records, correspondence, reports, memoranda, electronic mail, contracts, tables, tabulations, graphs, charts, diagrams, plans, schedules, appointment books, calendars, diaries, time sheets, reports, studies, analyses, drafts, telegrams, teletype or telecopy messages, files, telephone logs and messages, checks, microfilms, microfiche, pictures, photographs, printouts, electronic data compilations, tapes, diskettes,

drives, removable media, notes, minutes or transcripts of proceedings. Documents shall include originals and all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all other data compilations from which information can be obtained (translated, if necessary into usable form), and any preliminary versions, drafts, or other revisions of any of the foregoing.

2.    "You" or "your" means  BBFY Industrial USA, Inc., any and all of its parents, subsidiaries, affiliates, segments, divisions or branches including, but not limited to, and any of its present or former directors, officers, sales agents, agents (including, but not limited to, attorneys, accountants or consultants), employees, representatives, and any other person or entity purporting to act on its behalf.

3.    "Citric Acid" refers to any form of citric acid supplied, manufactured, distributed, or sold by You.

4.    "And" and "or" are to be considered conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. "Or" is understood to include and encompass "and."

5.    "Any" is understood to include and encompass "all."  The word "all" also includes "each" and vice versa.

## IV.    DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All Documents regarding the full manufacturing process used to produce Your Citric Acid, including each step, chemical reaction, or transformation involved.

**DOCUMENT REQUEST NO. 2:**

All Documents regarding the raw materials, feedstocks, or substrates used in the production of Citric Acid, including the source(s) of any raw materials used in Citric Acid production.

**DOCUMENT REQUEST NO. 3:**

All Documents describing whether any chemical synthesis or artificial processing is involved in creating or modifying raw materials before fermentation in the production of Citric

- 3 -

Acid.

DOCUMENT REQUEST NO. 4:

All Documents concerning the microorganisms, enzymes, or catalysts used in the production process of Citric Acid, including but not limited to *Aspergillus niger*.

DOCUMENT REQUEST NO. 5:

All documents showing whether any synthetic chemicals, genetically modified organisms (GMOs), or industrial fermentation agents are used in the production process of Citric Acid.

DOCUMENT REQUEST NO. 6:

All Documents identifying any intermediate substances or byproducts created or removed during production of Citric Acid.

DOCUMENT REQUEST NO. 7:

All Documents describing the purification, crystallization, or extraction methods used to isolate citric acid from other substances.

DOCUMENT REQUEST NO. 8:

All Documents describing any crusher, liquofaction, fermentation, neutralization, acidolysis, decoloration, ion exchange, concentration, crystallization, centrifuge, mother liquid, drying, and vibrating sieve processes used to manufacture Citric Acid.

DOCUMENT REQUEST NO. 9:

Documents sufficient to identify the geographic origin of Citric Acid (domestic vs. international production sites).

DOCUMENT REQUEST NO. 10:

All specifications, data sheets, certifications, regulatory documents, or technical documents, including but not limited to certificates of analysis (COAs), technical data sheets (TDS), safety data sheets (SDS/MSDS), and specification sheets related to Citric Acid.

DOCUMENT REQUEST NO. 11:

All Documents and communications in Your possession that describe, classify, or discuss citric acid as either natural, made from natural sources, naturally derived, synthetic, or

- 4 -

artificial.

DOCUMENT REQUEST NO. 12:

All Documents and communications in Your possession, regarding the function of citric acid in food products, including whether citric acid is a flavor or preservative ingredient.

DOCUMENT REQUEST NO. 13:

All Documents and communications in Your possession regarding citric acid and "natural" claims.

DOCUMENT REQUEST NO. 14:

Documents sufficient to identify the identities and locations of all entities that supplied You with Citric Acid, including the identities and locations of the original citric acid manufacturer (if different from supplier).

DOCUMENT REQUEST NO. 15:

All Documents regarding any testing performed by You regarding the Citric Acid.

DOCUMENT REQUEST NO. 16:

Documents sufficient to describe Your relationship with Sunshine Biotech International Co., Ltd.

