**CROSNER LEGAL, P.C.**
Craig W. Straub (SBN 249032)
*craig@crosnerlegal.com*
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFF ADINA RINGLER'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date: February 20, 2026<br>Time: 9:30 a.m.<br>Ctrm: 750<br>Judge: Hon. Charles F. Eick<br><br>Action Filed:      Feb. 10, 2025<br>Discovery Cutoff:   Sept. 30, 2026<br>Pretrial Conference: Feb. 3, 2027<br>Trial Date:      Feb. 23, 2027 |

**TO THE HONORABLE COURT AND ALL PARTIES:**

**PLEASE TAKE NOTICE THAT** on February 20, 2026 at 9:30 a.m. in Courtroom 750 of the Royal Federal Building and United States Courthouse at 255 East Temple Street, Los Angeles, CA, 90012, Plaintiff Adina Ringler ("Plaintiff") will and hereby does move the Court for an Order compelling Defendant The J.M. Smucker Co. ("Defendant") to promptly produce all documents responsive to Plaintiff's First Set of Requests for Production of Documents pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-2.

This Motion is made following the conference of counsel pursuant to Civil L.R. 37-1, which took place on August 11, 2025,  August 13, 2025, September 10, 2025, October 1, 2025, October 14, 2025, October 23, 2025, and January 9, 2026.

This Motion is further submitted pursuant to L.R. 37-2.4, due to Defendant's counsel's refusal to sign and return the joint stipulation after Defendant's portion was added.

Plaintiff's motion is based on this Notice of Motion, the attached stipulation including points and authorities, the Declaration of Lilach H. Klein attached hereto, all pleadings and papers on file in this action, and such other argument and evidence as may be presented to the Court prior to or at the hearing on this matter.

DATED: January 23, 2026                Respectfully submitted,


                                       */s/ Lilach H. Klein*
                                       LILACH H. KLEIN
                                       *Counsel for Plaintiffs and the Proposed Class*

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
PLAINTIFF ADINA RINGLER'S NOTICE OF MOTION AND MOTION TO COMPEL

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................3

II.   MEET AND CONFER PROCESS AND PLAINTIFF'S COMPLIANCE
      WITH THE LOCAL RULES ...............................................................4

III.  DISCOVERY DISPUTES AND PLAINTIFF'S CONTENTIONS ................7

      A.   Defendant's Improper Refusal to Run Relevant Search Terms and
           Custodians ...................................................................................7

      B.   Defendant's Improper Time Limitation....................................13

      C.   Defendant's Unilateral Redactions of Otherwise Responsive Documents .15

      D.   Missing Documents......................................................................16

      E.   Defendant's Failure to Produce Document Retention Policies ...................17

      F.   The Court Should Order Defendant to Pay Plaintiff's Reasonable
           Attorneys' Fees ..........................................................................19

IV.   CONCLUSION.....................................................................................19

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
PLAINTIFF ADINA RINGLER'S NOTICE OF MOTION AND MOTION TO COMPEL

# TABLE OF AUTHORITIES

**Cases**

*Ang v. Bimbo Bakeries USA, Inc.*,

    2014 WL 1940178 (N.D. Cal. May 14, 2014)......................................................14

*Cholakyan v. Mercedes-Benz USA, LLC*,

    2011 WL 7575379 (C.D. Cal. Dec. 20, 2011)....................................................18

*Evon v. Law Offices of Sidney Mickell*,

    2010 WL 455476 (E.D. Cal. Feb. 3, 2010).........................................................15

*Hall v. Marriott Int'l, Inc.*,

    2021 WL 1906464 (S.D. Cal. May 12, 2021).....................................................10

*Hawkins v. Kroger Company*,

    2019 WL 4416132 (S.D. Cal. Sept. 16, 2019)....................................................18

*In re Medeva Securities Litigation*,

    1995 WL 943468 (C.D. Cal. May 30, 1995).......................................................15

*In re: Coca-cola Prods. Mktg. & Sales Pracs. Litig. (No. II)*

    2016 WL 6245899 (N.D. Cal. Oct. 26, 2016).....................................................14

*NuVasive, Inc. v. Alphatec Holdings, Inc.*,

    2019 WL 4934477 (S.D. Cal. Oct. 7, 2019).......................................................12

*Ogden v. Bumble Bee Foods, LLC*,

    292 F.R.D. 620 (2013)........................................................................................14

*Patrick McMorrow, et al., v. Mondelez International, Inc.*,

    2019 WL 3852498 (S.D. Cal., Apr. 19, 2019)....................................................18

*Sharma v. BMW of N. Am. LLC*,

    2016 WL 1019668 (N.D. Cal. Mar. 15, 2016)....................................................18

*Toyo Tires & Rubber Co., Ltd. v. CIA Wheel Group*,

    2016 WL 6246384 (C.D. Cal. Feb. 23, 2016).....................................................15

**Rules**

C.D. Cal. Local Rule 37-2 ...........................................................................................7

