# **EXHIBIT 1**

**CROSNER LEGAL, P.C.**
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

***Attorneys for Plaintiff and the Proposed Class***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADINA RINGLER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH(KESx)<br><br>**PLAINTIFF ADINA RINGLER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE J.M. SMUCKER COMPANY** |

DEMANDING PARTY: PLAINTIFF ADINA RINGLER

RESPONDING PARTY: DEFENDANT THE J.M. SMUCKER COMPANY

SET NUMBER: ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Civil Local Rule 34-1, Plaintiff Adina Ringler ("Plaintiff") hereby requests that Defendant The J.M. Smucker Company ("Defendant"), respond in writing to each of the Requests set forth herein and produce the requested Documents for inspection at the offices of Crosner Legal, P.C., 9440 Santa Monica Boulevard, Suite 301, Beverly Hills, California 90210 or via email to *lilach@crosnerlegal.com* and *mhouchin@crosnerlegal.com*, within 30 days after service of these Requests.

**DEFINITIONS**

The following definitions are incorporated by reference whenever applicable in this document:

1. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2. "Complaint" means Plaintiff's operative complaint in the above-captioned action.

3. "Concerning" means relating to, referring to, describing, evidencing, constituting, or containing.

4. "Consumer" means the end purchaser of any good or service.

5. "Defendant," "You," and "Your" mean The J.M. Smucker Company, and its officers, directors, trustees, agents, employees, staff members, and paid consultants; any predecessor, successor, parent, subsidiary, division, franchise, or affiliate; and any person acting on behalf of any of the aforementioned.

6. "Document" has the same meaning as "documents or electronically stored information" as used in Rule 34(a)(1)(A). *See also* FED. R. CIV. P. 34 advisory committee's notes to 2006 Amendment, Subdivision (a) ("Rule 34(a)(1) is expansive and includes any type of information that is stored electronically. A common example often sought in discovery is electronic communications, such as e-mail. The rule covers—either as documents or as electronically stored information—

information 'stored in any medium,' to encompass future developments in computer technology. Rule 34(a)(1) is intended to be broad enough to cover all current types of computer-based information, and flexible enough to encompass future changes and developments."). A draft or non-identical copy of a Document is a separate Document within the meaning of this term.

7. "Market," "Marketed," "Marketing," and "Marketing Materials" refer to the use of any print advertisement, internet advertisement, social media statement or advertisement, radio advertisement, television advertisement, billboard, banner advertisement, Website, letter, postcard, brochure, pamphlet, packaging, offer, placard, in-store display, or other attempt, effort, or process that conveys any information, invitation, or offer to any Person to Purchase, review, compare, or otherwise acquire any good or service.

8. "Net Sales" means gross sales revenue less returns, allowances, and discounts.

9. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10. "Product" means the Smucker's Natural Triple Berry Fruit Spread product, as identified in the Complaint.

11. "Purchase" means acquire for personal or household use for consideration including with or by cash, check, money order, refund, debit card, credit card, gift certificate, exchange, or store credit.

12. "Representation" or "Representations" mean the "natural," "made with ingredients FROM NATURAL SOURCES," and "No artificial flavors or colors" representations on the Product's labels.

13. "Revenue" means all monies received, including all compensation, premiums, recompense, reimbursement, restitution, remuneration, commissions, and salary.

14. "Website" means any internet site, uniform resource locator (URL), or World Wide Web address, including but not limited to any social media site such as Instagram, Twitter, or Facebook.

## INSTRUCTIONS

The following instructions apply to each of the Requests set forth below, and Plaintiff incorporates them in each of the Requests:

1. You are to respond to these Requests separately and fully in writing within 30 days of the date of service Fed. R. Civ. P. 34(b)(2)(A).

2. Pursuant to Civil Local Rule 34-1, "[a] response to a request for production or inspection made pursuant to Fed. R. Civ. P. 34(a) must set forth each request in full before each response or objection."

3. Pursuant to Rule 34(b)(2)(B), "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."

4. Pursuant to Rule 34(b)(2)(C), "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection," and "[a]n objection to part of a request must specify the part and permit inspection of the rest."

