# EXHIBIT 2

Ronald Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
300 North LaSalle Drive, Suite 4400
Chicago, Illinois 60654-3406
Telephone: +1 312-558-5600

Jared Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone: +1 305-910-0500

Shawn R. Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J. M. Smucker Company*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>THE J. M. SMUCKER COMPANY,<br><br>        Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>Hon. Anne Hwang<br><br>**DEFENDANT'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant The J. M. Smucker Company ("Defendant") hereby objects and responds to Plaintiff Adina Ringler's ("Plaintiff") First Set of Requests for Production of Documents as follows:

## PRELIMINARY STATEMENT

In making these responses, Defendant does not concede the relevance or materiality of any of the Requests for Production of Documents (the "Requests" and each, a "Request") propounded by Plaintiff. Defendant also does not concede the relevance or materiality of any of the subjects to which the Requests refer or relate. Defendant's objections and responses are made without waiver of any other objections as to competence, relevance, materiality, or admissibility of evidence, and without waiver of any objections as to competence, relevance, materiality, or admissibility as evidence, for any purpose, of any response to the Requests, and without waiver of Defendant's right to object on any grounds to the use of these objections and responses at any trial or hearing. No incidental or implied admissions of any kind are intended by the objections and responses herein. The fact that Defendant objects to or responds to any of the Requests should not be taken as an admission that Defendant accepts or admits the existence of any facts assumed by such Requests, nor should such a response be taken to constitute admissible evidence as to any such assumed facts. The fact that Defendant responds to part of or all of any of the Requests is not intended to be, and shall not be construed as, a waiver by Defendant of any part of any objection to any of the Requests.

Defendant's discovery and investigation of the subject matter of this litigation are presently ongoing and are not yet complete. Defendant's present objections and responses are based on information currently known to the individuals responding to discovery at this time. Defendant reserves the right to supplement, modify, or amend these objections and responses and to introduce at trial additional responsive information that may be subsequently discovered.

## GENERAL OBJECTIONS

1.    **Deadline to Respond.** Defendant objects to the Requests to the extent that the 30-day deadline for production is unduly burdensome, given the volume of documents requested.

2.    **Relevant Time Period Objection.** Defendant objects to the Requests to the extent that that the definition of the relevant time period is overbroad, is unduly burdensome, seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the Requests to the extent that they seek information remote in time to this litigation, information for purposes other than this litigation, or documents outside the period from February 10, 2021, through February 10, 2025. Notwithstanding the foregoing, Defendant will interpret the relevant time period to mean February 10, 2021 through September 8, 2025 for the purpose of responding to these Requests.

3.    **Defendant's Confidential Information Objection.** Defendant objects to the Requests to the extent that they seek Defendant's confidential or proprietary information, trade secrets, research, development, or commercial information, and/or any other competitively sensitive information. Defendant will produce information as governed by a stipulated protective order and agreed-to ESI protocol.

4.    **Relevance and Proportionality Objection.** Defendant objects to the Requests on the grounds that they seek information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Identification of any information in a response

does not constitute an admission by Defendant that such information is relevant or material to the action.

5.     **Privilege Objection.** Defendant objects to the Requests to the extent that they seek information protected by the attorney-client privilege, the attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure that may attach to the information requested. Defendant hereby claims any such applicable privileges. Defendant will not provide any information protected by any such privileges or immunities. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity recognized by law.

6.     **Specialized Expertise Objection.** Defendant objects to the Requests as premature to the extent that they seek responses that call for specialized-expert material and opinion.

7.     **Possession, Custody, or Control Objection.** Defendant objects to the Requests to the extent that they seek information not within Defendant's possession, custody, or control.

