# EXHIBIT 3

1  **CROSNER LEGAL, P.C.**
   Craig W. Straub (SBN 249032)
2  *craig@crosnerlegal.com*
   Lilach H. Klein (SBN 323202)
3  *lilach@crosnerlegal.com*
4  Michael T. Houchin (SBN 305541)
   *mhouchin@crosnerlegal.com*
5  Zachary M. Crosner (SBN 272295)
6  *zach@crosnerlegal.com*
   9440 Santa Monica Blvd. Suite 301
7  Beverly Hills, CA 90210
8  Tel: (866) 276-7637
   Fax: (310) 510-6429
9
10 *Attorneys for Plaintiffs and the Proposed Class*
11
                **UNITED STATES DISTRICT COURT**
12
                **CENTRAL DISTRICT OF CALIFORNIA**
13
14
   ADINA RINGLER, KRISTA ROBLES,        Case No. 2:25-cv-01138-AH-E
15 JAY SMITH, and JANA
   RABINOWITZ, individually and on      **DISCOVERY MATTER**
16 behalf of all others similarly situated,
17                                       **JOINT STIPULATION RE.**
                     Plaintiffs,         **PLAINTIFF ADINA RINGLER'S**
18                                       **MOTION TO COMPEL**
19         v.
                                         Date:   February 13, 2026
20                                       Time:  9:30 a.m.
   THE J.M. SMUCKER COMPANY,             Ctrm:  750
21                                       Judge: Hon. Charles F. Eick
                     Defendant.
22
23                                       Action Filed:       Feb. 10, 2025
24                                       Discovery Cutoff:   Sept. 30, 2026
                                         Pretrial Conference: Feb. 3, 2027
25                                       Trial Date:         Feb. 23, 2027
26
27
28

# **TABLE OF CONTENTS**

1   Pursuant to Fed. R. Civ. P. 37 and Local Rule 37-2, Plaintiff Adina Ringler
2   ("Plaintiff") respectfully submits the following Joint Stipulation regarding
3   Plaintiff's Motion to Compel production of documents from Defendant The J.M.
4   Smucker Co. ("Defendant"). Pursuant to Local Rule 37-1, the parties met and
5   conferred via videoconference on August 11, 2025,  August 13, 2025, September
6   10, 2025, October 1, 2025, October 14, 2025, October 23, 2025, and January 9, 2026.

## I.    INTRODUCTION

### a.  Plaintiff's Introductory Statement

9       Plaintiff Ringler served Requests for Production of Documents on Defendant
10  on May 13, 2025. *See* Declaration of Lilach H. Klein, *filed concurrently herewith*
11  ("Klein Decl.), at ¶ 2. Defendant served its initial responses on June 23, 2025,
12  followed by amended responses on July 18, 2025, second supplemental responses
13  on October 8, 2025, and third supplemental responses on November 7, 2025. *Id.*, ¶
14  3. More than seven (7) months after Plaintiff first served her discovery requests, on
15  December 30, 2025, Defendant completed its final document production consisting
16  of only 1,562 documents in this consumer protection class action case, many of
17  which were duplicates. *Id.*, ¶ 4.

18      During that seven-month period, the Parties engaged in no less than seven (7)
19  separate meet and confer videoconferences regarding Defendant's deficient
20  responses, search terms, and document production, and exchanged multiple drafts of
21  proposed search terms. *Id.*, ¶ 5. During those conferences, Defendant's counsel
22  dismissed Plaintiffs' concerns regarding Defendant's proposed search terms as
23  "premature," and insisted that any issues could be addressed after Plaintiffs reviewed
24  Defendant's document production. Id., ¶¶ 6-8.

25      Plaintiffs did exactly that. After reviewing Defendant's December 30, 2025
26  production, Plaintiffs identified significant deficiencies warranting additional
27  searches and further production. Id., ¶¶ 7-16. For example, Defendant did not
28  produce any documents reflecting its decision-making regarding (i) the formulation

1

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

of the Products with manufactured citric acid, (ii) the use of the terms "natural" and "made with ingredients from natural sources" on the Products' labels despite containing manufactured citric acid not extracted from natural fruits, or (iii) pre-launch testing of the Products. *Id*. Defendant also produced no documents containing the term "*Aspergillus niger*," even though Defendant's Rule 30(b)(6) witness testified that the citric acid used in the Products is manufactured using *Aspergillus niger*. *Id*. The absence of these core categories of documents demonstrates that the search terms used and limitations imposed by Defendant in its searches were plainly inadequate. For example, Plaintiffs learned that Defendant refers to the Products internally as the "natural" products. *Id*. As a result, Defendant's requirement to include the specific flavors of the Products in search terms (triple berry, strawberry, or raspberry) improperly excluded responsive documents. *Id*. Plaintiffs also discovered that Defendant imposed a temporal cutoff of February 10, 2021 on its searches, thereby excluding highly relevant documents reflecting Defendant's decision-making regarding the Products prior to their launch. *Id*.

Yet, when Plaintiffs requested that Defendant remedy these deficiencies by re-running several searches without certain limitations or by adding one custodian beyond the group Defendant unilaterally selected, Defendant outright refused. *Id*., at ¶ 17. Defendant has also refused to produce (1) unredacted versions of documents that Defendant unilaterally redacted as "non-responsive trade secret information," (2) documents expressly referenced in Defendant's production but never produced, including conjoint studies and other studies for which only results were produced, not the studies themselves, and (3) Defendant's document retention policies, which are necessary for Plaintiffs to understand the universe of potentially responsive documents and to assess whether Defendant's production is complete. *Id*. Defendant's refusal to conduct additional searches, produce additional responsive documents, or add even a single relevant custodian to its searches – all of which are directly relevant to RFPs it has already agreed to produce documents for – is

2

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

1    improper.

2          Plaintiffs' deadline to file a Motion for Class Certification is on February 25,

3    2026 – approximately one month away. *See* Klein Decl., ¶¶ 18, 20 & Ex. 2 [ECF

4    No. 68]. Plaintiffs cannot fairly and adequately prepare that motion without the

5    discovery to which they are entitled. *Id*. Accordingly, Plaintiff respectfully requests

6    that the Court order Defendant to complete its full document production, including

7    re-running appropriate searches and producing all responsive documents without

8    improper redactions, within five (5) days of the Court's Order.

9          **b.  Defendant's Introductory Statement**

10

11          **II.    SPECIFIC REQUESTS AT ISSUE**

12    **RFP No. 1**

13    **Request:** Color copies of all Product labels and Product packaging in use at

14    any time during the Relevant Time Period.

15    **Response:** Defendant hereby restates and incorporates the Preliminary

16    Statement and General Objections in full. Defendant further objects to this Request

17    on the grounds that it is unduly burdensome and seeks documents that are not

18    relevant to any adequately pled claim or any defense raised in this action, and/or not

19    reasonably calculated to lead to the discovery of admissible evidence. Defendant

20    also objects to the terms "labels" and "packaging" as vague, ambiguous, and

21    undefined. Discovery is in its early stages. Defendant serves this response to

22    preserve its Objections to Plaintiff's First Set of Requests for Production of

23    Documents and will supplement its response as discovery progresses.

24    **Amended Response:** Defendant hereby restates and incorporates the

25    Preliminary Statement and General Objections in full. Defendant further objects to

26    this Request on the grounds that it is unduly burdensome and seeks documents that

27    are not relevant to any adequately pled claim or any defense raised in this action,

28    and/or not reasonably calculated to lead to the discovery of admissible evidence.

3

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is unduly burdensome and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request located after a reasonable search**.**

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is unduly burdensome and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request located after a reasonable search.

**RFP No. 2**

**Request:** All Documents identifying the geographic areas and time periods in which You used each Product label and Product packaging produced in response to Request for Production No. 1.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably

4

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

calculated to lead to the discovery of admissible evidence. Defendant also objects to the terms and/or phrases "geographic areas," "label," and "packaging" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not

5

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**RFP No. 3**

**Request:** All Documents identifying the Persons who created and/or developed each Product label and Product packaging produced in response to Request for Production No. 1.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the terms "label" and "packaging" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the

6

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**RFP No. 4**

**Request:** All contents (including video content) of www.smuckers.com during the Relevant Time Period which relate to the Product.

**Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence, including insofar as Plaintiff does not specifically take issue with content related to the Product on Defendant's website. See generally Compl. Defendant also objects to this Request to

7

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) content related to the Product on Defendant's website. See generally Compl. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) content related to the Product on Defendant's website. See generally FAC. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, Defendant

8

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

1  will produce the contents of www.smuckers.com during the period of time relevant
2  to this lawsuit that pertain to the Product and the Representations if any such contents
3  are located after a reasonable search.

4      **Third Amended Response:** Defendant hereby restates and incorporates the
5  Preliminary Statement and General Objections in full. Defendant further objects to
6  this Request on the grounds that it is overbroad, imposes an undue burden and
7  expense upon Defendant in responding, and seeks documents that are not relevant
8  to any adequately pled claim or any defense raised in this action, and/or not
9  reasonably calculated to lead to the discovery of admissible evidence because
10  Plaintiff does not purport to have relied upon (or even viewed) content related to the
11  Product on Defendant's website. See generally FAC. Defendant also objects to this
12  Request to the extent it seeks information that is publicly available, equally available
13  to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject
14  to and without waiving the foregoing General and Specific Objections, Defendant
15  will produce the contents of www.smuckers.com during the period of time relevant
16  to this lawsuit that pertain to the Product and the Representations if any such contents
17  are located after a reasonable search.

18  **RFP No. 5**

19      **Request:** All contents (including video content) of any and every print
20  advertisement or social media platform hosted directly or indirectly by You
21  (including but not limited to Facebook, Instagram, Twitter, YouTube, etc.) at any
22  time during the Relevant Time Period, which relate to the Product.

23      **Response:** Defendant hereby restates and incorporates the Preliminary
24  Statement and General Objections in full. Defendant further objects to this Request
25  on the grounds that it is overbroad, imposes an undue burden and expense upon
26  Defendant in responding, and seeks documents that are not relevant to any
27  adequately pled claim or any defense raised in this action, and/or not reasonably
28  calculated to lead to the discovery of admissible evidence. Defendant objects to the

9

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

phrase "hosted directly or indirectly by You" as vague, ambiguous, and undefined. Defendant objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**:  Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) print advertisements (other than the Product's label) or social media platforms related to the Product. See generally id. Defendant objects to the phrase "hosted directly or indirectly by You" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) print advertisements (other than the Product's labels) or social media platforms related to the Product.

See generally id. Defendant objects to the phrase "hosted directly or indirectly by You" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce the contents of print advertisements and/or social media platforms hosted by Smucker during the period of time relevant to this lawsuit that pertain to the Product and the Representations if any such contents are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) print advertisements (other than the Product's labels) or social media platforms related to the Product. See generally id. Defendant objects to the phrase "hosted directly or indirectly by You" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce the contents of print advertisements and/or social media platforms hosted by Smucker during the period of time relevant to this lawsuit that pertain to the Product and the Representations if any such contents are located after a reasonable search.

<u>**RFP No. 6**</u>

**Request**: All Documents constituting, showing, or discussing any

11

Communications between You and any Person or third party (including but not limited to brand ambassadors, influencers, and/or bloggers) relating to any public relations and/or Marketing for the Product (including but not limited to influencer outreach collateral and campaign briefs).

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "brand ambassadors," "influencers," "bloggers," "influencer outreach collateral," and "campaign briefs" as vague, ambiguous, and undefined. Defendant objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent that the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "brand ambassadors," "influencers," "bloggers,"

"influencer outreach collateral," and "campaign briefs" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, sufficient to show communications between Defendant and third parties relating to public relations or marketing efforts that reference the challenged Representations on the Product that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent that the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "brand ambassadors," "influencers," "bloggers," "influencer outreach collateral," and "campaign briefs" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, sufficient to show communications between Defendant and third parties relating to public relations or marketing efforts that reference the Representations on the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent that the information requested is not confined to any

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

specific time period and is not narrowly tailored in scope. Defendant also objects to
this Request on the grounds that it is overbroad, imposes an undue burden and
expense upon Defendant in responding, and seeks documents that are not relevant
to any adequately pled claim or any defense raised in this action, and/or not
reasonably calculated to lead to the discovery of admissible evidence. Defendant
objects to the terms and/or phrases "brand ambassadors," "influencers," "bloggers,"
"influencer outreach collateral," and "campaign briefs" as vague, ambiguous, and
undefined. Defendant also objects to this Request to the extent it seeks information
that is publicly available, equally available to Plaintiff, and/or already within
Plaintiff's possession, custody, or control. Subject to and without waiving the
foregoing General and Specific Objections, Defendant will produce non-privileged
documents, if any, sufficient to show communications between Defendant and third
parties relating to public relations or marketing efforts that reference the
Representations on the Product that are located after a reasonable search.

**RFP. No. 7**

**Request**: Organizational charts identifying any of Defendant's employees
and/or agents involved in creating labeling, Marketing Materials, and/or Websites
related to the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary
Statement and General Objections in full. Defendant further objects to this Request
to the extent the information requested is not confined to any specific time period
and is not narrowly tailored in scope. Defendant also objects to this Request on the
grounds that it is overbroad, imposes an undue burden and expense upon Defendant
in responding, and seeks documents that are not relevant to any adequately pled
claim or any defense raised in this action, and/or not reasonably calculated to lead
to the discovery of admissible evidence. Defendant objects to the terms and/or
phrases "organizational charts" and "creating labeling" as vague, ambiguous, and
undefined. Discovery is in its early stages. Defendant serves this response to

14

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the Complaint purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "[o]rganizational charts" and "creating labeling" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the FAC purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "[o]rganizational charts" and "creating labeling, Marketing Materials, and/or Websites" as vague and ambiguous. Subject to and without waiving the

15

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

foregoing General and Specific Objections, Defendant will produce non-privileged documents identifying any Person involved in creating the Product's labels, if any, located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the FAC purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "[o]rganizational charts" and "creating labeling, Marketing Materials, and/or Websites" as vague and ambiguous. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents identifying any Person involved in creating the Product's labels, if any, located after a reasonable search.

**<u>RFP No. 8</u>**

**Request**: Documents identifying any Person other than Your employees and/or agents involved in creating labeling, Marketing Materials, and/or Websites for the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled

16

claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "organizational charts" and "creating labeling" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the Complaint purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrase "creating labeling" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents identifying any Person involved in creating the Product's label, if any, located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the FAC purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant

17

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrase "creating labeling, Marketing Materials, and/or Websites" as vague and ambiguous. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents identifying any Person involved in creating the Product's labels, if any, located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the FAC purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrase "creating labeling, Marketing Materials, and/or Websites" as vague and ambiguous. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents identifying any Person involved in creating the Product's labels, if any, located after a reasonable search.

## RFP No. 9

**Request**: Documents sufficient to identify all SKUs and UPCs (by year, if applicable) for the Product sold during the Relevant Time Period.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon

Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "SKUs" and "UPCs" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**Second Amended Response** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**RFP No. 10**

**Request**: All Documents Concerning Defendant's decision(s) to place, reason(s) for placing, and basis for placing any Representation on the labeling and packaging of the Product, in any Marketing Materials, and/or Websites related to the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "basis for," "labeling," and "packaging" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not

reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting Defendant's decision(s) to place, reason(s) for placing, and basis for placing any Representation on the labeling and packaging of the Product that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting Defendant's decision(s) to place, reason(s) for placing, and basis for placing any Representation on the labeling and packaging of the Product that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not

reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting Defendant's decision(s) to place, reason(s) for placing, and basis for placing any Representation on the labeling and packaging of the Product that are located after a reasonable search.

**RFP No. 11**

**Request**: All Documents and Communications among Your employees or between You and any third party regarding the use, in connection with the Product, of any Representation or any variations thereof.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "any variations thereof" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production Re. Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific

time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "any variations thereof" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, regarding the use, in connection with the Product, of any Representation that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "any variations thereof" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications, if any, regarding the use, in connection with the Product, of any Representation that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any

23

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "any variations thereof" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications, if any, regarding the use, in connection with the Product, of any Representation that are located after a reasonable search.

