# EXHIBIT 4

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br><br>THE J.M. SMUCKER COMPANY,<br><br>    Defendant. | Case No. 2:25-cv-01138-AH-(KESx)<br><br>**CIVIL PRETRIAL SCHEDULE AND TRIAL ORDER** |

The Scheduling Conference scheduled for **August 7, 2025** is hereby VACATED.

The Scheduling Order governing this action is set forth in the Schedule of Pretrial and Trial Dates chart below. The box in the upper right-hand corner of the chart states whether the trial will be by jury or by the Court. If the parties seek to set additional dates, they may file a stipulation and proposed order. This may be appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

The parties are advised that the discovery cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery

must be provided, and motions concerning discovery disputes must be heard, not filed.  In other words, any motion challenging the adequacy of discovery responses must be filed timely, served, and calendared sufficiently in advance of the relevant discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

The parties should refer to the Court's Standing Order for requirements regarding specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to Chambers, and other matters pertaining to all cases.  A copy of the Court's Standing Order is available on Judge Hwang's webpage at www.cacd.uscourts.gov/honorable-anne-hwang.  Both the Court and all counsel bear responsibility for the progress of litigation in this Court.

"Counsel," as used in this Order, includes parties who are represented by counsel and parties who have elected to appear without counsel and are representing themselves in this litigation (hereinafter referred to as "pro se litigants").  Counsel, including pro se litigants, must comply with this Order, the Federal Rules of Civil Procedure, and the Local Rules of the Central District of California.  *See* Local Rules 1-3, 83-2.2.3.

All Doe defendants remaining are dismissed by operation of this Order and without further notice.

The Court has reviewed the Joint Rule 26(f) Report and sets the pretrial and trial dates noted in the table below based on an evaluation of the complexity of the case.  The deadlines below will not be continued absent a timely showing of good cause.

**All emailed submissions to Chambers referred to in this Order must be in Word format and emailed to AH_Chambers@cacd.uscourts.gov.**

# DISTRICT JUDGE ANNE HWANG
## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Trial and Final Pretrial Conference Dates | Court Order |
|---|---|
| Trial | August 4, 2026<br>[Tuesday] at 8:30 a.m.<br>☒ Jury Trial or<br>☐ Bench Trial<br>Est. 4 Days[1] |
| Final Pretrial Conference [L.R. 16], Hearing on Motions *in Limine* | July 15, 2026 |
| **Event**<br> Note:  Hearings shall be on Wednesdays at 1:30 p.m.[2] | **Court Order** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Wednesday] | September 17, 2025 |
| Class Certification Motion Hearing Deadline | December 10, 2025 |
| Fact Discovery Cutoff[3] | March 11, 2026 |
| Expert Disclosure (Initial) | March 25, 2026 |
| Expert Disclosure (Rebuttal) | April 8, 2026 |
| Expert Discovery Cutoff | April 15, 2026 |
| Last Date to Hear Motions [Wednesday]<br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Hwang's webpage | April 22, 2026 |
| Deadline to Complete Settlement Conference [L.R. 16-15][4] | ☐  1. Magistrate Judge<br>☐  2. Court Mediation Panel<br>☒  3. Private Mediation<br><br>June 10, 2026 |

[1] This estimate represents the Court's assessment of the number of trial days needed for this case. Any requests for additional trial days must be made at the time of the deadline for Trial Filings (First Round).  The Court will make a final determination on the days needed for trial at the FPTC.
[2] By default, all hearings shall proceed in person, unless a request is made by the parties.
[3] Any motions to compel must be filed and heard *before* the discovery cutoff.
[4] As stated in the Court's Order Setting Scheduling Conference, no case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding.

