Ronald Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
300 N. LaSalle Drive, Suite 4400
Chicago, IL 60654-3406
Telephone: +1 312-558-5600

Jared Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone: +1 305-910-0500

Shawn R. Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone:  +1 213-615-1700

*Attorneys for Defendant*
*The J. M. Smucker Company*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE J. M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER**<br><br>Date: February 20, 2026<br>Time: 9:30 a.m.<br>Courtroom: 750<br>Fact Discovery Cutoff Date: September 30, 2026<br>Pretrial Conference Date: February 3, 2027<br>Trial Date: February 23, 2027 |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...........................................................................1

II.     DEFENDANT'S ARGUMENT ......................................................4

    A.    The Court Should Deny Plaintiff's Late-Breaking Requests to Expand Search Terms and Add a Duplicative Custodian. ...................4

        1.    Plaintiff's Proposed Search Term Revisions are Generic and Overbroad.................................................................5

        2.    Plaintiff's Proposed New Custodian is Duplicative and Unnecessary .........................................................9

        3.    Plaintiff's Purported Deficiencies are Manufactured ...............11

    B.    The Court Should Enforce the Negotiated Date-Certain RTP............12

    C.    The Court Should Grant a Protective Order Upholding Defendant's Targeted Redactions of Non-Responsive Trade Secret Information.................................................................14

    D.    Plaintiff's "Missing Documents" Narrative is False...........................15

    E.    The Court Should Preclude "Discovery on Discovery," Including Document-Retention Policies .............................................17

III.    CONCLUSION.............................................................................18

Plaintiff's Requests for Production and Defendant's Responses ............................20

i

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37-2, Defendant The J. M. Smucker Company ("Defendant") respectfully submits the following Motion for a Protective Order precluding Plaintiff Adina Ringler ("Plaintiff") from seeking discovery on matters irrelevant to Plaintiff's claims. Pursuant to Local Rule 37-1, the parties met and conferred via videoconference on August 11, 2025, August 13, 2025, September 10, 2025, October 1, 2025, October 14, 2025, October 23, 2025, November 5, 2025, and January 9, 2026. Pursuant to Local Rule P. 37-2.4, Defendant submits this Motion for a Protective Order due to opposing counsel's "refus[al] to sign and return the joint stipulation after the opposing party's portion was added."

## I. **INTRODUCTION**

Plaintiff Ringler filed this case in February 2025, asserting that the statements "natural" and "made with ingredients from natural sources" on one of Smucker's® Natural Fruit Spread products are misleading because the citric acid used is allegedly artificial. *See* Declaration of Ronald Y. Rothstein ("Rothstein Decl.") ¶ 2; Dkt. No. 1. On May 13, 2025, Plaintiff served her first requests for production ("RFPs")[1] and on September 8, 2025, Plaintiff filed an Amended Complaint adding two more of Smucker's® Natural Fruit Spread products ("Products") (Dkt. No. 44). *See* Rothstein Decl. ¶ 4. The parties proceeded to engage in discovery discussions pursuant to the Court-approved Protocol for Electronically Stored Information, Dkt. No. 35 ("ESI Protocol"). *Id.* ¶ 3. The ESI Protocol requires that the parties "meet and confer about methods to search ESI," "filter out ESI that is not subject to discovery," and "develop a mutually agreeable list of search terms and protocols prior to the production of documents," with the "goal of limiting the scope of review." ESI Protocol at 5; Rothstein Decl. ¶ 3 After five months of negotiations and seven meet-and-confers during which Defendant acquiesced to nearly all of

---

[1] Plaintiff's RFPs and Defendant's responses can be found in Appendix A attached hereto.

1

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

Plaintiff's voluminous demands, the parties agreed to: (1) a date-certain relevant time period ("RTP") from February 10, 2021 to September 8, 2025; (2) six custodians; and (3) search terms.[2] *See* Rothstein Decl. ¶¶ 5–15. Defendant then followed the typical discovery procedure by collecting documents from the agreed-upon custodians, applying the mutually negotiated terms, performing an extensive review, and, on December 30, 2025, producing approximately 1,500 documents comprising 3,508 pages. *Id.* ¶ 16. This production was the product of the parties' extensive negotiations about what would be searched, where, and how.

Plaintiff now attempts, at the eleventh hour, to tear up those agreements and redo all discovery because she is unhappy with the results. First, she demands nearly all the mutually-agreed upon search strings be re-run as generic strings untethered to the Products or claims at issue (e.g., "natural," "citric acid," "compet*," "survey*," "analy*," and "Aspergillus niger") across a company that owns over 20 brands and sells hundreds of products, entirely unrelated to this case. The revised terms would result in over 54,000 additional documents to review. Yet this lawsuit concerns only three fruit-spread products, all labeled with the qualifier "made with ingredients from natural sources." *See* Dkt. No. 44 at ¶ 3. Plaintiff also argues that she is entitled to documents for an undefined time period prior to the agreed-upon RTP (an issue she failed to ever meet and confer on). She additionally seeks to add a custodian, Drew Ziegler, who possesses no unique information not already captured by the other custodians. *Id.* ¶ 20. When Defendant's counsel asked why she wanted to add Mr. Ziegler, Plaintiff stated that his name appears on "a lot" of emails and counsel "thinks" he might have relevant documents. *Id.* ¶ 23. When asked what deficiency this addresses, Plaintiff first admitted there was none and then said Mr. Ziegler "seems" relevant. *Id.* Defendant checked Plaintiff's claims: Mr. Ziegler

---

[2] The full list of the agreed-upon search terms can be found in Appendix B.

appears on approximately eight emails out of roughly 1,500. *Id.* This is not Plaintiff's first attempt to extract irrelevant discovery; Plaintiff previously filed a motion to compel that this Court summarily rejected. *See* ECF No. 58.

To justify her request for a re-do of discovery, Plaintiff invents "deficiencies" in Defendant's production. First, she asserts she is entitled to documents referenced in Defendant's production that relate to other brands or products, that are withheld for attorney-client privilege, or that simply do not exist.   Rothstein Decl. ¶ 18. Plaintiff never explained why she is entitled to these documents. On this basis, she also demands production of Defendant's document-retention policies.

Plaintiff also demands Defendant remove narrow redactions on approximately six documents that protect non-responsive trade secrets concerning products and processes that are not at issue in this case. *Id.* ¶ 19. Defendant explained to Plaintiff that the redactions are limited to specific phrases or words in about six documents out of approximately 1,500. *Id.* Plaintiff has not explained why the removal of the redactions is necessary, how the redacted material is relevant, or what provision under the Federal Rules of Civil Procedure entitles her to non-responsive documents and information. *Id.*

This is buyer's remorse, not discovery. The Court should therefore deny Plaintiff's late-breaking bid to reopen discovery for a fishing expedition after the parties' extensive negotiations and agreements on search parameters.

Following the parties' latest meet and confer on January 9, 2026, Plaintiff's counsel sent their draft of the Joint Stipulation on January 13, 2026, labeling it only as a stipulation for Plaintiff's Motion to Compel, despite the parties' January 9 agreement that Defendant would lead with its forthcoming motion for protective order. *See id.* ¶ 26. Defendant then added its agreed-upon portions and returned the completed draft on January 20, 2026, consistent with that understanding and within the local-rule deadlines. *Id.* On January 21, 2026, Plaintiff's counsel removed

3

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

references to Defendant's protective-order motion and reordered the parties' positions, then sought Defendant's consent to file that altered version. *Id.* ¶ 27 Defendant declined, requested Plaintiff sign the previously agreed-upon January 20 version, and Plaintiff refused and stated they would proceed by filing only their own motion. *Id.*

## II.   DEFENDANT'S ARGUMENT

### A.   The Court Should Deny Plaintiff's Late-Breaking Requests to Expand Search Terms and Add a Duplicative Custodian.

Based on groundless speculation that documentation must exist, Plaintiff makes an eleventh-hour attempt to force Defendant to re-do all its discovery efforts and seeks leave for a fishing expedition when the documents responsive to the extensively negotiated search terms do not support her claims.[3] After five months of negotiations and seven meet-and-confers, the parties agreed to custodians, search terms[4], and a date-certain RTP under the Court-approved ESI Protocol, which requires the parties to "meet and confer about methods to search ESI," "filter out ESI that is not subject to discovery," and "develop a mutually agreeable list of search terms and protocols ***prior to the production of documents***," with "the goal of limiting the scope of review." ESI Protocol at 5 (emphasis added); *see also* Rothstein Decl. ¶ 3. Defendant relied on those agreements in meeting its discovery obligations: it ran the negotiated terms, incurred substantial vendor costs, reviewed thousands of documents, and substantially completed its production comprising of ~1,500 documents. *See* Rothstein Decl. ¶¶ 5–16.

