Ronald Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
300 North LaSalle Drive, Suite 4400
Chicago, Illinois 60654-3406
Telephone: +1 312-558-5600

Jared Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone: +1 305-910-0500

Shawn R. Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J. M. Smucker Company*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE J. M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF LAURA BROWN IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER**<br><br>Hearing Date:  February 13, 2026<br>Time: 9:30 a.m.<br>Courtroom: 750<br>Fact Discovery Cutoff Date: September 30, 2026<br>Pretrial Conference Date: February 3, 2027<br>Trial Date: February 23, 2027 |

# DECLARATION OF LAURA BROWN

I, Laura Brown, declare as follows:

1. I am employed by The J. M. Smucker Company ("Smucker") as R&D Vice President, Frozen Handheld & Spreads. I have held this position since 2021. In this role, I lead research and development for frozen handheld and spreads product lines. I am familiar with Smucker's proprietary processes relating to its products. I have personal knowledge of the following facts and, if called to testify to them, could and would competently do so.

2. Smucker is a company that sells, among other things, jams, jellies, and preserves in a highly competitive market in which access to non-public business information can provide competitors with a significant commercial advantage.

3. It is my understanding this case concerns three of Smucker's® Natural Fruit Spread products (the "Products").

4. Certain of the materials at issue in the above-captioned litigation include documents and information reflecting Smucker's trade secrets concerning its proprietary processes and methods for developing, testing, and producing various products. These processes do not relate to the manufacturing, sourcing, or procurement of citric acid for the Products at issue in this litigation.

5. The materials redacted from documents produced by Defendant on December 30, 2025 consist of the following categories of trade-secret information:

   a. Three of the documents are presentations containing detailed information regarding several of Smucker's peanut butter, jam, jelly, preserve, and fruit-spread products across multiple brands, including, but not limited to, Adams, Jif, Laura Scudder's, and Smucker's Natural. The redactions in these presentations reflect Smucker's proprietary processes for peanut butter, including sourcing, production, and quality-assurance methods.

        Additional redactions concern a proprietary Smucker process for processing strawberries used in certain jams, jellies, and preserves that is unrelated to any citric-acid processing or manufacturing. Information related to grape processing was also redacted. It is my understanding that peanut products and grape-based products are not at issue in this case.

    b. The remaining three documents are email exchanges containing values and data associated with a proprietary Smucker trade-secret process. This process is unrelated to the manufacturing, sourcing, or procurement of citric acid for the Products at issue in this litigation.

6. This information is not publicly available and Smucker does not disclose this information outside the company.

7. Smucker takes reasonable measures to protect the confidentiality of this information. These measures include, among others:

    a. Restricting access to the information to employees with a business need to know;

    b. Password-protected systems and/or access controls;

    c. Confidentiality agreements with employees and contractors; and

    d. Internal policies governing the handling and dissemination of confidential information.

8. Disclosure of this information outside of Smucker would cause competitive harm. For example, competitors could use Smucker's trade secrets to reverse engineer the ingredients used in and the means by which Smucker develops and produces its product.

9. Once disclosed, the competitive value of this information cannot be restored. Monetary damages would not fully remedy the harm caused by disclosure of Smucker's trade secrets. The only method of protecting this information is to withhold it.

I certify under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 21, 2026 in Orrville, Ohio.

Dated: January 21, 2026

By: *Laura K. Brown*