**CROSNER LEGAL, P.C.**
Craig W. Straub (SBN 249032)
*craig@crosnerlegal.com*
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF LILACH KLEIN IN SUPPORT OF PLAINTIFF ADINA RINGLER'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>Date:   February 20, 2026<br>Time:  9:30 a.m.<br>Ctrm:  750<br>Judge: Hon. Charles F. Eick<br><br>Action Filed:         Feb. 10, 2025<br>Discovery Cutoff:  Sept. 30, 2026<br>Pretrial Conference: Feb. 3, 2027<br>Trial Date:           Feb. 23, 2027 |

I, Lilach H. Klein, hereby declare the following:

1. I am a member in good standing of the State Bar of California and the Central, Northern, Southern, and Eastern Districts of California, and I, along with my colleagues, represent Plaintiffs Adina Ringler, Krista Robles, Jay Smith, and Jana Rabinowitz ("Plaintiffs") in the above-captioned action. I submit this Declaration in Support of Plaintiff Adina Ringler's Opposition to Defendant's Motion for Protective Order. I make this Declaration based on my personal knowledge and if called to testify, I could and would competently testify to the matter contained herein.

<u>Plaintiff's Meet and Confer Efforts</u>

2. More than seven (7) months after Plaintiff first served her discovery requests, on December 30, 2025, Defendant completed its final document production consisting of only 1,562 documents, many of which were duplicates. After reviewing Defendant's document production, Plaintiff discovered that large categories of responsive documents were missing.

3. Within 24 hours of Defendant's final document production, Plaintiff's counsel emailed Defendant's counsel identifying multiple deficiencies with Defendant's document production, including Defendant's (1) failure to use its internal terminology in search terms, (2) unilateral imposition of a temporal limitation on its document search, (3) unilateral redactions, and (4) missing documents. Plaintiff's counsel also identified additional missing documents, requested Defendant's document retention policies, and requested that Drew Ziegler be added as a custodian in an email dated January 9, 2026. Attached hereto as **Exhibit 1** is a true and correct copy of the email chain between Plaintiff's counsel and Defendant's counsel.

4. On January 9, 2026, the Parties met and conferred via videoconference regarding the deficiencies outlined in Plaintiff's December 31 and January 9 emails, including (1) Plaintiff's request to run additional searches using the term "Natural"

1

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DECLARATION IN SUPPORT OF OPPOSITION TO MOTION FOR PROTECTIVE ORDER

to refer to the Products and for "*Aspergillus niger*," (2) Defendant's imposition of a February 10, 2021 time limitation in its document search, (3) Defendant's unilateral redactions to otherwise responsive documents, (4) missing documents, (5) Defendant's refusal to produce document retention policies, and (6) adding Drew Ziegler as a custodian. During the January 9, 2026 meet and confer, Defendant took the blanket position that it would not conduct any additional searches or produce any additional documents. Defendant also stated that it would seek a motion for protective order if Plaintiff challenged Defendant's unilateral redactions. At the conclusion of the videoconference, Plaintiff's counsel advised that they would send Defendant a joint stipulation regarding a Motion to Compel pursuant to Local Rule 37-2.

5. On January 13, 2026, Defendant's counsel sent Plaintiff's counsel a memorialization of the parties' January 9, 2026 meet and confer. Defendant's memorialization identifies the following topics as having been discussed: (1) additional searches, (2) the time limitation imposed in Defendant's document search, (3) Defendant's redactions, (4) missing documents, (5) document retention policies, and (6) adding Drew Ziegler as a custodian. The memorialization contains no reference to any purported agreement that Defendant would "lead" any joint stipulation with a motion for protective order. Additionally, Defendant's memorialization confirms that Defendant only discussed a motion for protective order with respect to its unilateral redactions, and did not meet and confer as to Sections A, B, D, or E of its Motion. *See* Exhibit 1.

Defendant's Noncompliance with Local Rules

6. On January 13, 2026, Plaintiff served Defendant with Plaintiff's portion of a joint stipulation regarding Motion to Compel pursuant to Local Rule 37-2.2, together with all declarations and exhibits to be offered in support of Plaintiff's position.

7. Defendant returned its portion of the joint stipulation on January 20,

2

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DECLARATION IN SUPPORT OF OPPOSITION TO MOTION FOR PROTECTIVE ORDER

2026, and instructed that Plaintiff did not have permission to file until January 22, 2026, when Defendant expected to submit an additional declaration in support of its position. Defendant's version of the joint stipulation further deleted or altered portions of Plaintiff's text and reformatted the document to present Defendant's positions first (including attempting to recast Plaintiff's motion to compel as a motion for protective order brought by Defendant) rather than presenting each issue with both parties' respective contentions as required by the Local Rules.

8. Despite Defendant's untimely submission of additional materials and inappropriate alteration of the joint stipulation, pursuant to L.R. 37-2.2, Plaintiff added Defendant's materials to the joint stipulation sent by Plaintiff on January 13, 2026 and requested Defendant's signature on January 21, 2026. However, Defendant refused to sign and did not return a signed copy of the joint stipulation as required by Local Rule 37-2.2. Defendant did not request that Plaintiff sign any alternate version of the joint stipulation for Defendant to file. Attached hereto as **Exhibit 2** is a true and correct copy of the email chain between Plaintiff's counsel and Defendant's counsel concerning the joint stipulation for Plaintiff's Motion to Compel.

