# EXHIBIT 1
**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

1/29/26, 4:11 PM Crosner Legal Mail - RE: Ringler et al. v. The J. M. Smucker Company, No. 2:25-cv-01138-AH-E - Defendant's Fifth Production

Case 2:25-cv-01138-AH-E    Document 79-2    Filed 01/30/26    Page 2 of 9    Page ID #:1886



Lilach Klein <lilach@crosnerlegal.com>

---

## Re: Ringler et al. v. The J. M. Smucker Company, No. 2:25-cv-01138-AH-E - Defendant's Fifth Production
1 message

---

**Lilach Klein** <lilach@crosnerlegal.com>      Wed, Jan 14, 2026 at 11:10 AM
To: "Favetta, Annette Lynn" <AFavetta@winston.com>
Cc: "Sherwood, Peyton" <PSherwood@winston.com>, Craig Straub <craig@crosnerlegal.com>, Mike Houchin <mhouchin@crosnerlegal.com>, Zachary Crosner <zach@crosnerlegal.com>, "Rothstein, Ron" <RRothste@winston.com>, "Kessler, Jared R." <JRKessler@winston.com>

Hi Annette,

We do not agree that seeking relevant discovery constitutes harassment, and the continued threats of a protective order are unwarranted and counterproductive.

**Unilateral Redactions**
With respect to Defendant's unilateral redactions, Plaintiffs provided case law establishing that such redactions are improper. In addition, the Court entered a Stipulated Protective Order—agreed to by the parties—which provides a mechanism for designating confidential and trade secret information and does not permit partial redactions. Several documents unilaterally redacted by Defendant appear to contain highly relevant information, including JMS_226–227, which discuss Defendant's production process for the Products. Because this information has been redacted, Plaintiffs have no way of assessing its substance.

We do not believe a protective order is warranted here. As discussed during the meet and confer, Plaintiffs intend to move to compel and provided a draft joint stipulation yesterday addressing this issue. Given that the issue will already be before the Court, Plaintiffs will seek recovery of fees associated with any duplicative motion practice.

**Citric Acid – RFP No. 49**
With respect to RFP No. 49 concerning citric acid samples, Defendant represented in its written response that it "does not have in its possession, custody, or control a representative sample of at least 25 grams from a lot of the citric acid ingredient used in the manufacturing of the Products during the Relevant Time Period." As revealed during Defendant's Rule 30(b)(6) deposition, however, this is not true.

During the meet and confer, your team explained that this response was based on Defendant's imposition of a different definition of "Relevant Time Period" that is inconsistent with the Requests. However, the Relevant Time Period is expressly defined to extend through the present, as information continuing up to the date of class certification is relevant. This is something we previously explained multiple times. See, e.g., emails dated October 23, 2025. Defendant's withholding of citric acid samples based on this technical and erroneous interpretation is improper.

Ron then questioned why a sample of citric acid is relevant to this case. I explained that citric acid is the challenged ingredient in this case and is necessarily relevant to this case. Ron then instructed multiple attorneys on the call to write my response down "verbatim to include in a motion for protective order," and required that I repeat my explanation multiple times, feigning that he "didn't hear it."

I then asked whether, in light of Defendant's acknowledgment that it does in fact possess citric acid, Defendant intended to amend its response and produce a sample, or whether it was now objecting on relevance grounds. Ron stated that he would confer with Defendant and advise whether Defendant intended to produce by Tuesday, January 13. We understand your email to confirm that Defendant does not intend to produce citric acid samples in response to RFP No. 49.

Your representation that you intend to seek a protective order because Plaintiffs served a discovery request seeking a sample of the challenged ingredient in this case is inappropriate, particularly where it is our understanding that such a production would not be burdensome. Please identify the basis on which Defendant intends to seek a protective order. If Defendant's sole basis is relevance, that position is meritless. Whether Plaintiffs provide the citric acid to an expert, submit it for laboratory analysis, or retain it for use at trial, the ingredient at the center of this litigation is plainly relevant. Please advise.

