

Lilach Klein <lilach@crosnerlegal.com>

## Re: Ringler v. Smucker / Search Terms
1 message

**Lilach Klein** <lilach@crosnerlegal.com>                                  Fri, Oct 24, 2025 at 3:28 PM
To: "Kessler, Jared R." <JRKessler@winston.com>
Cc: "Sherwood, Peyton" <PSherwood@winston.com>, Craig Straub <craig@crosnerlegal.com>, "Rothstein, Ron" <RRothste@winston.com>, "Favetta, Annette Lynn" <AFavetta@winston.com>

Hi Jared,

Thank you for following up. With respect to RFP Nos. 28, 29, and 40, please let us know when we can expect to receive amended responses reflecting the same.

Regarding the relevant time period, we can agree to a search through September 8, 2025. While we maintain that all documents through the present are relevant, for purposes of production we can use that date for now and revisit this issue once a class is certified. Please send amended responses to Plaintiff Ringer's and Plaintiff Robles's RFPs reflecting the same. Thank you, and have a nice weekend.

On Fri, Oct 24, 2025 at 1:56 PM Kessler, Jared R. <JRKessler@winston.com> wrote:

Lilach,

As discussed, we are following up with our client regarding RFP No. 34 and will circle back next week. As to RFP Nos. 28-29, we don't agree that all testing of citric acid is relevant to Plaintiffs' claims (which turn only on whether citric acid is "artificial"), but we will agree to remove the limitation currently included in those two responses. We also agree to remove the limitation in RFP No. 40; as previously discussed with you, our search terms are designed to capture any documents concerning the named Plaintiffs, without limitation.

Finally, as to time period, your proposal does not account for the nature of e-discovery – data is collected and searched on different days, so it is not feasible that every search could use a "to present" date filter. Using October 23, 2025 as a search date doesn't work, because data was collected before that time. We previously offered to extend the date range to the date of Plaintiffs' amended complaint (September 8, 2025) – let me know if Plaintiffs will agree to that date and, should it become needed in the future, we can confer regarding further updates.

All the best,



**JARED KESSLER**
PARTNER

**T** +1 (305) 910-0654
jrkessler@winston.com

*Admitted to practice in District of Columbia, Florida*

**From:** Lilach Klein <lilach@crosnerlegal.com>
**Sent:** Thursday, October 23, 2025 5:51 PM
**To:** Kessler, Jared R. <JRKessler@winston.com>
**Cc:** Sherwood, Peyton <PSherwood@winston.com>; Craig Straub <craig@crosnerlegal.com>; Rothstein, Ron

<RRothste@winston.com>

**Subject:** Re: Ringler v. Smucker / Search Terms

Hi Jared,

Thanks for meeting and conferring with Craig and I today. I'd like to memorialize our conversation below:

**RFP No. 34**: You stated that you have asked Defendant to identify any responsive documents in its possession and will follow up next week regarding whether Defendant will produce those documents.

**RFP Nos. 28-29**: I explained that Defendant's responses were improperly limited to the "natural characteristics" of citric acid or consumer perceptions of citric acid "as being manufactured and/or synthetic." The Requests, however, seek all testing or analysis of citric acid in the Products (RFP No. 28) and all documents regarding consumer perceptions of citric acid (RFP No. 29). You agreed to include documents regarding the functionality of citric acid. However, I explained that any testing of citric acid in the Products, and all consumer perceptions of citric acid, including general consumer awareness of citric acid, are relevant to this case. Ron mentioned that removing Defendant's current limitations may not affect Defendant's production. You agreed to discuss internally whether Defendant will remove these limitations and indicated you would aim to get back to us by Monday, October 27.

**RFP No. 40**: We requested all documents in Smucker's possession regarding Plaintiffs - not limited to documents concerning product purchases. You stated Defendant has no objection to producing such documents, given that that this is consistent with the search terms Defendant intends to run (see Search No. 10). You stated you would confirm this by email. I requested that Defendant amend its written response to reflect this understanding and to avoid later disputes over the scope of production.

