UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 25-1138-AH(Ex) | Date | February 10, 2026 |
|---|---|---|---|

| Title | ADINA RINGLER, ET AL. v. THE J.M. SMUCKER COMPANY |
|---|---|

Present: The Honorable    Charles F. Eick, United States Magistrate Judge

| Bea Martinez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| **Attorneys Present for Plaintiffs:** | **Attorneys Present for Defendants:** |
|---|---|
| None | None |

**Proceedings:**        **(IN CHAMBERS)**

The Magistrate Judge has read and considered all papers filed in support of and in opposition to "Plaintiff Adina Ringler's Motion to Compel Production of Documents," filed January 23, 2026, and "Defendant The J.M. Smucker Company's Motion for Protective Order," filed January 23, 2026 ("the Motions"). The previously noticed February 20, 2026 hearing on the Motions is vacated. The Magistrate Judge has taken the Motions under submission without oral argument.

In the interest of avoiding further delay, the Magistrate Judge will disregard any possible failure to comply completely with Local Rule 37, and will reach the merits of the Motions. See Fed. R. Civ. P. 1; cf. Darling v. Del Mese, 2014 WL 12967991, at *3 (C.D. Cal. Sept. 3, 2014).

The merits of the Motions warrant certain observations.

Under Rule 34 of the Federal Rules of Civil Procedure, Defendant had the obligation to conduct a reasonable search for responsive documents, including responsive ESI, in accordance with the "Stipulated and Order [sic] Re: Discovery of Electronically Stored Information," filed July 3, 2025. However, Plaintiffs were not entitled to dictate precisely how, or from whom within the company, Defendant conducts a reasonable, compliant search. Cf. Terpin v. AT&T, 2022 WL 3013153 (C.D. Cal. June 13, 2022). Many of the additional word searches proposed by Plaintiff would cause the searches to be unreasonably overbroad and not proportional to the needs of the case. See Fed. R. Civ. P. 26(b). The failure of Defendant to designate Drew Ziegler as among the custodians did not render Defendant's searches unreasonable or non-compliant.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


| Case No. | CV 25-1138-AH(Ex) | Date | February 10, 2026 |
|---|---|---|---|

| Title | ADINA RINGLER, ET AL. v. THE J.M. SMUCKER COMPANY | | |
|---|---|---|---|


The way in which Plaintiffs purported to define the beginning of the relevant time period was unreasonably vague and ambiguous.  Under the circumstances presented, including the absence of a non-objectionable definition from Plaintiffs, the definition of the beginning of the relevant time period adopted by Defendant was not unreasonable.

Defendant should not have redacted portions of the responsive documents produced.  Absent agreement among all interested persons or an order of the Court, no person may redact any portion of any document to be produced in discovery on the ground of the claimed irrelevance or sensitivity of such portion.  See Shenwick v. Twitter, Inc., 2018 WL 833085, at *3 (N.D. Cal. Feb. 7, 2018); Sprengle v. Mohr, 2012 WL 12885115, at *8 (C.D. Cal. Sept. 14, 2012); Orion Power Midwest, L.P. v. The American Coal Sales Co., 2008 WL 4462301, at *1-2 (W.D. Pa. Sept. 30, 2008); Medtronic Sofamor Danek, Inc. v. Michelson, 2002 WL 33003691, at *4-5 (W.D. Tenn. Jan. 30, 2002).  The "Stipulated Protective Order," filed July 3, 2025, adequately safeguards Defendant's asserted interests in keeping confidential commercially sensitive information.

Plaintiffs are entitled to some discovery into Defendant's document retention and destruction policies.  An accusation of spoliation is not necessarily a prerequisite to a proper request for the production of document retention and document destruction policies.  See, e.g., Burd v. Ford Motor Co., 2015 WL 4137915, at *9 (S.D. W.Va. July 8, 2015); Progressive Casualty Ins. Co. v. F.D.I.C., 298 F.R.D. 417, 427 (N.D. Iowa 2014).

Accordingly, it is ordered that, on or before March 2, 2026, Defendant shall produce to Plaintiffs:  (1) unredacted copies of all redacted documents previously produced to Plaintiffs; (2) copies of all nonprivileged documents referenced at ECF pages 21-24 of Doc. 79, to the extent Defendant has possession, custody or control over the referenced documents, and to the extent the referenced documents have not been produced previously; (3) copies of documents sufficient to show Defendant's document retention and document destruction policies in effect from 2021 to the present; and (4) a privilege log identifying with particularity all documents withheld from production under claim of the attorney-client privilege or the work product doctrine.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 25-1138-AH(Ex) | Date | February 10, 2026 |
| Title | ADINA RINGLER, ET AL. v. THE J.M. SMUCKER COMPANY | | |

      Except as expressly stated herein, the Motions are denied.  Sanctions are also denied.  <u>See</u> Fed. R. Civ. P. 37(a)(5).

cc:    Judge Hwang
       All Counsel of Record

Initials of Deputy Clerk  <u>bm</u>