**CROSNER LEGAL, P.C.**
Craig W. Straub (SBN 249032)
*craig@crosnerlegal.com*
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
***Attorneys for Plaintiffs and the Proposed Class***

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>**DECLARATION OF PLAINTIFF ADINA RINGLER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: May 27, 2026<br>Time: 1:30 p.m.<br>Ctrm: 9C<br>Judge: Hon. Anne Hwang |

-1-
*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
DECLARATION OF PLAINTIFF ADINA RINGLER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1    I, Adina Ringler, hereby declare as follows:

2    1.   I am a named plaintiff and proposed class representative in the matter
3    styled *Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E that
4    is currently pending before this Court.

5    2.   I am a citizen of California and reside in Northridge, California.

6    3.   I submit this declaration in support of Plaintiffs' Motion for Class
7    Certification and to Appoint Class Counsel. I make this declaration based on my
8    own personal knowledge and if called to testify, I could and would competently
9    testify to the matters contained herein.

10   4.   On February 5, 2026, Defendant took my deposition. Attached hereto
11   as **Exhibit A** are true and correct copies of excerpts from my deposition transcript,
12   with highlighting added by my counsel.

13   5.   During my deposition, I explained that I purchased the Smucker's
14   Natural Triple Berry Fruit Spread product (the "Product") from a Smart & Final
15   retail store in Northridge, California in or around May 2024:

16   Q.   Okay. Now, scroll back to paragraph 11. You allege that Plaintiff Adina
17        Ringler purchased the Smucker's Natural Triple Berry Fruit Spread
18        product; right?
19   A.   Right.
20   Q.   Okay. So we're looking at the label that -- of -- that you believe you
21        purchased; right?
22   A.   I know I purchased, but yes.
23   . . .
24   Q.   Okay. The first question is "Identify every purchase you made of the
25        product." Did you just make one purchase of the product?
26   A.   Yes.
27   Q.   And that was in May of 2024?
28   A.   Correct.

| | | |
|---|---|---|
| 1 | | . . . |
| 2 | Q. | Okay. You indicated where you purchased the product or you think you |
| 3 | | purchased the product. Do you remember what that is? |
| 4 | A. | Yes. |
| 5 | Q. | What is it? |
| 6 | A. | Smart & Final in Northridge. |

7 Ringler Dep. Tr. at 124:8-15; 208:10-15; 209:8-13.

8     6.    I read and relied on the Product label when purchasing the Product, including the "natural" and "made with ingredients from natural sources" labeling statements. *See* Ringler Dep. Tr. at 110:21 – 111:4; 115:19 – 116:4; 208:22 – 209:5; 211:3-18; 212:6-9; 213:4-8; 225:13-23:

| | | |
|---|---|---|
| 12 | Q. | Okay. All right. Let me ask you, if you saw the product in the store and |
| 13 | | had it not contained the word "natural," would you have purchased it? |
| 14 | | [Objection] |
| 15 | Q. | Go ahead. You can answer. |
| 16 | A. | The word "natural" is very important to me, and it's why I selected the |
| 17 | | product. |
| 18 | | . . . |
| 19 | Q. | You tell me. How did -- how did price factor into your purchase |
| 20 | | decision of this product? |
| 21 | | [Objection] |
| 22 | Q. | Go ahead. You can answer. |
| 23 | A. | As I mentioned earlier, price is one factor when I make general |
| 24 | | purchasing decisions. When I purchased this product in particular, it |
| 25 | | was not a main factor. The main factor that made my decision to |
| 26 | | purchase it was the natural claim on the front of the label. |
| 27 | | . . . |
| 28 | Q. | Is that a yes? |

| | | |
|---|---|---|
| 1 | A. | I primarily relied upon the word "natural," which is the largest part of |
| 2 | | the front label. |
| 3 | Q. | You got to -- |
| 4 | A. | Below it -- |
| 5 | Q. | -- answer. |
| 6 | A. | The below it, "from natural sources." |
| 7 | . . . | |
| 8 | Q. | The first thing you said you relied on was the green top; is that right? |
| 9 | A. | The first thing I relied upon was the word "natural" on the front of the |
| 10 | | label. |
| 11 | . . . | |
| 12 | Q. | Well, you said that you relied on the "natural" part of the label as well? |
| 13 | A. | Correct. |
| 14 | Q. | And "from natural sources"; right? |
| 15 | A. | Correct. |

16.     I would not have purchased the Product or would not have paid as much as I paid for it if I had known that the labeling statements "natural" and "made with ingredients from natural sources" were false and misleading, and that the Product actually contains an artificial ingredient. *See* Ringler Dep. Tr. at 225:13-23; 227:16-17; 106:20 – 107:10; 109:3-19; 199:20 – 200:14:

| | | |
|---|---|---|
| 21 | Q. | All right. All right. Go to No. 9, please. What I'd like to know from you |
| 22 | | is how do you believe you've been injured in this case? |
| 23 | A. | I believe I purchased a prod- -- product that I probably wouldn't have if |
| 24 | | I -- if there was truth in the labeling. |
| 25 | . . . | |
| 26 | Q. | Please describe it. |
| 27 | A. | I purchased a product I may not have otherwise purchased if the label |
| 28 | | was not misleading. |

