Ronald Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
300 North LaSalle Drive, Suite 4400
Chicago, Illinois 60654-3406
Telephone: +1 312-558-5600

Jared Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone: +1 305-910-0500

Shawn R. Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J. M. Smucker Company*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE J. M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>Hon. Anne Hwang<br><br>**DEFENDANT'S MOTION FOR EXTENSION TO FILE OPPOSITION TO CLASS CERTIFICATION MOTION**<br><br>Hearing Date: March 25, 2026<br>Time: 1:30 p.m.<br>Courtroom: 9C, 9th Floor |

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, Local Rule 7–4 of the Central District of California, and Judge Hwang's Standing Order, Defendant The J. M. Smucker ("Defendant"), by and through counsel, respectfully requests an extension of 60 days to file its Opposition to Plaintiff's Motion for Class Certification (the "Opposition") to June 8, 2026, and an expansion of the Opposition's word limit to 14,000 words. Defendant respectfully requests that its deadline to complete any expert reports upon which Defendant relies in its motion, and its deadline to file any *Daubert* motion as to Plaintiffs' experts, also be set for June 8, 2026. Pursuant to Local Rule 7–3, the parties met and conferred via videoconference on February 26, 2026, and were unable to reach a resolution.

Additionally, pursuant to Local Rule 6–1, Defendant respectfully requests the Court order a shorter timeline to serve notice of this motion upon Plaintiffs and allow for the March 25, 2026 hearing on this motion, or another date in advance of April 8, 2026. This is Defendant's first request for an extension, as previous requests for scheduling changes were at Plaintiffs' request. Dkt. 65–66.

I. **Introduction**

On February 25, 2026, Plaintiffs Adina Ringler, Jana Rabinowitz, Krista Robles, and Jay Smith (collectively, "Plaintiffs") filed their Motion for Class Certification ("Motion") seeking to certify two classes—a class comprised of consumers who purchased the challenged products in California, and a class comprised of consumers who purchased the products in New York. Across these two classes, the four Plaintiffs challenge three of Defendant The J. M. Smucker's ("Defendant") products across four separate claims. *See* Dkt. 84–2.

Filed in connection with Plaintiffs' Motion are three expert reports—a conjoint survey expert, a damages expert, and a nutrition scientist. Plaintiffs' first expert report from Greg Allenby is 21 pages with three exhibits, consisting of a total of 65 pages. His report cites numerous studies, which include his textbook references to over 30 citations, including a pre-tested survey without its results attached. *See* Declaration of Ronald Y. Rothstein ("Rothstein Decl.") at ¶ 2.

The second expert report by Charles Baum is 54 pages, with an additional 16 pages of charts and tables. Attached to his report are six exhibits—one of which is a six-page list of 80 sources he relied upon for his opinions. Dkt. 87–7. In total, his report and the attached exhibits total nearly 140 pages of information. Rothstein Decl. at ¶ 2.

Lastly, Kurt Hong's 20-paged expert report attaches nearly 40 pages of expert materials across all 6 exhibits. Dkt. 84–3. In total, the three expert reports and their attached exhibits consist of 270 pages of material that require analysis and expert rebuttal. Rothstein Decl. at ¶ 2.

The names of each expert, their credentials, and their sources were disclosed for the first time on February 25, 2026. It was impossible for Defendant to anticipate the content and methodologies of these reports, what each expert analyzed, the research they conducted or relied on, and their ultimate conclusions. Rothstein Decl. at ¶ 2.

## II. Request for Deadline Extension on Opposition to Class Certification Motion

Defendant hereby requests an extension of its deadline to file its Opposition to Plaintiffs' Motion for Class Certification. Good cause exists because the current deadline of April 8, 2026, does not give Defendant sufficient time to adequately prepare and accomplish all the asks prior to the current deadline.

First, Defendant is faced with the formidable task of identifying appropriate rebuttal experts, reviewing Plaintiffs' expert reports, and preparing rebuttal expert reports in the matter of approximately five weeks before the current deadline of April 8, 2026. Rothstein Decl. at ¶ 3. Defendant's experts will make use of the 60-day extension by adequately and properly creating, conducting, and analyzing consumer perception and conjoint surveys that will aid their reports. Rothstein Decl. ¶ 3.

Second, Defendant has issued deposition and document notices to all three Plaintiffs' experts. Rothstein Decl. at ¶ 4. On their face, the expert reports are clearly deficient under Federal Rule of Civil Procedure Rule 26(a)(2)(B), as numerous documents referenced and relied upon in their reports were not provided. For example, Mr. Allenby's report

references the survey he conducted to perform a pre-test, yet the pre-test itself and its results were not produced. Dkt. 87 at ¶¶ 31–32. Defendant cannot take its depositions until each expert discloses all relevant documents.

Third, Defendant must prepare three *Daubert* motions to address the reports' failures under Federal Rule of Evidence 702. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,* 31 F.4th 651, 665 (9th Cir. 2022) ("Where, as here, a defendant did not raise a *Daubert* challenge to the expert evidence before the district court, the defendant forfeits the ability to argue on appeal that the evidence was inadmissible[.]"); *see* Rothstein Decl. ¶ 5.

Fourth, Defendant must obtain witness declarations from company witnesses to address points made both in Plaintiffs' Motion and their expert reports as appropriate. Rothstein Decl. at ¶ 6.

