| | |
|---|---|
| 1 | One more tRonald Rothstein (*pro hac vice*) |
| 2 | RRothste@winston.com<br>WINSTON & STRAWN LLP |
| 3 | 300 North LaSalle Drive, Suite 4400<br>Chicago, Illinois 60654-3406 |
| 4 | Telephone: +1 312-558-5600 |
| 5 | Jared Kessler (*pro hac vice*) |
| 6 | JRKessler@winston.com<br>WINSTON & STRAWN LLP |
| 7 | 200 South Biscayne Boulevard, Suite 2400<br>Miami, Florida 33131 |
| 8 | Telephone: +1 305-910-0500 |
| 9 | Shawn R. Obi (SBN: 288088)<br>SObi@winston.com |
| 10 | WINSTON & STRAWN LLP<br>333 South Grand Avenue, Suite 3800 |
| 11 | Los Angeles, California 90071<br>Telephone: +1 213-615-1700 |
| 12 | *Attorneys for Defendant* |
| 13 | *The J. M. Smucker Company* |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE J. M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>Hon. Anne Hwang<br><br>**DECLARATION OF RONALD Y. ROTHSTEIN IN SUPPORT OF DEFENDANT'S MOTION FOR EXTENSION TO FILE OPPOSITION TO CLASS CERTIFICATION MOTION**<br><br>Hearing Date: March 25, 2026<br>Time: 1:30 p.m.<br>Courtroom: 9C, 9th Floor |

# DECLARATION OF RONALD Y. ROTHSTEIN

I, Ronald Y. Rothstein, declare as follows:

1. I am an attorney admitted *pro hac vice* to appear before this Court in the above-captioned action. I am a partner with the law firm Winston & Strawn LLP. I am serving as lead counsel for Defendant The J. M. Smucker Company ("Defendant") in connection with the current proceedings. I make the following declaration in support of Defendant's Motion for Extension to file its opposition to Plaintiffs' Motion for Class Certification Motion (the "Motion") and a word-limit extension to 14,000 words. I am over the age of eighteen and am competent to make this declaration. I have personal knowledge of the following facts and, if called to testify to them, could and would competently do so.

2. On February 25, 2026, Plaintiff filed its Motion for Class Certification ("Motion"). *See* Dkt. 84–2. Plaintiff's Motion seeks to certify two classes—a class in California and a class in New York—and challenges three products across four separate claims. The Motion included expert reports from a conjoint survey expert, a damages expert, and a nutrition scientist. Dkt. 84–2. Information regarding Plaintiffs' experts was disclosed for the first time on February 25, 2026. Plaintiffs' expert, Charles Baum, wrote a 70-paged declaration that attaches nearly 70 pages of exhibits, including countless citations to works and sources he relied upon. Dkt. 87, 87–1-87–10. Exhibit C to his declaration is a six-page list of 80 sources he relied upon for his opinions. Dkt. 87-7. Expert Kurt Hong, whose declaration is 20 pages, attaches around 40 pages of exhibit materials. Expert Greg Allbeny's declaration was 21 pages and references more than 40 pages of materials in his exhibits. His report cited a pre-test of a survey but did not attach the pre-test or its results. The three expert reports and their attached exhibits consist of nearly 270 pages of material that require analysis and expert rebuttal. It was impossible for Defendant to anticipate Plaintiffs' experts, their sources, and their conclusions.

3. Good cause exists to extend the deadline for Defendant to file its Opposition because the current deadline does not give Defendant sufficient time to adequately

prepare and accomplish all the asks prior to the current deadline of April 8, 2026. First, Defendant must identify appropriate rebuttal experts, review Plaintiffs' expert reports, and prepare rebuttal expert reports in approximately five weeks. An additional 60 days will allow Defendant's experts to create, conduct, and analyze conjoint surveys that will aid in their analysis and reports.

