Ronald Y. Rothstein (admitted *pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: +1 312-558-5600

Jared Kessler (admitted *pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone: +1 305-910-0500

Shawn R. Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*The J. M. Smucker Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE J. M. SMUCKER COMPANY,<br><br>Defendant. | **Case No. 2:25-cv-01138**<br><br>**DECLARATION OF RON ROTHSTEIN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH PLAINTIFFS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Anne Hwang |

I, Ronald Rothstein, declare and state as follows:

1. I am an attorney duly licensed to practice before this Court and partner at the law firm Winston & Strawn, LLP, counsel for Defendant The J. M. Smucker Company ("Smucker") in the above-titled action. The matters referred to in this Declaration are based upon my best personal knowledge and belief and, if called and sworn as a witness, I could and would competently testify to each of them.

2. Pursuant to Local Rule 79-5.2.2(b) of the United States District Court for the Central District of California and the Stipulated Protective Order and Order entered in this case by Magistrate Judge Charles F. Eick on February 10, 2025 (Dkt. 34 ("Protective Order")), I submit this declaration in support of Plaintiffs' Application to File Documents Under Seal in Connection with Plaintiffs' Motion for Class Certification ("Motion").

3. The Protective Order approved by Magistrate Judge Eick detailed that confidential information included:

> confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

*Id.* at 2.

4. Plaintiffs' Motion, the Declaration of Kurt M. Hong, M.D., Ph.D., FACN and its accompanying exhibits, and the Declaration of Craig W. Straub in Support of Plaintiffs' Motion and its accompanying exhibits contain information designated "Confidential" pursuant to the Protective Order. Plaintiffs have therefore filed an Application for Leave to File Under Seal. *See* Dkts. 84–85. Smucker now files this Declaration in support of Plaintiffs' Application to file certain documents and portions of documents under seal:

| Document filed under seal | Portion(s) of document under seal |
|---|---|
| Plaintiffs' Motion for Class Certification (Dkt. 85-1) | Portions of document as highlighted by Plaintiffs, found on pages 1–5, 7–8, 12, 17, and 23. |
| Declaration of Kurt M. Hong, M.D., Ph.D., FACN (Dkt. 85-2) | Portions of document as highlighted by Plaintiffs, found on pages 3–4, 6, 10–11, and 14–20. |
| Exhibit E to Declaration of Kurt M. Hong, M.D., Ph.D., FACN (Dkt. 85-3) | Entirety of the document. |
| Exhibit 3 to Declaration of Craig W. Straub in Support of Plaintiffs' Motion for Class Certification (Dkt. 85-4) | Portions of document as highlighted by Plaintiffs, found on pages 28–29, 31–32, 36, 39–40, 45–46, 48, 51, 53–55, 58–59, 75, 80, 88, 93, 109, 114, 120, and 122–23. |
| Exhibits 4–18 to Declaration of Craig W. Straub in Support of Plaintiffs' Motion for Class Certification (Dkt. 85-5–85-19) | Entirety of the documents. |

5. Though there is a presumption of public access to documents filed in civil actions, a party can overcome this presumption by establishing "good cause" or "compelling reasons" for the information's protection. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006) (explaining a party need only demonstrate good cause to file documents under seal in connection with a discovery motion but must establish compelling reasons where the documents relate to a dispositive motion). Courts "routinely" allow documents to be filed under seal where they include "confidential, trade secret, and propriet[ar]y information." *FullView, Inc. v. Polycom, Inc.*, 635 F. Supp. 3d 917, 929 (N.D. Cal. 2022) (permitting defendant to file documents under seal where previously designated as confidential); *see also Ctr. for Auto Safety v. Chrysler Grp., Inc., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (providing examples of compelling reasons permitting filing under seal, including "sources of business information that might harm a litigant's competitive standing") (internal citation omitted); *Coffelt v. Kroger Co.*, 2018 WL 6016133, at *2 (C.D. Cal. June 21, 2018) (granting defendant's request to file under seal purchase and inventory history, order history, and the like because "[m]ost of the documents include sensitive information that could be used by competitors and

negatively impact [d]efendant[']s success in the market."); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (granting application to file under seal because "public disclosure of Nike's confidential business materials, including marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same[] could result in improper use by business competitors seeking to replicate Nike's business practices").