Lilach H. Klein (SBN 323202)
lilach@crosnerlegal.com
Craig W. Straub (SBN 249032)
craig@crosnerlegal.com
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
Zachary M. Crosner (SBN 272295)
zach@crosnerlegal.com
**CROSNER LEGAL, P.C.**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-763
Fax: (310) 510-6429

Attorneys for Plaintiff Adina Ringler

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADINA RINGLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>**STIPULATED PROTECTIVE ORDER AND ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge Charles F. Eick]<br><br>Action Filed:      February 10, 2025 |

# 1.    INTRODUCTION

## 1.1    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 1.2    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials,

*Ringler v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
Stipulated Protective Order and Order

to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   Action: *Adina Ringler v. The J.M. Smucker Company*, United States District Court Case No.:  2:25-cv-01138-AH-KES.

2.2   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: for purposes of this Order, Highly Confidential Material shall include, but is not limited to, any Confidential Information or Items as defined herein, which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party.

2.5   Counsel: Outside Counsel of Record and House Counsel (as well as their

support staff).

2.6    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.15  <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.16  <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  <u>SCOPE</u>

    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

    Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.  <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without

prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are discouraged.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected

1  portion(s) (e.g., by making appropriate markings in the margins).

2       (b)    to the extent that information stored or recorded in the form of electronic
3  or magnetic media (including information, files, databases, or programs stored on any
4  digital or analog machine-readable device, computers, Internet sites, discs, networks,
5  or tapes) ("Computerized Material") is produced by any Party in such form, the
6  Producing Party may designate such materials as "CONFIDENTIAL" or "HIGHLY
7  CONFIDENTIAL – ATTORNEYS' EYES ONLY" by marking the container in
8  which the media is produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
9  – ATTORNEYS' EYES ONLY."  For electronically stored information produced in
10 native format, designation of documents as "as "CONFIDENTIAL" or "HIGHLY
11 CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be made in a produced
12 metadata field or in the file name.  Whenever any Party receives Computerized
13 Material or documents produced in native format that have been designated as
14 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
15 ONLY", if such Party reduces such material to hardcopy form, that Party shall mark
16 the hardcopy form with the as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
17 – ATTORNEYS' EYES ONLY" designation.

18      (c)    a Party or Non-Party that makes original documents available for
19 inspection need not designate them for protection until after the inspecting Party has
20 indicated which documents it would like copied and produced. During the inspection
21 and before the designation, all of the material made available for inspection shall be
22 deemed "CONFIDENTIAL." After the inspecting Party has identified the documents
23 it wants copied and produced, the Producing Party must determine which documents,
24 or portions thereof, qualify for protection under this Order. Then, before producing
25 the specified documents, the Producing Party must affix the "CONFIDENTIAL
26 legend" to each page that contains Protected Material. If only a portion or portions of
27 the material on a page qualifies for protection, the Producing Party also must clearly
28 identify the protected portion(s) (e.g., by making appropriate markings in the

1    margins).

2         (d)     a Party or Non-Party may designate the transcript of any deposition in

3    this action, or any portion thereof, including exhibits thereto, as "CONFIDENTIAL"

4    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by either so

5    advising the court reporter and the Parties on the record during the taking of the

6    deposition or within thirty (30) days after receipt of the deposition transcript by

7    written designation served upon the Parties.  If all or any portion of a deposition is

8    designated as being subject to this Protective Order, the court reporter and any Parties

9    possessing any transcripts shall label the cover page of each transcript or copy thereof

10   to state that the deposition includes as "CONFIDENTIAL" or "HIGHLY

11   CONFIDENTIAL – ATTORNEYS' EYES ONLY", and shall label as

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY" each of the pages of the transcript or exhibits that contain Protected Material.

14        (e)     for testimony given in depositions that the Designating Party identify the

15   Disclosure or Discovery Material on the record, before the close of the deposition all

16   protected testimony. Alternatively, the Designating Party may identify the protected

17   portion(s) of a deposition transcript in writing within thirty (30) days of receipt of the

18   deposition transcript.