C.D. Cal. Local Rule 37-2.1 .......................................................................16

C.D. Cal. Local Rule 37-2.2 .........................................................................4

C.D. Cal. Local Rule 37-2.4 .........................................................................4

Fed. R. Civ. P. 26(b)(1)......................................................................... 13, 16

Fed. R. Civ. P. 34.........................................................................................15

Fed. R. Civ. P. 37 ......................................................................................4, 19

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
PLAINTIFF ADINA RINGLER'S NOTICE OF MOTION AND MOTION TO COMPEL

# I.    **INTRODUCTION**

Plaintiff brings this Motion to compel Defendant The J.M. Smucker Company ("Defendant") to produce responsive documents that Defendant has already agreed to produce.

After repeated meet and confer efforts regarding Defendant's deficient discovery responses, Defendant agreed to produce documents responsive to nearly all of Plaintiff's Requests for Production. Defendant then delayed production for months by disputing search terms and refusing to produce documents until those terms were finalized, all while repeatedly insisting that the search terms could be revisited after Plaintiff reviewed Defendant's production. Seven months after Plaintiff served the Requests, Defendant produced only 1,562 documents. When Plaintiff identified significant deficiencies requiring additional searches, Defendant reversed course and now relies on those same search terms to withhold responsive documents it agreed to produce. This gamesmanship violates Defendant's discovery obligations and has materially prejudiced Plaintiff. The Court should compel Defendant to produce all responsive documents.

Plaintiff further brings this Motion to compel Defendant to produce (1) unredacted versions of documents that Defendant unilaterally redacted as "non-responsive trade secret information," (2) documents expressly referenced in Defendant's production but never produced, including conjoint studies and other studies for which only results were produced, not the studies themselves, and (3) Defendant's document retention policies, which are necessary for Plaintiffs to understand the universe of potentially responsive documents and to assess whether Defendant's production is complete.

The Parties met and conferred regarding the above issues on January 9, 2026, at which time Defendant took the blanket position that it would not conduct any additional searches or produce any additional documents. Plaintiff therefore served Defendant with Plaintiff's portion of a joint stipulation pursuant to Local Rule 37-

3

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
PLAINTIFF ADINA RINGLER'S NOTICE OF MOTION AND MOTION TO COMPEL

2.2 on January 13, 2026. On January 21, 2026, Plaintiff added Defendant's materials to the joint stipulation and requested Defendant's signature. Defendant refused to sign, necessitating the filing of this Motion pursuant to Local Rule 37-2.4.

Plaintiffs' deadline to file a Motion for Class Certification is on February 25, 2026 – approximately one month away. *See* ECF No. 68. Plaintiffs cannot fairly and adequately prepare that motion without the discovery to which they are entitled. Accordingly, Plaintiff respectfully requests that the Court order Defendant to complete its full document production, including re-running appropriate searches and producing all responsive documents without improper redactions, within one (1) day of the Court's Order. Plaintiff further requests attorneys' fees pursuant to Federal Rule of Civil Procedure 37.

## II.    MEET AND CONFER PROCESS AND PLAINTIFF'S COMPLIANCE WITH THE LOCAL RULES

Plaintiff Ringler served Requests for Production of Documents on Defendant on May 13, 2025. *See* Declaration of Lilach H. Klein, *filed concurrently herewith* ("Klein Decl.), at ¶ 2 & Ex. 1. Defendant served its initial responses on June 23, 2025, followed by amended responses on July 18, 2025, second supplemental responses on October 8, 2025, and third supplemental responses on November 7, 2025. *Id.* & Ex. 2. More than seven (7) months after Plaintiff first served her discovery requests, on December 30, 2025, Defendant completed its final document production consisting of only 1,562 documents, many of which were duplicates.[1] *Id.*, ¶ 4.