5. Pursuant to Rule 34(b)(2)(D), if Defendant "objects to a requested form—or if no form was specified in the request—[Defendant] must state the form or forms it intends to use."

6. Pursuant to Rule 34(b)(2)(E), please organize and label the Documents You produce so as to indicate the request or requests to which they respond.

7. You have a continuing duty to supplement or correct all responses pursuant to Federal Rule of Civil Procedure 26(e).

8. Each Request below extends to any Documents in the possession, custody, or control of Defendant. A Document is deemed to be in Defendant's possession, custody, or control (1) if it is in Defendant's physical custody or (2) if it

is in the physical custody of any other Person and Defendant: (a) owns such Document in whole or in part; (b) has a right by contract, statute, or otherwise to use, inspect, examine, or copy such Document on any terms; (c) has an understanding, express or implied, that Defendant may use, inspect, examine, or copy such Document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine, or copy such Document when Defendant has sought to do so. Such Documents shall include, without limitation, Documents that are in the custody of Defendant's attorneys or other agents.

9. In responding to these Requests, Defendant is requested to furnish all Electronically Stored Information ("ESI") in TIFF images and full text with an accompanying image load file (unitization file) and associated metadata cross-reference files. To the extent that ESI is not reasonably readable, usable, fully understandable, or easily converted in TIFF image format, then please produce the subject ESI in its native format, with all associated metadata, and linked to a TIFF image; examples include, but are not limited to, spreadsheets, presentations, and databases. Encrypted or password-protected ESI should be produced in a form permitting them to be reviewed. Microsoft Excel files should be produced in their native format.

10. Whenever the requested Documents exist in both electronic and hard copy format, electronic copies may be produced provided said electronic copies reflect all information found on the hard copies.

11. If You object to any Request, specify the part to which You object, state Your objection(s), state all factual and legal justifications which support Your objection(s), and respond to the remainder of the Request to which You do not object.

12. If You contend that any requested Documents or information are protected by the attorney-client privilege, the attorney work product doctrine, or any

other legally recognized privilege, please comply with Federal Rule of Civil Procedure 26(b)(5), which states: "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

13. Plaintiff requests that Defendant produce each Document that is responsive to Plaintiff's Requests, along with all drafts thereof, in its entirety without abbreviation or redaction. If any portion of a Document is responsive to the Request, the entire Document shall be produced, including all attachments thereto.

14. The omission of any Documents or things from Your responses shall be deemed a representation that such Documents and things are not known to You, Your agents, counsel, or other representatives at the time of the service of the responses or thereafter. Pursuant to Federal Rule of Civil Procedure 37, Plaintiff may, before or at the time of hearing, move the Court for an order excluding from evidence all tangible or intangible Documents or things that were known to Defendant at the time of its responses to these Requests but not disclosed in its responses thereto.

15. These rules of interpretation or construction apply to all Requests:

(i) The terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the Request itself.

(ii) The terms "all," "any," and "each" shall be construed as encompassing any and all.

(iii) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the

scope of the Request all responses that might otherwise be construed to be outside of its scope.

(iv) The use of the singular form of any word includes the plural and vice versa.

(v) Verb tenses shall be interpreted to include past, present, and future tenses.

(vi) References to a gender shall be interpreted to include the masculine, feminine, and neuter.

(vii) The word "including" should be read as "including but not limited to" and the word "includes" should be read as "includes but is not limited to."

**RELEVANT TIME PERIOD**

The relevant time period for each Request, unless otherwise indicated, is from February 10, 2021, to the present, and it shall include all Documents and information relating to such period even though prepared, published, sent, or received, in whole or in part, prior to that period (the "Relevant Time Period").

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1.**

Color copies of all Product labels and Product packaging in use at any time during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 2.**

All Documents identifying the geographic areas and time periods in which You used each Product label and Product packaging produced in response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 3.**

All Documents identifying the Persons who created and/or developed each Product label and Product packaging produced in response to Request for Production

No. 1.