8.     **Third-Party Confidential-Information Objection.** Defendant objects to the Requests to the extent that they seek confidential or proprietary information, trade secrets, research, development, or commercial information, or any other competitively sensitive information belonging to a third party but entrusted to Defendant on conditions of confidentiality and nondisclosure, or the joint confidential information of Defendant and a third party. Defendant further objects to the Requests to the extent that they require the disclosure of information that would infringe upon the legitimate privacy rights of current or former employees, officers, or directors of Defendant or current or former affiliates, related companies, suppliers, subsidiaries, or other individuals, to the extent that such privacy rights and expectations are protected by law, contract, or public policy. Defendant also objects to the Requests to the extent that they seek third-party supplier or

DEFENDANT'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

4

CASE NO.: 2:25-cv-01138-AH-E

other information, disclosure of which would constitute an invasion of the privacy rights of those suppliers and other individuals and disclosure of which would require those individuals to be notified in advance of any disclosure of such information. Defendant will not produce any information protected by a third party's right of privacy in the absence of the written consent of the party whose privacy rights are at stake and unless and until the appropriate procedure required by law is followed.

9. **Legal Conclusion Objection.** Defendant objects to the Requests to the extent that they assume disputed facts or legal conclusions or purport to characterize facts. Defendant's responses or objections to any Requests should not be taken as an admission that Defendant accepts or admits such "facts," legal conclusions, or characterizations as set forth by that Request.

10. **Objection to Definitions of "Defendant," "You," and "Your."** Defendant objects to the definitions of the terms "Defendant," "You," and "Your" as vague, ambiguous, overbroad, unduly burdensome, and oppressive insofar as they include Defendant's "officers, directors, trustees, agents, employees, staff members, and paid consultants; any predecessor, successor, parent, subsidiary, division, franchise, or affiliate; and any person acting on behalf of any of the aforementioned." Defendant objects to these definitions to the extent that they include parties or entities outside Defendant's exclusive control, entities no longer in business, persons or entities that are otherwise not within the scope of discovery contemplated by Rules 26 and 33 of the Federal Rules of Civil Procedure, entities that possess no information relevant to this action, and/or third parties whose documents and information are equally accessible to Plaintiff or readily obtainable from public or other sources. Further, Defendant objects to these definitions as purporting to impose a greater burden on Defendant than is otherwise permissible under the law, including, without limitation, the Federal Rules of Civil Procedure. For purposes of responding to these Requests, Defendant will interpret the terms "Defendant" and "You" to refer to The J.M. Smucker Company.

11.     **Objection to Definitions of "Representation" and "Representations."** Defendant objects to the definitions of the terms "Representation" and "Representations" as vague, ambiguous, overbroad, and undefined. Defendant further objects to the definitions of these terms to the extent that they seek to impose a greater burden on Defendant than is otherwise permissible under the law, including, without limitation, the Federal Rules of Civil Procedure. Defendant also objects to these terms insofar as they seek documents that are not relevant to any adequately pled claim or any defense raised in this action and/or are not reasonably calculated to lead to the discovery of admissible evidence, including because the definitions include a "no artificial flavors or colors" representation with which Plaintiff does not take issue in her first amended complaint ("FAC"). For the purposes of responding to these requests, Defendant will interpret the terms "Representation" and "Representations" to refer only to the challenged representations described in the FAC (i.e., the "natural" and "made with ingredients from natural sources" representations). *See, e.g.*, First Am. Compl. ¶¶ 3, 11–15.

12.     **Reservation of Rights.** Defendant makes these responses to the best of its current knowledge, information, and belief. It reserves the right to produce and rely upon evidence, facts, documents, and information that have not yet been discovered, or the relevance of which has not yet been determined. Defendant also reserves the right to supplement or amend its responses to the Requests as discovery on the case develops. Defendant preserves all objections to the admissibility and relevance of any information produced in response to the Requests.

13.     **Reasonable Search.** Defendant will conduct a reasonable search for reasonably accessible custodial and non-custodial files where it would reasonably expect to find responsive documents or information, dated between February 10, 2021, and September 8, 2025, applying search terms to be agreed upon by the parties, and produce any responsive and non-privileged documents found through this reasonable search process. Defendant's custodians include the following persons: Caroline Bredemus,

Carrie Fisher, David Siciliano, Jennifer Gostkowski, Jennifer Washinger, and Steve Westphal. Defendant objects to these Requests as unduly burdensome to the extent that they purport to require anything else and will not review media that is not reasonably accessible in response to these Requests.