**RFP No. 12**

**Request**: All Documents Concerning any anticipated or actual benefits derived or to be derived from the placement of any Representation on the packaging of the Product, in any Marketing Materials, and/or on any Websites, including any effects or anticipated effects on prices charged for the Product by Defendant or by retailers.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "anticipated or actual benefits derived or to be derived from," "packaging," and "effects or anticipated effects on prices charged" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to

this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "to be derived from," and "effects or anticipated effects on prices charged" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, that reflect anticipated or actual benefits derived from the placement of any Representation on the Product's packaging that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "to be derived from," and "effects or anticipated effects on prices charged" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, that reflect anticipated or actual benefits derived from the placement of any Representation on the Product's packaging that are located after a reasonable search.

25

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "to be derived from," and "effects or anticipated effects on prices charged" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, that reflect anticipated or actual benefits derived from the placement of any Representation on the Product's packaging that are located after a reasonable search.

**RFP No. 13**

**Request**: All Documents Concerning Consumer understanding of or response to any Representation, including but not limited to Consumer surveys and Marketing analyses, whether prepared by You, on Your behalf, or by third parties.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "understanding of or response to" as vague, ambiguous, and undefined. Discovery

26

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning consumer understanding of or response to the Representation on the Product that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning consumer understanding of or response to the Representations on the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning consumer understanding of or response to the Representations on the Product that are located after a reasonable search.

**RFP No. 14**

**Request**: All Documents Concerning any study or analysis with respect to the use in Marketing and/or labeling of any Representation.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "study or analysis" and "labeling" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to

28

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 15**

**Request**: All Documents Concerning any Consumer or third-party complaints, questions, or confusion regarding any Representation on the packaging of the Product, in any Marketing Materials, and/or on any Websites, and any response(s) by You thereto.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "confusion," "packaging," and "response(s)" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects

to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting consumer or third-party complaints, questions, or confusion regarding any Representation on the packaging of the Product that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting consumer or third-party complaints, questions, or confusion regarding any Representation on the packaging of the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects

to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting consumer or third-party complaints, questions, or confusion regarding any Representation on the packaging of the Product that are located after a reasonable search.

**RFP No. 16**

**Request:** Documents sufficient to show all ingredients in the Product and the source of each ingredient during the Relevant Time Period, including any changes in the ingredients (and specifying which ingredients changed and the dates of those changes by month, day, and year).

**Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the phrases "source of each ingredient" and "changes in the ingredients" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information about ingredients in the Product other than citric acid. Defendant

objects to the phrases "source of each ingredient" and "changes in the ingredients" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, sufficient to show the use (including any changes in usage) and source of citric acid in the Product that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information about ingredients in the Product other than citric acid. Defendant objects to the phrases "source of each ingredient" and "changes in the ingredients" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, sufficient to show the use (including any changes in usage) and source of citric acid in the Product that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information about ingredients in the Product other than citric acid. Defendant objects to the phrases "source of each ingredient" and "changes in the ingredients" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, sufficient to show the use (including any changes in usage) and source of

citric acid in the Product that are located after a reasonable search.

**RFP No. 17**

**Request:** Documents sufficient to show the formulation of the Product during the Relevant Time Period, including any changes during that period.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the terms "formulation" and "changes" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "formulation" and "changes" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant

34

to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "formulation" and "changes" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks the production of confidential, proprietary, or trade secret information. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "formulation" and "changes" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks the production of confidential, proprietary, or trade secret information. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 18**

**Request:** All Documents Concerning the manufacturing, manufacturing process, and/or creation of the Product during the Relevant Time Period.

**Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably

calculated to lead to the discovery of admissible evidence. Defendant also objects to the terms and/or phrases "manufacturing," "manufacturing process," and "creation of the Product" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because the manufacturing, manufacturing process, and/or creation of the Product is not at issue in this case. Defendant objects to the terms and/or phrases "manufacturing," "manufacturing process," and "creation of the Product" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because the manufacturing, manufacturing process, and/or creation of the Product is not at issue in this case. Defendant objects to the terms and/or phrases "manufacturing," "manufacturing process," and "creation of the Product" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific

36

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because the manufacturing, manufacturing process, and/or creation of the Product is not at issue in this case. Defendant objects to the terms and/or phrases "manufacturing," "manufacturing process," and "creation of the Product" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning the manufacture of the Product and also referencing citric acid, if any, that are located after a reasonable search.

**<u>RFP No. 19</u>**

**Request**: All Documents Concerning citric acid, including citric acid in the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning citric acid in the Product that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning citric acid in the Product that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning citric acid in the Product that are located after a reasonable search.

**RFP No. 20**

**Request**: All Documents Concerning the presence, function, role, and effect of citric acid in the Product during the Relevant Time Period.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the terms "presence," "function," "role," and "effect" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "presence," "function," "role," and "effect" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "presence," "function," "role," and "effect" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning the function of citric acid in the Product during the period of time relevant to this lawsuit, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "presence," "function," "role," and "effect" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning the function of citric acid in the Product during the period of time relevant to this lawsuit, if any, that are located after a reasonable search.

**RFP No. 21**

Request: All Safety Data Sheets (SDS) or Material Safety Data Sheets (MSDS) in Your possession for citric acid.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period

40

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "Safety Data Sheets" and "Material Safety Data Sheets" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to the citric acid used in the Product that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to the citric acid used in the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to the citric acid used in the Product that are located after a reasonable search.

## RFP No. 22

**Request**: All Safety Data Sheets (SDS) or Material Safety Data Sheets (MSDS) in Your possession for any mixtures in which citric acid is listed as an ingredient.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead

to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "Safety Data Sheets," "Material Safety Data Sheets," and "mixtures" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to any mixtures in which the citric acid used in the Product is listed as an ingredient that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to any mixtures in which the citric acid used in the Product is

43

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

listed as an ingredient that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to any mixtures in which the citric acid used in the Product is listed as an ingredient that are located after a reasonable search.

**RFP No. 23**

**Request**: All Documents Concerning microbial fermentation using *Aspergillus niger*.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "microbial fermentation" and "*Aspergillus niger*" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any

adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 24**

**Request**: All Documents and Communications exchanged between You and any supplier(s) of citric acid used in the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "supplier(s) of" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "supplier(s) of" as vague, ambiguous, and undefined. Subject to and without

waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "supplier(s) of" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications exchanged between Defendant and its supplier(s) of citric acid for the Product during the period of time relevant to this lawsuit that pertain to the use of citric acid in the Product and/or the Representations, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "supplier(s) of" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications exchanged between Defendant and its supplier(s) of citric acid for the Product during the period of time relevant to this

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

1  lawsuit that pertain to the use of citric acid in the Product and/or the Representations,

2  if any, that are located after a reasonable search.

3  **RFP No. 25**

4  **Request**: All Document Concerning Your purchasing records for citric acid

5  used in the Product.

6  **Response:** Defendant hereby restates and incorporates the Preliminary

7  Statement and General Objections in full. Defendant further objects to this Request

8  to the extent the information requested is not confined to any specific time period

9  and is not narrowly tailored in scope. Defendant also objects to this Request on the

10  grounds that it is overbroad, imposes an undue burden and expense upon Defendant

11  in responding, and seeks documents that are not relevant to any adequately pled

12  claim or any defense raised in this action, and/or not reasonably calculated to lead

13  to the discovery of admissible evidence. Defendant objects to the term "purchasing

14  records" as vague, ambiguous, and undefined. Discovery is in its early stages.

15  Defendant serves this response to preserve its Objections to Plaintiff's First Set of

16  Requests for Production of Documents and will supplement its response as discovery

17  progresses.

18  **Amended Response:** Defendant hereby restates and incorporates the

19  Preliminary Statement and General Objections in full. Defendant further objects to

20  this Request to the extent the information requested is not confined to any specific

21  time period and is not narrowly tailored in scope. Defendant also objects to this

22  Request on the grounds that it is overbroad, imposes an undue burden and expense

23  upon Defendant in responding, and seeks documents that are not relevant to any

24  adequately pled claim or any defense raised in this action, and/or not reasonably

25  calculated to lead to the discovery of admissible evidence. Defendant objects to the

26  phrase "purchasing records" as vague, ambiguous, and undefined. Subject to and

27  without waiving the foregoing General and Specific Objections, Defendant is willing

28  to meet and confer regarding the scope and meaning of this Request.