| | |
|---|---|
| Trial Filings (first round)[5] <br> • Motions *in Limine*[6] <br> • Memoranda of Contentions of Fact and Law [L.R. 16-4] <br> • Joint Witness List <br> • Joint Exhibit List [L.R. 16-6.1] <br> • Joint Status Report Regarding Settlement <br> • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only) <br> • Declarations containing Direct Testimony, if ordered (bench trial only) <br> • Requests for judicial notice | June 17, 2026 |
| Trial Filings (second round) <br> • Oppositions to Motions *in Limine* <br> • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] <br> • Joint Agreed Upon Proposed Jury Instructions (jury trial only) <br> • Disputed Proposed Jury Instructions (jury trial only) <br> • Joint Proposed Verdict Forms (jury trial only) <br> • Joint Proposed Statement of the Case (jury trial only) <br> • Proposed Voir Dire Questions, if any (jury trial only) <br> • Evidentiary Objections to Declarations of Direct Testimony (bench trial only) <br> • Table of challenged exhibits <br> • Deposition designations as to which the parties have any dispute or objection | July 1, 2026 |

---

[5] All trial filings must be filed as well as emailed in Word version to the chambers email box at AH_Chambers@cacd.uscourts.gov.

[6] Each party may file no more than five (5) motions *in limine* without seeking leave from the Court.

## A.    SCHEDULE OF PRETRIAL AND TRIAL DATES

### 1.    Discovery Cutoff and Discovery Motions.

(a)    **Fact and Expert Discovery Cutoffs.**  The cut-off date for discovery is not the date by which discovery requests must be served; it is the date by which all discovery, including all hearings on any related motions, must be completed.  Thus, written discovery must be served and depositions must begin sufficiently in advance of the discovery cut-off date to permit the propounding party enough time, if the party chooses, to challenge via motion practice any responses the party asserts are deficient.

(b)    **Expert Disclosures.**  All expert disclosures must be made in writing.  The parties should begin expert discovery shortly after the initial designation of experts.  The Final Pretrial Conference ("FPTC") and trial dates will not be continued merely because expert discovery has not been completed.  Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

(c)    **Discovery Motions.**  Discovery motions are handled by the Magistrate Judge assigned to the case.  Any motion challenging the adequacy of discovery responses must be filed, served, and calendared before the assigned Magistrate Judge sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.  The parties are expected to meet and confer to attempt to resolve discovery disputes before filing a discovery motion and must use their best effort to resolve all discovery disputes in a courteous, reasonable, and professional manner.

### 2.    Non-Discovery Motions Deadline.

(a)    **Meet and Confer Requirement.**  The parties are required under Local Rule 7-3 to meet and confer to attempt to resolve disputes before filing a motion.  The parties should review the Court's Standing Order for Civil Cases for instructions regarding motions to dismiss, motions to amend, and other types of

motions.  The Court employs special procedures for motions under Fed. R. Civ. P. 56 for summary judgment, including the parties' preparation of a joint brief and joint related documents.  The parties should review the Court's Civil Standing Order for a full explanation of the Court's briefing schedule and requirements.

**(b)    Cut-Off Date is the Last Day for *Hearing* the Motion.**    Judge Hwang hears non-discovery motions in civil cases through in-person appearances on Wednesdays at 1:30 p.m.  All non-discovery motions must be noticed to be heard on or before their respective cut-off dates listed in the below schedule (i.e., all non-discovery motions, except for summary judgment motions, must be filed at least twenty-eight (28) days before the deadline in accordance with the requirements of Local Rule 6-1).  Motions for summary judgment must be filed at least five (5) weeks before the motion cut-off date in order to be heard by that date.  Please make sure to consult with the closed motion hearings dates on Judge Hwang's website.

**3.    Final Pretrial Conference/Proposed Final Pretrial Conference.**

**(a)    Presence of Lead Trial Counsel.**  The Court has set the FPTC pursuant to Fed. R. Civ. P. 16 and Local Rule 16-8.  The Court requires strict compliance with Local Rule 16, as well as Fed. R. Civ. P. 16 and 26, and does not exempt pro se litigants from the requirements of Local Rule 16.  Each party appearing in this action, except pro se litigants, must be represented at the FPTC by lead trial counsel.  All unserved parties will be dismissed at the time of the FPTC pursuant to Local Rule 16-8.1.