Now, unhappy with the results of her own deal, Plaintiff demands a discovery do-over and review of at least 54,000 more documents that have no nexus to the

---

[3] The J.M. Smucker Co., *About*, https://www.jmsmucker.com/about (last visited Jan. 20, 2026).

[4] Plaintiff has endlessly revised search terms. During the course of the parties' extensive discussions, Plaintiff revised search terms no less than eight times. Rothstein Decl. ¶ 13. Defendant agreed to nearly every single version she requested. *Id.* ¶¶ 12–13. Every time Defendant consented, Plaintiff would return again, a couple weeks later, with even more search term variations. *Id.* 13.

Products or statements at issue, even though the natural fruit-spread products include the qualifier "made with ingredients from natural sources."[5] Plaintiff's proposed revisions to the search strings remove terms tethered to the Products and claims at-issue, leaving them as generic, ubiquitous strings that sweep in tens of thousands of documents across Defendant's over 20 other brands, including coffee, pet food, peanut butter, frozen foods, baked goods, and other "natural" jam, jelly, and preserves. That is not a search for relevant documents; it is an attempt to turn a labeling dispute about three Products into a fishing expedition across Defendant's entire product universe of over 20 brands and hundreds of products.

### 1. **Plaintiff's Proposed Search Term Revisions are Generic and Overbroad**

Plaintiff wants to run terms such as "natural," "citric acid," "compet*," "market*," "survey*," "analy*," and "Aspergillus niger," ***without any other terms relating to Plaintiff's claims***, exponentially expanding the volume of hits. Courts consistently reject requests to run generic search terms that would yield irrelevant results. *See, e.g.*, *Clark v. City of L.A.*, No. CV 20-10768 CAS (PVCx), 2023 WL 9687608, at *10 (C.D. Cal. Nov. 20, 2023) (eliminating search terms such as "Honda," "Sony," and "stash" as "too generic and common such that they would yield too many inapplicable or nonresponsive results."). Courts also deny belated attempts to expand search terms where a defendant already searched and produced documents in reliance on negotiated terms and the movant identifies no specific deficiency. *See, e.g.*, *In re Nat'l Ass'n of Music Merchants, Musical Instruments & Equip. Antitrust Litig.*, No. MDL 2121, 2011 WL 6372826, at *3 (S.D. Cal. Dec. 19, 2011) (denying plaintiff's request for additional search terms at the end of the discovery period after defendants "already searched and produced a significant number of documents, thereby incurring significant expenses" and "after meeting and conferring with [p]laintiffs, and relying on their agreement with [p]laintiffs

---

[5] The J.M. Smucker Co., Products, https://www.smuckers.com/products (last visited Jan. 20, 2026).

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

regarding search terms"); *Taylor v. Google LLC*, No. 20-cv-07956-VKD, 2024 WL 4947270, at *4 (N.D. Cal. Dec. 3, 2024) (rejecting plaintiff's request for an order to run search terms where they did not "show[] a specific deficiency in [the] document production or a factual basis to believe that [certain] chat messages contain relevant evidence that was not properly preserved"). Courts also recognize that plaintiffs have no right to "endlessly relitigate search terms." *Markson v. CRST Int'l, Inc.*, No. ED CV 17-1261-FMO (SPx), 2019 WL 7905896, at *5 (C.D. Cal. Dec. 16, 2019).

**Citric Acid Search Strings:** Plaintiff demands Defendant run broad searches for the term "citric acid" without any nexus to the Products or claims at issue. Citric acid is a nearly ubiquitous ingredient used in countless food products sold by Defendant. These strings capture voluminous irrelevant documents and, on their face, are plainly overbroad and not proportional:

- ~~((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND~~ ("citric acid")
- ~~((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND~~ ("citric acid" AND (sourc* OR quality OR test* OR analy* OR consumer* OR perc* OR understand* OR know* OR think*))

**"Natural" Related Search Strings:** Plaintiff also requires Defendant re-run nine search strings containing the word "natural" without connecting them to the actual Products at issue in the case. Consequently, these searches would capture any and all documents that so much as include the word "natural" across *all* of Defendant's brands and products. Without connecting these searches to the actual Products at issue in the case, these searches sweep in marketing, regulatory, forecasting, consumer insights, and pricing documents from every one of Defendant's brands. Plaintiff offers no legitimate basis to drag all of Defendant's brands into a dispute involving three fruit-spread products. Plaintiff's only stated need is an assertion that "Defendant refers to the Products internally as 'natural' products." *See* Pl.'s Mot. to Compel at 6, 11, Dkt. No. 72-1. However, Plaintiff cites

6

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

no document to support this representation. *See* Klein Decl. ¶ 14, Dkt. No. 72-2. Indeed, she cannot. Defendant's production shows the Products are referred to by flavor. *See* Rothstein Decl. ¶ 17. With at least 12 other product lines using the word "natural," Defendant would have no other way of differentiating the different products. Plaintiff's requested revisions are listed below:

- ~~((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) W/15~~ ("natural" AND (SKU / UPC / item number)
- (("natural" OR "made with ingredients from natural sources") W/25 ~~((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND~~ (FDA OR FTC OR regulat*)
- ~~((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND~~ ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (wholesale* OR retail* OR revenue* OR profit* OR loss* OR expense* OR differential OR pric* OR "price premium" OR "market share" OR "willing to pay" OR "willingness to pay" OR differen* OR money* OR premium OR market OR pay))
- ~~((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND~~ ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (packag* OR design* OR label*)
- ~~((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND~~ ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (understand* OR survey* OR analy* OR consumer*)
- ~~((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND~~ ((natural* OR unnatural* OR synthetic* OR artificial*

OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (public* OR benefit*)

- ~~((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND~~ ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR ""made with ingredients from natural sources" OR (natural* W/5 source*)) AND (compl* OR inquir* OR question* OR confus* OR consumer*)

- ~~((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND~~ ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (FDA OR FTC OR regulat*))

- ~~((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND~~ ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (advertis* OR market* OR stud* OR survey* OR demographic* OR consumer*))

**Competition Terms:** Plaintiff also demands Defendant run the following generic terms: (compet* OR alternat* OR substitute* OR replac*). Basic words such as "competition," "alternate," "substitute," or "replace" are commonly used in everyday parlance. These terms would invite large swaths of vague, irrelevant communications with no tie to the Products or statements at issue.

**Aspergillus Niger String:**   Plaintiff now also wants to run the term "Aspergillus niger" as a standalone term without the previously negotiated qualifiers: ("Aspergillus niger" ~~OR Aspergillus OR (aspergillus W/3 niger)) AND (micro* OR ferment* OR deriv*~~). Plaintiff seeks to remove the terms in the string that ground it to the actual claims at issue in the case. The result is a generic, standalone "Aspergillus niger" search that is facially overbroad and untethered to the Products or claims that would be run across the documents of a company with over 20 brands and hundreds of products. This request is also untimely. Plaintiff has

8

known about this term since the day she filed their complaint and even referenced it 14 times. *See* Dkt. No. 1. Plaintiff cannot claim this is a new term she previously did not know about. Plaintiff has had more than enough bites at the apple to revise and add more search terms, which Defendant has complied with. *See* Rothstein Decl. ¶¶ 5, 12–14. Enough is enough. She cannot be permitted to endlessly relitigate search terms. *Markson*, 2019 WL 7905896, at *5.

## 2. <u>Plaintiff's Proposed New Custodian is Duplicative and Unnecessary</u>

The Court should also deny Plaintiff's request to add Drew Ziegler as a new custodian because he is duplicative. Courts reject custodian expansions absent a showing of relevance. *See*, *e.g.*, *BlackBerry Ltd. v. Facebook, Inc.*, No. CV 18-1844-GW (KSx), 2019 WL 4544425, at *6–7 (C.D. Cal. Aug. 19, 2019) (denying request to apply specific search terms to a custodian's emails where those same terms had already been applied to other custodians and there was nothing to indicate that applying the searches to the at-issue custodian was "of importance in resolving the issues in th[e] case").