9. Defendant did not serve Plaintiff with a Notice of Motion or a proposed joint stipulation that allowed Plaintiff seven days to address Defendant's Motion for Protective Order. Defendant filed its Motion for Protective Order just three days after inserting its portions into the joint stipulation prepared by Plaintiff regarding a Motion to Compel, without affording Plaintiff seven days to respond.

<u>Dispute Regarding Search Terms</u>

10. Defendant proposed an initial set of search terms, and without insight into Defendant's internal terminology or document structure, and with much resistance from Defendant, Plaintiffs suggested additions and modifications in an attempt to ensure that responsive documents would be captured.

11. During the Parties' meet and confer conferences regarding search

3

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DECLARATION IN SUPPORT OF OPPOSITION TO MOTION FOR PROTECTIVE ORDER

terms, Defendant's counsel dismissed Plaintiffs' concerns regarding Defendant's proposed search terms as premature, and insisted that any issues could be addressed after Plaintiffs reviewed Defendant's document production. On October 22, 2025, Defendant's counsel sent Plaintiff's counsel an email stating, *inter alia*, "As we've said several times on meet and confer calls with you, the most efficient way to address the issues raised by Plaintiffs is to review Defendant's document productions as they become available and then raise with us any perceived deficiencies." Defendant's counsel reiterated the same position later that day, stating, *inter alia*, "As we have previously suggested, we again suggest Plaintiffs review Defendant's forthcoming production and, should they perceive any deficiencies, we are of course willing to further meet and confer." Attached hereto as **Exhibit 3** is a true and correct copy of the email chain between Plaintiff's counsel and Defendant's counsel.

12. Plaintiff relied on these representations, particularly regarding the terminology used to search for the Products. For example, Plaintiff proposed that Defendant use the phrase "fruit spread" to search for the Products at issue. Defendant rejected that proposal and insisted that the Products be searched using only the following flavor-based terms: (("berry W/5 spread") OR ("triple W/5 spread") OR strawberry OR raspberry). Defendant further maintained that the issue was premature and should be revisited after Plaintiff reviewed Defendant's production and could assess how Defendant internally referred to the Products. Accordingly, Plaintiff agreed to "table the issue pending document review," but expressly noted, "[i]f it appears that Smucker predominantly refers to the Products as 'fruit spreads,' we may revisit this." *See* Exhibit 3.

13. After reviewing Defendant's December 30, 2025 document production, Plaintiffs learned that Defendant refers to the Products internally as the "natural" products. *See, e.g.*, Exhibit Nos. 4-9, 12.

14. Attached hereto as **Exhibit 4** is a copy of a document produced by

4

Defendant in discovery and bates labeled as JMS_0000109, demonstrating that Defendant refers to the Products as the "Natural" products. The document was designated as Highly Confidential – Attorneys' Eyes Only by Defendant, and was converted to PDF by Plaintiff's counsel for this filing.

15. Attached hereto as **Exhibit 5** is a copy of a document produced by Defendant in discovery and bates labeled as JMS_0000147, demonstrating that Defendant refers to the Products as the "Natural" products. The document was designated as Confidential by Defendant, and was converted to PDF by Plaintiff's counsel for this filing.

16. Attached hereto as **Exhibit 6** is a copy of a document produced by Defendant in discovery and bates labeled as JMS_0000287, demonstrating that Defendant refers to the Products as the "Natural" products. The document was designated as Confidential by Defendant, and was converted to PDF by Plaintiff's counsel for this filing.

17. Attached hereto as **Exhibit 7** is a copy of a document produced by Defendant in discovery and bates labeled as JMS_0002164, demonstrating that Defendant refers to the Products as the "Natural" products. The document was designated as Confidential by Defendant, and was converted to PDF by Plaintiff's counsel for this filing.

18. Attached hereto as **Exhibit 8** is a copy of a document produced by Defendant in discovery and bates labeled as JMS_0003183, demonstrating that Defendant refers to the Products as the "Natural" products. The document was designated as Highly Confidential – Attorneys' Eyes Only by Defendant, and was converted to PDF by Plaintiff's counsel for this filing.

19. Attached hereto as **Exhibit 9** is a copy of a document produced by Defendant in discovery and bates labeled as JMS_0003202, demonstrating that Defendant refers to the Products as the "Natural" products. The document was designated as Confidential by Defendant, and was converted to PDF by Plaintiff's

5

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DECLARATION IN SUPPORT OF OPPOSITION TO MOTION FOR PROTECTIVE ORDER

counsel for this filing.