**Additional Custodian – Drew Ziegler**
With respect to adding Drew Ziegler as a custodian, I explained during the meet and confer that his name appears

1/29/26, 4:11 PM            O'Conner Legal Mail - RE: Ringle et al. v. The J. M. Smucker Company, No. 2:25-cv-01138-AH-E - Defendant's Fifth Production

Case 2:25-cv-01138-AH-E    Document 79-2    Filed 01/30/26    Page 3 of 9    Page ID
                                          #:1887

repeatedly in relevant documents, indicating that he likely possesses responsive materials. I also explained that Defendant's document production was deficient because Mr. Ziegler, who appears to have relevant information and documents was not included as a custodian. To this, Ron responded, "we heard you the first time."

**Remaining Discovery Issues**
With respect to the remaining discovery issues, Plaintiffs identified numerous deficiencies in Defendant's production. See, e.g., emails dated December 31, 2025 and January 6, 2026. During the meet and confer, Defendant took the blanket position that it would not run any additional searches or produce any additional documents. The parties therefore reached an impasse, and I advised that Plaintiffs would provide their portion of a Joint Stipulation regarding a motion to compel, which was sent yesterday. Defendant's after-the-fact assertion that Plaintiffs failed to identify production deficiencies or provide substantive responses to Defendant's positions is incorrect. See, e.g., emails dated October 1, 2025; October 23, 2025; December 31, 2025; and January 6, 2026.

Ultimately, Defendant has agreed to produce responsive documents to Plaintiffs' discovery requests. Defendant's attempt to now avoid producing those documents on the ground that the parties previously agreed to search terms - terms Defendant expressly stated could be modified or revisited after Plaintiffs reviewed Defendant's production - is wholly improper.

On Tue, Jan 13, 2026 at 7:28 PM Favetta, Annette Lynn <AFavetta@winston.com> wrote:

> Lilach,
>
> Thank you for the call on Friday. A summary of our discussion is below.
>
> \*\*\*
>
> As discussed during the conference, Defendant noted that we have accommodated prior requests for revised search terms over the last 4 months. Your attempt to reopen negotiations on issues previously addressed and agreed upon after substantial completion of production is harassing, overly burdensome, and not in good faith.
>
> 1. **Additional Searches:** We reiterated our position that we will not amend the previously negotiated searches. As explained in our January 6, 2025 email and our prior conferences/correspondence, including but not limited to on October 22, 2025 and November 4, 2025, search strings 2, 3, 4, 6, 7, 17, and 18—without any tether to the at-issue products—are overbroad and unduly burdensome, particularly because Defendant has numerous natural product lines beyond the at-issue products. We also explained that we will not run "Aspergillus niger" alone without current limiters, as you have known of this term since filing the complaint and have provided no reason to remove the limiters or why you waited to raise this issue only now.
>    a. You did not respond to these explanations, articulate a reason for reopening discussions, or identify any production deficiency warranting these changes.
>
> 2. **Falsely Characterized "Missing" Documents Listed in Your 12/31/2025 and 1/9/2026 Emails:** Your characterization of certain documents as "missing" is misleading and false. We applied agreed-upon search terms and produced responsive, non-privileged documents. We reviewed the first three examples you cited:
>    a. JMS_000671: Nothing further exists for this email.
>    b. JMS_002368: The conjoint study referenced relates to a non-at-issue brand.
>    c. JMS_0000115: This document was withheld for privilege.
>
> You provided no substantive response.
>
> 3. **Redactions for Not Responsive Highly Confidential Trade Secret Information:** We explained that we will not remove redactions. They were applied narrowly to specific phrases or words in approximately five documents out of 1,500 produced to protect trade secrets related to non-at-issue products, brands, or processes, disclosure of which, would harm Defendant. If you maintain your position, we will seek a protective order.
>    a. During the conference, you did not explain why these redactions should be removed or why the information is necessary.

1/29/26, 4:11 PM	O'Connor Legal Mail - RE: Ringler et al. v. The J. M. Smucker Company, No. 2:25-cv-01138-AH-E, Defendant's Fifth Production

Case 2:25-cv-01138-AH-E    Document 79-2    Filed 01/30/26    Page 4 of 9    PageID #:1888

4. **Relevant Time Period:** We told you that your claim in your 12/31/2025 email that the production did not contain documents from prior to 2021 was false. We applied the RTP that you agreed to as reflected in your email on October 24, 2025 and produced responsive, not privileged documents. If a document was in a family member of a responsive document in the RTP that happened to be outside the RTP, that document was produced. You asked us if we applied a date "limitation" of February 10, 2021 – September 8, 2025. We stated that we applied that time period to the document production as we agreed to on October 24, 2025.