**Relevant Time Period**: I explained that the Relevant Time Period extends through the present, as documents and information up to the date of class certification are relevant. You noted the need for a fixed cutoff date for search purposes and proposed September 8, 2025 (the date the amended complaint was filed). I requested that Defendant run its searches through the date the custodian devices are actually searched, but you did not agree and instead requested a specific cutoff date. In an effort to compromise and provide Defendant with a date certain, will Defendant agree to run its searches through today, **October 23, 2025**? Because discovery remains relevant through class certification, we can revisit this issue later if updated searches become necessary. Please confirm whether Defendant agrees and will amend its responses accordingly.

**Sales data and Defendant's next production date**: You represented that document review is ongoing and that Defendant intends to produce sales data and its next tranche of documents by the end of next week.

If any of the above is inconsistent with your understanding of today's call, please let me know. Thank you.

On Thu, Oct 23, 2025 at 9:01 AM Kessler, Jared R. <JRKessler@winston.com> wrote:

Lilach,

I can confer today at 4 pm ET, or generally open Monday afternoon (ET).

Best,



**JARED KESSLER**
PARTNER

**T** +1 (305) 910-0654
jrkessler@winston.com

*Admitted to practice in District of Columbia, Florida*

---

**From:** Lilach Klein <lilach@crosnerlegal.com>
**Sent:** Thursday, October 23, 2025 11:46 AM
**To:** Kessler, Jared R. <JRKessler@winston.com>
**Cc:** Sherwood, Peyton <PSherwood@winston.com>; Craig Straub <craig@crosnerlegal.com>; Rothstein, Ron <RRothste@winston.com>
**Subject:** Re: Ringler v. Smucker / Search Terms

Hi Jared,

When can we expect to hear back from you regarding RFP No. 34? I believe we met and conferred about this one several times, and we need to know Defendant's position.

With respect to the Relevant Time Period, during our prior meet and confer call we requested that Defendant conduct its document search without limiting the search to pre–February 10, 2025, given that the class period continues until class certification. It was our understanding that the parties had reached agreement on this issue, however, Defendant's amended discovery responses do not reflect that.

Please let me know your availability to meet and confer today or tomorrow (I requested your availability to meet and confer last week, but have not heard back). Please note that RFP Nos. 28, 29, and 40 concern Defendant's improper narrowing of its responses, which renders them not fully responsive to the Requests, and the Relevant Time Period issue applies to all Requests and Defendant's document search.

Finally, your recent email references Defendant's "forthcoming production," but Defendant has yet to provide a date certain for its document production. Please provide a date certain for Defendant's next document production no later than tomorrow, and advise when we can expect to receive sales data. Thank you.

On Wed, Oct 22, 2025 at 3:00 PM Kessler, Jared R. <JRKessler@winston.com> wrote:

Lilach,

We will look into the data requested in RFP No. 34 and circle back. With respect to RFP No. 42, that request impermissibly seeks discovery on discovery and Defendant stands on its objections. As to RFP Nos. 28, 29, and 40, we will need to confer to come to an agreement on relevant time period – as we previously explained to you during a meet and confer, it is not reasonable to update discovery responses and data collections every time a different plaintiff serves a set of discovery request (with a time period defined to the "present").

As to search terms, we have cooperated with Plaintiffs in developing reasonable searches and incorporated many of the revisions Plaintiffs sought (among others, increased proximity connectors and additional key words). Plaintiffs' current set of proposed additional searches is unwieldy and violates the proportionality rule of Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery . . . that is relevant to any party's claim or defense and proportional to the needs of the case[.]"). As we have previously suggested, we again suggest Plaintiffs review Defendant's forthcoming production and, should they perceive any deficiencies, we are of course willing to further meet and confer.

All the best,



**JARED KESSLER**
PARTNER

**T** +1 (305) 910-0654
jrkessler@winston.com

*Admitted to practice in District of Columbia, Florida*

---

**From:** Lilach Klein <lilach@crosnerlegal.com>
**Sent:** Wednesday, October 22, 2025 4:39 PM
**To:** Sherwood, Peyton <PSherwood@winston.com>
**Cc:** Kessler, Jared R. <JRKessler@winston.com>; Craig Straub <craig@crosnerlegal.com>; Rothstein, Ron <RRothste@winston.com>
**Subject:** Re: Ringler v. Smucker / Search Terms

Hi Peyton,

Thank you for your response. It appears we have reached an impasse on these issues.

It also appears we are at an impasse with respect to RFP Nos. 34 and 42, for which Defendant has refused to provide substantive responses.