| | | |
|---|---|---|
| 1 | | . . . |
| 2 | Q. | Okay. Among all of that, what do you claim is false? |
| 3 | | [Objection] |
| 4 | Q. | Go ahead. |
| 5 | A. | What I claim is false is one of the ingredients on the ingredient list is |
| 6 | | not made of natural sources. |
| 7 | Q. | Okay. So you are saying that one of the ingredients is not made from a |
| 8 | | natural source, and that's your complaint? |
| 9 | A. | Yes. |
| 10 | Q. | Okay. Anything else? |
| 11 | A. | My complaint is that the label is misleading because that one ingredient |
| 12 | | is not made from natural sources. |
| 13 | | . . . |
| 14 | A. | My experience is that this product, in a sense, is a step up from your |
| 15 | | normal products because it does -- it does claim to be natural. Whether |
| 16 | | that makes it premium or not, I don't have a definition of the word |
| 17 | | "premium," so I can't say for certain. |
| 18 | Q. | Okay. |
| 19 | A. | But it's probably a step up from basic Smucker's products, if -- |
| 20 | Q. | Okay. |
| 21 | A. | -- that helps. I don't know. |
| 22 | Q. | Okay. So you're saying it's a basic step up from -- or sorry. You said |
| 23 | | that it's a step up from basic -- |
| 24 | A. | Basic Smucker's products, yeah. |
| 25 | | . . . |
| 26 | A. | I believe the label is misleading. |
| 27 | Q. | No. I asked you a question. Do you believe the Smucker Natural |
| 28 | | product that you're looking at here on page 6 of your complaint is |

-4-
*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
DECLARATION OF PLAINTIFF ADINA RINGLER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 1 | | artificial? |
| 2 | A. | I believe it has an artificial ingredient. |
| 3 | Q. | You've got to answer my question. Do you believe the product is |
| 4 | | artificial? |
| 5 | | [Objection] |
| 6 | Q. | Please answer the question. |
| 7 | A. | I believe, because the citric acid is not derived from natural sources, |
| 8 | | then the product is not natural. |
| 9 | Q. | I asked you if you believed the product in its entirety is artificial. |
| 10 | A. | I believe the component of citric acid makes the claim that this is a |
| 11 | | natural product untrue, so in that regard, yes, I do believe it is artificial. |

8. I have remained in contact with my counsel at Crosner Legal, P.C. throughout the course of this litigation and have kept informed of its status. Based on my interactions with my counsel, I believe my counsel has fairly and adequately represented myself and the proposed class and will continue to do so.

9. I understand the responsibilities expected of a Class Representative, which include acting on behalf of the Class's best interests, staying involved and informed about the case, and actively participating in it including making myself available for deposition and trial, and I am able to fulfill such duties. *See* Ringler Dep. Tr. at 59:13-23; 61:24 – 62:5; 78:13-22:

| | | |
|---|---|---|
| 21 | Q. | I just said what happened next? |
| 22 | A. | After speaking with my attorneys? |
| 23 | Q. | Yeah. |
| 24 | A. | Then I signed on to be involved in this case. |
| 25 | Q. | Okay. And then what happened? |
| 26 | A. | Then I was involved with a discovery process, with learning about the |
| 27 | | case, with submitting evidence and my personal experience with this |
| 28 | | product, and I've been in touch with them ever since. |

-5-

| | | |
|---|---|---|
| 1 | | . . . |
| 2 | Q. | Okay. Did you provide any commentary or input into the content of the |
| 3 | | complaint before it was filed? |
| 4 | A. | I spoke with my attorneys, gave them my experience, as a consumer |
| 5 | | who purchased this product was relying on the "natural" labeling, and I |
| 6 | | reviewed everything before it was filed, yes. |
| 7 | | . . . |
| 8 | Q. | Do you have any control over any decisions that are made in connection |
| 9 | | with this lawsuit? |
| 10 | A. | Yes. |
| 11 | Q. | And what is that? |
| 12 | A. | I work with my attorneys. I -- I hired them. I'm -- I'm working with |
| 13 | | them, yeah. |
| 14 | Q. | Have you ever given them any input that they have utilized in |
| 15 | | connection with this case? |
| 16 | A. | I verify that everything that's submitted is an accurate reflection of my |
| 17 | | experience. |

10. I am not aware of any facts or circumstances that would limit my ability to be a plaintiff or represent that class at this stage. To my knowledge, I have no conflict of interest in this case with other members of the class who also purchased the Product. The representation agreement that I signed with Crosner Legal, P.C. at the start of this action does not contain any incentive agreement that guarantees me compensation as a class representative.

11. It is my understanding that all the other proposed class members have also purchased the Smucker Natural Fruit Spread Products that are identified in Plaintiffs' Motion for Class Certification. I therefore respectfully request that the Court certify a class of all persons who purchased the Products in California between February 10, 2021 and the date class notice is disseminated.

1
2    I declare under penalty of perjury under the laws of the United States that the
3 foregoing is true and correct.
4
5    Executed on February  23    , 2026 in Northridge, California.
6
7    *Adina Ringler*
    Adina Ringler (Feb 23, 2026 14:07:38 PST)
8    ADINA RINGLER