Fifth, Defendant is in the midst of a discovery dispute under the Rule 37 regarding egregious discovery conduct on the part of Plaintiffs' counsel, Mr. Craig W. Straub, and anticipates filing a Motion before Magistrate Judge Eick upon completion of its Joint Stipulation. Rothstein Decl. ¶ 7. Mr. Straub engaged in conduct that violated Rule 30(c)(2) and the Court's Civility and Professionalism Guidelines.[1] Such conduct included: (1) Coaching the witness, making impermissible speaking objections, and improperly instructing witnesses not to answer Defendant's questions; and (2) Notwithstanding binding 9th Circuit authority, Mr. Straub refused to produce Plaintiffs' signed engagement letters.[2] Additional time is required to continue the depositions of the Plaintiffs because of

---

[1] Federal Rule of Civil Procedure 30(c)(2) permits counsel to instruct a deponent not to answer only in three narrow circumstances: to (1) protect a privilege, (2) enforce a court-ordered limitation, or (3) submit a motion under Rule 30(d)(3). Mr. Straub also violated the Court's Civility and Professionalism Guidelines. *See Quiroz v. Little Libros LLC*, 2022 WL 17190214, at *1 (C.D. Cal. July 1, 2022) (ordering parties to read the professionalism guidelines). Section B.4 (Depositions) of the Guidelines states: "When a question is pending, we will not, through objections or otherwise, coach the deponent or suggest answers."

[2] *See Gusman v. Comcast Corp.*, 298 F.R.D. 592, 600 (S.D. Cal. 2014) (noting that the attorney-client privilege does not preclude disclosure of fee agreements, the amount of the fee, or the identification of payment, whereas ledgers, time records, and litigation strategy fall within the privilege); *see Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 957–59 (9th Cir. 2009) (finding incentive agreements "plainly relevant" where they "put class counsel

their failure to provide plainly responsive documents and to obtain answers to questions that were obstructed due to Mr. Straub's conduct. *Id.*

Sixth, on the same day Plaintiff filed its Motion, Plaintiffs' counsel shared a third-party production which includes, for example, an email between Plaintiffs' counsel and a third party. *See* Mot., Ex. 6. This document was quoted within a key argument in Plaintiffs' Motion. Mot. at 4. This document, and the rest of the production, was not previously revealed to Defendant until yesterday, yet the email conversation took place between December 23, 2025 and December 29, 2025. Rothstein Decl. ¶ 8.

### III. Request for Word-Limit Extension on Opposition to Class Certification Motion

The current word limit of 7,000 words is insufficient for Defendant to adequately address all arguments made in Plaintiffs' Motion. Based on defense counsel's decades of experience handling complex consumer class actions like this one, along with experience in drafting and briefing for class certification, an extension of the word limit to 14,000 words has typically been granted by the Courts.

Good cause exists to extend the word limit because Plaintiffs moved under Rule 23(a) and 23(b) for a damages class comprising of four causes of action involving laws of both California and New York. These laws have different requirements for each proposed class, and Plaintiffs support their request with three lengthy expert reports covering manufacturing processes, nutrition, damages, and a conjoint survey. Rothstein Decl. ¶ 9. There is an incredible volume of law and argument needed to adequately oppose these arguments and demonstrate why class certification in this case is not appropriate. Indeed, class certification is rarely granted in similar contexts in this and other Circuits, but

---

and the contracting class representatives into a conflict position from day one"); *see also Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013) (assessing signed retainer agreements and determining that "incentive awards" undermined adequacy of class representative and class counsel); *Haghayeghi v. Guess?, Inc.*, 2016 WL 9526465, at *1 (S.D. Cal. Mar. 21, 2016) (collecting cases) ("The litigation funding documents and retainer and fee agreements are relevant to whether Plaintiff would adequately protect the interests of the class.").

sufficient space is needed for Defendant to adequately explain the reasons why the requested classes should not be certified here.

Defendant promptly notified Plaintiffs on February 25, 2026, of their request for a deadline and word-limit extension, and the parties scheduled a meet and confer for February 26, 2026. Rothstein Decl. ¶ 10. Plaintiffs did not consent to the word limit extension and attached unacceptable conditions to the request for a deadline extension. Rothstein Decl. at ¶ 10.

Accordingly, consistent with the current schedule, Defendant's proposed deadlines are as follows:

| Motion | Deadline |
| --- | --- |
| Defendant's Opposition to Class Certification Motion Deadline, Deadline to Complete Any Expert Reports Upon Which Defendant Relies in Its Motion, and Deadline to File Any *Daubert* Motions as to Plaintiffs' Experts | **June 8, 2026** |
| Plaintiffs' Reply in Support of Class Certification Motion Deadline, Deadline to Complete Any Rebuttal Expert Reports Upon Which Plaintiffs' Rely in Their Motion, and Deadline to File Any *Daubert* Motions as to Defendant's Experts | **June 29, 2026** |

### IV.  Conclusion

For these reasons, Defendant respectfully requests an extension of 60 days to file its Opposition to Plaintiff's Motion for Class Certification, setting a new deadline of June 8, 2026, and respectfully requests an expansion of the Opposition's word limit to 14,000 words. Defendant respectfully requests that its deadline to complete any expert reports upon which Defendant relies in its motion, and its deadline to file any *Daubert* motion as to Plaintiffs' experts, also be set for June 8, 2026.

Dated: February 27, 2026              WINSTON & STRAWN LLP


By: */s/ Ronald Rothstein*
Ronald Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
300 North LaSalle Drive, Suite 4400
Chicago, Illinois 60654-3406
Telephone: +1 312-558-5600

Jared Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone: +1 305-910-0500

Shawn R. Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant
The J. M. Smucker Company*

# CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Winston & Strawn LLP certifies that this brief contains 1970 words, which complies with the word limit of L.R. 11–6.1.

Dated: February 27, 2026                    WINSTON & STRAWN LLP


By: */s/ Ronald Rothstein*
Ronald Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
300 North LaSalle Drive, Suite 4400
Chicago, Illinois 60654-3406
Telephone: +1 312-558-5600

*Attorney for Defendant
The J. M. Smucker Company*