4. Second, because Plaintiffs' expert reports are deficient under Rule 26(a)(2)(B), Defendant has issued deposition and document notices on all three Plaintiffs' experts on February 26, 2026. Defendant cannot take its depositions until each export discloses all relevant documents.

5. Third, Defendant must prepare three *Daubert* motions to address each expert report's deficiencies under Federal Rule of Evidence 702. Defendant must challenge expert evidence during the class certification stage.

6. Fourth, a 60-day extension allows Defendant to obtain necessary witness declarations from company witnesses to address points made in Plaintiffs' Motion and their expert reports.

7. Fifth, Defendant is in the midst of a discovery dispute under Rule 37 with Plaintiffs' counsel, Mr. Craig W. Straub, and his egregious conduct during the depositions of Plaintiff Adina Ringler and Plaintiff Jana Rabinowitz. Mr. Straub's conduct violated Rule 30(c)(2) and consisted of coaching the witness, making impermissible speaking objections, improperly instructing witnesses not to answer Defendant's questions, and a refusal to produce Plaintiffs' signed engagement letters. An extension is necessary to continue the depositions of the Plaintiffs because of their failure to provide responsive documents and to obtain answers to questions that were obstructed because of Mr. Straub.

8. Sixth, Plaintiffs' counsel shared a third-party production on the same day it filed its Motion, which included a document quoted within a key argument of its Motion. This document, and the rest of the production, was not previously revealed to Defendant until yesterday, yet the email conversation took place between December 23, 2025 and December 29, 2025.

9. The current word limit of 7,000 is insufficient for Defendant to adequately address the causes of actions and different state laws involved. Good cause exists to extend the word limit to 14,000 words because Plaintiffs moved under Rule 23(a) and 23(b) for a damages class comprising of four causes of action involving laws of both California and New York. These laws have different requirements for each proposed class, and Plaintiffs also support their request with three lengthy expert reports, covering manufacturing processes, nutrition, damages, and a conjoint survey. Sufficient space is needed to oppose the incredible volume of laws and arguments asserted and to explain reasons why the requested classes should not be certified.

10. Pursuant to Local Rule 7–3, the parties met and conferred via videoconference on February 26, 2026. During the meet and confer, the parties discussed extending the deadline of Defendant's opposition to June 8, 2026, and extending the word limit of its Opposition to 14,000 words. Plaintiffs did not consent to the word limit extension. Plaintiff also rejected Defendant's request for a 60-day extension, instead only offering an additional 18 days (60 days in total) for Defendant to file its Opposition, and *only* if Plaintiffs' were allowed 60 days to file their Reply to the Opposition ("Reply"), despite the fact that Plaintiffs' Reply would be limited to responding to the points in Defendant's Opposition.

11. I certify under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 27, 2026 in Chicago, Illinois.

| | |
|---|---|
| Dated: February 27, 2026 | WINSTON & STRAWN LLP |
| | By: */s/ Ronald Rothstein* |
| | Ronald Rothstein (*pro hac vice*) |
| | RRothste@winston.com |
| | WINSTON & STRAWN LLP |
| | 300 North LaSalle Drive, Suite 4400 |
| | Chicago, Illinois 60654-3406 |
| | Telephone: +1 312-558-5600 |
| | |
| | Jared Kessler (*pro hac vice*) |
| | JRKessler@winston.com |
| | WINSTON & STRAWN LLP |
| | 200 South Biscayne Boulevard, Suite 2400 |
| | Miami, Florida 33131 |
| | Telephone: +1 305-910-0500 |
| | |
| | Shawn R. Obi (SBN: 288088) |
| | SObi@winston.com |
| | WINSTON & STRAWN LLP |
| | 333 South Grand Avenue, Suite 3800 |
| | Los Angeles, California 90071 |
| | Telephone: +1 213-615-1700 |
| | |
| | *Attorneys for Defendant* |
| | *The J. M. Smucker Company* |