6. The requested redactions in Plaintiffs' Motion (Dkt. 85-1), Declaration of Kurt M. Hong, M.D., Ph.D., FACN (Dkt. 85-2), Exhibit E to Declaration of Kurt M. Hong, M.D., Ph.D., FACN (Dkt. 85-3), and Exhibits 3–18 to the Declaration of Craig W. Straub in Support of Plaintiffs' Motion (collectively, "Plaintiffs' Motion and Supporting Expert Declarations") relate to five categories of confidential information that warrant protection: (i) information derived from highly confidential sales data; (ii) internal data analyses and methodologies related to sourcing, supplier relationships, and quality assurance, (iii) confidential supplier manufacturing processes used to create Smucker's products, (iv) information designated by third parties as confidential and/or implicating privacy rights of third parties, and (v) information from the confidential documents discussed in paragraphs 14 through 19 below.

7. The redacted information in Plaintiffs' Motion and Supporting Expert Declarations references and is derived from highly confidential sales data that would reveal Smucker's profitability margins, product performance, and pricing strategies to competitors if made public. Courts routinely seal such information to prevent improper use by business competitors and to protect a party's competitive standing. *See Kamakana,* 447 F.3d at 1179-80*; FullView*, 635 F. Supp. 3d at 929; *Ctr. for Auto Safety*, 809 F.3d at 1097; *Coffelt*, 2018 WL 6016133, at *2. Disclosure of sensitive, non-public sales information would harm Smucker. Sealing is thus appropriate.

8. Plaintiffs' Motion (Dkt. 85-1) also contains internal data analyses, including proprietary methodologies and systems, and operational insights specific to Smucker's sourcing, supplier relationships, due diligence, and quality assurance processes. Public

disclosure would provide competitors with valuable information about Smucker's internal quality assurance practices and data analysis methodologies, potentially undermining Smucker's competitive position and revealing sensitive business practices. Courts routinely find compelling reasons to seal such internal business analyses to prevent improper use by competitors and to protect trade secrets and confidential business information. *See Coffelt*, 2018 WL 6016133, at *2; *FullView,* 635 F. Supp. 3d at 929; *Bauer Bros*., 2012 WL 1899838, at *2. All substantive legal arguments and non-confidential information in Plaintiffs' Motion remains public.

9. The Declaration of Kurt M. Hong, M.D., Ph.D., FACN (Dkt. 85-2) also contains manufacturing information and audit materials specific to Smucker's supplier relationships and supplier qualification processes. Public disclosure would provide competitors with valuable information about Smucker's internal quality assurance practices and data analysis methodologies, potentially exposing Smucker's supply chain to competitive targeting or disruption. Courts routinely find compelling reasons to seal such internal business analyses to prevent improper use by competitors and to protect trade secrets and confidential business information. *See Coffelt*, 2018 WL 6016133, at *2; *FullView,* 635 F. Supp. 3d at 929; *Bauer Bros*., 2012 WL 1899838, at *2. All of Dr. Hong's substantive expert opinions concerning fermentation, FDA policy, and the definition of "natural" remain public.

10. Exhibit E to the Declaration of Kurt M. Hong is a flow chart provided by one of Smucker's suppliers detailing the complete manufacturing process used to manufacture citric acid for certain products. This document reveals specific sequential steps and chemical processes in product development, as well as confidential third-party information covered by the Protective Order. Public disclosure would provide competitors with valuable information about Smucker's production processes and manufacturing methods, exposing Smucker to competitive injury by allowing competitors to replicate or improve upon Smucker's production methods without investing in their own research and development. Courts routinely find compelling reasons to seal such confidential proprietary

manufacturing information to prevent improper use by competitors and to protect trade secrets and confidential business information. *See Coffelt*, 2018 WL 6016133, at *2; *FullView,* 635 F. Supp. 3d at 929; *Bauer Bros*., 2012 WL 1899838, at *2. Disclosure of sensitive, confidential proprietary manufacturing information would harm Smucker. Sealing is thus appropriate.