19        (f)     for information produced in some form other than documentary and for

20   any other tangible items, that the Producing Party affix in a prominent place on the

21   exterior of the container or containers in which the information is stored the legend

22   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23   ONLY"  If only a portion or portions of the information warrants protection, the

24   Producing Party, to the extent practicable, shall identify the protected portion(s).

25        (g)     if responses to interrogatories, requests for admission, or other written

26   responses to discovery quote, summarize, or contain Protected Material, the Parties

27   may designate them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

28   ATTORNEYS' EYES ONLY" by marking the face of any such response with one of

1 the legends set forth above and indicating the page and line references of the material
2 that are to be subject to this Protective Order.

3      5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure
4 to designate qualified information or items will not result in or be construed as a
5 waiver, in whole or in part, of (a) the producing Party's claims of confidentiality either
6 as to the specific information disclosed or more generally as to the subject matter of
7 the information disclosed, or (b) the Party's right to later designate the material as
8 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
9 ONLY" pursuant to this Protective Order.  In the event that a Party produces any
10 Protected Material without attaching one of the legends described in Paragraph 5.2
11 above, the Party may subsequently designate within a reasonable time the material as
12 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
13 ONLY" by forwarding to the opposing Party copies of the material bearing one of the
14 legends required by Paragraph 5.2 and requesting that the opposing Party destroy all
15 prior copies of the Protected Material.  Upon receipt of such a request, the opposing
16 Party shall destroy all copies of the Protected Material as originally produced and
17 replace them with copies bearing the appropriate confidentiality legend.

18 6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

19      6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation
20 of confidentiality at any time that is consistent with the Court's Scheduling Order.

21      6.2 <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution
22 process under Local Rule 37.1 et seq. or follow the procedures for informal,
23 telephonic discovery hearings on the Court's website. To avoid ambiguity as to
24 whether a challenge has been made, the written notice must recite that the challenge
25 to confidentiality is being made in accordance with this specific paragraph of the
26 Protective Order. The parties shall attempt to resolve each challenge in good faith and
27 must begin the process by conferring directly (in voice to voice dialogue; other forms
28 of communication are not sufficient) within 14 days of the date of service of notice.

*Ringler v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
Stipulated Protective Order and Order

In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a Motion to Maintain Confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 14 days shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the

1  material in question the level of protection to which it is entitled under the Producing

2  Party's designation until the Court rules on the challenge.

3  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

4          7.1 <u>Basic Principles.</u>  A Receiving Party may use Protected Material that

5  is disclosed or produced by another Party or by a Non-Party in connection with this

6  Action only for prosecuting, defending, or attempting to settle this Action. Protected

7  Material shall not be used for any other purpose without separate written agreement

8  of the Party that produced the Protected Material. Such Protected Material may be

9  disclosed only to the categories of persons and under the conditions described in this

10 Order. All other disclosure and use of Protected Material during the pendency of this

11 action or after its termination are hereby prohibited.  Nothing in this Protective Order,

12 however, precludes a Party from making disclosures to government authorities to the

13 extent that it is required to disclose Protected Material by law. When the Action has

14 been terminated, a Receiving Party must comply with the provisions of section 13

15 below (FINAL DISPOSITION). Protected Material must be stored and maintained by

16 a Receiving Party at a location and in a secure manner that ensures that access is

17 limited to the persons authorized under this Order.

18         Any copy made of Protected Material shall have the same status as the original.

19 Protected Material shall be used (if otherwise relevant and admissible) solely for the

20 litigation of this action.