During that seven-month period, the Parties engaged in no less than seven (7) separate meet and confer conferences regarding Defendant's deficient responses,

---

[1] In its portion of the joint stipulation that Defendant refused to sign, Defendant represented that Plaintiff's revised search terms would yield approximately 54,000 documents, underscoring that Defendant's production of only 1,562 documents is plainly insufficient and that thousands of additional responsive documents exist. *Id.*

4

search terms, and document production, and exchanged multiple drafts of proposed search terms. *Id.*, ¶ 5. During those conferences, Defendant's counsel dismissed Plaintiffs' concerns regarding Defendant's proposed search terms as premature, and insisted that any issues could be addressed after Plaintiffs reviewed Defendant's document production.[2] *Id.*, ¶ 11.

After reviewing Defendant's December 30, 2025 production, Plaintiffs identified significant deficiencies warranting additional searches and further production. *Id.*, ¶¶ 12-20. For example, Defendant did not produce any documents reflecting its decision-making regarding (i) the formulation of the Products with manufactured citric acid, (ii) the use of the terms "natural" and "made with ingredients from natural sources" on the Products' labels despite containing manufactured citric acid not extracted from natural fruits, or (iii) pre-launch testing of the Products. *Id.*, at ¶ 20. Defendant also produced almost no documents containing the term "*Aspergillus niger*," even though Defendant's Rule 30(b)(6) witness testified that the citric acid used in the Products is manufactured using *Aspergillus niger*.[3] *Id.*, at ¶ 15. The absence of these core categories of documents demonstrates that the search terms used and limitations imposed by Defendant in its

---

[2] On October 22, 2025, Defendant's counsel sent Plaintiff's counsel an email stating, *inter alia*, "As we've said several times on meet and confer calls with you, the most efficient way to address the [search term] issues raised by Plaintiffs is to review Defendant's document productions as they become available and then raise with us any perceived deficiencies." *See* Klein Decl., ¶ 11. Defendant's counsel reiterated the same position later that day, stating, *inter alia*, "As we have previously suggested, we again suggest Plaintiffs review Defendant's forthcoming production and, should they perceive any deficiencies, we are of course willing to further meet and confer." *See id*.

[3] In support of Defendant's portion of the joint stipulation that Defendant's counsel refused to sign, Defendant's counsel represented that Defendant "produced at least one document containing the term 'aspergillus niger'" but did not identify that document. *Id*.

---

5

searches were plainly inadequate. For example, Plaintiffs learned that Defendant refers to the Products internally as the "natural" products. *Id*., at ¶ 14. As a result, Defendant's requirement to include the specific flavors of the Products in search terms (triple berry, strawberry, or raspberry) improperly excluded responsive documents. *Id*. Plaintiffs also discovered that Defendant imposed a temporal cutoff of February 10, 2021 on its searches, thereby excluding highly relevant documents reflecting Defendant's decision-making regarding the Products prior to their launch. *Id*., at ¶ 20.

On December 31, 2026, Plaintiff sent Defendant a written outline of the above deficiencies and the Parties met and conferred via videoconference on January 9, 2026. *Id*., ¶ 6. During the meet and confer, Defendant took the blanket position that it would not conduct any additional searches or produce any additional documents. *Id*. Defendant's refusal to conduct additional searches, produce additional responsive documents, or add even a single relevant custodian to its searches – all of which are directly relevant to Requests it has already agreed to produce documents for – is improper.

Plaintiff therefore served Defendant with Plaintiff's portion of a joint stipulation pursuant to Local Rule 37-2.2 on January 13, 2026. *See* Klein Decl., ¶ 7 & Ex. 3. Defendant returned its portion on January 20, 2026, and instructed that Plaintiff did not have permission to file until January 22, 2026, when Defendant expected to submit an additional declaration in support of its position. *Id*., ¶ 8. Defendant's version of the joint stipulation further deleted or altered portions of Plaintiff's text and reformatted the document to present Defendant's positions first (including attempting to recast Plaintiff's motion to compel as a motion for protective order brought by Defendant) rather than presenting each issue with both parties' respective contentions as required by the Local Rules. *Id*. Despite Defendant's untimely submission of additional materials and inappropriate alteration of the joint stipulation, pursuant to L.R. 37-2.2, Plaintiff added

Defendant's materials to the joint stipulation sent by Plaintiff on January 13, 2026 and requested Defendant's signature on January 21, 2026. *Id.*, ¶ 9. Defendant refused to sign, necessitating the filing of this Motion pursuant to Local Rule 37-2.4. *Id.*

Because Defendant failed to sign the joint stipulation in a timely manner under Local Rule 37-2, the Court should consider Plaintiff's present discovery motion in the absence of a joint stipulation.