**REQUEST FOR PRODUCTION NO. 4.**

All contents (including video content) of www.smuckers.com during the Relevant Time Period which relate to the Product.

**REQUEST FOR PRODUCTION NO. 5.**

All contents (including video content) of any and every print advertisement or social media platform hosted directly or indirectly by You (including but not limited to Facebook, Instagram, Twitter, YouTube, etc.) at any time during the Relevant Time Period, which relate to the Product.

**REQUEST FOR PRODUCTION NO. 6.**

All Documents constituting, showing, or discussing any Communications between You and any Person or third party (including but not limited to brand ambassadors, influencers, and/or bloggers) relating to any public relations and/or Marketing for the Product (including but not limited to influencer outreach collateral and campaign briefs).

**REQUEST FOR PRODUCTION NO. 7.**

Organizational charts identifying any of Defendant's employees and/or agents involved in creating labeling, Marketing Materials, and/or Websites related to the Product.

**REQUEST FOR PRODUCTION NO. 8.**

Documents identifying any Person other than Your employees and/or agents involved in creating labeling, Marketing Materials, and/or Websites for the Product.

**REQUEST FOR PRODUCTION NO. 9.**

Documents sufficient to identify all SKUs and UPCs (by year, if applicable) for the Product sold during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 10.**

All Documents Concerning Defendant's decision(s) to place, reason(s) for

placing, and basis for placing any Representation on the labeling and packaging of the Product, in any Marketing Materials, and/or Websites related to the Product.

**REQUEST FOR PRODUCTION NO. 11.**

All Documents and Communications among Your employees or between You and any third party regarding the use, in connection with the Product, of any Representation or any variations thereof.

**REQUEST FOR PRODUCTION NO. 12.**

All Documents Concerning any anticipated or actual benefits derived or to be derived from the placement of any Representation on the packaging of the Product, in any Marketing Materials, and/or on any Websites, including any effects or anticipated effects on prices charged for the Product by Defendant or by retailers.

**REQUEST FOR PRODUCTION NO. 13.**

All Documents Concerning Consumer understanding of or response to any Representation, including but not limited to Consumer surveys and Marketing analyses, whether prepared by You, on Your behalf, or by third parties.

**REQUEST FOR PRODUCTION NO. 14.**

All Documents Concerning any study or analysis with respect to the use in Marketing and/or labeling of any Representation.

**REQUEST FOR PRODUCTION NO. 15.**

All Documents Concerning any Consumer or third-party complaints, questions, or confusion regarding any Representation on the packaging of the Product, in any Marketing Materials, and/or on any Websites, and any response(s) by You thereto.

**REQUEST FOR PRODUCTION NO. 16.**

Documents sufficient to show all ingredients in the Product and the source of each ingredient during the Relevant Time Period, including any changes in the ingredients (and specifying which ingredients changed and the dates of those

changes by month, day, and year).

**REQUEST FOR PRODUCTION NO. 17.**

Documents sufficient to show the formulation of the Product during the Relevant Time Period, including any changes during that period.

**REQUEST FOR PRODUCTION NO. 18.**

All Documents Concerning the manufacturing, manufacturing process, and/or creation of the Product during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 19.**

All Documents Concerning citric acid, including citric acid in the Product.

**REQUEST FOR PRODUCTION NO. 20.**

All Documents Concerning the presence, function, role, and effect of citric acid in the Product during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 21.**

All Safety Data Sheets (SDS) or Material Safety Data Sheets (MSDS) in Your possession for citric acid.

**REQUEST FOR PRODUCTION NO. 22.**

All Safety Data Sheets (SDS) or Material Safety Data Sheets (MSDS) in Your possession for any mixtures in which citric acid is listed as an ingredient.

**REQUEST FOR PRODUCTION NO. 23.**

All Documents Concerning microbial fermentation using *Aspergillus niger*.

**REQUEST FOR PRODUCTION NO. 24.**

All Documents and Communications exchanged between You and any supplier(s) of citric acid used in the Product.

**REQUEST FOR PRODUCTION NO. 25.**

All Document Concerning Your purchasing records for citric acid used in the Product.