<strong>SPECIFIC RESPONSES AND OBJECTIONS</strong>

**REQUEST FOR PRODUCTION NO. 1:**

Color copies of all Product labels and Product packaging in use at any time during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is unduly burdensome and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents identifying the geographic areas and time periods in which You used each Product label and Product packaging produced in response to Request for Production No. 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised

1  in this action, and/or not reasonably calculated to lead to the discovery of admissible
2  evidence.

3      Subject to and without waiving the foregoing General and Specific Objections,
4  Defendant will produce non-privileged documents responsive to this Request, if any,
5  located after a reasonable search.

6  **REQUEST FOR PRODUCTION NO. 3:**

7      All Documents identifying the Persons who created and/or developed each Product
8  label and Product packaging produced in response to Request for Production No. 1.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10      Defendant hereby restates and incorporates the Preliminary Statement and General
11  Objections in full. Defendant further objects to this Request on the grounds that it is
12  overbroad, imposes an undue burden and expense upon Defendant in responding, and
13  seeks documents that are not relevant to any adequately pled claim or any defense raised
14  in this action, and/or not reasonably calculated to lead to the discovery of admissible
15  evidence.

16      Subject to and without waiving the foregoing General and Specific Objections,
17  Defendant will produce non-privileged documents responsive to this Request, if any,
18  located after a reasonable search.

19  **REQUEST FOR PRODUCTION NO. 4:**

20      All contents (including video content) of www.smuckers.com during the Relevant
21  Time Period which relate to the Product.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

23      Defendant hereby restates and incorporates the Preliminary Statement and General
24  Objections in full. Defendant further objects to this Request on the grounds that it is
25  overbroad, imposes an undue burden and expense upon Defendant in responding, and
26  seeks documents that are not relevant to any adequately pled claim or any defense raised
27  in this action, and/or not reasonably calculated to lead to the discovery of admissible

28

evidence because Plaintiff does not purport to have relied upon (or even viewed) content related to the Product on Defendant's website. *See generally* FAC. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce the contents of www.smuckers.com during the period of time relevant to this lawsuit that pertain to the Product and the Representations if any such contents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

All contents (including video content) of any and every print advertisement or social media platform hosted directly or indirectly by You (including but not limited to Facebook, Instagram, Twitter, YouTube, etc.) at any time during the Relevant Time Period, which relate to the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) print advertisements (other than the Product's labels) or social media platforms related to the Product. *See generally id.* Defendant objects to the phrase "hosted directly or indirectly by You" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce the contents of print advertisements and/or social media platforms

hosted by Smucker during the period of time relevant to this lawsuit that pertain to the Product and the Representations if any such contents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents constituting, showing, or discussing any Communications between You and any Person or third party (including but not limited to brand ambassadors, influencers, and/or bloggers) relating to any public relations and/or Marketing for the Product (including but not limited to influencer outreach collateral and campaign briefs).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent that the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "brand ambassadors," "influencers," "bloggers," "influencer outreach collateral," and "campaign briefs" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, sufficient to show communications between Defendant and third parties relating to public relations or marketing efforts that reference the Representations on the Product that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:**

Organizational charts identifying any of Defendant's employees and/or agents involved in creating labeling, Marketing Materials, and/or Websites related to the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the FAC purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. *See generally id.* Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "[o]rganizational charts" and "creating labeling, Marketing Materials, and/or Websites" as vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents identifying any Person involved in creating the Product's labels, if any, located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