48

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "purchasing records" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "purchasing records" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 26**

**Request:** Documents sufficient to identify all of Your suppliers of the citric acid used in the Product during the Relevant Time Period.

**Response**: Defendant hereby restates and incorporates the Preliminary

49

Statement and General Objections in full. Defendant further to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the term "suppliers" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Preliminary Statement and General Objections in full. Defendant further to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 27**

**Request**: All Documents Concerning any quality evaluations of the Product, where those evaluations mention citric acid.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the term "quality evaluations" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense

51

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

1    **RFP No. 28**

2    **Request:** All Documents Concerning any testing or analysis of citric acid in

3    the Product.

4    **Response**: Defendant hereby restates and incorporates the Preliminary

5    Statement and General Objections in full. Defendant further objects to this Request

6    to the extent the information requested is not confined to any specific time period

7    and is not narrowly tailored in scope. Defendant also objects to this Request on the

8    grounds that it is overbroad, imposes an undue burden and expense upon Defendant

9    in responding, and seeks documents that are not relevant to any adequately pled

10    claim or any defense raised in this action, and/or not reasonably calculated to lead

11    to the discovery of admissible evidence. Defendant objects to the terms "testing" and

12    "analysis" as vague, ambiguous, and undefined. Discovery is in its early stages.

13    Defendant serves this response to preserve its Objections to Plaintiff's First Set of

14    Requests for Production of Documents and will supplement its response as discovery

15    progresses.

16    **Amended Response:** Defendant hereby restates and incorporates the

17    Preliminary Statement and General Objections in full. Defendant further objects to

18    this Request to the extent the information requested is not confined to any specific

19    time period and is not narrowly tailored in scope. Defendant also objects to this

20    Request on the grounds that it is overbroad, imposes an undue burden and expense

21    upon Defendant in responding, and seeks documents that are not relevant to any

22    adequately pled claim or any defense raised in this action, and/or not reasonably

23    calculated to lead to the discovery of admissible evidence. Defendant objects to the

24    terms "testing" and "analysis" and the phrase "testing or analysis of citric acid in the

25    Product" as vague, ambiguous, and undefined. Subject to and without waiving the

26    foregoing General and Specific Objections, Defendant is willing to meet and confer

27    regarding the scope and meaning of this Request.

28    **Second Amended Response:** Defendant hereby restates and incorporates the

Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "testing" and "analysis" and the phrase "testing or analysis of citric acid in the Product" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning testing or analysis of the natural characteristics of citric acid during the period of time relevant to this lawsuit, if any, that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "testing" and "analysis" and the phrase "testing or analysis of citric acid in the Product" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 29**

**Request**: All Documents Concerning Consumer perceptions of citric acid.

54

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "Consumer perceptions" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "Consumer perceptions of citric acid" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "Consumer perceptions of citric acid" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning consumers' perceptions of citric acid as being manufactured and/or synthetic during the period of time relevant to this lawsuit, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "Consumer perceptions of citric acid" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

## RFP No. 30

**Request**: All scientific tests, if any, conducted by You or at Your direction Concerning the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the

56

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "scientific tests" and "at Your direction" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will product non-privileged documents, if any, concerning scientific tests of citric acid used in the Product that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce

non-privileged documents, if any, concerning scientific tests of citric acid used in
the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the
Preliminary Statement and General Objections in full. Defendant further objects to
this Request to the extent the information requested is not confined to any specific
time period and is not narrowly tailored in scope. Defendant also objects to this
Request on the grounds that it is overbroad, imposes an undue burden and expense
upon Defendant in responding, and seeks documents that are not relevant to any
adequately pled claim or any defense raised in this action, and/or not reasonably
calculated to lead to the discovery of admissible evidence. Subject to and without
waiving the foregoing General and Specific Objections, Defendant will produce
non-privileged documents, if any, concerning scientific tests of citric acid used in
the Product that are located after a reasonable search.

**RFP No. 31**

**Request**: Documents sufficient to identify each and every retailer in
California and the United States to whom Defendant sold the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary
Statement and General Objections in full. Defendant further objects to this Request
to the extent the information requested is not confined to any specific time period
and is not narrowly tailored in scope. Defendant also objects to this Request on the
grounds that it is overbroad, imposes an undue burden and expense upon Defendant
in responding, and seeks documents that are not relevant to any adequately pled
claim or any defense raised in this action, and/or not reasonably calculated to lead
to the discovery of admissible evidence. Defendant objects to the term "retailer" as
vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves
this response to preserve its Objections to Plaintiff's First Set of Requests for
Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 32**

**Request:** Documents sufficient to identify all avenues and/or means by which You sell the Product directly to Consumers, including but not limited to Websites.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "avenues and/or means" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "avenues and/or means" as vague, ambiguous, and undefined. Subject to and

1  without waiving the foregoing General and Specific Objections, Defendant is willing
2  to meet and confer regarding the scope and meaning of this Request.

3  **Second Amended Response:** Defendant hereby restates and incorporates the
4  Preliminary Statement and General Objections in full. Defendant further objects to
5  this Request to the extent the information requested is not confined to any specific
6  time period and is not narrowly tailored in scope. Defendant also objects to this
7  Request on the grounds that it is overbroad, imposes an undue burden and expense
8  upon Defendant in responding, and seeks documents that are not relevant to any
9  adequately pled claim or any defense raised in this action, and/or not reasonably
10  calculated to lead to the discovery of admissible evidence. Defendant objects to the
11  phrase "avenues and/or means" as vague, ambiguous, and undefined. Subject to and
12  without waiving the foregoing General and Specific Objections, Defendant will
13  produce non-privileged documents responsive to this Request, if any, that are located
14  after a reasonable search.

15  **Third Amended Response:** Defendant hereby restates and incorporates the
16  Preliminary Statement and General Objections in full. Defendant further objects to
17  this Request to the extent the information requested is not confined to any specific
18  time period and is not narrowly tailored in scope. Defendant also objects to this
19  Request on the grounds that it is overbroad, imposes an undue burden and expense
20  upon Defendant in responding, and seeks documents that are not relevant to any
21  adequately pled claim or any defense raised in this action, and/or not reasonably
22  calculated to lead to the discovery of admissible evidence. Defendant objects to the
23  phrase "avenues and/or means" as vague, ambiguous, and undefined. Subject to and
24  without waiving the foregoing General and Specific Objections, Defendant will
25  produce non-privileged documents responsive to this Request, if any, that are located
26  after a reasonable search.

27  **RFP No. 33**

28  **Request:** With respect to the Product, produce, for each month during the

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Relevant Time Period, Documents sufficient to identify:

(i) monthly unit sales volume in California and nationwide,

(ii) average wholesale price per unit in California and nationwide,

(iii) average retail price per unit in California and nationwide,

(iv) monthly gross sales amount in California and nationwide,

(v) monthly Net Sales amount in California and nationwide,

(vi) monthly Revenue in California and nationwide,

(vii) monthly profits in California and nationwide,

and (viii) monthly losses in California and nationwide.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are in Defendant's possession and are located after a reasonable search.

**RFP No. 34**

**Request**: All Documents that reflect or discuss IRI, SPINS, and AC Nielson reports and data Concerning the Product during the Relevant Time Period.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are in Defendant's possession and are located after a reasonable search.

**RFP No. 35**

**Request**: All Documents that discuss, refer to, or otherwise reflect the rationale(s) for pricing the Product at its given price point at any time during the

1    Relevant Time Period.

2    **Response**: Defendant hereby restates and incorporates the Preliminary

3    Statement and General Objections in full. Defendant further objects to this Request

4    on the grounds that it is overbroad, imposes an undue burden and expense upon

5    Defendant in responding, and seeks documents that are not relevant to any

6    adequately pled claim or any defense raised in this action, and/or not reasonably

7    calculated to lead to the discovery of admissible evidence. Defendant also objects to

8    the terms and/or phrases "otherwise reflect" and "rationale(s)" as vague, ambiguous,

9    and undefined. Discovery is in its early stages. Defendant serves this response to

10   preserve its Objections to Plaintiff's First Set of Requests for Production of

11   Documents and will supplement its response as discovery progresses.

12   **Amended Response:** Defendant hereby restates and incorporates the

13   Preliminary Statement and General Objections in full. Defendant further objects to

14   this Request on the grounds that it is overbroad, imposes an undue burden and

15   expense upon Defendant in responding, and seeks documents that are not relevant

16   to any adequately pled claim or any defense raised in this action, and/or not

17   reasonably calculated to lead to the discovery of admissible evidence. Subject to and

18   without waiving the foregoing General and Specific Objections, Defendant will

19   produce non-privileged documents, if any, reflecting the rationale(s) for pricing the

20   Product and referencing the Representations that are located after a reasonable

21   search.