**(b)    Matters to be Discussed During FPTC.**  Lead trial counsel shall be prepared to discuss at the FPTC all matters related to the trial, including, but not limited to, the following:

      **i.**    The witnesses all parties intend to call during their respective cases, and the amount of time necessary for direct and cross-examination of each witness;

      **ii.**    Any anticipated problems in scheduling witnesses;

        **iii.**    Efforts made to streamline the trial, including agreeing to testimony by deposition excerpts or summaries, stipulating to facts, and stipulating to an expert's qualifications;

        **iv.**    Any evidentiary issues, including anticipated objections under Fed. R. Evid. 403, and objections to exhibits;

        **v.**    Jury selection procedures;

        **vi.**    All pretrial motions, including motions *in limine* and motions to bifurcate and to sever;

        **vii.**    Any disputed jury instructions, and the form of the instructions that will be given to the jury at the outset of the case, i.e., before opening statements and presentation of evidence;

        **viii.**    Whether any counsel intends to use any evidence or demonstrative aid in opening statement; and

        **ix.**    Motions to exclude witnesses from the courtroom during trial testimony.

        **(c)**    **Requests for Additional Audio/Visual Equipment.**  The court provides audio/visual equipment for use during trial.  The parties are encouraged to use it.  If counsel for any party needs to arrange for the installation of their own equipment, such as video monitors, notebooks, or projection equipment, counsel shall notify the CRD no later than 4:00 p.m. on the Wednesday before trial so that the necessary arrangements can be made.

**B.**    **TRIAL PREPARATION**

        The parties must comply with Local Rule 16.  Pursuant to Local Rule 16-2, lead trial counsel for each party are required to meet and confer in person forty (40) days in advance to prepare for the FPTC.  The parties must comply with Local Rule 16-2, except where the requirements set forth in this Order differ from or supplement those contained in Local Rule 16.  The Court may take the FPTC and trial off

calendar or impose other sanctions for failure to comply with these requirements. Lastly, Parties should note that the Court may advance the trial date by up to two (2) weeks.

1. **Schedule for Filing Pretrial Documents.**  The schedule for filing pretrial documents is as follows:

<u>At least twenty-eight (28) days before the FPTC:</u>

- Motions *in Limine*
- Memoranda of Contentions of Fact and Law
- Joint Witness List
- Joint Exhibit List
- Joint Status Report Regarding Settlement
- Proposed Findings of Fact and Conclusions of Law (bench trial only)
- Declarations Containing Direct Testimony (bench trial only)
- Requests for Judicial Notice

<u>At least fourteen (14) days before the FPTC:</u>

- Oppositions to Motions *in Limine*
- Joint Proposed Final Pretrial Conference Order
- Joint Agreed Upon Proposed Jury Instructions (jury trial only)
- Disputed Proposed Jury Instructions (jury trial only)
- Proposed Additional Voir Dire Questions, if any (jury trial only)
- Joint Proposed Verdict Forms (jury trial only)
- Joint Proposed Statement of the Case (jury trial only)
- Evidentiary Objections to Declarations of Direct Testimony (bench trial only)

- Challenged Exhibits Table
- Deposition designations as to which the parties have any
  dispute or objection

All pretrial documents listed above, including any amended documents, shall be filed and emailed to Chambers the day set forth in the schedule that they are due. Except for motions *in limine* and oppositions, the Joint Status Report Regarding Settlement, and Declarations containing direct testimony, Counsel shall email all of the above, including any amended documents, in Microsoft Word format to AH_Chambers@cacd.uscourts.gov. Mandatory Chambers Copies of electronically filed pretrial documents shall be delivered to Judge Hwang's mailbox outside the Clerk's Office on the fourth floor of the First Street Courthouse.