Pursuant to the typical discovery process, Defendant proposed six custodians representing the individuals with the most relevant knowledge of the Products and processes at-issue in Plaintiff's Complaint. In a company as large as The J. M. Smucker Company, there will always be multiple people involved with the tasks relating to a particular brand or product. However, the purpose of selecting custodians is to choose those who have the most relevant, specialized, and unique knowledge about the issues in the case and avoid duplication. *See, e.g.*, *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843-VC-JSC, 2021 WL 10282213, at *1 (N.D. Cal. Nov. 14, 2021) ("requiring a party to compel the designation of additional custodians requires a showing that the disputed custodians possess uniquely relevant information that is not available from the sources already designated"); *Handloser v. HCL America, Inc.*, No. 19-cv-01242-LHK (VKD), 2020 WL 7405686, at *2 (N.D. Cal. December 17, 2020) (refusing to

order designation of additional custodians where plaintiffs failed to show why they "expect to discover information from these custodians that differs from discovery they have already obtained from the others"); *Wadeea v. Mercedes-Benz USA, LLC*, No. 24-CV-1587-H-DDL, 2025 WL 2309025, at *2 (S.D. Cal. July 21, 2025) (denying motion to compel additional custodians and noting that "the party who will be responding to discovery requests is entitled to select the custodians it deems most likely to possess responsive information and to search the files of those individuals") (internal quotation marks omitted).

Here, Drew Ziegler is a scientist in product research. *See* Rothstein Decl. ¶ 20. Mr. Ziegler possesses no unique knowledge about the at-issue claims or Products that is not already captured by the current custodians. Defendant designated the following six custodians:

1. Caroline Bredemus – Senior Brand Manager Marketing, Consumer Foods;
2. Carrie Fisher – Manager, Frozen Handheld & Spreads R&D - Fruit Spreads, Toppings, Away From Home;
3. David Siciliano – Senior Scientist, TSO Consumer Foods;
4. Jennifer Gostkowski – Manager, Supply Quality Assurance;
5. Jennifer Washinger – Manager, Supply Quality Assurance; and
6. Steve Westphal – Sr. Sourcing Manager-Ingredients.

*Id.* ¶ 21. Each of these individuals was thoughtfully selected by Defendant and possesses unique, relevant information about the Products and claims at issue in this action. *Id.* ¶ 22. Each of them handles distinct aspects of supply, marketing, sourcing, science, and research and development for the at-issue Products. *Id.* Notably, two of them (Ms. Fisher and Mr. Siciliano) are involved in the science and research and development aspects of the Products. *Id.* Thus, the addition of Mr. Ziegler is duplicative. Defendant also produced documents related to research and development. *Id.*

Plaintiff identifies no unique knowledge or relevance that would justify adding Mr. Ziegler as a custodian. Plaintiff's only basis for adding him is a vague

10

claim that he appears on "a lot of" emails. *See id.* ¶ 23. However, this claim is false. Mr. Ziegler appears on just eight emails out of approximately 1,500 produced documents. *Id.* Plaintiff has not identified any unique knowledge Mr. Ziegler possesses. This is simply a tactic to harass and impose undue burden on Defendant and is exactly the type of situation where courts deny requests to add new custodians. *See BlackBerry Ltd.*, 2019 WL 4544425, at *6–7.

### 3. **Plaintiff's Purported Deficiencies are Manufactured**

In her Motion to Compel, Plaintiff invents new "issues" with respect to Defendant's production for the first time that she did not meet and confer on, in violation of Civil Local Rule 37-2. First, Plaintiff proclaims "it does not appear" that certain categories of documents responsive to their RFPs were produced. This claim is misleading. Defendant agreed to produce responsive documents "if any" exist, as is typical in any discovery process, and did so. *Id.* Plaintiff's claim also ignores the basic discovery framework followed in nearly all litigation and that the parties negotiated here: agreed-upon search terms, custodians, RTP, reasonable searches, and production of ~1,500 documents.

Second, Plaintiff claims that Defendant's production is deficient because it "did not produce any documents reflecting its decision-making regarding (i) the formulation of the Products with manufactured citric acid, (ii) the use of the terms 'natural' and 'made with ingredients from natural sources' on the Products' labels despite containing manufactured citric acid not extracted from natural fruits, or (iii) pre-launch testing of the Products." *See* Pl.'s Mot. to Compel at 5. However, none of these topics are even encompassed by Plaintiff's RFPs. *See* Appendix A; *see also* Rothstein Decl. ¶ 14. It is illogical to label this as a "deficiency" where Plaintiff never requested these categories of documents in the first place.

Plaintiff also asserts under penalty of perjury that Defendant's December 30 production contained no documents containing the term "aspergillus niger." *See* Klein Decl. ¶ 15. That is false. *See* Rothstein Decl. ¶ 17. Making a false

representation to the Court to gain leverage is unprofessional, violates the Rules of Professional Conduct, and is sanctionable.

For these reasons, the Court should grant Defendant's motion for a protective order denying Plaintiff's proposed expansion of search terms and rejecting the addition of a new custodian and deny Plaintiff's motion to compel the same.

**B.    The Court Should Enforce the Negotiated Date-Certain RTP**

The parties agreed to a date-certain RTP from February 10, 2021 to September 8, 2025. *See* Rothstein Decl. ¶¶ 5–10. Plaintiff raises, for the very first time in her Motion to Compel, a request to expand the previously agreed RTP to an undefined time period prior to February 10, 2021.[6] Under Local Rule 7-3, "[i]n all cases . . . counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Denial for failure to comply with local rules is well within the Court's discretion.[7] *Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012). Courts routinely deny motions where parties do not meet and confer. *See, e.g.*, *Superbalife, Int'l v. Powerpay*, No. CV 08-5099, 2008 WL 4559752 at * 2 (C.D. Cal. Oct. 7, 2008) (denying a motion that violated Local Rule 7-3). The Local Rules expressly authorize sanctions for such noncompliance. L.R. 37-4 ("The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."). On this basis alone, Plaintiff's motion to compel should be denied.

---

[6] On December 31, 2025, Plaintiff asked Defendant if it produced documents prior to February 10, 2021. Defendant stated that it did if attached to a responsive document within the agreed-upon RTP. Rothstein Decl. ¶ 10.

[7] Plaintiff's rush-to-court tactics and flagrant abuse of this Court's Local Rules are common employs of hers, easily demonstrated by (1) this Court's prior denial of her Motion to Compel for failure to comply with the local rules (*see* Dkt. No. 48); (2) her utter failure to abide by the meet and confer requirement prior to filing a motion to compel (*see supra* Part II.A.ii and Part II.B); and (3) her refusal to sign the original joint stipulation compiled by the parties regarding the Plaintiff's Motion to Compel (Dkt No. 72) and the instant motion (*see* Rothstein Decl. ¶¶ 26-27).

12

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

The Court-approved ESI Protocol requires the parties "meet and confer about methods to search ESI" and "develop a mutually agreeable list of . . . protocols prior to the production of documents," with the "goal of limiting the scope of review." ESI Protocol at 5. Consistent with that mandate, the parties agreed to an RTP from February 10, 2021 to September 8, 2025. *See* Rothstein Decl. ¶¶ 5–10. Defendant never agreed to search for documents pursuant to Plaintiff's RTP definition that purports to include documents prior to February 10, 2021 **with no set beginning date.** *Id.* ¶ 10.

Reopening the RTP would require duplicative vendor processing and attorney review for thousands of additional documents with no demonstrated relevance. Courts routinely deny late-stage expansions that force parties to redo discovery for a wholly different time frame. *See Corker v. Costco Wholesale Corp.*, No. 2:18-cv-00381-RSL, 2022 WL 2391770, at *1 (W.D. Wash. July 1, 2022) (denying temporal expansion near close of discovery where defendants had already completed searches/reviews/productions and stating that re-running would be unduly burdensome). Plaintiff already possesses the core evidence needed to litigate her claims, including, but not limited to, labels, citric-acid sourcing/manufacturing documents, supplier documents, pricing and competitor materials, and sales data. Demands to expand the RTP to an open-ended time period would generate thousands of irrelevant documents. Plaintiff says she needs discovery prior to the launch of the Products to probe "intent, motive, and knowledge," (which, again, is not even encompassed by any of her RFPs). *See* Pl.'s Mot. to Compel at 13. However, the relevant inquiry in a false advertising claim turns on what a reasonable consumer saw at the time of purchase, not internal deliberations. *See Hodsdon v. Mars, Inc.*, 891 F.3d 857, 867–68 (9th Cir. 2018).