20. Plaintiff requested that Defendant re-run search term numbers 2, 3, 4, 6, 7, 17, and 18 using the term "natural," rather than limiting those searches to ((("berry W/5 spread") OR ("triple W/5 spread") OR strawberry OR raspberry). *See* Exhibit 1. Defendant flatly refused, and asserted that because the Parties had previously agreed to the existing search terms, it would not conduct any additional searches. Defendant's refusal is particularly troubling because Defendant's counsel repeatedly dismissed Plaintiffs' earlier concerns about the proposed search terms as premature and assured Plaintiffs that any deficiencies could be addressed after Plaintiffs reviewed Defendant's production. *See, e.g.*, Exhibit 3.

21. Defendant's December 30, 2025 document production also contained almost no documents with the term "*Aspergillus niger*." However, Defendant's Rule 30(b)(6) witness testified that the citric acid used in the Products is manufactured using *Aspergillus niger*. Accordingly, Plaintiffs requested that Defendant conduct a search for the term "*Aspergillus niger*" without additional limitations. *See* Exhibit 1. Defendant refused to do so.

### Adding Drew Ziegler as a Custodian

22. Defendant unilaterally selected the custodians whose files were searched. However, Plaintiff's review of Defendant's production revealed that Drew Ziegler likely possesses relevant information, including documents related to testing of the Products. *See, e.g.*, Exhibit 8 (identifying Mr. Ziegler ███████████ ███████).

23. In its Interrogatory responses, Defendant identified Ms. Fisher as having knowledge related to "technical management and product development" and Mr. Siciliano as having knowledge concerning "product formulations and processes."

### Relevant Time Period

24. Plaintiff did not learn that Defendant had imposed a February 10, 2021

6

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DECLARATION IN SUPPORT OF OPPOSITION TO MOTION FOR PROTECTIVE ORDER

beginning cutoff date in its document search until reviewing Defendant's production and discovering that highly relevant pre-launch documents were missing. Plaintiff raised this issue with Defendant on December 31, 2025 and the parties met and conferred on January 9, 2026. *See* Exhibit 1.

25. The Parties previously met and conferred regarding a separate issue over Defendant's imposition of a February 10, 2025 end cutoff date and ultimately agreed to a document search through September 8, 2025, with the understanding that the issue would be revisited after class certification. *See* Exhibit 3.

### Defendant's Unilateral Redactions

26. Several documents produced by Defendant were unilaterally redacted "for Non Responsive Trade Secret Information."

27. Defendant's redactions appear to contain relevant information. For example, attached hereto as **Exhibit 10** are copies of documents produced by Defendant in discovery and bates labeled as JMS_0000224-227, demonstrating that Defendant has redacted what appears to be the Products' ▬▬▬▬. The documents were designated as Highly Confidential – Attorneys' Eyes Only by Defendant, and were converted to PDF by Plaintiff's counsel for this filing.

28. Attached hereto as **Exhibit 11** are copies of documents produced by Defendant in discovery and bates labeled as JMS_0003145-3158, showing that Defendant has redacted entire pages of documents. The documents were designated as Highly Confidential – Attorneys' Eyes Only by Defendant, and were converted to PDF by Plaintiff's counsel for this filing.

### Missing Documents

29. Plaintiff identified several documents referenced in Defendant's document production that have not themselves been produced and requested that Defendant produce those documents.

30. Attached hereto as **Exhibit 12** is a copy of a document produced by

7

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DECLARATION IN SUPPORT OF OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Defendant in discovery and bates labeled as JMS_0001488.[1] The document references a study conducted in 2020 (pg. 72) and discusses questions posed to survey participants and results (pgs. 62-68), but Defendant has not produced the study itself. This document was designated as Highly Confidential – Attorneys' Eyes Only by Defendant, and was converted to PDF by Plaintiff's counsel for this filing.

31.     Attached hereto as **Exhibit 13** are copies of documents produced by Defendant in discovery and bates labeled as JMS_0000438-439, showing that a shared file was included as an attachment to an email but was not produced. The documents were designated as Confidential by Defendant, and were converted to PDF by Plaintiff's counsel for this filing.

32.     Attached hereto as **Exhibit 14** is a copy of a document produced by Defendant in discovery and bates labeled as JMS_0000912, showing approximately nine attachments and nineteen categories of documents that do not appear to have all been produced. This document was designated as Confidential by Defendant, and was converted to PDF by Plaintiff's counsel for this filing.

33.     Attached hereto as **Exhibit 15** are copies of documents produced by Defendant in discovery and bates labeled as JMS_0000671-674, reflecting an email chain between ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The reply to this email chain is absent from Defendant's production. The documents were designated as Confidential by Defendant, and were converted to PDF by Plaintiff's counsel for this filing.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on this 30th day of January, 2026 in Sacramento, California.

---

[1] JMS_0001488, JMS_0002407, and JMS_0002750 appear to be duplicates.

8

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DECLARATION IN SUPPORT OF OPPOSITION TO MOTION FOR PROTECTIVE ORDER

By: /s/ *Lilach H. Klein*
Lilach H. Klein

9

*Ringler, et al. v. The J.M. Smucker Company*, Case No. 2:25-cv-01138-AH-E
DECLARATION IN SUPPORT OF OPPOSITION TO MOTION FOR PROTECTIVE ORDER