5. **Interrogatories:** We will serve amended responses by January 21.

6. **Privilege Log:** We will produce a privilege log by February 2.

7. **Citric Acid Samples:** You asserted that Dan Schmidt's deposition revealed Defendant retained citric acid samples. We clarified that Defendant does not maintain such samples in the ordinary course. Dan testified that shipments are received and used in production; no samples from the RTP exist. You allege the RTP does not apply to second RFPs and extends to the present. We reiterated our consistent objection to expanding the RTP and maintain the agreed range in your October 24, 2025 email. We asked you repeatedly why you need the samples. You responded that "the relevance of the citric acid is that it's the challenged ingredient in this case." We explained that is not a sufficient basis to justify why you need a citric acid sample outside the RTP and that since you do not have a real explanation, this is harassing and we would move for a protective order.

8. **Document Retention Policies (RFP No. 42):** You claim production of retention policies is warranted due to alleged "missing" documents. As explained in point #2, this characterization is misleading and false. We confirmed that if documents hit on agreed search terms and were responsive and not privileged, they were produced.

9. **Adding Drew Ziegler as Custodian:** You have not identified a basis for adding him. You stated only that his name appears on "a lot" of emails and you "think" he might have relevant documents. When asked what deficiency adding Drew would address, you at first said "I'm not saying there is a deficiency" and that you just wanted to ask if we would be open to adding him. We said we are not going to add a custodian just because you want one. You then clarified that the deficiency is that Drew "seems" to have relevant information. You did not identify what relevant information you thought he had.

    ○ Since the 1/9/26 conference, in good faith, we reviewed documents and found Drew appears on approximately eight emails—hardly "a lot" in a production of ~1,500 documents. This underscores the misleading nature of your representations and the harassing nature of your requests – a tactic you easily and commonly seem to employ.

Best,

Annette



**ANNETTE FAVETTA**
ASSOCIATE ATTORNEY

T  +1 (212) 294-4654
afavetta@winston.com

*Admitted to practice in New Jersey, New York*

1/29/26, 4:11 PM                         Crosner Legal Mail - RE: Ringler et al. v. The J. M. Smucker Company, No. 2:25-cv-01138-AH-E - Defendant's Fifth Production

Case 2:25-cv-01138-AH-E    Document 79-2    Filed 01/30/26    Page 5 of 9    Page ID #:1889

**From:** Lilach Klein <lilach@crosnerlegal.com>
**Sent:** Friday, January 9, 2026 12:00 PM
**To:** Favetta, Annette Lynn <AFavetta@winston.com>
**Cc:** Sherwood, Peyton <PSherwood@winston.com>; Craig Straub <craig@crosnerlegal.com>; Mike Houchin <mhouchin@crosnerlegal.com>; Zachary Crosner <zach@crosnerlegal.com>; Rothstein, Ron <RRothste@winston.com>; Kessler, Jared R. <JRKessler@winston.com>
**Subject:** Re: Ringler et al. v. The J. M. Smucker Company, No. 2:25-cv-01138-AH-E - Defendant's Fifth Production

Counsel,

For today's call please also be prepared to discuss Defendant's responses to Plaintiff Ringler's RFP Set No. 2, Defendant's response to Plaintiff Ringler's RFP No. 42 (document retention policies), and adding Drew Ziegler to the list of custodians.

We would also like to discuss the following documents missing from Defendant's document production. We kindly request that these documents be produced by no later than Monday, January 12. If Defendant does not intend to produce these documents, please advise today during our meet and confer call.