Please advise whether an additional meet and confer is necessary regarding Defendant's unilateral limitation of the Relevant Time Period, as well as RFP Nos. 28, 29, and 40, or if we have likewise reached an impasse on those issues.

Finally, please confirm when we can expect Defendant's next production of documents and sales data. More than five months have passed since Plaintiff Ringler's RFPs were served, and to date, Defendant has only produced 51 pages of documents, the majority of which were product labels. Please provide an estimated production date by the end of this week. Thank you.

On Wed, Oct 22, 2025 at 10:04 AM Sherwood, Peyton <PSherwood@winston.com> wrote:

Hi Lilach,

As we've said several times on meet and confer calls with you, the most efficient way to address the issues raised by Plaintiffs is to review Defendant's document productions as they become available and then raise with us any perceived deficiencies. Nevertheless, we respond to specific issues raised by you below.

Thank you,

Peyton

**Connectors in Search Nos. 1, 7, 11, and 16**

As discussed many times during our meet and confers, the use of "AND" increased search results by thousands of documents and, in some instances, by tens of thousands of documents. Notably, this significant increase is *in addition to* the increases already resulting from the change, at Plaintiffs' request, from a "W/25" connector to "W/100."

**Search No. 4**

As we explained to you several times, Plaintiffs' proposed revisions to search no. 4 were so complex that they could not be run by the eDiscovery software. Thus, we reverted to our original proposal. Plaintiffs' recent request to include in the search specific

words (differen*, money*, premium, market, and pay) results in patently overbroad searches and, in any event, is unnecessary
given what is already captured elsewhere. Plaintiffs' proposed language creates a significantly overbroad search and will
certainly return many mishits. For example, "differen*" would hit not only on differential (which is what Plaintiffs purport to be
interested in), but also "difference," "differences," "differentiate," etc. And the incorporation of the word "money*" would return *any
document* that includes, for example, the words "strawberry," "natural," and "money" anywhere in the document. This is not at all
narrowly tailored nor proportionate to the needs of the case.

**Plaintiffs' Proposed Additional Searches**

**RFP Nos. 1-3, 6, 8, 10, 11**

The information sought here is already captured by other searches. Consider search no. 1: "('citric acid' W/100 (natural* OR
unnatural* OR synthetic* OR Artificial* OR manufact* OR 'made with ingredients from natural sources' OR (natural* W/5
source*)))." This search is nearly identical to the proposal above *except that Plaintiffs' proposal is narrower* due to their addition
of the "packag* OR design* OR label*" terms. While search no. 1 uses a "W/100" connector rather than "AND," which is
necessary for reasons we have previously discussed, search no. 1 will capture all documents hitting on the Product terms and
the Representation terms. This would *necessarily* include any documents that *also include* "packag* OR design* OR label*."
Further, search no. 9 captures many of the same themes as the above proposal, to the extent they are not captured by search
no. 1.

We note that, during our meet and confer, Plaintiffs were unable to identify any specific categories of documents/information
that they believe will not be captured by the existing set of terms proposed by Defendant.

**RFP No. 13**

RFP No. 13 is clearly captured by numerous other searches including, but not limited to, search nos. 5, 6, and 17.

**RFP Nos. 6, 12**

This proposal is overbroad and would hit on, for example, any documents with "strawberry," "natural," and "benefit" *anywhere in
the document*. And again, we already have searches that address these RFPs. For instance, among others, search nos. 4, 5
and 6.

**RFP No. 15**

Search nos. 6 and 17 clearly capture RFP No. 15. They both include Product terms, the Representations, and terms such as
"demographic* OR consumer*" and "perc* OR understand* OR know* OR think*."

**RFP Nos. 46-47**

We understand from our call that Plaintiffs may be willing to agree to the current set of searches as sufficient to respond to RFPs
46 and 47.

**Search No. 5**

Search no. 5, as well as search nos. 4 and 17 will capture all documents responsive to RFP No. 14. While search no. 5 is tied to
price, as it should be since this is the crux of Plaintiffs' theory of the case, search nos. 4 and 17 do not contain the same "pric*"
limitation but still address the similar themes and terms as no. 5.

**Search No. 6**

As previously discussed, using an alternative term such as "fruit spread" is patently overbroad. The Products at issue are part of
the Smucker's Natural line of products, which is captured in our existing search through the inclusion of the Representation-
related terms.