11. Exhibit 3 to the Declaration of Craig W. Straub is the Deposition Transcript of Daniel Schmidt. In addition to referencing highly confidential sales data, the exhibit contains internal sourcing details and supplier information specific to Smucker's internal supplier qualification process. Public disclosure would provide competitors with valuable information about Smucker's manufacturing and supply chain processes, potentially undermining Plaintiffs' competitive position and revealing sensitive business practices. Courts routinely find compelling reasons to seal such internal business analyses to prevent improper use by competitors and to protect trade secrets and confidential business information. *See Coffelt*, 2018 WL 6016133, at *2; *FullView,* 635 F. Supp. 3d at 929; *Bauer Bros*., 2012 WL 1899838, at *2. All testimony regarding citric acid's function, fermentation processes generally, and Smucker's labeling practices remains unredacted, along with all other non-confidential testimony.

12. Exhibit 6 to the Declaration of Craig W. Straub (Dkt. 85-7) is a confidential email concerning product development, sourcing decisions, and quality assurance matters relating to a third-party Smucker's supplier. It was separately produced in the above-titled action by the third-party as document BBFY_000008–14, and designated by that third party as CONFIDENTIAL under the Protective Order. As set forth in the Declaration of Ronald Y. Rothstein in Support of Defendant's Motion for Extension to File Opposition to Class Certification Motion (Dkt. 90-2), Plaintiff did not share Exhibit 6 and the rest of this third-party production with Defendant when initially received; as is clear from the face of Exhibit 6, Plaintiff's counsel was in possession of the third-party documents at least as early as December 29, 2025. Despite Plaintiffs' obligation under the Protective Order to produce third-party documents to Smucker upon receipt, Plaintiffs withheld the BBFY production

until February 25, 2026—the same day Plaintiffs filed the instant Motion and Application to File Under Seal. This left Smucker with no opportunity to confer with BBFY regarding the appropriateness of their confidentiality designations or to understand BBFY's basis for requesting confidential treatment. Smucker therefore is unable to independently assess BBFY's confidentiality designations, though under the terms of the Protective Order, information implicating privacy rights of third parties must be kept confidential (an obligation that extends to Plaintiffs). This conduct underscores the gamesmanship Plaintiffs have employed throughout this litigation.

13. Plaintiffs' Motion and Supporting Expert Declarations also redact information derived from exhibits filed under seal. As outlined below, each of these exhibits—all of which are documents produced by Smucker and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"—warrants continued confidential treatment.

14. Exhibits 4 and 5 to the Declaration of Craig W. Straub (Dkt. 85-5 and 85-6) are documents relating to Smucker's suppliers. Exhibit 4 (JMS_0000462–JMS_0000501) is an audit report from one of Smucker's suppliers containing confidential quality assurance audit findings, supplier qualification data, and internal compliance assessments relevant to ingredients used in Smucker's products, and containing confidential third-party information covered by the Protective Order and designated by Smucker as CONFIDENTIAL. Exhibit 5 (JMS_0003287) is a flow chart provided by the supplier containing proprietary information regarding how Smucker's products are made, what goes into them, and where ingredients are sourced, again containing confidential third-party information covered by the Protective Order and designated by Smucker as CONFIDENTIAL. Public disclosure of these documents would reveal Smucker's internal quality standards, audit methodologies, supplier evaluation criteria, manufacturing processes, and product formulation, which are valuable to competitors and could be used to Smucker's disadvantage. Courts routinely find compelling reasons to seal such confidential proprietary manufacturing and supplier qualification information to prevent improper use

by competitors and to protect trade secrets and confidential business information. *See Coffelt*, 2018 WL 6016133, at *2; *FullView*, 635 F. Supp. 3d at 929; *Bauer Bros.*, 2012 WL 1899838, at *2. Sealing is thus appropriate.

15. Exhibits 7 and 9 to the Declaration of Craig W. Straub (Dkt. 85-8 and 85-10) are internal Smucker email chains and correspondence, each designated by Smucker as CONFIDENTIAL. Exhibit 7 (JMS_0000671–674) includes correspondence discussing sourcing, supplier relationships, and product formulation matters. Exhibit 9 (JMS_0003230–3234) is an email chain with internal notes regarding product development and business strategy. Public disclosure of these documents would reveal Smucker's internal decision-making strategies, technical troubleshooting approaches, and proprietary knowledge, which could be misused by competitors or otherwise harm Smucker's business interests. Courts have found that such internal deliberations and communications are properly sealed to protect the integrity of a company's confidential business operations. *See Coffelt*, 2018 WL 6016133, at *2; *FullView*, 635 F. Supp. 3d at 929; *Bauer Bros.*, 2012 WL 1899838, at *2.