21         Any person in possession of another Party's Protected Material shall exercise

22 the same care with regard to the storage, custody, or use of Protected Material as they

23 would apply to their own material of the same or comparable sensitivity. Receiving

24 Parties must take reasonable precautions to protect Protected Material from loss,

25 misuse and unauthorized access, disclosure, alteration and destruction, including but

26 not limited to:

27 (a) Protected Material in electronic format shall be maintained in a secure

28 litigation support site(s) that applies standard industry practices regarding data

*Ringler v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
Stipulated Protective Order and Order

security, including but not limited to application of access control rights to those persons entitled to access Protected Material under this Order;

(b) Any Protected Material downloaded from a litigation support site in electronic format shall be stored only on devices (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order. If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level;

(c) Protected Material in paper format is to be maintained in a secure location with access limited to persons entitled to access Protected Material under this Order;

(d) Summaries of Protected Material, including any lists, memorandum, indices or compilations prepared or based on an examination of Protected Material, that quote from or paraphrase Protected Material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Protected Material;

(e) If the Receiving Party discovers a breach of security relating to the Protected Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

1  disclose the information for this Action;

2  (b) the officers, directors, and employees (including House Counsel) of the
3  Receiving Party to whom disclosure is reasonably necessary for this Action;

4  (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure
5  is reasonably necessary for this Action and who have signed the "Acknowledgment
6  and Agreement to Be Bound" (Exhibit A);

7  (d) the court and its personnel;

8  (e) court reporters and their staff;

9  (f) professional jury or trial consultants, mock jurors, and Professional Vendors
10 to whom disclosure is reasonably necessary for this Action and who have signed the
11 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12 (g) the author or recipient of a document containing the information or a
13 custodian or other person who otherwise possessed or knew the information;

14 (h) during their depositions, witnesses ,and attorneys for witnesses, in the
15 Action to whom disclosure is reasonably necessary provided: (1) the deposing party
16 requests that the witness sign the form attached as Exhibit A hereto; and (2) they will
17 not be permitted to keep any confidential information unless they sign the
18 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise
19 agreed by the Designating Party or ordered by the court. Pages of transcribed
20 deposition testimony or exhibits to depositions that reveal Protected Material may be
21 separately bound by the court reporter and may not be disclosed to anyone except as
22 permitted under this Stipulated Protective Order; and

23 (i) any mediator or settlement officer, and their supporting personnel, mutually
24 agreed upon by any of the parties engaged in settlement discussions.

25 7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
26 ONLY" Information or Items. Unless otherwise ordered by the court or permitted in
27 writing by the Designating Party, a Receiving Party may disclose any information or
28 item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only

to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees and subcontractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the Parties to the litigation, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) any mediator(s) or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information and their attorneys.

Disclosure of Protected Material in accordance with this Protective Order shall not effect, nor shall it be deemed to effect, a waiver of the attorney-client privilege, the work-product immunity, or any other privilege or immunity from disclosure to

which such Protected Material may be entitled, whether in this action or in any other action or as to any non-party.

This Protective Order shall not prevent the Parties from using or disclosing their own documents and other materials in any manner for any business or personal reason, notwithstanding their designation as Protected Material subject to this Protective Order. The use or disclosure by a Party of its own documents or materials shall not terminate, waive or otherwise diminish in any way the status of such documents or materials as Protected Materials subject to this Protective Order.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

1    directive from another court.

2    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

3    PRODUCED IN THIS LITIGATION

4        (a) The terms of this Order are applicable to information produced by a Non-

5    Party in this Action and designated as "CONFIDENTIAL." Such information

6    produced by Non-Parties in connection with this litigation is protected by the

7    remedies and relief provided by this Order. Nothing in these provisions should be

8    construed as prohibiting a Non-Party from seeking additional protection.

9        (b) In the event that a Party is required, by a valid discovery request, to produce

10   a Non-Party's confidential information in its possession, and the Party is subject to an

11   agreement with the Non-Party not to produce the Non-Party's confidential

12   information, then the Party shall:

13       (1) promptly notify in writing the Requesting Party and the Non-Party

14       that some or all of the information requested is subject to a confidentiality

15       agreement with a Non-Party;

16       (2) promptly provide the Non-Party with a copy of the Stipulated

17       Protective Order in this Action, the relevant discovery request(s), and a

18       reasonably specific description of the information requested; and

19       (3) make the information requested available for inspection by the Non-

20       Party, if requested.

21       (c) If the Non-Party fails to seek a protective order from this court within 14

22   days of receiving the notice and accompanying information, the Receiving Party may

23   produce the Non-Party's confidential information responsive to the discovery request.