In compliance with L.R. 37-2.2, Plaintiff submits concurrently a copy of the Orders establishing the case schedule. Klein Decl., ¶¶ 22-23 & Exs. 4-5.

## III.    DISCOVERY DISPUTES AND PLAINTIFF'S CONTENTIONS

### A. Defendant's Improper Refusal to Run Relevant Search Terms and Custodians

<u>Search Terms Ran Incorporated for Reference:</u>

1.    ("citric acid" AND (natural* OR unnatural* OR synthetic* OR Artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)))

2.    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ("citric acid")

3.    (((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) W/15 "natural") AND ("SKU" OR "stock keeping unit" OR "UPC" OR "universal product code" OR "item number")

4.    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (wholesale* OR retail* OR revenue* OR profit* OR loss* OR expense* OR differential OR pric* OR "price premium" OR "market share" OR "willing to pay" OR "willingness to pay" OR differen* OR money* OR premium OR market OR pay))

7

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
PLAINTIFF ADINA RINGLER'S NOTICE OF MOTION AND MOTION TO COMPEL

4.1    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (packag* OR design* OR label*)

4.2    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (understand* OR survey* OR analy* OR consumer*)

4.3    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (public* OR benefit*)

4.4    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (compl* OR inquir* OR question* OR confus* OR consumer*)

4.5    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (FDA OR FTC OR regulat*))

5.    (natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (((impact* OR increase* OR rais* OR effect* OR market* OR stud* OR analy* OR survey*)))

6.    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5

8

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
PLAINTIFF ADINA RINGLER'S NOTICE OF MOTION AND MOTION TO COMPEL

source*)) AND (advertis* OR market* OR stud* OR survey* OR demographic* OR consumer*))

7.    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) W/100 (compet* OR alternat* OR substitute* OR replac*)

8.    "Natural" W/15 "made with ingredients from natural sources"

9.    (natural OR (synthetic OR artificial)) AND (label W/25 (change* OR update* OR modif* OR replace* OR adjust* OR revis* OR rework* OR redesign*))

10.    ((Adina W/5 Ringler) OR (Krista W/5 Robles) OR (Jay W/5 Smith) OR (Jana W/5 Rabinowitz))

11.    ("citric acid" AND (suppl* OR distribut* OR seller OR sourc* OR purchas* OR buy*))

12.    ("citric acid" AND ("safety data sheet" OR "SDS" OR "material safety data sheet" OR "MSDS" OR (safety W/5 sheet*)))

13.    ("Aspergillus niger" OR Aspergillus OR (aspergillus W/3 niger)) AND (micro* OR ferment* OR deriv*)

14.    "citric acid" AND ("Yarrowia lipolytica" OR (Iliana W/15 Sweis) OR "Yeast Isolates" OR "Candida" OR "Arthrobacter" OR "Bacillus" OR "Corynebacterium")

15.    "citric acid" AND ("solvent" OR "n-octyl alcohol" OR "isoparaffinic" OR "sulfuric acid" OR "calcium hydroxide" OR "mutant" OR mutagen* OR "genetic" OR "oxaloacetate")

16.    "citric acid" AND (presen* OR function* OR role* OR effect* OR preserv* OR flavor* OR taste OR "pH")

17.    ((berry w/5 spread) OR (triple w/5 spread) OR strawberry OR raspberry) AND ("citric acid" AND (sourc* OR quality OR test* OR analy* OR consumer* OR perc* OR understand* OR know* OR think*))

18.    (("natural" OR "made with ingredients from natural sources") W/25 ((berry w/5 spread) OR (triple w/5 spread) OR strawberry OR raspberry)) AND

9

(FDA OR FTC OR regulat*)

    19.   "Sunshine Biotech"

    20.   "Harris & Ford"