**REQUEST FOR PRODUCTION NO. 26.**

Documents sufficient to identify all of Your suppliers of the citric acid used in the Product during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 27.**

All Documents Concerning any quality evaluations of the Product, where those evaluations mention citric acid.

**REQUEST FOR PRODUCTION NO. 28.**

All Documents Concerning any testing or analysis of citric acid in the Product.

**REQUEST FOR PRODUCTION NO. 29.**

All Documents Concerning Consumer perceptions of citric acid.

**REQUEST FOR PRODUCTION NO. 30.**

All scientific tests, if any, conducted by You or at Your direction Concerning the Product.

**REQUEST FOR PRODUCTION NO. 31.**

Documents sufficient to identify each and every retailer in California and the United States to whom Defendant sold the Product.

**REQUEST FOR PRODUCTION NO. 32.**

Documents sufficient to identify all avenues and/or means by which You sell the Product directly to Consumers, including but not limited to Websites.

**REQUEST FOR PRODUCTION NO. 33.**

With respect to the Product, produce, for each month during the Relevant Time Period, Documents sufficient to identify:

(i) monthly unit sales volume in California and nationwide,

(ii) average wholesale price per unit in California and nationwide,

(iii) average retail price per unit in California and nationwide,

(iv) monthly gross sales amount in California and nationwide,

(v) monthly Net Sales amount in California and nationwide,

(vi) monthly Revenue in California and nationwide,

(vii) monthly profits in California and nationwide, and

(viii) monthly losses in California and nationwide.

**REQUEST FOR PRODUCTION NO. 34.**

All Documents that reflect or discuss IRI, SPINS, and AC Nielson reports and data Concerning the Product during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 35.**

All Documents that discuss, refer to, or otherwise reflect the rationale(s) for pricing the Product at its given price point at any time during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 36.**

All Documents concerning the prices charged by Your competitors for similar Products.

**REQUEST FOR PRODUCTION NO. 37.**

All Documents, including but not limited to studies or analyses relating to any price increase, price premium, or amount of money consumers are willing to pay for the Product.

**REQUEST FOR PRODUCTION NO. 38.**

All Documents Concerning any price differential attributable to the presence or absence of any Representation on the Product's label.

**REQUEST FOR PRODUCTION NO. 39.**

All Documents that discuss, refer to, or otherwise reflect the ideal, potential, desired, or actual consumer demographic(s) for the Product.

**REQUEST FOR PRODUCTION NO. 40.**

All Documents Concerning Plaintiff Adina Ringler.

**REQUEST FOR PRODUCTION NO. 41.**

All Documents that Defendant obtains via subpoena in connection with the above-captioned action.

**REQUEST FOR PRODUCTION NO. 42.**

All company document retention and destruction policies in effect for the past 10 years.

**REQUEST FOR PRODUCTION NO. 43.**

All documents referred to or relied upon in responding to Plaintiff Adina Ringler's First Set of Interrogatories to Defendant.

**REQUEST FOR PRODUCTION NO. 44.**

All of Your insurance policies.

**REQUEST FOR PRODUCTION NO. 45.**

All Documents Concerning any legal or regulatory action brought against You anywhere in the United States in the past 10 years based upon a claim of false, misleading, or misrepresentative statements relating to the Product, or based upon a claim regarding the Product's Representations.

**REQUEST FOR PRODUCTION NO. 46.**

Submissions to or Documents received from any governmental or regulatory agency or entity relating to the labeling or packaging of the Product, including but not limited to proofs and sample labels and packages, inquiries, applications, requests for approval, approvals, rejections, amendments, directives, rulings, opinions, and any other correspondence related to any version or iteration of such labeling or packaging.

**REQUEST FOR PRODUCTION NO. 47.**

All Documents and Communications between You and the U.S. Food and Drug Administration or Federal Trade Commission that pertain in any way to the advertising, marketing, or labeling of the Product.

Date: May 13, 2025

CROSNER LEGAL, P.C.

/s/ *Lilach H. Klein*

Lilach H. Klein

9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
lilach@crosnerlegal.com

*Attorneys for Plaintiff and the Proposed Class*