Documents identifying any Person other than Your employees and/or agents involved in creating labeling, Marketing Materials, and/or Websites for the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised

in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the FAC purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. *See generally id.* Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrase "creating labeling, Marketing Materials, and/or Websites" as vague and ambiguous. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents identifying any Person involved in creating the Product's labels, if any, located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify all SKUs and UPCs (by year, if applicable) for the Product sold during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning Defendant's decision(s) to place, reason(s) for placing, and basis for placing any Representation on the labeling and packaging of the Product, in any Marketing Materials, and/or Websites related to the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. *See generally id.* Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting Defendant's decision(s) to place, reason(s) for placing, and basis for placing any Representation on the labeling and packaging of the Product that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications among Your employees or between You and any third party regarding the use, in connection with the Product, of any Representation or any variations thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "any variations thereof" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications, if any, regarding the use, in connection with the Product, of any Representation that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning any anticipated or actual benefits derived or to be derived from the placement of any Representation on the packaging of the Product, in any Marketing Materials, and/or on any Websites, including any effects or anticipated effects on prices charged for the Product by Defendant or by retailers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. *See generally id.* Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "to be derived from," and "effects or anticipated effects on prices charged" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, that reflect anticipated or actual benefits derived from the placement of any Representation on the Product's packaging that are located after a reasonable search.

1

**REQUEST FOR PRODUCTION NO. 13:**

2

All Documents Concerning Consumer understanding of or response to any

3

Representation, including but not limited to Consumer surveys and Marketing analyses,

4

whether prepared by You, on Your behalf, or by third parties.

5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

6

Defendant hereby restates and incorporates the Preliminary Statement and General

7

Objections in full. Defendant further objects to this Request to the extent the information

8

requested is not confined to any specific time period and is not narrowly tailored in scope.

9

Defendant also objects to this Request on the grounds that it is overbroad, imposes an

10

undue burden and expense upon Defendant in responding, and seeks documents that are

11

not relevant to any adequately pled claim or any defense raised in this action, and/or not

12

reasonably calculated to lead to the discovery of admissible evidence.

13

Subject to and without waiving the foregoing General and Specific Objections,

14

Defendant will produce non-privileged documents, if any, concerning consumer

15

understanding of or response to the Representations on the Product that are located after

16

a reasonable search.

17

**REQUEST FOR PRODUCTION NO. 14:**

18

All Documents Concerning any study or analysis with respect to the use in

19

Marketing and/or labeling of any Representation.

20

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

21

Defendant hereby restates and incorporates the Preliminary Statement and General

22

Objections in full. Defendant further objects to this Request to the extent the information

23

requested is not confined to any specific time period and is not narrowly tailored in scope.

24

Defendant also objects to this Request on the grounds that it is overbroad, imposes an

25

undue burden and expense upon Defendant in responding, and seeks documents that are

26

not relevant to any adequately pled claim or any defense raised in this action, and/or not

27

reasonably calculated to lead to the discovery of admissible evidence.

28

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning any Consumer or third-party complaints, questions, or confusion regarding any Representation on the packaging of the Product, in any Marketing Materials, and/or on any Websites, and any response(s) by You thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. *See generally id.* Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting consumer or third-party complaints, questions, or confusion regarding any Representation on the packaging of the Product that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show all ingredients in the Product and the source of each ingredient during the Relevant Time Period, including any changes in the ingredients (and specifying which ingredients changed and the dates of those changes by month, day, and year).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information about ingredients in the Product other than citric acid. Defendant objects to the phrases "source of each ingredient" and "changes in the ingredients" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, sufficient to show the use (including any changes in usage) and source of citric acid in the Product that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show the formulation of the Product during the Relevant Time Period, including any changes during that period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "formulation" and "changes" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks the production of confidential, proprietary, or trade secret information.

DEFENDANT'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

17

CASE NO.: 2:25-cv-01138-AH-E

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning the manufacturing, manufacturing process, and/or creation of the Product during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because the manufacturing, manufacturing process, and/or creation of the Product is not at issue in this case. Defendant objects to the terms and/or phrases "manufacturing," "manufacturing process," and "creation of the Product" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning the manufacture of the Product and also referencing citric acid, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning citric acid, including citric acid in the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are

not relevant to any adequately pled claim or any defense raised in this action, and/or not
reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections,
Defendant will produce non-privileged documents, if any, concerning citric acid in the
Product that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Concerning the presence, function, role, and effect of citric acid in
the Product during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant hereby restates and incorporates the Preliminary Statement and General
Objections in full. Defendant further objects to this Request on the grounds that it is
overbroad, imposes an undue burden and expense upon Defendant in responding, and
seeks documents that are not relevant to any adequately pled claim or any defense raised
in this action, and/or not reasonably calculated to lead to the discovery of admissible
evidence. Defendant objects to the terms "presence," "function," "role," and "effect" as
vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections,
Defendant will produce non-privileged documents concerning the function of citric acid
in the Product during the period of time relevant to this lawsuit, if any, that are located
after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