22   **Second Amended Response:** Defendant hereby restates and incorporates the

23   Preliminary Statement and General Objections in full. Defendant further objects to

24   this Request on the grounds that it is overbroad, imposes an undue burden and

25   expense upon Defendant in responding, and seeks documents that are not relevant

26   to any adequately pled claim or any defense raised in this action, and/or not

27   reasonably calculated to lead to the discovery of admissible evidence. Subject to and

28   without waiving the foregoing General and Specific Objections, Defendant will

65

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

produce non-privileged documents, if any, reflecting the rationale(s) for pricing the Product and referencing the Representations that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting the rationale(s) for pricing the Product and referencing the Representations that are located after a reasonable search.

## RFP No. 36

**Request**: All Documents concerning the prices charged by Your competitors for similar Products.

**Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "competitors" and "similar Products" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

1    **Amended Response:** Defendant hereby restates and incorporates the
2  Preliminary Statement and General Objections in full. Defendant further objects to
3  this Request to the extent the information requested is not confined to any specific
4  time period and is not narrowly tailored in scope. Defendant also objects to this
5  Request on the grounds that it is overbroad, imposes an undue burden and expense
6  upon Defendant in responding, and seeks documents that are not relevant to any
7  adequately pled claim or any defense raised in this action, and/or not reasonably
8  calculated to lead to the discovery of admissible evidence. Defendant objects to the
9  terms and/or phrases "competitors" and "similar Products" as vague, ambiguous,
10  and undefined.  Subject to and without waiving the foregoing General and Specific
11  Objections, Defendant is willing to meet and confer regarding the scope and
12  meaning of this Request.

13    **Second Amended Response**: Defendant hereby restates and incorporates the
14  Preliminary Statement and General Objections in full. Defendant further objects to
15  this Request to the extent the information requested is not confined to any specific
16  time period and is not narrowly tailored in scope. Defendant also objects to this
17  Request on the grounds that it is overbroad, imposes an undue burden and expense
18  upon Defendant in responding, and seeks documents that are not relevant to any
19  adequately pled claim or any defense raised in this action, and/or not reasonably
20  calculated to lead to the discovery of admissible evidence. Defendant objects to the
21  terms and/or phrases "competitors" and "similar Products" as vague, ambiguous,
22  and undefined. Additionally, Defendant objects to this Request insofar as it seeks
23  information equally available to Plaintiff. Subject to and without waiving the
24  foregoing General and Specific Objections, Defendant will produce non-privileged
25  documents sufficient to show prices charged for Welch's Natural Fruit Spread,
26  Polaner All Fruit, Crofter's Just Fruit, St. Dalfour 100% Fruit, Bonne Maman Fruit
27  Spreads, Hero Premium Fruit Spreads, Cascadian Farm Organic Fruit Spreads, 365
28  by Whole Foods Market Organic Fruit Spreads, Trader Joe's Organic Fruit Spreads,

67

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

and Kirkland Signature Organic Strawberry Spread, if any, located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "competitors" and "similar Products" as vague, ambiguous, and undefined. Additionally, Defendant objects to this Request insofar as it seeks information equally available to Plaintiff. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents sufficient to show prices charged for Welch's Natural Fruit Spread, Polaner All Fruit, Crofter's Just Fruit, St. Dalfour 100% Fruit, Bonne Maman Fruit Spreads, Hero Premium Fruit Spreads, Cascadian Farm Organic Fruit Spreads, 365 by Whole Foods Market Organic Fruit Spreads, Trader Joe's Organic Fruit Spreads, and Kirkland Signature Organic Strawberry Spread , if any, located after a reasonable search.

**RFP No. 37**

**Request**: All Documents, including but not limited to studies or analyses relating to any price increase, price premium, or amount of money consumers are willing to pay for the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the

68

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "studies," "analyses," "price premium," and "willing to pay" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, referencing a Representation and reflecting any price increases, price premium, or amount of money consumers are willing to pay for the Product that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
Joint Stipulation Re. Plaintiff Adina Ringler's Motion to Compel

waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, referencing any Representation and reflecting any price increases, price premium, or amount of money consumers are willing to pay for the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, referencing any Representation and reflecting any price increases, price premium, or amount of money consumers are willing to pay for the Product that are located after a reasonable search.

**RFP No. 38**

**Request:** All Documents Concerning any price differential attributable to the presence or absence of any Representation on the Product's label.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "price differential" and "attributable to" as vague, ambiguous, and

70

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrases "price differential" and "attributable to" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting Product pricing and referencing a Representation that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrases "price differential" and "attributable to" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting the Product's pricing and referencing any Representation that are located after a

71

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

1  reasonable search.

2  **Third Amended Response**: Defendant hereby restates and incorporates the

3  Preliminary Statement and General Objections in full. Defendant further objects to

4  this Request to the extent the information requested is not confined to any specific

5  time period and is not narrowly tailored in scope. Defendant also objects to this

6  Request on the grounds that it is overbroad, imposes an undue burden and expense

7  upon Defendant in responding, and seeks documents that are not relevant to any

8  adequately pled claim or any defense raised in this action, and/or not reasonably

9  calculated to lead to the discovery of admissible evidence. Defendant objects to the

10  phrases "price differential" and "attributable to" as vague, ambiguous, and

11  undefined. Subject to and without waiving the foregoing General and Specific

12  Objections, Defendant will produce non-privileged documents, if any, reflecting the

13  Product's pricing and referencing any Representation that are located after a

14  reasonable search.

15  **RFP No. 39**

16  **Request**: All Documents that discuss, refer to, or otherwise reflect the ideal,

17  potential, desired, or actual consumer demographic(s) for the Product.

18  **Response**: Defendant hereby restates and incorporates the Preliminary

19  Statement and General Objections in full. Defendant further objects to this Request

20  to the extent the information requested is not confined to any specific time period

21  and is not narrowly tailored in scope. Defendant also objects to this Request on the

22  grounds that it is overbroad, imposes an undue burden and expense upon Defendant

23  in responding, and seeks documents that are not relevant to any adequately pled

24  claim or any defense raised in this action, and/or not reasonably calculated to lead

25  to the discovery of admissible evidence. Defendant objects to the terms and/or

26  phrases "reflect," "ideal," "potential," "desired," and "consumer demographic(s)" as

27  vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves

28  this response to preserve its Objections to Plaintiff's First Set of Requests for

72

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "ideal," "potential," "desired," when modifying the phrase "consumer demographic(s)" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, discussing, referring to, or reflecting consumer demographic(s) for the Product that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "ideal," "potential," "desired," when modifying the phrase "consumer demographic(s)" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, discussing, referring to, or reflecting consumer demographic(s) for the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the

Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "ideal," "potential," "desired," when modifying the phrase "consumer demographic(s)" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, discussing, referring to, or reflecting consumer demographic(s) for the Product that are located after a reasonable search.

**RFP No. 40**

**Request**: All Documents Concerning Plaintiff Adina Ringler.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it seeks documents that are not relevant to any

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning Plaintiff Adina Ringler's purchase of the Product that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning Plaintiff Adina Ringler's purchase of the Product(s) that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning Plaintiff Adina Ringler.

**RFP No. 41**

**Request**: All Documents that Defendant obtains via subpoena in connection with the above-captioned action.

**Response**: Defendant hereby restates and incorporates the Preliminary

75

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

Statement and General Objections in full. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Subject to and without waiving the foregoing General and Specific Objections, to the extent that Defendant obtains documents via subpoena in connection with the above-captioned matter, Defendant will produce them in accordance with the applicable rules.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Subject to and without waiving the foregoing General and Specific Objections, to the extent that Defendant obtains documents via subpoena in connection with the above-captioned matter, Defendant will produce them in accordance with the applicable rules.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Subject to and without waiving the foregoing General and Specific Objections, to the extent that Defendant obtains documents via subpoena in connection with the above-captioned matter, Defendant will produce them in accordance with the applicable rules.