**2.  Requirements for Pretrial Documents.**

**(a)  *Daubert* Motions.** *Daubert* motions will be heard not later than eight (8) weeks before the FPTC.

**(b)  Motions *in Limine*.** Motions *in limine* will be heard and ruled on at the FPTC. The court may rule orally instead of in writing. Each side is limited to five (5) motions *in limine* unless the court grants leave to file additional motions. All motions *in limine* must be filed at least twenty-eight (28) days before the FPTC. Oppositions must be filed at least fourteen (14) days before the FPTC. There shall be no replies. Motions *in limine* and oppositions must not exceed ten (10) pages in length. Before filing a motion *in limine*, the parties must meet and confer to determine whether the opposing party intends to introduce the disputed evidence and attempt to reach an agreement that would obviate the need for the motion. Motions *in limine* should address specific issues (e.g., not "to exclude all hearsay"). Motions *in limine* should not be disguised motions for summary adjudication of issues. The court may strike excessive or unvetted motions *in limine*.

**(c)  Joint Witness List.** The Joint Witness List must be filed at least twenty-eight (28) days before the FPTC. It must be in the format specified in Local

Rule 16-5 and must include for each witness (i) a brief description of the testimony, (ii) the reasons the testimony is unique and not redundant, and (iii) a time estimate in hours for direct and cross-examination.  Any Amended Witness List must be filed by 12:00 p.m. (noon) on the Friday before trial and emailed to AH_Chambers@cacd.uscourts.gov in Microsoft Word format.  The parties must use the following format:

| Witness's Name,* Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Jane Doe 1111 Main St., Los Angeles, CA 99999 213-999-9999 | Will testify what she saw at accident. Unique in that she is the only eyewitness. | 2 hours | 1 hour | [To be filled in during trial] |

**\*** Indicates that the witness will be called only if the need arises.

**(d)    Joint Exhibit List.**  The Joint Exhibit List must be filed at least twenty-eight (28) days before the FPTC.  It must be in the format specified in Local Rule 16-6 and shall include an additional column stating any objections to authenticity and/or admissibility and the reasons for the objections.  Each exhibit must indicate whether there is a stipulation or if there is an objection, the basis of the objection and response.  There shall be no blanks other than in the columns for date identified and admitted.  The parties shall meet and confer to fully discuss any objections and attempt to reach agreements on exhibits.  Any Amended Joint Exhibit List must be filed by 12:00 p.m. (noon) on the Friday before trial and emailed to AH_Chambers@cacd.uscourts.gov in Microsoft Word format.  The Joint Exhibit List must follow the following format:

| Ex. # | Description | Witness Establishing Foundation | Objections to Admissibility and/or Authenticity (include basis | Response to Objection | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|

| | | | **and party objecting)** | | | | |
|---|---|---|---|---|---|---|---|
| 3 | 1/30/80 letter from Doe to Roe | | | | | | |

**(e)    Jury Instructions (Jury Trial Only).**

**i. Schedule.**  Joint agreed upon proposed jury instructions must be filed no later than fourteen (14) days prior to the FPTC.  The parties shall make every effort to agree upon jury instructions before submitting proposals to the Court.  The Court expects the parties to agree on most instructions, particularly when pattern or model jury instructions exist and provide a statement of applicable law.  The parties shall meet and confer regarding jury instructions according to the following schedule:

- At least thirty-five (35) days before the FPTC:  The parties shall exchange proposed general and special jury instructions.
- At least twenty-eight (28) days before the FPTC:  The parties shall exchange any objections to the instructions.
- At least twenty-one (21) days before the FPTC:  The parties shall meet and confer with the goal of reaching agreement on one set of Joint Agreed Upon Proposed Jury Instructions.
- At least fourteen (14) days before the FPTC:  The parties shall file their (i) Joint Agreed Upon Proposed Jury Instructions and (ii) Disputed Jury Instructions.

**ii. Redlined Copy.**  The parties shall file clean and redlined sets of their (i) Joint Agreed Upon Proposed Jury Instructions and (ii) Disputed Jury Instructions.  The redlined sets shall include all modifications made by the parties to

11

pattern or model jury instructions, any disputed language, and the factual or legal basis for each party's position as to each disputed instruction. Where appropriate, the disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially. If there are excessive or frivolous disagreements over jury instructions, the court will order the parties to meet and confer immediately until they substantially narrow their disagreements.