Plaintiff negotiated the RTP, accepted it, and waited until after substantial completion to demand an undefined expansion. This is an unworkable tactic squarely at odds with the ESI Protocol and Rule 26 proportionality. The Court should maintain the agreed RTP and deny Plaintiff's request.

### C.   The Court Should Grant a Protective Order Upholding Defendant's Targeted Redactions of Non-Responsive Trade Secret Information.

Defendant's redactions of limited, highly confidential trade secret information are necessary in light of the sensitive nature of the information and risk of competitive injury. The court may "for good cause, issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(A), (G). Courts in this District have upheld narrow redactions of proprietary information that bear no relation to the issues in dispute. *See, e.g., NetCurrents Info. Servs. v. Dow Jones & Co.*, No. CV 07-4027 JFW (RCx), 2008 WL 11338879, at 5 n.5 (C.D. Cal. June 11, 2008) (permitting redaction of source code, a trade secret, the disclosure of which, "even under a protective order, could substantially injure" defendants).

Here, Defendant's redactions are minimal and surgical: limited to nonresponsive phrases in about six documents out of roughly 1,500 produced. *See* Rothstein Decl. ¶ 19. The redactions protect information about non-at-issue products as well as processes unrelated to the manufacturing, sourcing, or procurement of at-issue ingredient (citric acid). *See* Declaration of Laura Brown ¶ 5. Instead, the redactions protect highly confidential trade secrets concerning processes, ingredients, and brands unrelated to Plaintiff's claims. *Id.* ¶ 5. Plaintiff's demand for unredacted documents is not grounded in relevance or proportionality; it is a fishing expedition aimed at prying into Defendant's highly confidential trade secrets for other brands, products, and processes, thereby posing a clear risk of unfair competitive injury if disclosed. Disclosure of trade secrets, even under joint stipulated protective orders, can irreparably harm a party by exposing core competitive know-how and business strategy. A protective order is necessary here to prevent misuse of discovery as a weapon against Defendant. Any marginal curiosity Plaintiff asserts is dwarfed by the concrete risk of competitive harm, the lack of probative value, and the availability of discovery on the actual claims without exposing collateral proprietary data. Because Defendant's redactions preserve responsive material while preventing

14

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

disclosure of irrelevant trade-secret information that would cause unfair competitive injury, the Court should grant Defendant's motion for a protective order and permit the redactions to stand.

### D.    Plaintiff's "Missing Documents" Narrative is False

Plaintiff alleges that there are documents "missing" from Defendant's production. *See* Pl.'s Mot. to Compel at 16-17, Dkt. No. 72. This allegation is a disguised attempt to seek discovery not relevant to the case as well as documents withheld pursuant to the attorney-client privilege. Plaintiff's "missing" document theory collapses on inspection. Each cited item either (a) does not exist, (b) is non-responsive, or (c) was withheld as privileged and will appear on Defendant's forthcoming privilege log. A document-by-document summary follows:

| Purported "Missing" Documents | Defendant's Response |
|---|---|
| The conjoint studies discussed in JMS_0000147 | This is not responsive to any of the RFPs propounded by Plaintiff. |
| The conjoint studies discussed in JMS_0001488, JMS_0002407, JMS_0002750 | There are no conjoint studies or analyses in these documents. |
| The conjoint studies discussed in JMS_0002043, JMS_0002551, JMS_0002861 | The conjoint studies referenced did not hit upon agreed-upon search parameters in accordance with the ESI protocol and are not responsive to Plaintiff's discovery requests. For example, at least one study pertains to Defendant's peanut butter product line. |
| The studies and data discussed in JMS_0001310–1353, JMS_0002154 | Plaintiff does not identify with specificity what is meant by "studies and data." For instance, nearly all the 44 slides in Bates No. JMS_0001310 contain data source citations. It is unclear to which of these data sources Plaintiff contends are "missing." Defendant is unable to ascertain what specific data is purportedly "missing" from its productions. Further, most of the data cited in Bates JMS_0001310 pertains to other Smucker |

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

|  | product lines (i.e., JIF), is outside the agreed-upon RTP (e.g., an October 2020 conjoint study which took place before the Products were even released), or is otherwise not responsive to Plaintiff's discovery requests or their claims in this action (e.g., data regarding fruit spread product *sizing*). |
|---|---|
| Attachments and documents referenced in JMS_0000115 | The attachment to this document was withheld for attorney-client privilege. Defendant produced a slipsheet indicating as much. |
| Attachments and documents referenced in JMS_0000438–439 | These documents are non-responsive. |
| The attachments and documents referenced in JMS_0000658–659, JMS_0000912, JMS_0003312–3384, JMS_0003295–3308, JMS_0003390–3403, JMS_0003409–3463, JMS_0003468–3497 | These documents were produced. *See, e.g.,* JMS_0000011, JMS_0003286, JMS_0003385, JMS_0003498. |
| The full email chain and attachments referenced in JMS_0000671–674 | No responsive, non-privileged reply to this email chain exists. If it did, it would have been produced. Furthermore, numerous COFCO specification and other information sheets were previously produced. *See, e.g.,* JMS_0000005–0000006, JMS_0000462, JMS_0000503–0000523, JMS_0000526, JMS_0000992, JMS_00001020, JMS_00001033–00001034, JMS_0001131–0001132, JMS_0003287–0003292. |

As the chart confirms, there is no production gap. In producing documents, Defendant followed the Court-approved, mutually negotiated ESI Protocol and the parties' agreed discovery parameters: a date-certain RTP, agreed custodians, and negotiated search terms. Rothstein Decl. ¶ 16. Defendant then conducted a thorough attorney review and produced ~1,500 responsive, non-privileged documents. *Id.*

16

Plaintiff's assertion is a manufactured controversy designed to harass, burden, and abuse the discovery process. What she seeks now is a fishing expedition, and it contradicts the negotiated ESI framework that governs how emails and other ESI are produced. *See Ocean S. v. Los Angeles Cnty.*, No. LA CV23-06921 JAK (Ex), 2024 WL 5424388, at 2 (C.D. Cal. Dec. 19, 2024) (ESI protocol governs production); *see also Markson* 2019 WL 7905896, at *15–16 (no right to endlessly re-litigate search methodology absent a particularized showing). The Court should reject Plaintiff's attempt to seek documents she is otherwise not entitled to.

### E. The Court Should Preclude "Discovery on Discovery," Including Document-Retention Policies

Plaintiff is not entitled to Defendant's document retention policies. It is well-settled that "discovery on discovery" is disfavored and permitted only in exceptional circumstances upon a particularized showing of deficiency or spoliation. *See Faulk v. Gen. Elec. Co.*, No. 2:23-CV-05132-MWF-MAA, 2024 WL 5506976, at *11 (C.D. Cal. Dec. 5, 2024), *report and recommendation adopted*, 2025 WL 899838 (C.D. Cal. Mar. 25, 2025) ("[D]iscovery on discovery is generally frowned upon and only warranted in exceptional situations"); *Zaragoza v. Ford Motor Co.*, No. CV 22-1959-SSS (PLAx), 2022 WL 22911169, at *8 (C.D. Cal. July 7, 2022) ("Discovery into a party's discovery process, also known as 'discovery on discovery,' is disfavored . . . Generally, courts will only permit such discovery where there is some indication that a party's discovery has been insufficient or deficient") (cleaned up). Courts will only grant such requests where a specific deficiency is shown and not based on speculation or conjecture. *See Terpin v. T Inc.*, No. CV 18-6975-ODW (KSx), 2022 WL 3013153, at *6 (C.D. Cal. June 13, 2022) (denying motion to compel production of "discovery on discovery" where plaintiff "offer[ed] only speculation and unsupported assertions" about possible deficiencies); *RG Abrams Ins. v. Law Offices of C.R. Abrams*, No. 2:21-cv-00194-FLA-MAAx, 2021 WL 10312431, at *12 (C.D. Cal. Dec. 22, 2021) ("[A] party is not entitled to independently assess the adequacy of [the other party's] preservation[.]"); *Jensen v.*

17

*BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) (reasoning that discovery into another party's discovery process is disfavored and that plaintiff's failure to provide a "particularized reason" as to why the discovery should be permitted was fatal to the request); *Taylor v. Google LLC*, No. 20-cv-07956-VKD, 2024 WL 4947270, at *4 (N.D. Cal. Dec. 3, 2024) (explaining that discovery on discovery may only be "warranted if the party requesting it demonstrates that there is a specific deficiency in the other party's production of documents or other information" and rejecting request where plaintiffs did not show "a specific deficiency in [defendant's] document production or a factual basis to believe that [certain] chat messages contain relevant evidence that was not properly preserved").