- Attachment in JMS_0000115
- [redacted] discussed in JMS_0000147
- Shared file discussed in JMS_0000438-439
- [redacted] referred to in JMS_0000658-JMS_0000659; JMS_0000912; JMS_0003312-3384; JMS_0003295-3308; JMS_0003390-3403; JMS_0003409-3463; JMS_0003468-3497
- The response to the email and attachments, COFCO spec sheet referenced in JMS_0000671-674
- [redacted], studies re. Natural claim, additional conjoint studies, and IRI data discussed in JMS_0001310-1353
- Conjoint study discussed in JMS_0001488; JMS_0002407; JMS_0002750
- Conjoint study discussed in JMS_0002043; JMS_0002551; JMS_0002861
- [redacted] discussed in JMS_0002154
- Unredacted documents at JMS_0000171, JMS_0000176, JMS_0000179-JMS_0000182, JMS_0000185-186, JMS_0000214-216, JMS_0000218-220, JMS_0000223, JMS_0000226-227; JMS_0000415, JMS_0000417-419, JMS_0000449-451; JMS_0003111-3114; JMS_0003117-3119; JMS_0003141; JMS_0003144-3147; JMS_0003149-3151; JMS_0003154; JMS_0003156-3158

On Tue, Jan 6, 2026 at 1:46 PM Lilach Klein <lilach@crosnerlegal.com> wrote:

> 2pm EST on Friday works. Thanks.
>
> On Tue, Jan 6, 2026 at 12:35 PM Favetta, Annette Lynn <AFavetta@winston.com> wrote:
>
>> We are available on Friday before 10:30am CST/11:30am EST and between 1pm CST/2pm EST – 3:30pm CST/4:30pm EST. Let us know when works for you and we will send a calendar invite.

1/29/26, 4:11 PM Crosner Legal Mail - Re: Ringler et al. v. The J. M. Smucker Company, No. 2:25-cv-01138-AH-E - Defendant's Fifth Production

Case 2:25-cv-01138-AH-E   Document 79-2   Filed 01/30/26   Page 6 of 9   Page ID #:1890



**ANNETTE FAVETTA**
ASSOCIATE ATTORNEY

T  +1 (212) 294-4654
afavetta@winston.com

*Admitted to practice in New Jersey, New York*

---

**From:** Lilach Klein <lilach@crosnerlegal.com>
**Sent:** Tuesday, January 6, 2026 2:00 PM
**To:** Favetta, Annette Lynn <AFavetta@winston.com>
**Cc:** Sherwood, Peyton <PSherwood@winston.com>; Craig Straub <craig@crosnerlegal.com>; Mike Houchin <mhouchin@crosnerlegal.com>; Zachary Crosner <zach@crosnerlegal.com>; Rothstein, Ron <RRothste@winston.com>; Kessler, Jared R. <JRKessler@winston.com>
**Subject:** Re: Ringler et al. v. The J. M. Smucker Company, No. 2:25-cv-01138-AH-E - Defendant's Fifth Production

Hi Annette,

Thank you for the response. Please provide your availability to meet and confer this week.

On Tue, Jan 6, 2026 at 10:29 AM Favetta, Annette Lynn <AFavetta@winston.com> wrote:

> Lilach,
>
> Please see below for responses to the questions raised in your email:
>
> **Additional Searches:** Your newly proposed searches are not proportional to the needs of the case and revisit an issue the parties already resolved. Over the past four months, the parties negotiated and revised search terms related to the at-issue products to capture responsive documents. And as reflected in Defendant's production, the Products are referred to by flavor (e.g., "Natural Strawberry," "Natural Red Raspberry"). *See, e.g.*, JMS_0000141, JMS_0002961, JMS_0003206. As discussed on numerous occasions, including as reflected in our correspondence on October 22, 2025 and during our November 4, 2025 conference, removing the flavor-related terms (e.g., "Strawberry") from strings involving "natural" would generate overbroad hit counts because Defendant has numerous unrelated "natural" product lines. You have identified no deficiency in Defendant's production that would justify reopening these negotiations. Defendant already agreed to nearly all your requested revisions, and production is substantially complete. Revisiting search terms now is unwarranted and amounts to a harassing fishing expedition. This is especially so where the terms you seek to amend were known to you since the filing of the complaint. *See* Am. Compl. ¶ 2 (identifying names of at-issue products), *id.* ¶ 21 (identifying the term "Aspergillus niger"). Finally, the parties already agreed to a search string incorporating the term "Aspergillus niger."
>
> **Alleged "Missing" Documents:**