**Search No. 18**

See above note re RFP Nos. 46-47.



**PEYTON SHERWOOD**
ASSOCIATE ATTORNEY

**T** +1 (213) 615-1747
psherwood@winston.com

*Admitted to practice in California*

---

**From:** Lilach Klein <lilach@crosnerlegal.com>
**Sent:** Monday, October 20, 2025 8:48 AM
**To:** Kessler, Jared R. <JRKessler@winston.com>
**Cc:** Craig Straub <craig@crosnerlegal.com>; Rothstein, Ron <RRothste@winston.com>; Sherwood, Peyton <PSherwood@winston.com>
**Subject:** Re: Ringler v. Smucker / Search Terms

Hi Jared,

Following up on this, as we have not yet received a response. Additionally, please confirm whether Defendant intends to limit its search to documents dated prior to February 2025. This limitation appears in Defendant's discovery responses and is an issue we believe requires a meet and confer. Thank you.

On Tue, Oct 14, 2025 at 1:51 PM Lilach Klein <lilach@crosnerlegal.com> wrote:

> Jared,
>
> Thanks for speaking with Craig and I just now regarding these search terms. I'd like to memorialize our conversation below.
>
> **Connectors in Search Nos. 1, 7, 11, and 16:**
>
> You represented that using an "AND" connector instead of a "W/100" connector increased the number of hits by at least 1,000 documents for each of these searches, and by over 10,000 documents in some, making the burden of using "AND" too great at this time. We agreed to use the "W/100" connector for these searches, and to revisit this issue after reviewing the documents produced if necessary.
>
> **Remaining Proposed Search Terms:**
> You stated that you would review my Oct. 8, 2025 email and respond with Defendant's position on the remaining proposed search terms by this week, including whether Defendant will agree to the search terms or, if not, an explanation of where Defendant believes the excluded terms are already encompassed by other agreed-upon search terms.
>
> **Sales Data:**
>
> You also stated that you would follow up regarding the expected timeline for the production of sales data.
>
> If any of the above is inconsistent with your understanding of today's call, please let me know.
>
> On Wed, Oct 8, 2025 at 4:09 PM Lilach Klein <lilach@crosnerlegal.com> wrote:
>
> > Hi Peyton,

Thanks. You are free to begin running searches so that Defendant can begin producing documents. However, we will still need to meet and confer regarding the remaining issues, as this list does not appear to cover all RFPs for which Defendant has agreed to produce documents. Please let me know your availability to meet and confer this week or next, and please be prepared to discuss the following:

**Connectors in Search Nos. 1, 7, 11, and 16**: Please provide the number of documents identified using the "AND" connector vs. the "W/100" connector. We appreciate Defendant's willingness to compromise on using "W/100," but if the burden is minimal and there is a risk of omitting relevant, responsive documents, then this limitation is not appropriate.

**Search No. 4**: Please be prepared to discuss why the following search terms were excluded:

- differen*
- money*
- premium
- market
- pay.

Additionally, it appears Defendant removed a number of search terms relevant to several RFPs. As stated on October 6, we are open to breaking out RFP No. 4 to make it more workable. However, removing terms that are directly tied to specific RFPs does not appear appropriate. Please be ready to discuss any issues with running the following searches:

- **RFP Nos. 1-3, 6, 8, 10, 11:** ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (packag* OR design* OR label*)
- **RFP No. 13:** ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (understand* OR survey* OR analy* OR consumer*)
- **RFP Nos. 6, 12:** ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (public* OR benefit*)
- **RFP No. 15:** ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (compl* OR inquir* OR question* OR confus* OR consumer*)
- **RFP Nos. 46-47:** ((berry W/5 spread) OR (triple W/5 spread) OR strawberry OR raspberry) AND ((natural* OR unnatural* OR synthetic* OR artificial* OR manufact* OR "made with ingredients from natural sources" OR (natural* W/5 source*)) AND (FDA OR FTC OR regulat*))

**Search No. 5**: We appreciate the inclusion of additional terms. However, tethering this search to the product names and the word "price" is not responsive to RFP No. 14, which contains neither limitation. Please be prepared to meet and confer on this issue.