16. Exhibits 8 and 13 to the Declaration of Craig W. Straub (Dkt. 85-9 and 85-14, respectively) are both internal Smucker documents titled "JJP Size & Price Optimization" (JMS_0001488 and JMS_0002750, respectively), each designated by Smucker as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. These documents contain non-public, granular data on pricing strategies, product sizing decisions, market positioning, consumer response analyses, and promotional tactics. The documents analyze optimal product sizes, pricing adjustments, and strategies to maximize revenue, penetration, and preference share. Disclosure would reveal Smucker's internal assessment of pricing and product optimization strategies, which could be exploited by competitors or used to Smucker's disadvantage in the marketplace. Courts have recognized that such sensitive business and financial information, if made public, could harm a company's competitive standing and is therefore appropriately sealed. *See Coffelt*, 2018 WL 6016133, at *2; *Bauer Bros.*, 2012 WL 1899838, at *2.

17. Exhibit 10 to the Declaration of Craig W. Straub (Dkt. 85-11) is an internal Smucker document titled "Smucker's Strawberry Fruit Spread Portfolio Comparison" (JMS_0000109), designated by Smucker as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. This document presents confidential product comparison analyses, including competitive benchmarking data and proprietary formulation information. The information is not publicly available and could be used by competitors to benchmark against Smucker's product line. Sealing is warranted to protect Smucker's proprietary business information and to prevent competitive harm. *See Coffelt*, 2018 WL 6016133, at *2; *FullView*, 635 F. Supp. 3d at 929; *Bauer Bros.*, 2012 WL 1899838, at *2.

18. Exhibits 11, 12, 14, and 15 to the Declaration of Craig W. Straub (Dkt. 85-12, 85-13, 85-15, and 85-16) are internal Smucker strategic planning presentations, each designated by Smucker as CONFIDENTIAL. Exhibit 11 (JMS_0002043), titled "Spreads NRO Steer Co Update #4," contains internal data analyses, proprietary methodologies and systems, and operational insights specific to new product development, portfolio transformation, and revenue optimization. Exhibit 12 (JMS_0001484), titled "Value Creation Framework," includes confidential strategic planning information and internal analyses reflecting Smucker's proprietary approach to business development and value creation. Exhibit 14 (JMS_0002083–2144), titled "Fruit Spreads Category Growth Opportunity," includes internal analyses of market opportunities, category growth strategies, and proprietary consumer insights reflecting Smucker's business planning processes. Exhibit 15 (JMS_0002146–2198), titled "Driving Fruit Spreads Distribution," contains confidential discussions regarding distribution strategy, including internal assessments of market penetration and expansion opportunities. Public disclosure of these documents would provide competitors with valuable information about Smucker's consumer insights, product development strategies, and strategic planning processes. Courts routinely find compelling reasons to seal such confidential internal business strategy to prevent improper use by competitors and to protect confidential business information. *See*

*Coffelt*, 2018 WL 6016133, at *2; *FullView*, 635 F. Supp. 3d at 929; *Bauer Bros.*, 2012 WL 1899838, at *2. Sealing is thus appropriate.

19. Exhibits 16, 17, and 18 to the Declaration of Craig W. Straub (Dkt. 85-17, 85-18, and 85-19) are internal Smucker documents containing sales, performance, and financial data, each designated by Smucker as CONFIDENTIAL. Exhibit 16 (JMS_0001759), titled "Fruit Spreads Monthly Update," includes confidential monthly performance data, internal commentary on product performance, and proprietary business metrics. Exhibit 17 (JMS_0000145) is an internal ad hoc report containing proprietary sales data, product performance analyses, and internal financial metrics. Exhibit 18 (JMS_0000103–108) is an internal spreadsheet including confidential data analyses, cost information, and product performance metrics. Public disclosure of these documents would reveal Smucker's internal priorities, operational performance data, sales assessments, and internal cost data, which are competitively sensitive and not available to the public. Courts have found that such proprietary financial information is appropriately sealed to protect a company's business interests. *See Coffelt*, 2018 WL 6016133, at *2; *FullView*, 635 F. Supp. 3d at 929; *Bauer Bros.*, 2012 WL 1899838, at *2. Sealing is thus appropriate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 2, 2026 in Chicago, Illinois.

*/s/ Ronald Y. Rothstein*
Ronald Rothstein