24   If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

25   any information in its possession or control that is subject to the confidentiality

26   agreement with the Non-Party before a determination by the court. Absent a court

27   order to the contrary, the Non-Party shall bear the burden and expense of seeking

28   protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any

1  ground to use in evidence of any of the material covered by this Protective Order.

2       12.3 Filing Protected Material. A Party that seeks to file under seal any
3  Protected Material must comply with Civil Local Rule 79-5. Protected Material may
4  only be filed under seal pursuant to a court order authorizing the sealing of the specific
5  Protected Material at issue. If a Party's request to file Protected Material under seal is
6  denied by the court, then the Receiving Party may file the information in the public
7  record unless otherwise instructed by the court.

8  13.   <u>FINAL DISPOSITION</u>

9       After the final disposition of this Action, as defined in paragraph 4, within 60
10  days of a written request by the Designating Party, each Receiving Party must return
11  all Protected Material to the Producing Party or destroy such material. As used in this
12  subdivision, "all Protected Material" includes all copies, abstracts, compilations,
13  summaries, and any other format reproducing or capturing any of the Protected
14  Material. Whether the Protected Material is returned or destroyed, the Receiving Party
15  must submit a written certification to the Producing Party (and, if not the same person
16  or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by
17  category, where appropriate) all the Protected Material that was returned or destroyed
18  and (2) affirms that the Receiving Party has not retained any copies, abstracts,
19  compilations, summaries or any other format reproducing or capturing any of the
20  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an
21  archival copy of all pleadings, motion papers, trial, deposition, and hearing
22  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
23  reports, attorney work product, and consultant and expert work product, even if such
24  materials contain Protected Material. Any such archival copies that contain or
25  constitute Protected Material remain subject to this Protective Order as set forth in
26  Section 4 (DURATION).

27

28

14.   Any willful violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated:  July 3, 2025                      WINSTON & STRAWN LLP

                                          By:  */s/ Ronald Y. Rothstein*
                                               Ronald Y. Rothstein (*pro hac vice*)
                                               RRothste@winston.com
                                               35 West Wacker Drive
                                               Chicago, Illinois 60601-9703
                                               Telephone: +1 312-558-5600

                                               Jared Kessler (*pro hac vice*)
                                               JRKessler@winston.com
                                               200 South Biscayne Boulevard, Suite 2400
                                               Miami, Florida 33131
                                               Telephone: +1 305-910-0500

                                               Shawn R. Obi (SBN: 288088)
                                               SObi@winston.com
                                               333 South Grand Avenue, Suite 3800
                                               Los Angeles, California 90071
                                               Telephone: +1 213-615-1700

                                               Attorneys for Defendant The J.M. Smucker
                                               Company

Dated:  July 3, 2025                      CROSNER LEGAL, P.C.

                                          By:  */s/ Craig W. Straub*
                                               Craig W. Straub (SBN 249032)
                                               craig@crosnerlegal.com
                                               9440 Santa Monica Blvd. Suite 301
                                               Beverly Hills, CA 90210
                                               Tel: (866) 276-7637
                                               Fax: (310) 510-6429

                                               Attorneys for Plaintiff Adina Ringler

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: July 3, 2025

_____

Charles F. Eick
United States Magistrate Judge

*Ringler v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
Stipulated Protective Order and Order

1    **SIGNATURE ATTESTATION**

2    The filer of this document attests that all signatories have concurred in its filing.

3    Dated: July 3, 2025                           By: _____*/s/ Craig W. Straub*_____
4                                                            CRAIG W. STRAUB

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**print or type full name**], of
_____ [**print or type full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Adina Ringler v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-KES I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**print or type full name**] of _____ [**print or type full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____