**<u>Plaintiff's Contentions Regarding Search Terms:</u>**

Consistent with the ESI Protocol entered in this case, the Parties met and conferred to develop search terms and protocols before Defendant's document production, and exchanged multiple drafts of proposed search terms between September 22, 2025 and November 11, 2025. *See* Klein Decl., ¶ 5. Defendant proposed an initial set of search terms, and without insight into Defendant's internal terminology or document structure, and with much resistance from Defendant, Plaintiffs suggested additions and modifications in an attempt to ensure that all responsive documents would be captured. *Id*., ¶ 10. Defendant then delayed production by disputing search terms and refusing to produce documents until those terms were finalized, all while repeatedly insisting that the search terms could be revisited after Plaintiff reviewed Defendant's production. *See id*, ¶ 11. After reviewing Defendant's December 30, 2025 document production, it does not appear that documents were produced in response to at least RFP Nos. 2, 3, 4, 7, 8, 10, 11, 23, 28, 29, 40, 45, 46, and 47, despite Defendant having agreed to produce documents responsive to these Requests.[4] *Id*., ¶ 12. Yet, when Plaintiff identified significant deficiencies requiring additional searches, Defendant reversed course and now relies on those same search terms to withhold responsive documents it agreed to produce. *See Hall v. Marriott Int'l, Inc*., No. 3:19-CV-01715-JLS-AHG, 2021 WL 1906464, at *1 (S.D. Cal. May 12, 2021) ("This case presents the classic problem of asymmetric discovery—Defendant has nearly all the information that both sides need for the case, as well as the knowledge about where that information is kept, how it is stored, and how it can be accessed. The imbalance of access to information

---

[4] Plaintiffs have no way of knowing whether all responsive documents have been produced in response to the remaining Requests. *Id*., ¶ 12.

reduces the incentive to compromise.")

During the Parties' meet and confer conferences regarding search terms, Defendant requested to use the following search terms to capture the Products at issue: (("berry W/5 spread") OR ("triple W/5 spread") OR strawberry OR raspberry). *Id.*, ¶ 13. Without having insight into how Defendant internally refers to the Products, Plaintiffs requested that the term "fruit spread" also be included. *Id.* Defendant opposed that request, arguing that the Smucker's line contains multiple fruit spreads, and that such a search would return non-responsive documents concerning unrelated products. *Id.* Defendant's counsel further insisted that this issue, among others, would be better addressed after Plaintiffs reviewed Defendant's document production and could assess how Defendant referred to the Products at issue. *Id.* As such, Plaintiff's counsel agreed to "table the issue pending document review" but expressly noted, "[i]f it appears that Smucker predominantly refers to the Products as 'fruit spreads,' we may revisit this." *Id.*

After reviewing Defendant's December 30, 2025 document production, Plaintiffs learned that Defendant refers to the Products internally as the "natural" products. *Id.*, ¶ 14. Plaintiffs therefore requested that Defendant re-run search term numbers 2, 3, 4, 6, 7, 17, and 18 using the term "natural," rather than limiting those searches to (("berry W/5 spread") OR ("triple W/5 spread") OR strawberry OR raspberry). *Id.* Defendant flatly refused, and asserted that because the Parties had previously agreed to the existing search terms, it would not conduct any additional searches. *Id.* Defendant's refusal is particularly troubling because Defendant's counsel repeatedly dismissed Plaintiffs' earlier concerns about the proposed search terms as premature and insisted that any deficiencies could be addressed after Plaintiffs reviewed Defendant's production. *Id.*, ¶¶ 11, 14. Moreover, Defendant's refusal is improper because searching for the Products using the terminology Defendant itself uses is reasonably calculated to identify responsive documents Defendant has already agreed to produce.

Defendant's December 30, 2025 document production also contained almost no documents with the term "*Aspergillus niger*." *Id.*, ¶ 15.[5] However, Defendant's Rule 30(b)(6) witness testified that the citric acid used in the Products is manufactured using *Aspergillus niger*. *Id.* Accordingly, Plaintiffs requested that Defendant conduct a search for the term "*Aspergillus niger*" without additional limitations. *Id.* Defendant refused to do so. *Id.* Documents concerning *Aspergillus niger*, a mold used in the production of the manufactured citric acid used in the Products, are highly relevant to Plaintiffs' claims. Defendant's refusal to conduct a targeted search for this term is therefore improper.

Defendant also unilaterally selected the custodians whose files were searched. *Id.*, ¶ 16. However, Plaintiffs' review of Defendant's production revealed that Drew Ziegler likely possesses relevant information, including documents related to testing of the Products. *Id.* Plaintiffs requested that Mr. Ziegler be added as a custodian, but Defendant has refused. *Id.* Defendant's refusal to search the files of an identified, relevant custodian is improper.