All Safety Data Sheets (SDS) or Material Safety Data Sheets (MSDS) in Your
possession for citric acid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant hereby restates and incorporates the Preliminary Statement and General
Objections in full. Defendant further objects to this Request to the extent the information
requested is not confined to any specific time period and is not narrowly tailored in scope.

Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to the citric acid used in the Product that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

All Safety Data Sheets (SDS) or Material Safety Data Sheets (MSDS) in Your possession for any mixtures in which citric acid is listed as an ingredient.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to any mixtures in which the citric acid used in the Product is listed as an ingredient that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Concerning microbial fermentation using *Aspergillus niger*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications exchanged between You and any supplier(s) of citric acid used in the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "supplier(s) of" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications exchanged between Defendant and its supplier(s) of citric acid for the Product during the period of

time relevant to this lawsuit that pertain to the use of citric acid in the Product and/or the Representations, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 25:**

All Document Concerning Your purchasing records for citric acid used in the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "purchasing records" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to identify all of Your suppliers of the citric acid used in the Product during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Concerning any quality evaluations of the Product, where those evaluations mention citric acid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents Concerning any testing or analysis of citric acid in the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects

to the terms "testing" and "analysis" and the phrase "testing or analysis of citric acid in the Product" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Concerning Consumer perceptions of citric acid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "Consumer perceptions of citric acid" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:**

All scientific tests, if any, conducted by You or at Your direction Concerning the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an

undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning scientific tests of citric acid used in the Product that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to identify each and every retailer in California and the United States to whom Defendant sold the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to identify all avenues and/or means by which You sell the Product directly to Consumers, including but not limited to Websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope.

Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "avenues and/or means" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 33:**

With respect to the Product, produce, for each month during the Relevant Time Period, Documents sufficient to identify:

(i) monthly unit sales volume in California and nationwide,

(ii) average wholesale price per unit in California and nationwide,

(iii) average retail price per unit in California and nationwide,

(iv) monthly gross sales amount in California and nationwide,

(v) monthly Net Sales amount in California and nationwide,

(vi) monthly Revenue in California and nationwide,

(vii) monthly profits in California and nationwide, and

(viii) monthly losses in California and nationwide.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to and without waiving the foregoing General and Specific Objections,

2    Defendant will produce non-privileged documents responsive to this Request, if any, that

3    are in Defendant's possession and are located after a reasonable search.

4    **REQUEST FOR PRODUCTION NO. 34:**

5    All Documents that reflect or discuss IRI, SPINS, and AC Nielson reports and data

6    Concerning the Product during the Relevant Time Period.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

8    Defendant hereby restates and incorporates the Preliminary Statement and General

9    Objections in full. Defendant further objects to this on the grounds that it is overbroad,

10    imposes an undue burden and expense upon Defendant in responding, and seeks

11    documents that are not relevant to any adequately pled claim or any defense raised in this

12    action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

13    Subject to and without waiving the foregoing General and Specific Objections,

14    Defendant will produce non-privileged documents responsive to this Request, if any, that

15    are in Defendant's possession and are located after a reasonable search.

16    **REQUEST FOR PRODUCTION NO. 35:**

17    All Documents that discuss, refer to, or otherwise reflect the rationale(s) for pricing

18    the Product at its given price point at any time during the Relevant Time Period.