**<u>RFP No. 42</u>**

**Request**: All company document retention and destruction policies in effect for the past 10 years.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant

objects to the phrase "document retention and destruction policies" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "document retention and destruction policies" as vague, ambiguous, and undefined. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "document retention and destruction policies" as vague, ambiguous, and undefined. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "document retention and destruction policies" as vague, ambiguous, and undefined. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**<u>RFP No. 43</u>**

**Request**: All documents referred to or relied upon in responding to Plaintiff Adina Ringler's First Set of Interrogatories to Defendant.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents it referred to or relied upon in responding to Plaintiff's First Set of Interrogatories.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents it referred to or relied upon in responding to Plaintiff's First Set of Interrogatories.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents it referred to or relied upon in responding to Plaintiff's First Set of Interrogatories.

**RFP No. 44**

**Request**: All of Your insurance policies.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant has not identified any insurance policies applicable to the claims asserted in Plaintiff's Complaint and therefore will not produce documents responsive to this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant has not identified any insurance policies applicable to the claims asserted in Plaintiff's FAC and therefore will not produce documents responsive to this Request.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant has not identified any insurance policies applicable to the claims asserted in Plaintiff's FAC and therefore will not produce documents responsive to this Request.

### RFP No. 45

**Request**: All Documents Concerning any legal or regulatory action brought against You anywhere in the United States in the past 10 years based upon a claim of false, misleading, or misrepresentative statements relating to the Product, or based upon a claim regarding the Product's Representations.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or

80

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

1   not reasonably calculated to lead to the discovery of admissible evidence. Defendant
2   objects to the phrases "legal or regulatory action brought against You" and "based
3   upon a claim" as vague, ambiguous, and undefined. Discovery is in its early stages.
4   Defendant serves this response to preserve its Objections to Plaintiff's First Set of
5   Requests for Production of Documents and will supplement its response as discovery
6   progresses.

7       **Amended Response**: Defendant hereby restates and incorporates the
8   Preliminary Statement and General Objections in full. Defendant further objects to
9   this Request to the extent the information requested is not narrowly tailored in scope.
10  Defendant also objects to this Request on the grounds that it is overbroad, imposes
11  an undue burden and expense upon Defendant in responding, and seeks documents
12  that are not relevant to any adequately pled claim or any defense raised in this action,
13  and/or not reasonably calculated to lead to the discovery of admissible evidence.
14  Defendant objects to the phrases "legal or regulatory action brought against You"
15  and "based upon a claim" as vague, ambiguous, and undefined. Subject to and
16  without waiving the foregoing General and Specific Objections, Defendant is willing
17  to meet and confer regarding the scope and meaning of this Request.

18      **Second Amended Response:** Defendant hereby restates and incorporates the
19  Preliminary Statement and General Objections in full. Defendant further objects to
20  this Request to the extent the information requested is not narrowly tailored in scope.
21  Defendant also objects to this Request on the grounds that it is overbroad, imposes
22  an undue burden and expense upon Defendant in responding, and seeks documents
23  that are not relevant to any adequately pled claim or any defense raised in this action,
24  and/or not reasonably calculated to lead to the discovery of admissible evidence.
25  Defendant objects to the phrases "legal or regulatory action brought against You"
26  and "based upon a claim" as vague, ambiguous, and undefined. Subject to and
27  without waiving the foregoing General and Specific Objections, Defendant will
28  produce non-privileged documents concerning legal or regulatory actions brought

against Defendant in the United States in the past 10 years based upon a claim of false, misleading, or misrepresentative statements relating to the Representations, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrases "legal or regulatory action brought against You" and "based upon a claim" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning legal or regulatory actions brought against Defendant in the United States in the past 10 years based upon a claim of false, misleading, or misrepresentative statements relating to the Representations, if any, that are located after a reasonable search.

**<u>RFP No. 46</u>**

**Request**: Submissions to or Documents received from any governmental or regulatory agency or entity relating to the labeling or packaging of the Product, including but not limited to proofs and sample labels and packages, inquiries, applications, requests for approval, approvals, rejections, amendments, directives, rulings, opinions, and any other correspondence related to any version or iteration of such labeling or packaging.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue

82

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "labeling," "packaging," "proofs and sample labels and packages," "inquiries," "applications," "requests for approval," "approvals," "rejections," "amendments," "directives," "rulings," "opinions," and "any version or iteration of" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "labeling," "packaging," "proofs and sample labels and packages," "inquiries," "applications," "requests for approval," "approvals," "rejections," "amendments," "directives," "rulings," "opinions," and "any version or iteration of" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents

83

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "labeling," "packaging," "proofs and sample labels and packages," "inquiries," "applications," "requests for approval," "approvals," "rejections," "amendments," "directives," "rulings," "opinions," and "any version or iteration of" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged submissions to or documents received from any governmental or regulatory agency or entity relating to the Representations on the Product, if any, that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "labeling," "packaging," "proofs and sample labels and packages," "inquiries," "applications," "requests for approval," "approvals," "rejections," "amendments," "directives," "rulings," "opinions," and "any version or iteration of" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged submissions to or documents received from any governmental or regulatory agency or entity relating to the Representations on the Product, if any, that are located after a reasonable search.

**RFP No. 47**

**Request**: All Documents and Communications between You and the U.S. Food and Drug Administration or Federal Trade Commission that pertain in any way

84

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

to the advertising, marketing, or labeling of the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "pertain in any way" and "labeling" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "pertain in any way" and "labeling" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents

that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "pertain in any way" and "labeling" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications between Defendant and the U.S. Food and Drug Administration or Federal Trade Commission pertaining to the Representations on the Product, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "pertain in any way" and "labeling" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications between Defendant and the U.S. Food and Drug Administration or Federal Trade Commission pertaining to the Representations on the Product, if any, that are located after a reasonable search.

## III.    <u>CONTENTIONS</u>

a.    <u>**Defendant's Improper Refusal to Run Relevant Search Terms and Custodians**</u>

### <u>Search Terms Ran:</u>

1.    ("citric acid" AND (natural* OR unnatural* OR synthetic* OR Artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)))

2.    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ("citric acid")

3.    (((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) W/15 "natural") AND ("SKU" OR "stock keeping unit" OR "UPC" OR "universal product code" OR "item number")

4.    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (wholesale* OR retail* OR revenue* OR profit* OR loss* OR expense* OR differential OR pric* OR "price premium" OR "market share" OR "willing to pay" OR "willingness to pay" OR differen* OR money* OR premium OR market OR pay))

4.1    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (packag* OR design* OR label*)

4.2    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (understand* OR survey* OR analy* OR consumer*)

4.3    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (public* OR benefit*)

4.4    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (compl* OR inquir* OR question* OR confus* OR

consumer*)

4.5     ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (FDA OR FTC OR regulat*))

5.     (natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (((impact* OR increase* OR rais* OR effect* OR market* OR stud* OR analy* OR survey*)))

6.     ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (advertis* OR market* OR stud* OR survey* OR demographic* OR consumer*))

7.     ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) W/100 (compet* OR alternat* OR substitute* OR replac*)

8.     "Natural" W/15 "made with ingredients from natural sources"

9.     (natural OR (synthetic OR artificial)) AND (label W/25 (change* OR update* OR modif* OR replace* OR adjust* OR revis* OR rework* OR redesign*))

10.    ((Adina W/5 Ringler) OR (Krista W/5 Robles) OR (Jay W/5 Smith) OR (Jana W/5 Rabinowitz))

11.    ("citric acid" AND (suppl* OR distribut* OR seller OR sourc* OR purchas* OR buy*))

12.    ("citric acid" AND ("safety data sheet" OR "SDS" OR "material safety data sheet" OR "MSDS" OR (safety W/5 sheet*)))

13.    ("Aspergillus niger" OR Aspergillus OR (aspergillus W/3 niger)) AND (micro* OR ferment* OR deriv*)