**iii. Sources.** When the Manual of Model Jury Instructions for the Ninth Circuit provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of the case. Where California law applies, the parties should use the current edition of the Judicial Council of California Civil Jury Instructions. If neither applies, the parties should consult the current edition of O'Malley, et al., Federal Jury Practice and Instructions. The parties may submit alternatives to these instructions only if there is a reasoned argument that they do not properly state the law or are incomplete. The Court seldom gives instructions derived solely from case law.

**iv. Format.** Each requested instruction shall (i) cite the authority or source of the instruction; (ii) be set forth in full; (iii) be on a separate page; (iv) be numbered; (v) cover only one subject or principle of law; and (vi) not repeat principles of law contained in any other requested instruction. If a standard instruction has blanks or offers options, e.g., for gender, the parties must fill in the blanks or make the appropriate selections in their proposed instructions.

**v. Index.** The Proposed Instructions must have an index that includes the following for each instruction, as illustrated in the example below: (1) the number of the instruction; (2) the title of the instruction; (3) the source of the instruction and any relevant case citations; and (4) the page number of the instruction.

*Example:*

| Instruction | | | |
|---|---|---|---|
| Number | Title | Source | Page Number |

| 1 | Trademark-Defined (15.U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

During the trial, and before closing argument, the Court will meet with counsel to settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

**(f)    Joint Verdict Forms (Jury Trial Only).**  The parties shall make every effort to agree on a general or special verdict form before submitting proposals to the court.  The parties shall file a proposed joint general or special verdict form fourteen (14) days before the FPTC.  If the parties are unable to agree on a verdict form, the parties shall file one document titled "Competing Verdict Forms" which shall include:  (i) the parties' respective proposed verdict form; (ii) a "redline" of any disputed language; and (iii) the factual or legal basis for each party's respective position.  The Court may opt to use a general verdict form if the parties are unable to agree on a special verdict form.

**(g)    Joint Statement of the Case (Jury Trial Only).**  The parties must file a Joint Statement of the Case fourteen (14) days before the FPTC for the Court to read to the prospective jurors before commencement of voir dire.  The joint statement should be brief and neutral and should not be more than one (1) page in length.

**(h)    Voir Dire (Jury Trial Only).**  The Court will conduct the voir dire.  The Court inquires of prospective jurors to obtain biographical information and to determine whether a prospective juror can be fair and impartial given the case.  Counsel may, but are not required to, file a short list (no more than one (1) or two (2) pages) of proposed case-specific voir dire questions at the time they file the proposed FPTC order.  Eight (8) jurors will be selected, unless the Court indicates otherwise.  All challenges for cause shall be made at side bar or otherwise outside the prospective jurors' presence.

**(i)    Proposed Findings of Fact and Conclusions of Law (Bench Trial Only).**  For any trial requiring findings of fact and conclusions of law, each party shall file and serve on the opposing party, no later than twenty-eight (28) days

before the FPTC, its Proposed Findings of Fact and Conclusions of Law in the format specified in Local Rule 52-3. The parties may submit Supplemental Proposed Findings of Fact and Conclusions of Law during the trial.

Fourteen (14) days before the trial date or by a date ordered by the Court, each counsel shall file with the Court and serve on opposing counsel a copy of the opposing party's proposed findings of fact and conclusions of law, marked as follows:

a) Strike through those portions the party disputes;

b) Bold those portions the party admits; and

c) Underline those portions the party admits but considers irrelevant.

The parties may agree to and advise the Court of some other method of differentiating among these three categories, such as color coding.

Counsel should have only a single fact or conclusion of law contained in each paragraph.