Plaintiff seeks Defendant's document retention policies yet offers no particularized showing of deficiency, spoliation, or any concrete gap in the production. Her only explanation of why she is entitled to these policies is based on her "missing documents" narrative, which, as explained in Part II.D, *supra*, is really a fishing expedition into documents about non-at-issue products and brands and documents withheld under the attorney-client privilege. One of the alleged documents that is "missing" does not even exist. *See* Rothstein Decl. ¶ 24. None of this is evidence of any preservation or production defect. Plaintiff's accusations are speculative, harassing, and not in good faith; absent a particularized showing of deficiency or spoliation, such discovery is improper. Thus, the Court should preclude any "discovery on discovery," including requests for document-retention policies.

### III.  **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court grant Defendant's motion for protective order.

DATED: January 23, 2026                    Respectfully submitted,

                                           */s/ Ronald Y. Rothstein*
                                           Ronald Y. Rothstein (*pro hac vice*)
                                           RRothste@winston.com
                                           WINSTON & STRAWN LLP
                                           300 North LaSalle Drive, Suite 4400
                                           Chicago, IL 60654-3406
                                           Telephone: +1 312-558-5600

                                           Jared Kessler (*pro hac vice*)
                                           JRKessler@winston.com
                                           WINSTON & STRAWN LLP
                                           200 South Biscayne Boulevard, Suite 2400
                                           Miami, FL 33131
                                           Telephone: +1 305-910-0500

                                           Shawn R. Obi (SBN: 288088)
                                           SObi@winston.com
                                           WINSTON & STRAWN LLP
                                           333 South Grand Avenue, Suite 3800
                                           Los Angeles, CA 90071
                                           Telephone: +1 213-615-1700

                                           *Attorneys for Defendant*
                                           *The J. M. Smucker Company*

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

# APPENDIX A

## PLAINTIFF'S REQUESTS FOR PRODUCTION AND DEFENDANT'S RESPONSES

### RFP No. 1

**Request:** Color copies of all Product labels and Product packaging in use at any time during the Relevant Time Period.

**Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is unduly burdensome and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the terms "labels" and "packaging" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is unduly burdensome and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is unduly burdensome and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections,

20

Defendant will produce non-privileged documents responsive to this Request located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is unduly burdensome and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request located after a reasonable search.

**RFP No. 2**

**Request:** All Documents identifying the geographic areas and time periods in which You used each Product label and Product packaging produced in response to Request for Production No. 1.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the terms and/or phrases "geographic areas," "label," and "packaging" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not

21

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**RFP No. 3**

**Request:** All Documents identifying the Persons who created and/or developed each Product label and Product packaging produced in response to Request for Production No. 1.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon

Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the terms "label" and "packaging" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant

23

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**RFP No. 4**

**Request:** All contents (including video content) of www.smuckers.com during the Relevant Time Period which relate to the Product.

**Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence, including insofar as Plaintiff does not specifically take issue with content related to the Product on Defendant's website. See generally Compl. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) content related to the Product on Defendant's website. See generally Compl. Defendant also objects to this

Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) content related to the Product on Defendant's website. See generally FAC. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce the contents of www.smuckers.com during the period of time relevant to this lawsuit that pertain to the Product and the Representations if any such contents are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) content related to the Product on Defendant's website. See generally FAC. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, Defendant

will produce the contents of www.smuckers.com during the period of time relevant to this lawsuit that pertain to the Product and the Representations if any such contents are located after a reasonable search.

**RFP No. 5**

**Request:** All contents (including video content) of any and every print advertisement or social media platform hosted directly or indirectly by You (including but not limited to Facebook, Instagram, Twitter, YouTube, etc.) at any time during the Relevant Time Period, which relate to the Product.

**Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "hosted directly or indirectly by You" as vague, ambiguous, and undefined. Defendant objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) print advertisements (other than the Product's label) or social media platforms related to the Product. See generally id. Defendant objects to the phrase "hosted directly or indirectly by You"

26

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) print advertisements (other than the Product's labels) or social media platforms related to the Product. See generally id. Defendant objects to the phrase "hosted directly or indirectly by You" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce the contents of print advertisements and/or social media platforms hosted by Smucker during the period of time relevant to this lawsuit that pertain to the Product and the Representations if any such contents are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) print advertisements

(other than the Product's labels) or social media platforms related to the Product. See generally id. Defendant objects to the phrase "hosted directly or indirectly by You" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce the contents of print advertisements and/or social media platforms hosted by Smucker during the period of time relevant to this lawsuit that pertain to the Product and the Representations if any such contents are located after a reasonable search.

**RFP No. 6**

**Request**: All Documents constituting, showing, or discussing any Communications between You and any Person or third party (including but not limited to brand ambassadors, influencers, and/or bloggers) relating to any public relations and/or Marketing for the Product (including but not limited to influencer outreach collateral and campaign briefs).

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "brand ambassadors," "influencers," "bloggers," "influencer outreach collateral," and "campaign briefs" as vague, ambiguous, and undefined. Defendant objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Discovery is in its early stages. Defendant serves this response to preserve

its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent that the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "brand ambassadors," "influencers," "bloggers," "influencer outreach collateral," and "campaign briefs" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, sufficient to show communications between Defendant and third parties relating to public relations or marketing efforts that reference the challenged Representations on the Product that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent that the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "brand ambassadors," "influencers," "bloggers," "influencer outreach collateral," and "campaign briefs" as vague, ambiguous, and

undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, sufficient to show communications between Defendant and third parties relating to public relations or marketing efforts that reference the Representations on the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent that the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "brand ambassadors," "influencers," "bloggers," "influencer outreach collateral," and "campaign briefs" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks information that is publicly available, equally available to Plaintiff, and/or already within Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, sufficient to show communications between Defendant and third parties relating to public relations or marketing efforts that reference the Representations on the Product that are located after a reasonable search.

**RFP. No. 7**

**Request**: Organizational charts identifying any of Defendant's employees and/or agents involved in creating labeling, Marketing Materials, and/or Websites related to the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary

30

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "organizational charts" and "creating labeling" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the Complaint purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "[o]rganizational charts" and "creating labeling" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant

31

to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the FAC purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "[o]rganizational charts" and "creating labeling, Marketing Materials, and/or Websites" as vague and ambiguous. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents identifying any Person involved in creating the Product's labels, if any, located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the FAC purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "[o]rganizational charts" and "creating labeling, Marketing Materials, and/or Websites" as vague and ambiguous. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents identifying any Person involved in creating the Product's labels, if any, located after a reasonable search.

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

**RFP No. 8**

**Request**: Documents identifying any Person other than Your employees and/or agents involved in creating labeling, Marketing Materials, and/or Websites for the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "organizational charts" and "creating labeling" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the Complaint purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrase "creating labeling" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will

33

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

produce non-privileged documents identifying any Person involved in creating the Product's label, if any, located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the FAC purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrase "creating labeling, Marketing Materials, and/or Websites" as vague and ambiguous. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents identifying any Person involved in creating the Product's labels, if any, located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not in the FAC purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrase "creating labeling, Marketing Materials, and/or Websites" as vague and ambiguous. Subject to and without waiving the foregoing General and Specific

Objections, Defendant will produce non-privileged documents identifying any Person involved in creating the Product's labels, if any, located after a reasonable search.

**RFP No. 9**

**Request**: Documents sufficient to identify all SKUs and UPCs (by year, if applicable) for the Product sold during the Relevant Time Period.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "SKUs" and "UPCs" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**Second Amended Response** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant

to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, located after a reasonable search.

**RFP No. 10**

**Request**: All Documents Concerning Defendant's decision(s) to place, reason(s) for placing, and basis for placing any Representation on the labeling and packaging of the Product, in any Marketing Materials, and/or Websites related to the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "basis for," "labeling," and "packaging" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to

36

preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting Defendant's decision(s) to place, reason(s) for placing, and basis for placing any Representation on the labeling and packaging of the Product that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting Defendant's decision(s) to place, reason(s) for placing,

and basis for placing any Representation on the labeling and packaging of the Product that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting Defendant's decision(s) to place, reason(s) for placing, and basis for placing any Representation on the labeling and packaging of the Product that are located after a reasonable search.