1/29/26, 4:11 PM	Conner LegalMail - RE: Ringler et al. v. The J. M. Smucker Company, No. 2:25-cv-01138-AH-E - Defendant's Fifth Production

Case 2:25-cv-01138-AH-E    Document 79-2    Filed 01/30/26    Page 7 of 9    Page ID #:1891

<u>JMS_000671-672:</u> Defendant collected documents for the Relevant Time Period ("RTP"), applied the agreed-upon search terms, and conducted an extensive review. Responsive, non-privileged documents identified through that process have been produced. At this time, Defendant has not identified through the review process any additional, responsive, non-privileged documents that exist in response to this email chain.

<u>Conjoint Study referenced in JMS_002368:</u> Defendant reiterates the search term and review process described above. Also, the slide referencing the conjoint study relates to a non-at-issue brand (JIF) and a non-at-issue product (peanut butter), and, therefore, is not responsive.

**Redactions for Not-Responsive, Highly Confidential, Trade Secret Information:** Defendant has redacted only (1) privileged material and (2) non-responsive, highly confidential trade secret information, disclosure of which would cause competitive harm. These narrowly tailored redactions concern non-at-issue products, brands, and processes with no connection to the citric-acid sourcing or manufacturing issues in this case. Your assertion that Defendant "unilaterally redacted otherwise responsive material based on relevance" is incorrect. The redacted information is not responsive and consists of material courts routinely protect. *Toyo Tires* is inapposite; it involved financial-statement redactions, not trade-secret information. Courts consistently permit withholding or redacting trade secrets. *See* Fed. R. Civ. P. 26(c)(1)(G); *NetCurrents Info. Servs. v. Dow Jones & Co.*, No. CV 07-4027-JFW (RCx), 2008 WL 11338879, at *5 n.5 (C.D. Cal. June 11, 2008). If you continue to challenge these redactions, Defendant requests a conference and, if necessary, will seek a protective order.

**Privilege Log:** As stated in our December 9 email, Defendant will produce a privilege log within a reasonable period following the production representing substantial completion (served on December 30, 2025). The Rules impose no deadline requiring a privilege log 7 business days after substantial completion. Defendant anticipates serving the privilege log by February 2. Regarding JMS_002963, Defendant will produce an unredacted version.

**Time Limitation:** First, the production does include documents dated prior to 2021 where they were part of communications within the RTP. *See, e.g.*, JMS_0000072. Second, it is not clear what you believe the purported deficiency is or what you mean by "the Relevant Time Period begins on February 10, 2021, but expressly includes documents prepared, published, sent, or received prior to that date if they relate to the Relevant Time Period." As reflected in your email to us on October 24, 2025, you agreed to an RTP for the purposes of Defendant's document review and production of February 10, 2021 through September 8, 2025. Defendant has expressly objected to any attempt to expand the RTP beyond that and agreed to search for and produce responsive, non-privileged documents during this same period. *See, e.g.*, Def.'s Resps. and Objs. to Pl. Ringler's First Set of RFPs ("Defendant further objects to the Requests to the extent that they seek information remote in time to this litigation, information for purposes other than this litigation, or documents outside the period from February 10, 2021, through February 10, 2025. Notwithstanding the foregoing, Defendant will interpret the relevant time period to mean February 10, 2021 through September 8, 2025 for the purpose of responding to these Requests."). That is exactly what Defendant has done.

**Interrogatories:** Defendant will follow-up with an amended version of our interrogatory responses.



**ANNETTE FAVETTA**
ASSOCIATE ATTORNEY

T  +1 (212) 294-4654
afavetta@winston.com

1/29/26, 4:11 PM | Crosner Legal Mail - RE: Ringler et al. v. The J. M. Smucker Company, No. 2:25-cv-01138-AH-E - Defendant's Fifth Production

Case 2:25-cv-01138-AH-E    Document 79-2    Filed 01/30/26    Page 8 of 9    Page ID #:1892