**Search No. 6**: We understand Defendant's concerns regarding our proposed redlines. However, Defendant's proposed search is not fully responsive to RFP No. 39, which requests documents regarding consumer demographics of the Products. Tying the search to the Representations imposes an improper limitation. The "strawberry" and "raspberry" terms were suggested by Defendant to identify the Products by name. If you have an alternative (e.g., "fruit spread"), we are open to considering it.

**Search No. 17**: Resolved.

**Search No. 18**: Defendant's proposed terms do not fully address RFP Nos. 46-47. This is why we proposed moving this one up to No. 4, to ensure all Representations and Products were covered. Please be prepared to discuss any issues with this approach.

**Sales Data**: Ron and Jared previously stated that sales data would not be produced via search terms. When can we expect production of these documents? Thank you.

On Tue, Oct 7, 2025 at 5:05 PM Sherwood, Peyton <PSherwood@winston.com> wrote:

Hi Lilach,

In addition to agreeing to use your revised version of search No. 17 and adding search No. 20 (as confirmed on Friday, October 3), Defendant agrees to run search Nos. 1, 7, 11, and 16 with a "W/100" connector. And in search No. 7, we will agree to your change from "competitor*" to "compet*."

With respect to No. 4, as we previously explained to you, the search was too long to run in the manner you proposed. Given that it appeared you were attempting to delete current search No. 18 and combine language from that search with No. 4, we reverted to separate searches, as we originally proposed.

For search No. 5, we will include Plaintiffs' additional terms "market* OR stud* OR analy* OR survey*." But these and the other terms need to be tethered to the at-issue products and price. We accepted the terms you added and reincorporated the product-related terms and connector to "pric*."

Finally, regarding search No. 6, we rejected Plaintiffs' changes, which resulted in a severely overbroad search; for example, as written, the search will hit on any document with the words "strawberry" and "consumer," appearing <u>anywhere</u> in the document. This is obviously far beyond the scope of Plaintiffs' RFPs and not proportional to the needs of this case. Accordingly, we reverted this search back to the version initially proposed by Defendant.

A list of terms that addresses these issues is attached. We consider this list to be reasonable and intend to use it for our search and review process. Of course, should Plaintiffs have any concerns once they review Defendant's productions, we can further discuss.

Thanks,

Peyton



**PEYTON SHERWOOD**
ASSOCIATE ATTORNEY

**T**  +1 (213) 615-1747
psherwood@winston.com

*Admitted to practice in California*

---

**From:** Sherwood, Peyton
**Sent:** Monday, October 6, 2025 12:20 PM
**To:** Lilach Klein <lilach@crosnerlegal.com>
**Cc:** Kessler, Jared R. <JRKessler@winston.com>; Craig Straub <craig@crosnerlegal.com>; Rothstein, Ron <RRothste@winston.com>
**Subject:** RE: Ringler v. Smucker / Search Terms

Hi Lilach,

We will test using "W/50" or "W/100" connectors and will circle back to you soon on that and your other questions.

Thank you,

Peyton



**PEYTON SHERWOOD**
ASSOCIATE ATTORNEY

**T** +1 (213) 615-1747
psherwood@winston.com

*Admitted to practice in California*

---

**From:** Lilach Klein <lilach@crosnerlegal.com>
**Sent:** Monday, October 6, 2025 9:23 AM
**To:** Sherwood, Peyton <PSherwood@winston.com>
**Cc:** Kessler, Jared R. <JRKessler@winston.com>; Craig Straub <craig@crosnerlegal.com>; Rothstein, Ron <RRothste@winston.com>
**Subject:** Re: Ringler v. Smucker / Search Terms

Hi Peyton,


Thank you for accepting our proposed changes to Nos. 17 and 19. However, it appears that all remaining redlines were rejected. The current search terms do not seem to capture all the RFPs that Defendant agreed to produce documents for, which was the focus of our proposed edits.

We're happy to break out No. 4 if that would be more workable, but simply removing relevant search terms doesn't seem to make sense here. Could you clarify the reasons for rejecting our changes to Nos. 5, 6, and 18?

Additionally, could you share how many documents were identified for Nos. 1, 11, and 16 using the "AND" connector versus "w/25"? If the difference is minimal (i.e., 1 document vs. 6) that does not seem to meaningfully increase the burden. Having a sense of how many documents are at issue would be helpful. Finally, would you be able to run a search using "w/50" or "w/100" to evaluate whether a larger connector might be a reasonable compromise?