Irrespective of the amended search terms and custodians above, to the extent responsive documents exist but have not been produced, Plaintiffs request that the Court order Defendant to locate and produce all documents responsive to Plaintiff's document requests consistent with Fed. R. Civ. P. 34. *See NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-CV-0347-CAB-MDD, 2019 WL 4934477, at *2 (S.D. Cal. Oct. 7, 2019) ("The Model ESI Order, in its reliance on search terms, is obsolete. The Court will not decide whether the proposed custodians are appropriate nor on the use of the requested search terms. Instead, Plaintiff must request information, regardless of how or where it is maintained by Defendants, which Defendants must

---

[5] In support of Defendant's portion of the joint stipulation that Defendant's counsel refused to sign, Defendant's counsel represented that Defendant "produced at least one document containing the term 'aspergillus niger'" but did not identify that document. Klein Decl., ¶ 15, fn. 1.

address as required by Rule 34. That is discovery: a party requests information and the burden is on the producing party to locate and produce it...").

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). Defendant's refusal to run relevant search terms or add relevant custodians is inappropriate. Accordingly, Plaintiff requests that the Court compel Defendant to re-run its document searches and produce all responsive documents within one (1) day of the Court's Order.

**B. Defendant's Improper Time Limitation**

<u>Relevant Definition Incorporated for Reference:</u>

The relevant time period for each Request, unless otherwise indicated, is from February 10, 2021, to the present, and it shall include all Documents and information relating to such period even though prepared, published, sent, or received, in whole or in part, prior to that period (the "Relevant Time Period").

**Plaintiff's Contention Regarding the Relevant Time Period:**

The relevant discovery period begins shortly before Defendant's initial decisions to add the challenged representations to the Product labels and formulate the Products using manufactured citric acid. This information regarding Defendant's intent, motive, and knowledge is relevant because it may reveal how and why Defendant decided to add the challenged labeling to the Products – issues that go directly to Plaintiffs' misleading advertising claims. The precise timing of Defendant's labeling and formulation decisions is unknown to Plaintiff and is information uniquely within Defendant's possession. Klein Decl., ¶ 19. Plaintiff therefore defined a Relevant Time Period broad enough to capture those pre-launch decisions and related documents. *Id.*

After reviewing Defendant's document production, Plaintiffs learned that Defendant imposed a February 10, 2021 beginning cutoff date on its document searches. *Id.*, ¶ 20. Yet, the Products launched in 2021 and before 2021. *Id.* As a

13

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
PLAINTIFF ADINA RINGLER'S NOTICE OF MOTION AND MOTION TO COMPEL

result, Defendant did not produce documents concerning, *inter alia*, pre-launch testing of the Products, internal discussions or marketing decisions regarding the use of the terms "natural" or "made with ingredients from natural sources" on the Products' front labels, or discussions regarding the inclusion of manufactured citric acid in the Products' formulations. *Id*. Documents created prior to the Products' launching, including Defendant's pre-launch decision-making and Product design process, are highly relevant to this matter and must be produced. *See, e.g., Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620 (2013) (information about manufacturer's marketing and labeling decisions before statute of limitations period relevant in misbranding class action case); *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196 WHO (NC), 2014 WL 1940178, at *2 (N.D. Cal. May 14, 2014) ("information about defendant's marketing and labeling decisions concerning the products in this food misbranding case would either be relevant to plaintiffs' claims or could lead to admissible evidence supporting their claims."); *In re: Coca-cola Prods. Mktg. & Sales Pracs. Litig. (No. II)*, No. 14MD02555JSWMEJ, 2016 WL 6245899, at *6 (N.D. Cal. Oct. 26, 2016) ("Pre-class period discovery is often relevant, particularly in misleading advertising cases.").

Plaintiff therefore requests that the Court order Defendant to run document searches without a February 10, 2021 time limitation and to produce all responsive documents within one (1) day of the Court's Order.[6]

---

[6] Prior to Defendant's document production, the Parties addressed a dispute regarding Defendant's imposition of a February 10, 2025 end cutoff date (the filing date of Plaintiff's Complaint) in its responses to Plaintiff's Requests. Plaintiffs ultimately agreed to use a September 8, 2025 end cutoff date for Defendant's document search based on Defendant's representation that it required a definitive date to enter in its document search, but expressly maintained that the Relevant Time Period extends through the present and until the Court certifies the putative classes. Klein Decl., ¶ 21. To the extent Defendant requires a definitive beginning cutoff date for its document searches, Plaintiff requests that the search period be at least five years prior to the Products' launch to capture any pre-launch decision-making.