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

20    Defendant hereby restates and incorporates the Preliminary Statement and General

21    Objections in full. Defendant further objects to this Request on the grounds that it is

22    overbroad, imposes an undue burden and expense upon Defendant in responding, and

23    seeks documents that are not relevant to any adequately pled claim or any defense raised

24    in this action, and/or not reasonably calculated to lead to the discovery of admissible

25    evidence.

26    Subject to and without waiving the foregoing General and Specific Objections,

27    Defendant will produce non-privileged documents, if any, reflecting the rationale(s) for

28

pricing the Product and referencing the Representations that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning the prices charged by Your competitors for similar Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "competitors" and "similar Products" as vague, ambiguous, and undefined. Additionally, Defendant objects to this Request insofar as it seeks information equally available to Plaintiff.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents sufficient to show prices charged for Welch's Natural Fruit Spread, Polaner All Fruit, Crofter's Just Fruit, St. Dalfour 100% Fruit, Bonne Maman Fruit Spreads, Hero Premium Fruit Spreads, Cascadian Farm Organic Fruit Spreads, 365 by Whole Foods Market Organic Fruit Spreads, Trader Joe's Organic Fruit Spreads, and Kirkland Signature Organic Strawberry Spread[1], if any, located after a reasonable search.

---

[1] The products listed in this response were provided by Plaintiff's counsel following an October 1, 2025 meet and confer between the parties as products that Plaintiff's counsel consider to be "similar" to the Product at issue in this action. By incorporating these specific products into its response to this Request, Defendant is not conceding that these products are "similar" to the Product at issue and reserves all rights to object to any such characterizations.

DEFENDANT'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

28

CASE NO.: 2:25-cv-01138-AH-E

**REQUEST FOR PRODUCTION NO. 37:**

All Documents, including but not limited to studies or analyses relating to any price increase, price premium, or amount of money consumers are willing to pay for the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, referencing any Representation and reflecting any price increases, price premium, or amount of money consumers are willing to pay for the Product that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents Concerning any price differential attributable to the presence or absence of any Representation on the Product's label.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects

to the phrases "price differential" and "attributable to" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting the Product's pricing and referencing any Representation that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents that discuss, refer to, or otherwise reflect the ideal, potential, desired, or actual consumer demographic(s) for the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "ideal," "potential," "desired," when modifying the phrase "consumer demographic(s)" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, discussing, referring to, or reflecting consumer demographic(s) for the Product that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Concerning Plaintiff Adina Ringler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information

DEFENDANT'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

30

CASE NO.: 2:25-cv-01138-AH-E

requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning Plaintiff Adina Ringler.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents that Defendant obtains via subpoena in connection with the above-captioned action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full.

Subject to and without waiving the foregoing General and Specific Objections, to the extent that Defendant obtains documents via subpoena in connection with the above-captioned matter, Defendant will produce them in accordance with the applicable rules.

**REQUEST FOR PRODUCTION NO. 42:**

All company document retention and destruction policies in effect for the past 10 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery

DEFENDANT'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

31

CASE NO.: 2:25-cv-01138-AH-E

1   of admissible evidence. Defendant objects to the phrase "document retention and

2   destruction policies" as vague, ambiguous, and undefined.

3       Based on the foregoing General and Specific Objections, Defendant will not

4   produce documents responsive to this Request.

5   **REQUEST FOR PRODUCTION NO. 43:**

6       All documents referred to or relied upon in responding to Plaintiff Adina Ringler's

7   First Set of Interrogatories to Defendant.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

9       Defendant hereby restates and incorporates the Preliminary Statement and General

10  Objections in full.

11      Subject to and without waiving the foregoing General and Specific Objections,

12  Defendant will produce non-privileged documents it referred to or relied upon in

13  responding to Plaintiff's First Set of Interrogatories.

14  **REQUEST FOR PRODUCTION NO. 44:**

15      All of Your insurance policies.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

17      Defendant hereby restates and incorporates the Preliminary Statement and General

18  Objections in full. Defendant further objects to this Request to the extent the information

19  requested is not confined to any specific time period and is not narrowly tailored in scope.