14.    "citric acid" AND ("Yarrowia lipolytica" OR (Iliana W/15 Sweis) OR

"Yeast Isolates" OR "Candida" OR "Arthrobacter" OR "Bacillus" OR "Corynebacterium")

15.  "citric acid" AND ("solvent" OR "n-octyl alcohol" OR "isoparaffinic" OR "sulfuric acid" OR "calcium hydroxide" OR "mutant" OR mutagen* OR "genetic" OR "oxaloacetate")

16.  "citric acid" AND (presen* OR function* OR role* OR effect* OR preserv* OR flavor* OR taste OR "pH")

17.  ((berry w/5 spread) OR (triple w/5 spread) OR strawberry OR raspberry) AND ("citric acid" AND (sourc* OR quality OR test* OR analy* OR consumer* OR perc* OR understand* OR know* OR think*))

18.  (("natural" OR "made with ingredients from natural sources") W/25 ((berry w/5 spread) OR (triple w/5 spread) OR strawberry OR raspberry)) AND (FDA OR FTC OR regulat*)

19.  "Sunshine Biotech"

20.  "Harris & Ford"

### i.  Plaintiff's Position

Consistent with the ESI Protocol entered in this case, the Parties met and conferred to develop search terms and protocols before Defendant's document production, and exchanged multiple drafts of proposed search terms between September 22, 2025 and November 11, 2025. *See* Klein Decl., ¶ 5. Defendant proposed an initial set of search terms, and without insight into Defendant's internal terminology or document structure, and with much resistance from Defendant, Plaintiffs suggested additions and modifications in an attempt to ensure that all responsive documents would be captured. *Id.*, ¶ 6. However, after reviewing Defendant's December 30, 2025 document production, it does not appear that documents were produced in response to at least RFP Nos. 2, 3, 4, 7, 8, 10, 11, 23, 28, 29, 40, 45, 46, and 47, despite Defendant having agreed to produce documents

1  responsive to these Requests.[1] *Id*., ¶ 7.

2          During the Parties' meet and confer conferences regarding search terms,

3  Defendant requested to use the following search terms to capture the Products at

4  issue: (("berry W/5 spread") OR ("triple W/5 spread") OR strawberry OR

5  raspberry). *Id*., ¶ 8. Without having insight into how Defendant internally refers to

6  the Products, Plaintiffs requested that the term "fruit spread" also be included. *Id*.

7  Defendant opposed that request, arguing that the Smucker's line contains multiple

8  fruit spreads, and that such a search would return non-responsive documents

9  concerning unrelated products. *Id*. Defendant's counsel further insisted that this

10 issue would be better addressed after Plaintiffs reviewed Defendant's document

11 production and could assess how Defendant referred to the Products at issue. *Id*. As

12 such, Plaintiff's counsel agreed to "table the issue pending document review" but

13 expressly noted, "[i]f it appears that Smucker predominantly refers to the Products

14 as 'fruit spreads,' we may revisit this." *Id*.

15         After reviewing Defendant's December 30, 2025 document production,

16 Plaintiffs learned that Defendant refers to the Products internally as the "natural"

17 products. *Id*., ¶ 9. Plaintiffs therefore requested that Defendant re-run search term

18 numbers 2, 3, 4, 6, 7, 17, and 18 using the term "natural," rather than limiting those

19 searches to (("berry W/5 spread") OR ("triple W/5 spread") OR strawberry OR

20 raspberry). *Id*. Defendant flatly refused, and asserted that because the Parties had

21 previously agreed to the existing search terms, it would not conduct any additional

22 searches. *Id*. Defendant's refusal is particularly troubling because Defendant's

23 counsel repeatedly dismissed Plaintiffs' earlier concerns about the proposed search

24 terms as "premature" and assured Plaintiffs that any deficiencies could be addressed

25 after Plaintiffs reviewed Defendant's production. *Id*. Moreover, Defendant's refusal

26 is improper because searching for the Products using the terminology Defendant

27
28 _____
   [1] Plaintiffs have no way of knowing whether all responsive documents have been
   produced in response to the remaining Requests. *Id*., ¶ 7.

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

itself uses is reasonably calculated to identify responsive documents Defendant has already agreed to produce.

Defendant's December 30, 2025 document production also did not contain any documents containing the term "*Aspergillus niger*." *Id.*, ¶ 10. However, Defendant's Rule 30(b)(6) witness testified that the citric acid used in the Products is manufactured using *Aspergillus niger*. *Id.* Accordingly, Plaintiffs requested that Defendant conduct a search for the term "*Aspergillus niger*" without additional limitations. *Id.* Defendant refused to do so. *Id.* Documents concerning *Aspergillus niger*, a mold used in the production of the manufactured citric acid used in the Products, are highly relevant to Plaintiffs' claims. Defendant's refusal to conduct a targeted search for this term is therefore improper.

Defendant also unilaterally selected the custodians whose files were searched. *Id.*, ¶ 11. However, Plaintiffs' review of Defendant's production revealed that Drew Ziegler likely possesses relevant information, including documents related to testing of the Products. *Id.* Plaintiffs requested that Mr. Ziegler be added as a custodian, but Defendant has refused. *Id.* Defendant's refusal to search the files of an identified, relevant custodian is improper.

Irrespective of the amended search terms and custodians above, to the extent responsive documents exist but have not been produced, Plaintiffs request that the Court order Defendant to locate and produce all documents responsive to Plaintiff's document requests consistent with Fed. R. Civ. P. 34. *See NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-CV-0347-CAB-MDD, 2019 WL 4934477, at *2 (S.D. Cal. Oct. 7, 2019) ("The Model ESI Order, in its reliance on search terms, is obsolete. The Court will not decide whether the proposed custodians are appropriate nor on the use of the requested search terms. Instead, Plaintiff must request information, regardless of how or where it is maintained by Defendants, which Defendants must address as required by Rule 34. That is discovery: a party requests information and the burden is on the producing party to locate and produce it...").

1    The Federal Rules of Civil Procedure authorize parties to obtain discovery of
2    "any nonprivileged matter that is relevant to any party's claim or defense and
3    proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). Defendant's refusal
4    to run relevant search terms or add relevant custodians is inappropriate. Accordingly,
5    Plaintiff requests that the Court compel Defendant to re-run its document searches
6    and produce all responsive documents within 5 days of the Court's Order.

7    **ii.  Defendant's Position**

8

9    **b.  Defendant's Improper Time Limitation**
10    **i.  Plaintiff's Position**

11    Plaintiffs defined the relevant time period for each Request as "from February
12    10, 2021, to the present, and it shall include all Documents and information relating
13    to such period even though prepared, published, sent, or received, in whole or in
14    part, prior to that period." Klein Decl., ¶ 14.

15    The relevant discovery period begins shortly before Defendant's initial
16    decisions to add the challenged representations to the Product labels and formulate
17    the Products using manufactured citric acid. This information regarding Defendant's
18    intent, motive, and knowledge is relevant because it may reveal how and why
19    Defendant decided to add the challenged labeling to the Products – issues that go
20    directly to Plaintiffs' misleading advertising claims. The precise timing of
21    Defendant's labeling and formulation decisions is unknown to Plaintiffs and is
22    information uniquely within Defendant's possession. *Id*. Plaintiffs therefore defined
23    a time period broad enough to capture those pre-launch decisions and related
24    documents. *Id*.

25    After reviewing Defendant's document production, Plaintiffs learned that
26    Defendant imposed a February 10, 2021 beginning cutoff date on its document
27    searches. *Id*., ¶ 15. Yet, the Products launched in 2021 and before 2021. *Id*. As a
28    result, Defendant did not produce documents concerning, *inter alia*, pre-launch

92

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

testing of the Products, internal discussions or marketing decisions regarding the use of the terms "natural" or "made with ingredients from natural sources" on the Products' front labels, or discussions regarding the inclusion of manufactured citric acid in the Products' formulations. *Id*. Documents created prior to the Products' launching, including Defendant's pre-launch decision-making and Product design process, are highly relevant to this matter and must be produced. *See, e.g., Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620 (2013) (information about manufacturer's marketing and labeling decisions before statute of limitations period relevant in misbranding class action case); *Ang v. Bimbo Bakeries USA, Inc*., No. 13-CV-01196 WHO (NC), 2014 WL 1940178, at *2 (N.D. Cal. May 14, 2014) ("information about defendant's marketing and labeling decisions concerning the products in this food misbranding case would either be relevant to plaintiffs' claims or could lead to admissible evidence supporting their claims."); *In re: Coca-cola Prods. Mktg. & Sales Pracs. Litig. (No. II)*, No. 14MD02555JSWMEJ, 2016 WL 6245899, at *6 (N.D. Cal. Oct. 26, 2016) ("Pre-class period discovery is often relevant, particularly in misleading advertising cases.").