**(j)    Declarations of Direct Testimony (Bench Trial Only).** The parties shall comply with Local Rules 16-2.7 and 43-1. At least 28 days before trial, for each witness a party intends to call at trial, counsel for that party shall either (a) file and serve personally or by fax or electronic mail an executed declaration in lieu of direct testimony, or (b) if such testimony is contained in discrete portions of a deposition, mark and lodge the deposition in accordance with the Local Rules. The Court expects to read the declarations and/or pertinent portions of the lodged depositions prior to the commencement of trial. At trial, the Court will permit "live" questioning only for cross-examination and redirect of each such witness.[7]

Not later than 21 days before trial, each party shall file a copy of its written objections to the testimony contained in the opposing party's declarations or lodged

---

[7] Direct "live" testimony of witnesses will be permitted only as to those witnesses who are not within the party's control (e.g., hostile witnesses) and who were not deposed, or pursuant to a request made sufficiently in advance of the deadlines set forth herein.

14

depositions.  Failure to file such written objections will be deemed to be a waiver of
any such evidentiary objections.

**3.**    **Trial Exhibits.**  Trial exhibits that consistent of documents and
photographs must be submitted to the Court in three-ring binders.  The parties shall
submit to the Court three (3) sets of binders:  one (1) original set of trial exhibits and
two (2) copies of trial exhibits.  The original set of exhibits shall be for use by the jury
during its deliberations, and the copies are for the Court.  The parties should prepare
additional copies of exhibits for their own use and for use by witnesses.  The parties
must review the exhibit list and exhibit binders with the CRD before the admitted
exhibits will be given to the jury.  All exhibits placed in three-ring binders must be
indexed by exhibit number with tabs or dividers on the right side.  Exhibits shall be
numbered sequentially 1, 2, 3, etc., not 1.1, 1.2, etc. *See* Local Rule 16-6.  Every page
of a multi-page exhibit must be numbered.  Defendant's exhibit numbers shall not
duplicate plaintiff's numbers.  The spine of each binder shall indicate the volume
number and the range of exhibit numbers included in the volume.

**(a)**    **Original Exhibits.**  The original exhibits shall bear the official
exhibit tags (yellow tags for plaintiff's exhibits and blue tags for defendant's exhibits)
stapled to the front of the exhibit on the upper right corner with the case number, case
name, and exhibit number placed on each tag.  Tags may be obtained from the Clerk's
Office, or the parties may print their own exhibit tags using Forms G-14A and G-14B
on the "Court Forms" section of the Court's website.

**(b)**    **Exhibit Copies.**  The copies of exhibits must bear copies of the
official exhibit tags that were placed on the original exhibits and be indexed with tabs
or dividers on the right side.  In addition to the three (3) sets of binders above, the
parties must also submit to the court a USB flash drive containing PDF versions of all
exhibits.  The USB flash drive must be delivered to the Judge Hwang's courtesy box
located outside the Clerk's Office on the fourth floor of the First Street Courthouse by
12:00 p.m. on the Wednesday before the start of trial.  Plaintiff's exhibits must be

placed in a separate folder from Defendant's exhibits, and the document file names must include the exhibit number and a brief description of the document, for example: "Ex. 1 - Smith Declaration.pdf" or "Ex. 105 - Letter Dated 1-5- 20.pdf."

        **(c)**    **Publishing Exhibits.** The Court does not permit exhibits to be "published" to the jurors before they are admitted into evidence. Once admitted, exhibits may be displayed electronically using the equipment and screens in the courtroom. The parties must meet and confer at least ten (10) days before trial to stipulate as much as possible to foundation, waiver of the best evidence rule, and exhibits that may be received into evidence at the start of the trial. All such exhibits should be noted as admitted on the court and CRD's copy of the exhibit list.

    **4.**    <u>**Materials to Present on First Day of Trial.**</u> The parties must present the following materials to the CRD on the first day of trial: (1) the three sets of binders described above, with one original set of trial exhibits for the jury and two copies of trial exhibits for the court; and (2) any excerpts of deposition transcripts to be used at trial, either as evidence or for impeachment. These lodged depositions are for the Court's use. The parties must use their own copies during trial.