**RFP No. 11**

**Request**: All Documents and Communications among Your employees or between You and any third party regarding the use, in connection with the Product, of any Representation or any variations thereof.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "any variations thereof" as vague, ambiguous, and undefined. Discovery is in its early

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "any variations thereof" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, regarding the use, in connection with the Product, of any Representation that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "any variations thereof" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications, if any, regarding the use, in connection with the Product, of any Representation that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the

Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "any variations thereof" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications, if any, regarding the use, in connection with the Product, of any Representation that are located after a reasonable search.

### RFP No. 12

**Request**: All Documents Concerning any anticipated or actual benefits derived or to be derived from the placement of any Representation on the packaging of the Product, in any Marketing Materials, and/or on any Websites, including any effects or anticipated effects on prices charged for the Product by Defendant or by retailers.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "anticipated or actual benefits derived or to be derived from," "packaging," and "effects or anticipated effects on prices charged" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to

40

preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "to be derived from," and "effects or anticipated effects on prices charged" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, that reflect anticipated or actual benefits derived from the placement of any Representation on the Product's packaging that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "to be derived from," and "effects or anticipated effects on prices charged" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General

41

and Specific Objections, Defendant will produce non-privileged documents, if any, that reflect anticipated or actual benefits derived from the placement of any Representation on the Product's packaging that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant objects to the phrases "to be derived from," and "effects or anticipated effects on prices charged" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, that reflect anticipated or actual benefits derived from the placement of any Representation on the Product's packaging that are located after a reasonable search.

**RFP No. 13**

**Request**: All Documents Concerning Consumer understanding of or response to any Representation, including but not limited to Consumer surveys and Marketing analyses, whether prepared by You, on Your behalf, or by third parties.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead

to the discovery of admissible evidence. Defendant objects to the phrase "understanding of or response to" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning consumer understanding of or response to the Representation on the Product that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning consumer understanding of or response to the Representations on the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning consumer understanding of or response to the Representations on the Product that are located after a reasonable search.

### RFP No. 14

**Request**: All Documents Concerning any study or analysis with respect to the use in Marketing and/or labeling of any Representation.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "study or analysis" and "labeling" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to

this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce

45

non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 15**

**Request**: All Documents Concerning any Consumer or third-party complaints, questions, or confusion regarding any Representation on the packaging of the Product, in any Marketing Materials, and/or on any Websites, and any response(s) by You thereto.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "confusion," "packaging," and "response(s)" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Subject to and without waiving the

foreging General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting consumer or third-party complaints, questions, or confusion regarding any Representation on the packaging of the Product that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting consumer or third-party complaints, questions, or confusion regarding any Representation on the packaging of the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because Plaintiff does not purport to have relied upon (or even viewed) any Marketing Materials or Websites related to the Product. See generally id. Defendant also objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged

47

documents, if any, reflecting consumer or third-party complaints, questions, or confusion regarding any Representation on the packaging of the Product that are located after a reasonable search.

**RFP No. 16**

**Request:** Documents sufficient to show all ingredients in the Product and the source of each ingredient during the Relevant Time Period, including any changes in the ingredients (and specifying which ingredients changed and the dates of those changes by month, day, and year).

**Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the phrases "source of each ingredient" and "changes in the ingredients" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information about ingredients in the Product other than citric acid. Defendant objects to the phrases "source of each ingredient" and "changes in the ingredients" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents,

if any, sufficient to show the use (including any changes in usage) and source of citric acid in the Product that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information about ingredients in the Product other than citric acid. Defendant objects to the phrases "source of each ingredient" and "changes in the ingredients" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, sufficient to show the use (including any changes in usage) and source of citric acid in the Product that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information about ingredients in the Product other than citric acid. Defendant objects to the phrases "source of each ingredient" and "changes in the ingredients" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, sufficient to show the use (including any changes in usage) and source of citric acid in the Product that are located after a reasonable search.

**RFP No. 17**

**Request:** Documents sufficient to show the formulation of the Product during the Relevant Time Period, including any changes during that period.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the terms "formulation" and "changes" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "formulation" and "changes" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "formulation" and "changes" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks the production of confidential, proprietary, or trade secret information. Subject to and

50

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "formulation" and "changes" as vague, ambiguous, and undefined. Defendant also objects to this Request to the extent it seeks the production of confidential, proprietary, or trade secret information. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 18**

**Request:** All Documents Concerning the manufacturing, manufacturing process, and/or creation of the Product during the Relevant Time Period.

**Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the terms and/or phrases "manufacturing," "manufacturing process," and "creation of the Product" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because the manufacturing, manufacturing process, and/or creation of the Product is not at issue in this case. Defendant objects to the terms and/or phrases "manufacturing," "manufacturing process," and "creation of the Product" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence because the manufacturing, manufacturing process, and/or creation of the Product is not at issue in this case. Defendant objects to the terms and/or phrases "manufacturing," "manufacturing process," and "creation of the Product" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not

52

reasonably calculated to lead to the discovery of admissible evidence because the manufacturing, manufacturing process, and/or creation of the Product is not at issue in this case. Defendant objects to the terms and/or phrases "manufacturing," "manufacturing process," and "creation of the Product" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning the manufacture of the Product and also referencing citric acid, if any, that are located after a reasonable search.

**RFP No. 19**

**Request**: All Documents Concerning citric acid, including citric acid in the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning citric acid in the Product that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning citric acid in the Product that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning citric acid in the Product that are located after a reasonable search.

**RFP No. 20**

**Request**: All Documents Concerning the presence, function, role, and effect of citric acid in the Product during the Relevant Time Period.

**Response**: Defendant hereby restates and incorporates the Preliminary

54

Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the terms "presence," "function," "role," and "effect" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "presence," "function," "role," and "effect" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "presence," "function," "role," and "effect" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents

concerning the function of citric acid in the Product during the period of time relevant to this lawsuit, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "presence," "function," "role," and "effect" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning the function of citric acid in the Product during the period of time relevant to this lawsuit, if any, that are located after a reasonable search.

### RFP No. 21

Request: All Safety Data Sheets (SDS) or Material Safety Data Sheets (MSDS) in Your possession for citric acid.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "Safety Data Sheets" and "Material Safety Data Sheets" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the

Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to the citric acid used in the Product that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to the citric acid used in the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any

57

adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to the citric acid used in the Product that are located after a reasonable search.

**RFP No. 22**

**Request**: All Safety Data Sheets (SDS) or Material Safety Data Sheets (MSDS) in Your possession for any mixtures in which citric acid is listed as an ingredient.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "Safety Data Sheets," "Material Safety Data Sheets," and "mixtures" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably

58

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to any mixtures in which the citric acid used in the Product is listed as an ingredient that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to any mixtures in which the citric acid used in the Product is listed as an ingredient that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, comprising Safety Data Sheets or Material Safety Data Sheets relating to any mixtures in which the citric acid used in the Product is listed as an ingredient that are located after a reasonable search.

59

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

**RFP No. 23**

**Request**: All Documents Concerning microbial fermentation using *Aspergillus niger*.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "microbial fermentation" and "*Aspergillus niger*" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific

60

time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

### RFP No. 24

**Request**: All Documents and Communications exchanged between You and any supplier(s) of citric acid used in the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead

61

to the discovery of admissible evidence. Defendant objects to the phrase "supplier(s) of" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "supplier(s) of" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "supplier(s) of" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications exchanged between Defendant and its supplier(s) of citric acid for the Product during the period of time relevant to this lawsuit that pertain to the use of citric acid in the Product and/or the Representations, if any, that are located after a reasonable search.

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "supplier(s) of" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications exchanged between Defendant and its supplier(s) of citric acid for the Product during the period of time relevant to this lawsuit that pertain to the use of citric acid in the Product and/or the Representations, if any, that are located after a reasonable search.

**RFP No. 25**

**Request**: All Document Concerning Your purchasing records for citric acid used in the Product.

**Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the term "purchasing records" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

63

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "purchasing records" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "purchasing records" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any

adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "purchasing records" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 26**

**Request:** Documents sufficient to identify all of Your suppliers of the citric acid used in the Product during the Relevant Time Period.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the term "suppliers" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the

Preliminary Statement and General Objections in full. Defendant further to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 27**

**Request**: All Documents Concerning any quality evaluations of the Product, where those evaluations mention citric acid.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the term "quality evaluations" as vague, ambiguous, and undefined. Discovery is in its early stages.