*Admitted to practice in New Jersey, New York*

---

**From:** Lilach Klein <lilach@crosnerlegal.com>
**Sent:** Wednesday, December 31, 2025 2:45 PM
**To:** Sherwood, Peyton <PSherwood@winston.com>
**Cc:** Craig Straub <craig@crosnerlegal.com>; Mike Houchin <mhouchin@crosnerlegal.com>; Zachary Crosner <zach@crosnerlegal.com>; Rothstein, Ron <RRothste@winston.com>; Kessler, Jared R. <JRKessler@winston.com>; Favetta, Annette Lynn <AFavetta@winston.com>
**Subject:** Re: Ringler et al. v. The J. M. Smucker Company, No. 2:25-cv-01138-AH-E - Defendant's Fifth Production

Counsel,

After a preliminary review of Defendant's document production, we note the following issues and request Defendant's position no later than **January 6**.

**Additional Searches:**

After reviewing the production, it appears that Smucker refers to the Products at issue as "natural," rather than by flavor-specific terms such as ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry). As a result, we will need to re-run search term nos. 2, 3, 4, 6, 7, 17, and 18 without the flavor-name limitations. We would also like to run a search for "Aspergillus niger."

Please let us know by no later than **January 6** whether Smucker is amenable to running these searches. We will need the searches completed and documents produced no later than the second week of January. If we do not hear back by January 6, we will assume Smucker is not amenable and will proceed with filing a motion to compel.

**Missing Documents:**

We do not see a response to the email chain at Bates 671–672. Please produce all related documents and attachments.

Bates 2368 references a "conjoint study," which does not appear to have been produced. Please produce this document.

**Unilateral Redactions:**
We also note that several documents have been unilaterally redacted and designated as non-responsive trade secret information. This is improper. The parties agreed to, and the Court entered, a Stipulated Protective Order governing confidential information, and Defendant may not unilaterally redact otherwise responsive material based on relevance. *See Toyo Tires & Rubber Co., Ltd. v. CIA Wheel Group*, 2016 WL 6246384, at *2 (C.D. Cal. Feb. 23, 2016). Please produce unredacted versions of these documents by **January 6**. If Smucker objects, please advise by that date. If we do not hear back by January 6, we will assume Defendant will not produce unredacted documents and will proceed with a motion to compel.

**Privilege Log:**
Some documents have been redacted on the basis of privilege. Please produce a privilege log by no later than January 9. At least one document appears to have been improperly redacted for privilege (see Bates 2963 compared to Bates 2966). Please confirm by January 6 that we can expect a privilege log by January 9.

**Time Limitation:**

1/29/26, 4:11 PM                                     Cooner Legal Mail - RE: Ringler et al. v. The J. M. Smucker Company, No. 2:25-cv-01138-AH-E - Defendant's Fifth Production

Case 2:25-cv-01138-AH-E    Document 79-2    Filed 01/30/26    Page 9 of 9    Page ID #:1893

We also did not see documents dated prior to 2021. As you know, the Relevant Time Period begins on February 10, 2021, but expressly includes documents prepared, published, sent, or received prior to that date if they relate to the Relevant Time Period. Please confirm by **January 6** whether Smucker applied a 2021 time limitation when searching for documents. If so, please also confirm by January 6 that Smucker will re-run the searches without that limitation. If we do not hear back, we will assume such a limitation was imposed and that Smucker does not intend to correct it.

**Interrogatories:**
Finally, now that Defendant has produced what it characterizes as its final production, please produce amended interrogatory responses for those ROGs where Defendant stated it would produce documents. The amended responses should identify, with sufficient detail, the Bates ranges corresponding to each interrogatory, consistent with Federal Rule of Civil Procedure 33.

On Tue, Dec 30, 2025 at 4:24 PM Sherwood, Peyton <PSherwood@winston.com> wrote:

> Counsel,
>
> Please find Defendant The J. M. Smucker Company's Fifth Production Letter attached. As noted in the letter, a link to a secure file transfer site containing the production will follow by separate email.
>
> Happy holidays,
>
> Peyton
>
> 
>
> **PEYTON SHERWOOD**
> ASSOCIATE ATTORNEY
>
> **T**  +1 (213) 615-1747
> psherwood@winston.com
>
> 333 S. Grand Avenue, Los Angeles, CA 90071-1543
>
> *Admitted to practice in California*
>
> The contents of this message may be privileged and confidential  If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author  Any ta   advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.