Happy to hop on a call to meet and confer if that would be more useful. Thanks.



On Fri, Oct 3, 2025 at 5:30 PM Sherwood, Peyton <PSherwood@winston.com> wrote:

> Hi Lilach,
>
>
> We reviewed the searches you sent on October 1st. We can agree to using your revised version of search No. 17 and adding search No. 19 (it's No. 19 in your redline and No. 20 in the attached). But your other edits resulted in unreasonable or unworkable terms. For example, in search No. 7, using "AND" rather than "w/25" and modifying the "compet" term increased hits by more than 6X. The changes (including the "AND"/"w/25" change) in other searches also dramatically increased results. And with respect to search No. 4, the revision you proposed resulted in a string that was so long it could not be run as drafted. We have attached a current list of terms that corrects for these issues. Let us know if this set is agreeable to you.
>
>
> Thank you,
>
> Peyton

**PEYTON SHERWOOD**
ASSOCIATE ATTORNEY

**T**  +1 (213) 615-1747
psherwood@winston.com

*Admitted to practice in California*

---

**From:** Lilach Klein <lilach@crosnerlegal.com>
**Sent:** Wednesday, October 1, 2025 6:20 PM
**To:** Kessler, Jared R. <JRKessler@winston.com>
**Cc:** Craig Straub <craig@crosnerlegal.com>; Rothstein, Ron <RRothste@winston.com>; Sherwood, Peyton
<PSherwood@winston.com>
**Subject:** Re: Ringler v. Smucker / Search Terms

Ron, Jared, and Peyton,

Thank you for speaking with us again today regarding the remaining search terms, RFP responses, and
confidentiality designations.

As discussed, I have added redlines to the clean version of the proposed search terms that Jared circulated this
morning. Note that I grouped terms relating to both the Representations and Products in No. 4 (with comments
referencing relevant RFPs), terms relating to just the Representations in No. 5, and terms relating to just the Products
in No. 6. Please let us know within the next day or two whether these redlines are acceptable.

With respect to the RFPs, you represented that Defendant intends to serve amended RFP responses within one
week.

RFP No. 36: You agreed to produce documents if Plaintiffs identify "similar Products." We propose the following as
similar products: Welch's Natural Fruit Spread, Polaner All Fruit, Crofter's Just Fruit, St. Dalfour 100% Fruit, Bonne
Maman Fruit Spreads, Hero Premium Fruit Spreads, Cascadian Farm Organic Fruit Spreads, 365 by Whole Foods
Market Organic Fruit Spreads, Trader Joe's Organic Fruit Spreads, and Kirkland Signature Organic Strawberry
Spread. Please confirm that Defendant will amend its response to produce responsive documents.

Confidentiality Designations: We noted that all documents produced by Defendant to date have been marked
"Confidential," including publicly available product labels. You stated that we are free to reference the content of these
documents in briefing, and that you will review the designations and de-designate as appropriate.

On Wed, Oct 1, 2025 at 11:13 AM Lilach Klein <lilach@crosnerlegal.com> wrote:

> Ron and Jared,
>
> Thank you for meeting and conferring with me and Craig earlier today regarding Defendant's responses to Plaintiff
> Ringler's ROGs and RFAs, proposed search terms, and Plaintiffs' motion to modify scheduling order.
>
> Since we ran out of time discussing search terms, we agreed to reconvene at a later time. I would also like to
> discuss Defendant's responses to Plaintiff Ringler's RFP Nos. 17, 18, 25, 28, 34, 36, 42, and 45 during our next
> meet and confer.  Please confirm your availability at 3pm PST today and I will circulate a google meet link.
>
> I'd also like to memorialize our conversation below. If any of the below is inconsistent with your understanding,
> please let me know.
>
> **ROGs/ RFAs:**

1/29/26, 4:10 PM                    Custom Legal Mail - Re: Hogue v. Smucker / Search Terms.

Case 2:25-cv-01138-AH-E     Document 79    Filed 01/30/26    Page 11 of 13   Page ID
#:1909

Representations: I explained that the defined term "Representations" included the representation "No artificial flavors or colors." You agreed to amend Defendant's responses to RFA No. 1 and ROG Nos. 8 and 12 to include this representation, and to provide amended responses within one week of today.