14

### C. Defendant's Unilateral Redactions of Otherwise Responsive Documents

Several documents produced by Defendant were unilaterally redacted "for Non Responsive Trade Secret Information." Klein Decl., ¶ 17. This is improper. The parties agreed to, and the Court entered, a Stipulated Protective Order governing confidential information and documents, including "trade secrets or proprietary or other highly confidential business information." *See* ECF No. 34. The protective order does not provide for partial productions. *See id*. Further, Defendant may not unilaterally redact otherwise responsive material based on relevance. *See, e.g.*, *Toyo Tires & Rubber Co., Ltd. v. CIA Wheel Group*, 2016 WL 6246384, at *2 (C.D. Cal. Feb. 23, 2016), citing *Bonnell v. Carnival Corp.*, No. 13-22265, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014); *Evon v. Law Offices of Sidney Mickell*, No. 09-0760, 2010 WL 455476, at *2 (E.D. Cal. Feb. 3, 2010) ("Redaction is, after all, an alteration of potential evidence . . . a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case. It should not come as a shock to those involved in litigation, that parties may see the outcome differently. Moreover, protective orders are available to shield irrelevant, but important-to-keep-confidential information, and unless the protective order permits partial production, a document should be produced in its entirety."); *see also In re Medeva Securities Litigation*, 1995 WL 943468, at *3 (C.D. Cal. May 30, 1995) ("The Court does not welcome unilateral editing of documents by the producing party. Even when implemented with restraint and in good faith, the practice frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured.").

Because Fed. R. Civ. P. 34 does not permit unilateral redactions by the producing party, Plaintiff respectfully requests that Defendant be ordered to produce unredacted documents within one (1) day of the Court's Order. Alternatively, Plaintiff requests that Defendant submit the unredacted documents to the Court for *in camera* review.

15

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
PLAINTIFF ADINA RINGLER'S NOTICE OF MOTION AND MOTION TO COMPEL

1

**D. Missing Documents**

2      Plaintiffs have identified several documents referenced in Defendant's

3  document production that have not themselves been produced and have requested

4  that Defendant produce those documents. Klein Decl., ¶ 18. For example, Defendant

5  has produced results of conjoint studies and other studies, but not the studies

6  themselves.[7] *Id*. Defendant has also produced emails referencing attachments,

7  shared files, and other documents that do not appear to have been produced. *Id*.

8      During the parties' meet and confer, Defendant argued that because the

9  documents referenced in Defendant's production but not produced were not captured

10  by search terms, they are not relevant to this matter. *Id*. That argument is misplaced.

11  The existence of these documents was revealed through Defendant's production

12  responsive to Plaintiffs' discovery requests, and are plainly relevant to this action.

13  For example, studies regarding "natural" claims and consumer perceptions of

14  artificial, natural, or clean ingredients are highly relevant, as are manufacturer

15  specification sheets and related documentation concerning citric acid. Defendant's

16  position that documents not captured by its search terms are not relevant is improper

17  and further demonstrates the need to revise the search terms and conduct additional

18  searches. *See* Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery of "any

19  nonprivileged matter that is relevant to any party's claim or defense and proportional

20  to the needs of the case...").

21      Defendant also represented that one such document was withheld on the basis

22  of privilege. Klein Decl., ¶ 18. However, Defendant has not produced a privilege

23  log, preventing Plaintiffs from evaluating the applicability of any claimed privilege.

24  *Id*.

25      Plaintiff respectfully requests that the Court order Defendant to produce the

26

27  [7] C.D. Cal. Local Rule 37-2.1 provides that "[t]he stipulation may not refer the Court
to any other documents." As such, Plaintiff does not attach the documents produced

28  by Defendant to this filing.

16

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
PLAINTIFF ADINA RINGLER'S NOTICE OF MOTION AND MOTION TO COMPEL

following within one (1) day of the Court's Order:

1. The conjoint studies discussed in JMS_0000147, JMS_0001488, JMS_0002407, JMS_0002750, JMS_0002043, JMS_0002551, and JMS_0002861;

2. The studies and data discussed in JMS_0001310–1353 and JMS_0002154;

3. Attachments and documents referenced in JMS_0000115, JMS_0000438–439, JMS_0000658–659, JMS_0000912, JMS_0003312–3384, JMS_0003295–3308, JMS_0003390–3403, JMS_0003409–3463, JMS_0003468–3497; and

4. The full email chain and attachments referenced in JMS_0000671–674.

To the extent any documents are being withheld on the basis of privilege, Plaintiff requests that the Court order Defendant to produce a privilege log within one (1) days of the Court's Order. To the extent any responsive documents no longer exist or are not in Defendant's possession, Plaintiff requests that the Court order Defendant to provide a declaration to Plaintiffs within one (1) day confirming that it conducted a good faith search and that no responsive documents were found.