20  Defendant also objects to this Request on the grounds that it is overbroad, imposes an

21  undue burden and expense upon Defendant in responding, and seeks documents that are

22  not relevant to any adequately pled claim or any defense raised in this action, and/or not

23  reasonably calculated to lead to the discovery of admissible evidence.

24      Subject to and without waiving the foregoing General and Specific Objections,

25  Defendant has not identified any insurance policies applicable to the claims asserted in

26  Plaintiff's FAC and therefore will not produce documents responsive to this Request.

27

28

**REQUEST FOR PRODUCTION NO. 45:**

All Documents Concerning any legal or regulatory action brought against You anywhere in the United States in the past 10 years based upon a claim of false, misleading, or misrepresentative statements relating to the Product, or based upon a claim regarding the Product's Representations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrases "legal or regulatory action brought against You" and "based upon a claim" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning legal or regulatory actions brought against Defendant in the United States in the past 10 years based upon a claim of false, misleading, or misrepresentative statements relating to the Representations, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 46:**

Submissions to or Documents received from any governmental or regulatory agency or entity relating to the labeling or packaging of the Product, including but not limited to proofs and sample labels and packages, inquiries, applications, requests for approval, approvals, rejections, amendments, directives, rulings, opinions, and any other correspondence related to any version or iteration of such labeling or packaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "labeling," "packaging," "proofs and sample labels and packages," "inquiries," "applications," "requests for approval," "approvals," "rejections," "amendments," "directives," "rulings," "opinions," and "any version or iteration of" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged submissions to or documents received from any governmental or regulatory agency or entity relating to the Representations on the Product, if any, that are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications between You and the U.S. Food and Drug Administration or Federal Trade Commission that pertain in any way to the advertising, marketing, or labeling of the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery

of admissible evidence. Defendant objects to the terms and/or phrases "pertain in any way" and "labeling" as vague, ambiguous, and undefined.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications between Defendant and the U.S. Food and Drug Administration or Federal Trade Commission pertaining to the Representations on the Product, if any, that are located after a reasonable search.

Dated: November 7, 2025                          WINSTON & STRAWN LLP

                                                 By: */s/ Ronald Y. Rothstein*
                                                 Ronald Y. Rothstein (*pro hac vice*)
                                                 RRothste@winston.com
                                                 WINSTON & STRAWN LLP
                                                 300 North LaSalle Drive, Suite 4400
                                                 Chicago, IL 60654-3406
                                                 Telephone: +1 312-558-5600

                                                 Jared Kessler (*pro hac vice*)
                                                 JRKessler@winston.com
                                                 WINSTON & STRAWN LLP
                                                 200 South Biscayne Boulevard, Suite 2400
                                                 Miami, FL 33131
                                                 Telephone: +1 305-910-0500

                                                 Shawn R. Obi (SBN: 288088)
                                                 SObi@winston.com
                                                 WINSTON & STRAWN LLP
                                                 333 South Grand Avenue, Suite 3800
                                                 Los Angeles, CA 90071
                                                 Telephone: +1 213-615-1700

                                                 *Attorneys for Defendant*
                                                 *The J. M. Smucker Company*

# CERTIFICATE OF SERVICE
### United States District Court for the Central District of California
### *Adina Ringler et al. vs. The J. M. Smucker Company*
### Case No. 2:25-cv-01138-AH-E

I served the following document(s):

**DEFENDANT'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☒    **EMAIL**: by electronically transmitting copy(ies) of the document(s) listed above via email to the addressee(s) as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order.

Craig W. Straub
Lilach H. Klein
Michael T.  Houchin
Zachary Crosner
CROSNER LEGAL, PC
9440 Santa Monica Blvd., Ste. 301
Beverly Hills, CA  90210
craig@crosnerlegal.com
lilach@crosnerlegal.com
mhouchin@crosnerlegal.com
zach@crosnerlegal.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Signed: */s/ Peyton Sherwood*

Dated:  November 7, 2025

CERTIFICATE OF SERVICE
CASE NO. 2:25-cv-01138-AH-E

1