Plaintiffs therefore request that the Court order Defendant to run document searches without a February 10, 2021 time limitation and to produce all responsive documents within five (5) days of the Court's Order.[2]

### c. Unilateral Redactions of Documents Produced

---

[2] Prior to Defendant's document production, the Parties addressed a dispute regarding Defendant's imposition of a February 10, 2025 end cutoff date (the filing date of Plaintiff's Complaint) in its responses to Plaintiff's Requests. Plaintiffs ultimately agreed to use a September 8, 2025 end cutoff date for Defendant's document search based on Defendant's representation that it required a definitive date to enter in its document search, but expressly maintained that the relevant time period extends through the present and until the Court certifies the putative classes. To the extent Defendant requires a definitive beginning cutoff date for its document searches, Plaintiff requests that the search period be at least five years prior to the Products' launch to capture any pre-launch decision-making.

---

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

#### i. **Plaintiff's Position**

Several documents produced by Defendant were unilaterally redacted "for Non Responsive Trade Secret Information." Klein Decl., ¶ 12. This is improper. The parties agreed to, and the Court entered, a Stipulated Protective Order governing confidential information and documents, including "trade secrets or proprietary or other highly confidential business information." *See* ECF No. 34. The protective order does not provide for partial productions. *See id*. Further, Defendant may not unilaterally redact otherwise responsive material based on relevance. *See, e.g.*, *Toyo Tires & Rubber Co., Ltd. v. CIA Wheel Group*, 2016 WL 6246384, at *2 (C.D. Cal. Feb. 23, 2016), citing *Bonnell v. Carnival Corp.*, No. 13-22265, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014); *Evon v. Law Offices of Sidney Mickell*, No. 09-0760, 2010 WL 455476, at *2 (E.D. Cal. Feb. 3, 2010) ("Redaction is, after all, an alteration of potential evidence . . . a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case. It should not come as a shock to those involved in litigation, that parties may see the outcome differently. Moreover, protective orders are available to shield irrelevant, but important-to-keep-confidential information, and unless the protective order permits partial production, a document should be produced in its entirety."); *see also In re Medeva Securities Litigation*, 1995 WL 943468, at *3 (C.D. Cal. May 30, 1995) ("The Court does not welcome unilateral editing of documents by the producing party. Even when implemented with restraint and in good faith, the practice frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured.").

Because Fed. R. Civ. P. 34 does not permit unilateral redactions by the producing party, Plaintiff respectfully requests that Defendant be ordered to produce unredacted documents within 5 days of the Court's Order. Alternatively, Plaintiff requests that Defendant submit the unredacted documents to the Court for *in camera* review.

ii. **Defendant's Position**

d. **Missing Documents**

i. **Plaintiff's Position**

Plaintiffs have identified several documents referenced in Defendant's document production that have not themselves been produced and have requested that Defendant produce those documents. Klein Decl., ¶ 13. For example, Defendant has produced results of conjoint studies and other studies, but not the studies themselves.[3] *Id*. Defendant has also produced emails referencing attachments, shared files, and other documents that do not appear to have been produced. *Id*.

During the parties' meet and confer, Defendant argued that because the documents referenced in Defendant's production but not produced were not captured by search terms, they are not relevant to this matter. *Id*. That argument is misplaced. The existence of these documents was revealed through Defendant's production responsive to Plaintiffs' discovery requests, and are plainly relevant to this action. For example, studies regarding "natural" claims and consumer perceptions of artificial, natural, or clean ingredients are highly relevant, as are manufacturer specification sheets and related documentation concerning citric acid. Defendant's position that documents not captured by its search terms are not relevant is improper and further demonstrates the need to revise the search terms and conduct additional searches. *See* Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...").

Defendant also represented that one such document was withheld on the basis of privilege. Klein Decl., ¶ 13. However, Defendant has not produced a privilege

---

[3] C.D. Cal. Local Rule 37-2.1 provides that "[t]he stipulation may not refer the Court to any other documents." As such, Plaintiff does not attach the documents produced by Defendant to this Joint Stipulation.

95

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

log, preventing Plaintiffs from evaluating the applicability of any claimed privilege. *Id*.

Plaintiff respectfully requests that the Court order Defendant to produce the following within five (5) days of the Court's Order:

1. The conjoint studies discussed in JMS_0000147, JMS_0001488, JMS_0002407, JMS_0002750, JMS_0002043, JMS_0002551, and JMS_0002861;

2. The studies and data discussed in JMS_0001310–1353 and JMS_0002154;

3. Attachments and documents referenced in JMS_0000115, JMS_0000438–439, JMS_0000658–659, JMS_0000912, JMS_0003312–3384, JMS_0003295–3308, JMS_0003390–3403, JMS_0003409–3463, JMS_0003468–3497; and

4. The full email chain and attachments referenced in JMS_0000671–674.

To the extent any documents are being withheld on the basis of privilege, Plaintiff requests that the Court order Defendant to produce a privilege log within five (5) days of the Court's Order. To the extent any responsive documents no longer exist or are not in Defendant's possession, Plaintiff requests that the Court order Defendant to provide a declaration to Plaintiffs within five (5) days confirming that it conducted a good faith search and that no responsive documents were found.

### ii.  **Defendant's Position**

### e.  **Failure to Produce Document Retention Policies**

### i.  **Plaintiff's Position**

Defendant has refused to produce its document retention policies in response to RFP No. 42. However, document retention policies are generally discoverable. *See, e.g., Sharma v. BMW of N. Am. LLC*, No. 13-cv-02274-MMC (KAW), 2016 WL 1019668, at *4 (N.D. Cal. Mar. 15, 2016) (finding the information relevant as the "document retention policies may help Plaintiffs determine the universe of

96

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
JOINT STIPULATION RE. PLAINTIFF ADINA RINGLER'S MOTION TO COMPEL

responsive documents and evaluate any gaps in document production"); *Patrick McMorrow, et al., v. Mondelez International, Inc*., 2019 WL 3852498, at *3 (S.D. Cal., Apr. 19, 2019) (finding the "moving party need only demonstrate that production of the non-moving party's document retention policies would enable it to determine the universe of responsive documents, evaluate the completeness of the existing document production, identify any gaps in document production, and craft targeted discovery requests to efficiently obtain any missing records") (citing *Sharma*, 2016 WL 1019668, at *4 and *In re Takata Airbag Prod. Liab. Litig*., 2017 WL 8812734, *6 (S.D. Fla. July 5, 2017)); *see also Hawkins v. Kroger Company*, 2019 WL 4416132, at *12 (S.D. Cal. Sept. 16, 2019) (granting motion to compel production of document retention policies); *Cholakyan v. Mercedes-Benz USA, LLC*, No. CV 10-5944 MMM (JC), 2011 WL 7575379, at *15 (C.D. Cal. Dec. 20, 2011) (ordering production of the defendant's document retention policy during the class period).

Here, the production of Defendant's document retention policies will enable Plaintiff to determine the universe of responsive documents and identify any gaps in Defendant's document production. Accordingly, Plaintiff respectfully requests that the Court compel Defendant to produce its document retention policies in response to RFP No. 42.

### ii.  **Defendant's Position**

## IV.  **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's motion to compel and order Defendant to produce all responsive documents within five (5) days of the Court's Order.

DATED: January 13, 2026                 Respectfully submitted,

                                        */s/*

LILACH H. KLEIN
*Counsel for Plaintiffs and the Proposed Class*

DATED: _____          Respectfully submitted,

/s/
RONALD Y. ROTHSTEIN
*Counsel for Defendant*

## ATTESTATION PURSUANT TO CIVIL L.R. 5-4.3.4

The undersigned filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: _____          /s/ _____
                                    Lilach H. Klein

98