    **5.**    <u>**Court Reporter**</u>. Any party requesting special court reporter services for any hearing, such as "Real Time" transmission or daily transcripts, shall notify the court reporter at least fourteen (14) days before the hearing date. At least seven (7) days before the commencement of trial, counsel for the parties shall provide the court reporter with a list of unusual words, phrases, and spellings that may come up during trial. This information should be emailed to Court Reporter Services at ReportersCACD@cacd.uscourts.gov.

    **6.**    <u>**Jury Trial.**</u> On the first day of trial, the Court will commence at 8:30 a.m. Counsel shall arrive at the Courtroom no later than 8:30 a.m. each day of trial. The Court will call a jury panel only when it is satisfied the case is ready for trial. The Court anticipates jury selection will take only a few hours. The parties should be

prepared to proceed with opening statements and witness examination immediately after jury selection.

## C.    CONDUCT OF ATTORNEYS AND PARTIES

**1.    Meeting and Conferring Throughout Trial.**  The parties must continue to meet and confer on all issues that arise during trial.  The Court will not rule on any such issue unless the parties have attempted to resolve it first.

**2.    Opening Statements, Witness Examinations, and Summation.**  Counsel must use the lectern.  Counsel should not consume jury time by writing out words and drawing charts or diagrams.  All such aids must be prepared in advance.  When appropriate, the Court will establish and enforce time limits for all phases of trial, including opening statements, closing arguments, and the examination of witnesses.  Absent stipulation of the parties or leave of court, no exhibits or demonstrative evidence may be used during opening statements.  If a party seeks to use any exhibits or demonstrative evidence, leave of court must be sought during the FPTC.

**3.    Objections to Questions.**  Counsel must not make speaking objections before the jury or otherwise make speeches, restate testimony, or attempt to guide a witness.  When objecting, counsel must rise to state the objection and state only that counsel objects and the legal grounds for the objection.  If counsel desires to argue an objection further, counsel must seek permission from the Court to do so.

**4.    Closing Arguments and Post-Trial Briefs (Bench Trials Only).**  For an overview and review of the evidence presented during trial, the Court will rely on the parties' closing arguments.  In delivering closing arguments, the parties shall use their respective proposed findings of fact and conclusions of law as a "checklist" and should identify the evidence that supports their proposed findings.  The Court will not accept post-trial briefs unless it finds that circumstances warrant additional briefing and such briefing is specifically authorized.

**5.** **General Decorum While in Session.** Counsel are advised to review and adhere to the Central District's Civility and Professionalism Guidelines. *See* http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalismguidelines. At a minimum:

(a) Counsel must not approach the CRD, the jury box, or the witness stand without Court authorization and must return to the lectern when the purpose for the approach has been accomplished.

(b) Counsel must rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom, unless directed otherwise.

(c) Counsel must address all remarks to the Court. Counsel must not address the CRD, the court reporter, persons in the audience, or opposing counsel. Any request to re-read questions or answers shall be addressed to the Court. Counsel must ask the Court's permission to speak with opposing counsel.

(d) Counsel must not address or refer to witnesses or parties by first names alone, except for witnesses who are below age fourteen (14), or witnesses who share a last name.

(e) Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

(f) Counsel must not leave counsel table to confer with any person in the back of the courtroom without the Court's permission.

(g) Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness or argument by opposing counsel. Counsel shall instruct their clients and witnesses not to engage in such conduct.

(h) Counsel must never speak to jurors under any circumstance, and

must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors.  Counsel must instruct their clients and witnesses to avoid such conduct.

**(i)**    Where a party has more than one (1) lawyer, only one (1) attorney may conduct the direct or cross-examination of a particular witness or make objections as to that witness.

**(j)**    Bottled water is permitted in the courtroom.  Food, gum, and other beverages are not permitted.  Cell phones must be silenced or may be confiscated.

**6.    Punctuality.**

**(a)**    The Court expects the parties, counsel, and witnesses to be punctual.  Once the parties and their counsel are engaged in trial, the trial must be their priority.  The Court will not delay progress of the trial or inconvenience jurors.