66

Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this

Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 28**

**Request:** All Documents Concerning any testing or analysis of citric acid in the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "testing" and "analysis" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably

68

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "testing" and "analysis" and the phrase "testing or analysis of citric acid in the Product" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "testing" and "analysis" and the phrase "testing or analysis of citric acid in the Product" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning testing or analysis of the natural characteristics of citric acid during the period of time relevant to this lawsuit, if any, that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "testing" and "analysis" and the phrase "testing or analysis of citric acid in the Product" as vague, ambiguous, and undefined. Subject to and without waiving the

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 29**

**Request**: All Documents Concerning Consumer perceptions of citric acid.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "Consumer perceptions" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "Consumer perceptions of citric acid" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "Consumer perceptions of citric acid" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning consumers' perceptions of citric acid as being manufactured and/or synthetic during the period of time relevant to this lawsuit, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "Consumer perceptions of citric acid" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 30**

**Request**: All scientific tests, if any, conducted by You or at Your direction Concerning the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary

Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "scientific tests" and "at Your direction" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will product non-privileged documents, if any, concerning scientific tests of citric acid used in the Product that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning scientific tests of citric acid used in the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning scientific tests of citric acid used in the Product that are located after a reasonable search.

## RFP No. 31

**Request**: Documents sufficient to identify each and every retailer in California and the United States to whom Defendant sold the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the term "retailer" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 32**

**Request:** Documents sufficient to identify all avenues and/or means by which You sell the Product directly to Consumers, including but not limited to Websites.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "avenues and/or means" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "avenues and/or means" as vague, ambiguous, and undefined. Subject to and

without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "avenues and/or means" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "avenues and/or means" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**RFP No. 33**

**Request:** With respect to the Product, produce, for each month during the Relevant Time Period, Documents sufficient to identify:

(i) monthly unit sales volume in California and nationwide,

(ii) average wholesale price per unit in California and nationwide,

(iii) average retail price per unit in California and nationwide,

(iv) monthly gross sales amount in California and nationwide,

(v) monthly Net Sales amount in California and nationwide,

(vi) monthly Revenue in California and nationwide,

(vii) monthly profits in California and nationwide,

and (viii) monthly losses in California and nationwide.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are in Defendant's possession and are located after a reasonable search.

**RFP No. 34**

**Request**: All Documents that reflect or discuss IRI, SPINS, and AC Nielson reports and data Concerning the Product during the Relevant Time Period.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this on the grounds that it is overbroad, imposes an undue burden and expense upon

78

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents responsive to this Request, if any, that are in Defendant's possession and are located after a reasonable search.

**<u>RFP No. 35</u>**

**Request**: All Documents that discuss, refer to, or otherwise reflect the rationale(s) for pricing the Product at its given price point at any time during the Relevant Time Period.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon

79

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the terms and/or phrases "otherwise reflect" and "rationale(s)" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting the rationale(s) for pricing the Product and referencing the Representations that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting the rationale(s) for pricing the Product and referencing the Representations that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to

80

this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting the rationale(s) for pricing the Product and referencing the Representations that are located after a reasonable search.

**RFP No. 36**

**Request**: All Documents concerning the prices charged by Your competitors for similar Products.

**Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "competitors" and "similar Products" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any

adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "competitors" and "similar Products" as vague, ambiguous, and undefined.  Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "competitors" and "similar Products" as vague, ambiguous, and undefined. Additionally, Defendant objects to this Request insofar as it seeks information equally available to Plaintiff. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents sufficient to show prices charged for Welch's Natural Fruit Spread, Polaner All Fruit, Crofter's Just Fruit, St. Dalfour 100% Fruit, Bonne Maman Fruit Spreads, Hero Premium Fruit Spreads, Cascadian Farm Organic Fruit Spreads, 365 by Whole Foods Market Organic Fruit Spreads, Trader Joe's Organic Fruit Spreads, and Kirkland Signature Organic Strawberry Spread, if any, located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense

82

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "competitors" and "similar Products" as vague, ambiguous, and undefined. Additionally, Defendant objects to this Request insofar as it seeks information equally available to Plaintiff. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents sufficient to show prices charged for Welch's Natural Fruit Spread, Polaner All Fruit, Crofter's Just Fruit, St. Dalfour 100% Fruit, Bonne Maman Fruit Spreads, Hero Premium Fruit Spreads, Cascadian Farm Organic Fruit Spreads, 365 by Whole Foods Market Organic Fruit Spreads, Trader Joe's Organic Fruit Spreads, and Kirkland Signature Organic Strawberry Spread , if any, located after a reasonable search.

**RFP No. 37**

**Request**: All Documents, including but not limited to studies or analyses relating to any price increase, price premium, or amount of money consumers are willing to pay for the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "studies," "analyses," "price premium," and "willing to pay" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, referencing a Representation and reflecting any price increases, price premium, or amount of money consumers are willing to pay for the Product that are located after a reasonable search.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, referencing any Representation and reflecting any price increases, price premium, or amount of money consumers are willing to pay for the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense

upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, referencing any Representation and reflecting any price increases, price premium, or amount of money consumers are willing to pay for the Product that are located after a reasonable search.

**RFP No. 38**

**Request:** All Documents Concerning any price differential attributable to the presence or absence of any Representation on the Product's label.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "price differential" and "attributable to" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably

85

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

calculated to lead to the discovery of admissible evidence. Defendant objects to the phrases "price differential" and "attributable to" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting Product pricing and referencing a Representation that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrases "price differential" and "attributable to" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, reflecting the Product's pricing and referencing any Representation that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrases "price differential" and "attributable to" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific

Objections, Defendant will produce non-privileged documents, if any, reflecting the Product's pricing and referencing any Representation that are located after a reasonable search.

**RFP No. 39**

**Request**: All Documents that discuss, refer to, or otherwise reflect the ideal, potential, desired, or actual consumer demographic(s) for the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "reflect," "ideal," "potential," "desired," and "consumer demographic(s)" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "ideal," "potential," "desired," when modifying the phrase "consumer demographic(s)" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce

non-privileged documents, if any, discussing, referring to, or reflecting consumer demographic(s) for the Product that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "ideal," "potential," "desired," when modifying the phrase "consumer demographic(s)" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, discussing, referring to, or reflecting consumer demographic(s) for the Product that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms "ideal," "potential," "desired," when modifying the phrase "consumer demographic(s)" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, discussing, referring to, or reflecting consumer demographic(s) for the Product that are located after a reasonable search.

**RFP No. 40**

**Request**: All Documents Concerning Plaintiff Adina Ringler.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents, if any, concerning Plaintiff Adina Ringler's purchase of the Product that are located after a reasonable search.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce

non-privileged documents, if any, concerning Plaintiff Adina Ringler's purchase of
the Product(s) that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the
Preliminary Statement and General Objections in full. Defendant further objects to
this Request to the extent the information requested is not confined to any specific
time period and is not narrowly tailored in scope. Defendant also objects to this
Request on the grounds that it seeks documents that are not relevant to any
adequately pled claim or any defense raised in this action, and/or not reasonably
calculated to lead to the discovery of admissible evidence. Subject to and without
waiving the foregoing General and Specific Objections, Defendant will produce
non-privileged documents, if any, concerning Plaintiff Adina Ringler.

**RFP No. 41**

**Request**: All Documents that Defendant obtains via subpoena in connection
with the above-captioned action.

**Response**: Defendant hereby restates and incorporates the Preliminary
Statement and General Objections in full. Discovery is in its early stages. Defendant
serves this response to preserve its Objections to Plaintiff's First Set of Requests for
Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the
Preliminary Statement and General Objections in full. Subject to and without
waiving the foregoing General and Specific Objections, to the extent that Defendant
obtains documents via subpoena in connection with the above-captioned matter,
Defendant will produce them in accordance with the applicable rules.

**Second Amended Response:** Defendant hereby restates and incorporates the
Preliminary Statement and General Objections in full. Subject to and without
waiving the foregoing General and Specific Objections, to the extent that Defendant
obtains documents via subpoena in connection with the above-captioned matter,
Defendant will produce them in accordance with the applicable rules.

**Third Amended Response**: Defendant hereby restates and incorporates the

Preliminary Statement and General Objections in full. Subject to and without waiving the foregoing General and Specific Objections, to the extent that Defendant obtains documents via subpoena in connection with the above-captioned matter, Defendant will produce them in accordance with the applicable rules.