Relevant Time Period: I explained that Defendant's responses to RFA Nos. 1 and 2 and ROG Nos. 3, 4, 6 and 18 were improperly limited to February 10, 2025. You agreed to amend your responses to these Requests to include the Relevant Time Period from February 10, 2021 through present. You indicated that while Defendant may object to the Relevant Time Period, this will not substantively change Defendant's responses to the Requests, and will therefore amend your responses within one week of today.

ROG No. 18: You indicated that Defendant exclusively obtains citric acid from one supplier, Harris & Ford, LLC and does not source it from any other supplier, formulator, or manufacturer, such that Defendant's response is complete and fully responsive. We resolved our dispute regarding this Request.

ROG Nos. 2, 8, 9, 11, 12, and 14 refer to documents. I asked that Defendant amend its responses to identify the bates numbers responsive to each Request when those documents are produced. You agreed to do so.

ROG Nos. 3, 4, and 5: We requested that Defendant produce all documents in its possession, custody, and control, including documents from third party agents or others subject to its control. You stated that Defendant intends to do so.

ROG No. 7: I agreed to hold off on this interrogatory until after reviewing Defendant's document production. We may revisit if needed.

ROG Nos. 16 and 17: You stated that these were contention interrogatories and Defendant does not intend to respond until closer to the close of discovery. I explained that contention interrogatories are not objectionable just because they are contention interrogatories. I also noted that Defendant has served contention interrogatories on Plaintiffs. You suggested the Parties could stipulate to responding to contention ROGs near the close of discovery. We are open to such a stipulation. Please confirm if Defendant will stipulate, and whether Defendant will amend its responses to state the same.

**Search Terms:**

1. You agreed to test the search terms using both "AND" and "W/25" and will let us know if the results drastically differ in volume. If the burden is excessive, you will follow up with us.

2. You did not agree to include the term "fruit spread" in the search terms at this time. I agreed to table the issue pending document review. If it appears that Smucker predominantly refers to the Products as "fruit spreads," we may revisit this.

3. You explained that adding "w/15 natural" was necessary to ensure the search results captured only the Products at issue. We are fine with this approach for now.

On Wed, Oct 1, 2025 at 6:24 AM Kessler, Jared R. <JRKessler@winston.com> wrote:

> Lilach,
>
> Revised proposed search terms are attached. In addition to other revisions, you'll see that we deleted two searches proposed by Plaintiff. The first (Plaintiff's No. 16) was far too broad. The second (Plaintiff's No. 18) is aimed at third party data that we did not agree to produce. Let us know if you agree to this set of terms so we can get going on review.

Thanks,



**JARED KESSLER**
PARTNER

**T** +1 (305) 910-0654
jrkessler@winston.com

*Admitted to practice in District of Columbia, Florida*

---

**From:** Lilach Klein <lilach@crosnerlegal.com>
**Sent:** Friday, September 26, 2025 1:00 PM
**To:** Craig Straub <craig@crosnerlegal.com>
**Cc:** Kessler, Jared R. <JRKessler@winston.com>; Rothstein, Ron <RRothste@winston.com>; Sherwood, Peyton <PSherwood@winston.com>
**Subject:** Re: Ringler v. Smucker / Search Terms

Hi Jared,

Following up on this. Thanks.

> On Wed, Sep 24, 2025 at 12:20 PM Lilach Klein <lilach@crosnerlegal.com> wrote:
>
> Hi Jared,
>
> We've made a few additional redlines. Please find updated proposed search terms attached. Let us know if these will work.
>
>> On Wed, Sep 24, 2025 at 10:23 AM Craig Straub <craig@crosnerlegal.com> wrote:
>>
>> Thanks Jared. Edits attached.
>>
>>> On Mon, Sep 22, 2025 at 4:01 PM Kessler, Jared R. <JRKessler@winston.com> wrote:
>>>
>>> Craig,
>>>
>>> Attached is a list of terms we propose to use in connection with our document review. Please let us know if you agree.
>>>
>>> All the best,

WINSTON
&STRAWN
LLP

**JARED KESSLER**
PARTNER

**T** +1 (305) 910-0654
jrkessler@winston.com

200 S. Biscayne Boulevard, Suite 2400, Miami, FL 33131

*Admitted to practice in District of Columbia, Florida*

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without
reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message
without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you
(or any other taxpayer) to avoid penalties under applicable tax laws and regulations.