**E. Defendant's Failure to Produce Document Retention Policies**

**RFP No. 42:**

All company document retention and destruction policies in effect for the past 10 years.

**Third Supplemental Response to RFP No. 42:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant

17

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
PLAINTIFF ADINA RINGLER'S NOTICE OF MOTION AND MOTION TO COMPEL

objects to the phrase "document retention and destruction policies" as vague, ambiguous, and undefined. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**Plaintiff's Contention Regarding Request No. 42:**

Defendant has refused to produce its document retention policies in response to RFP No. 42. However, document retention policies are generally discoverable. *See, e.g., Sharma v. BMW of N. Am. LLC*, No. 13-cv-02274-MMC (KAW), 2016 WL 1019668, at *4 (N.D. Cal. Mar. 15, 2016) (finding the information relevant as the "document retention policies may help Plaintiffs determine the universe of responsive documents and evaluate any gaps in document production"); *Patrick McMorrow, et al., v. Mondelez International, Inc.*, 2019 WL 3852498, at *3 (S.D. Cal., Apr. 19, 2019) (finding the "moving party need only demonstrate that production of the non-moving party's document retention policies would enable it to determine the universe of responsive documents, evaluate the completeness of the existing document production, identify any gaps in document production, and craft targeted discovery requests to efficiently obtain any missing records") (citing *Sharma*, 2016 WL 1019668, at *4 and *In re Takata Airbag Prod. Liab. Litig.*, 2017 WL 8812734, *6 (S.D. Fla. July 5, 2017)); *see also Hawkins v. Kroger Company*, 2019 WL 4416132, at *12 (S.D. Cal. Sept. 16, 2019) (granting motion to compel production of document retention policies); *Cholakyan v. Mercedes-Benz USA, LLC*, No. CV 10-5944 MMM (JC), 2011 WL 7575379, at *15 (C.D. Cal. Dec. 20, 2011) (ordering production of the defendant's document retention policy during the class period).

Here, the production of Defendant's document retention policies will enable Plaintiff to determine the universe of responsive documents and identify any gaps in Defendant's document production. Accordingly, Plaintiff respectfully requests that the Court compel Defendant to produce its document retention policies in response to RFP No. 42.

**F.** **The Court Should Order Defendant to Pay Plaintiff's Reasonable Attorneys' Fees**

The Court should impose discovery sanctions and require Defendant to pay Plaintiff's reasonable attorneys' fees incurred in connection with this Motion. *See* Fed. R. Civ. P. 37(a)(5). For more than seven months, Plaintiff diligently and in good faith sought responsive documents without court intervention. To date, Defendant has produced only 1,562 documents, despite representing that approximately 54,000 additional documents may exist, leaving Plaintiffs without critical discovery less than one month before their class certification motion is due. *See* Klein Decl., ¶ 4. Defendant cannot show that its failure to produce is substantially justified, particularly where it relies on search term limitations to withhold documents it previously agreed to produce, and where it previously represented that search terms could be revisited following Plaintiff's review of Defendant's production. Defendant's conduct has required Plaintiff to expend substantial time and resources to obtain relevant discovery, and Defendant further increased those costs by refusing to sign the fully drafted joint stipulation pursuant to Local Rule 37-2.2. If sanctions are awarded, Plaintiff will submit detailed time records supporting her request for attorneys' fees.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's motion to compel and order Defendant to produce all responsive documents within one (1) day of the Court's Order.

Dated: January 23, 2026                      CROSNER LEGAL, P.C.

                                             By:    */s/ Lilach H. Klein*
                                             _____
                                                    Lilach H. Klein

                                             9440 Santa Monica Blvd. Suite 301
                                             Beverly Hills, CA 90210
                                             Tel: (866) 276-7637

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fax: (310) 510-6429
lilach@crosnerlegal.com

*Attorneys for Plaintiffs and the Proposed Class*

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
PLAINTIFF ADINA RINGLER'S NOTICE OF MOTION AND MOTION TO COMPEL

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this brief contains 5,029 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 23, 2026                          CROSNER LEGAL, P.C.

                                                 By:      /s/  *Lilach H. Klein*
                                                          LILACH H. KLEIN

21