**(b)**    If a witness was on the stand at the time of a recess or adjournment, the party that called the witness shall ensure the witness is back on the stand and ready to proceed as soon as trial resumes.

**(c)**    The parties must notify the CRD in advance if any party, counsel, or witness requires a reasonable accommodation based on a disability or other reason.

**(d)**    No presenting party may be without witnesses.  If a party's remaining witnesses are not immediately available, thereby causing an unreasonable delay, the Court may deem that party to have rested.

**(e)**    The Court generally will accommodate witnesses by permitting them to be called out of sequence.  Counsel should meet and confer in advance and make every effort to resolve the matter.

**7.    Exhibits.**

**(a)**    Counsel must keep track of their exhibits and exhibit list, and record when each exhibit has been admitted into evidence.

**(b)**    Counsel are responsible for any exhibits they secure from the CRD and must return them before leaving the courtroom.

(c)     Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention.  Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

(d)     Counsel must inform the CRD of any agreements reached regarding any proposed exhibits, as well as those exhibits that may be received into evidence without a motion to admit.

(e)     When referring to an exhibit, counsel must refer to its exhibit number.  Counsel should instruct their witnesses to do the same.

(f)     Counsel should not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so.  All demonstrative aids must be prepared fully in advance of the day's trial session.

(g)     Counsel are required to seek to admit any items of evidence whose admissibility has not yet been stipulated to while the witness authenticating the exhibit is on the stand, so that any issues or concerns that arise may be addressed immediately.

**8.     Depositions.**  In using deposition testimony of an adverse party for impeachment, counsel may adhere to either one of the following procedures:

(a)     If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends and allow time for any objection.  Counsel may then read the portions of the deposition into the record.

(b)     If counsel wishes to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness told to read the relevant pages and lines silently.  Then, counsel either may ask the witness further questions on the matter and thereafter read the quotations or read the

quotations and thereafter ask further questions.  Counsel should have available for the Court and the witness extra copies of the deposition transcript for this purpose.

Where a witness is absent and the witness's testimony is to be offered by deposition, counsel may:  (i) have an individual sit on the witness stand and read the testimony of the witness while the examining lawyer asks the questions; or (ii) have counsel read both the questions and the answers.

**9.    Using Numerous Answers to Interrogatories and Requests for Admission.**  Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one (1) or more lengthy discovery responses, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted.  Copies of this new document must be provided to the Court and the opposing party.

**10.    Advance Notice of Unusual or Difficult Issues.**  If any party anticipates that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, that party must give the Court advance notice.  The parties must notify the CRD immediately of any unexpected legal issue that could not have been foreseen and addressed in advance.  To the extent such issue needs to be addressed outside the jury's presence, the relevant party must inform the CRD before jurors are excused for the day to minimize the time jurors are kept waiting.  The Court expects all parties to work diligently to minimize delays and avoid keeping jurors waiting.

**11.    Continuances of Pretrial and Trial Dates.**  The Court has a strong interest in keeping scheduled dates certain.  Accordingly, dates set by the Court are firm, subject to the Court's ability to advance the trial date by up to two (2) weeks or to trail the trial start date.  Any request for continuance of case management dates must be by motion, stipulation, or application, and must be supported by a declaration setting forth the reasons for the requested relief.  The declaration must contain a detailed factual showing of good cause and due diligence demonstrating the necessity for the continuance and a description of the parties' efforts taken to advance the

litigation.  This showing should demonstrate that the work still to be performed reasonably could not have been accomplished within the applicable deadlines. General statements are insufficient to establish good cause.  The declaration should also include whether any previous requests for continuances have been made and whether these requests were granted or denied by the Court. Stipulations extending dates set by the Court are not effective unless approved by the Court, and without compelling factual support and a showing of due diligence, stipulations continuing dates set by the Court will be denied.  The Court thanks the parties and their counsel for their anticipated cooperation.

Dated:  July 31, 2025

_____
HON. ANNE HWANG
UNITED STATES DISTRICT JUDGE