**RFP No. 42**

**Request**: All company document retention and destruction policies in effect for the past 10 years.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "document retention and destruction policies" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "document retention and destruction policies" as vague, ambiguous, and undefined. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**Second Amended Response**: Defendant hereby restates and incorporates the

Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "document retention and destruction policies" as vague, ambiguous, and undefined. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrase "document retention and destruction policies" as vague, ambiguous, and undefined. Based on the foregoing General and Specific Objections, Defendant will not produce documents responsive to this Request.

**RFP No. 43**

**Request**: All documents referred to or relied upon in responding to Plaintiff Adina Ringler's First Set of Interrogatories to Defendant.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce

92

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

non-privileged documents it referred to or relied upon in responding to Plaintiff's First Set of Interrogatories.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents it referred to or relied upon in responding to Plaintiff's First Set of Interrogatories.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents it referred to or relied upon in responding to Plaintiff's First Set of Interrogatories.

**RFP No. 44**

**Request**: All of Your insurance policies.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense

upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant has not identified any insurance policies applicable to the claims asserted in Plaintiff's Complaint and therefore will not produce documents responsive to this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant has not identified any insurance policies applicable to the claims asserted in Plaintiff's FAC and therefore will not produce documents responsive to this Request.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not confined to any specific time period and is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Defendant has not identified any insurance policies applicable to the claims asserted in Plaintiff's FAC and therefore will not produce documents responsive to this Request.

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER

**RFP No. 45**

**Request**: All Documents Concerning any legal or regulatory action brought against You anywhere in the United States in the past 10 years based upon a claim of false, misleading, or misrepresentative statements relating to the Product, or based upon a claim regarding the Product's Representations.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrases "legal or regulatory action brought against You" and "based upon a claim" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrases "legal or regulatory action brought against You" and "based upon a claim" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response:** Defendant hereby restates and incorporates the

Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrases "legal or regulatory action brought against You" and "based upon a claim" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning legal or regulatory actions brought against Defendant in the United States in the past 10 years based upon a claim of false, misleading, or misrepresentative statements relating to the Representations, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the phrases "legal or regulatory action brought against You" and "based upon a claim" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents concerning legal or regulatory actions brought against Defendant in the United States in the past 10 years based upon a claim of false, misleading, or misrepresentative statements relating to the Representations, if any, that are located after a reasonable search.

**RFP No. 46**

**Request**: Submissions to or Documents received from any governmental or

regulatory agency or entity relating to the labeling or packaging of the Product, including but not limited to proofs and sample labels and packages, inquiries, applications, requests for approval, approvals, rejections, amendments, directives, rulings, opinions, and any other correspondence related to any version or iteration of such labeling or packaging.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "labeling," "packaging," "proofs and sample labels and packages," "inquiries," "applications," "requests for approval," "approvals," "rejections," "amendments," "directives," "rulings," "opinions," and "any version or iteration of" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "labeling," "packaging," "proofs and sample labels and packages," "inquiries," "applications," "requests for approval," "approvals," "rejections," "amendments," "directives," "rulings," "opinions," and

"any version or iteration of" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding the scope and meaning of this Request.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "labeling," "packaging," "proofs and sample labels and packages," "inquiries," "applications," "requests for approval," "approvals," "rejections," "amendments," "directives," "rulings," "opinions," and "any version or iteration of" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged submissions to or documents received from any governmental or regulatory agency or entity relating to the Representations on the Product, if any, that are located after a reasonable search.

**Third Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "labeling," "packaging," "proofs and sample labels and packages," "inquiries," "applications," "requests for approval," "approvals," "rejections," "amendments," "directives," "rulings," "opinions," and "any version or iteration of" as vague, ambiguous, and undefined. Subject to and

without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged submissions to or documents received from any governmental or regulatory agency or entity relating to the Representations on the Product, if any, that are located after a reasonable search.

**RFP No. 47**

**Request**: All Documents and Communications between You and the U.S. Food and Drug Administration or Federal Trade Commission that pertain in any way to the advertising, marketing, or labeling of the Product.

**Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "pertain in any way" and "labeling" as vague, ambiguous, and undefined. Discovery is in its early stages. Defendant serves this response to preserve its Objections to Plaintiff's First Set of Requests for Production of Documents and will supplement its response as discovery progresses.

**Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "pertain in any way" and "labeling" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant is willing to meet and confer regarding

the scope and meaning of this Request.

**Second Amended Response**: Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "pertain in any way" and "labeling" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications between Defendant and the U.S. Food and Drug Administration or Federal Trade Commission pertaining to the Representations on the Product, if any, that are located after a reasonable search.

**Third Amended Response:** Defendant hereby restates and incorporates the Preliminary Statement and General Objections in full. Defendant further objects to this Request to the extent the information requested is not narrowly tailored in scope. Defendant also objects to this Request on the grounds that it is overbroad, imposes an undue burden and expense upon Defendant in responding, and seeks documents that are not relevant to any adequately pled claim or any defense raised in this action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the terms and/or phrases "pertain in any way" and "labeling" as vague, ambiguous, and undefined. Subject to and without waiving the foregoing General and Specific Objections, Defendant will produce non-privileged documents and communications between Defendant and the U.S. Food and Drug Administration or Federal Trade Commission pertaining to the Representations on the Product, if any, that are located after a reasonable search.

## APPENDIX B

## Search Terms Ran:

1.    ("citric acid" AND (natural* OR unnatural* OR synthetic* OR Artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)))

2.    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ("citric acid")

3.    (((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) W/15 "natural") AND ("SKU" OR "stock keeping unit" OR "UPC" OR "universal product code" OR "item number")

4.    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (wholesale* OR retail* OR revenue* OR profit* OR loss* OR expense* OR differential OR pric* OR "price premium" OR "market share" OR "willing to pay" OR "willingness to pay" OR differen* OR money* OR premium OR market OR pay))

4.1    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (packag* OR design* OR label*)

4.2    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (understand* OR survey* OR analy* OR consumer*)

4.3    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (public* OR benefit*)

101

4.4    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (compl* OR inquir* OR question* OR confus* OR consumer*)

4.5    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (FDA OR FTC OR regulat*))

5.    (natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (((impact* OR increase* OR rais* OR effect* OR market* OR stud* OR analy* OR survey*)))

6.    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (advertis* OR market* OR stud* OR survey* OR demographic* OR consumer*))

7.    ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) W/100 (compet* OR alternat* OR substitute* OR replac*)

8.    "Natural" W/15 "made with ingredients from natural sources"

9.    (natural OR (synthetic OR artificial)) AND (label W/25 (change* OR update* OR modif* OR replace* OR adjust* OR revis* OR rework* OR redesign*))

10.    ((Adina W/5 Ringler) OR (Krista W/5 Robles) OR (Jay W/5 Smith) OR (Jana W/5 Rabinowitz))

11.    ("citric acid" AND (suppl* OR distribut* OR seller OR sourc* OR purchas* OR buy*))

12.    ("citric acid" AND ("safety data sheet" OR "SDS" OR "material safety data sheet" OR "MSDS" OR (safety W/5 sheet*)))

102

13.    ("Aspergillus niger" OR Aspergillus OR (aspergillus W/3 niger)) AND (micro* OR ferment* OR deriv*)

14.    "citric acid" AND ("Yarrowia lipolytica" OR (Iliana W/15 Sweis) OR "Yeast Isolates" OR "Candida" OR "Arthrobacter" OR "Bacillus" OR "Corynebacterium")

15.    "citric acid" AND ("solvent" OR "n-octyl alcohol" OR "isoparaffinic" OR "sulfuric acid" OR "calcium hydroxide" OR "mutant" OR mutagen* OR "genetic" OR "oxaloacetate")

16.    "citric acid" AND (presen* OR function* OR role* OR effect* OR preserv* OR flavor* OR taste OR "pH")

17.    ((berry w/5 spread) OR (triple w/5 spread) OR strawberry OR raspberry) AND ("citric acid" AND (sourc* OR quality OR test* OR analy* OR consumer* OR perc* OR understand* OR know* OR think*))

18.    (("natural" OR "made with ingredients from natural sources") W/25 ((berry w/5 spread) OR (triple w/5 spread) OR strawberry OR raspberry)) AND (FDA OR FTC OR regulat*)

19.    "Sunshine Biotech"

20.    "Harris & Ford"

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DEFENDANT THE J. M. SMUCKER COMPANY'S MOTION FOR PROTECTIVE ORDER