**CROSNER LEGAL, P.C.**
Craig W. Straub (SBN 249032)
*craig@crosnerlegal.com*
Lilach H. Klein (SBN 323202)
*lilach@crosnerlegal.com*
Michael T. Houchin (SBN 305541)
*mhouchin@crosnerlegal.com*
Zachary M. Crosner (SBN 272295)
*zach@crosnerlegal.com*
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADINA RINGLER, KRISTA ROBLES, JAY SMITH, and JANA RABINOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:25-cv-01138-AH-E<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION**<br><br>Date:   March 25, 2026<br>Time:  1:30 p.m.<br>Ctrm:  9C<br>Judge: Hon. Anne Hwang<br><br>Complaint Filed: Feb. 10, 2025<br>Trial Date:           Feb. 23, 2027 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND ............................................................................................ 1

III.  ARGUMENT .................................................................................................. 2

    A.    Defendant's Repeated Violations of Local Rules Warrants Denial ................................................................................................... 2

    B.    Defendant's Renewed Request for an Extension Should be Denial ................................................................................................... 3

    C.    Defendant's Word Extension Request Should be Denied ................... 5

    D.    Plaintiffs' Proposed Briefing Schedule Should be Granted ................ 6

IV.  CONCLUSION .............................................................................................. 7

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION

## I.  INTRODUCTION

Defendant's motion for an extension and request to file a 14,000-word opposition (approximately 46 pages) to Plaintiffs' 7,000-word Motion for Class Certification is both procedurally improper and substantively unwarranted. Just five minutes after Plaintiffs filed expert declarations in support of their Motion, Defendant sought to double the word limit and extend its opposition deadline to a total of 3.5 months. This request is unnecessary, as the Court already granted Defendant six weeks to oppose Plaintiffs' Motion based on anticipated expert declarations. *See* ECF Nos. 66, 68.

Defendant also disregarded and violated Local Rules 6-1 and 7-3, despite this Court's prior admonishment regarding compliance with the local rules. *See* ECF No. 63 at 6, fn.1. Plaintiffs respectfully request that the Court deny Defendant's motion and adopt the briefing schedule proposed in Section C, *infra*.

## II.  BACKGROUND

The Parties filed a Stipulation to Modify the Scheduling Order on November 7, 2025. *See* ECF No. 65. In a declaration supporting that stipulation, Defendant argued it needed additional time to oppose Plaintiffs' Motion for Class Certification because "[w]hen Plaintiffs file their class certification motion they will almost certainly disclose expert reports," "Defendant must conduct rebuttal surveys," "Defendant must file its Daubert motions in conjunction with its class certification opposition," and "Defendant must also prepare its own affirmative expert reports…" *See* ECF No. 66, at ¶¶ 9-11. Based on these representations, the Court granted Defendant six weeks to oppose Plaintiffs' Motion and file *Daubert* motions. *See* ECF No. 68.

Just five minutes after Plaintiffs filed expert declarations in support of their Motion, Defendant requested an additional 60 days to file an opposition and sought a 7,000-word increase. *See* Declaration of Lilach Klein, *filed concurrently herewith* ("Klein Decl."), at ¶ 2. Plaintiffs did not agree to a 7,000-word increase because their

-1-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION

1 Motion for Class Certification was limited to 7,000 words. *Id*. Plaintiffs did,
2 however, agree to give Defendant 60 days to file an opposition if Defendant agreed
3 to a reciprocal 60 days for Plaintiffs to file a Reply and address Defendant's *Daubert*
4 motions. *Id*. Defendant immediately refused and, the very next day, filed a motion
5 for extension that did not comply with Local Rules 6-1 or 7-3. *Id*.

### III.   ARGUMENT

#### A.   Defendant's Repeated Violations of Local Rules Warrants Denial

8 Defendant's motion should be denied for failure to comply with Local Rules
9 6-1 and 7-3. This Court has already admonished Defendant for similar conduct. *See*
10 ECF No. 63 at 6, fn.1 ("the Court admonishes Defendant for its failure to comply
11 with Local Rule 7-3 . . . failure to abide by the rules of this Court may result in
12 sanctions in the future"). Defendant's continued disregard of the Local Rules
13 undermines orderly procedure and prejudices Plaintiffs.

14 Local Rule 7-3 requires a meet and confer at least seven days before filing a
15 motion. Defendant did not comply. Five minutes after Plaintiffs filed their expert
16 declarations, Defendant requested an extension. *See* Klein Decl., at ¶ 2. Plaintiffs
17 agreed to meet and confer the next day in good faith and proposed a reasonable,
18 reciprocal solution: 60 days for Defendant's opposition if Plaintiffs received the
19 same 60 days to file a reply and address Defendant's anticipated *Daubert* motions.
20 *Id*. Defendant refused, offered no alternative, and filed its motion the very next day
21 without the required seven-day pre-filing conference or any meaningful effort to
22 resolve the issue without Court intervention. *Id*.

23 Defendant also violated Local Rule 6-1, which requires motions to be filed at
24 least 28 days before the hearing. By noticing a March 25, 2026 hearing, Defendant
25 left Plaintiffs only three court days to prepare and file an opposition. Defendant
26 could have easily set the hearing for April 1, still before its class certification
27 opposition deadline, and complied with the Rule. Instead, it chose a compressed
28 schedule, and, that same day, served a joint discovery dispute brief, forcing Plaintiffs

-2-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION

to respond to two matters simultaneously and compounding the prejudice. Defendant's conduct reflects a deliberate effort to create a procedural disadvantage rather than resolve scheduling issues cooperatively. *See* Central District's Civility and Professionalism Guidelines at § B.3 ("We will not time the filing or service of motions or pleadings in any way that unfairly limits another party's opportunity to respond. We will not serve papers sufficiently close to a court appearance so as to inhibit the ability of opposing counsel to prepare for that appearance or, where permitted by law, to respond to the papers.")

This motion was entirely unnecessary. Plaintiffs proposed a fair compromise, yet Defendant refused parity and chose motion practice in violation of the Local Rules. Continued disregard of the Local Rules warrants denial here. *See R.H. v. County of San Bernardino*, 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25, 2019) (warning that failure to comply with Local Rule 7-3 may result in summary denial).

**B.     Defendant's Renewed Request for an Extension Should be Denied**

Defendant previously requested an extension to oppose Plaintiffs' Motion for Class Certification based on its representation that Plaintiffs would submit expert declarations. *See* ECF Nos. 65; 66 at ¶¶ 9-11. The Court granted that request and provided Defendant six weeks to file an opposition and *Daubert* motions. *See* ECF No. 68. Just five (5) minutes after Plaintiffs filed expert declarations, Defendant requested an additional 60 days – amounting to approximately 3.5 months – to file an opposition based on the same circumstances. Klein Decl., ¶ 2. There has been no new development that justifies further delay.

Defendant's argument that Plaintiffs' expert declarations are deficient under Federal Rule of Civil Procedure Rule 26(a)(2)(B) is misplaced. Mot. at 3:26-28. Plaintiffs filed expert declarations in support of class certification, not expert reports. *See* ECF No. 87. Expert reports are not due until October 14, 2026. *See* ECF No. 68. Defendant's assertion that it "cannot take depositions" until experts disclose supporting documents is equally unavailing. Mot. at 4:2-3. Defendant's deposition

-3-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION

subpoenas, which Plaintiffs' counsel have agreed to accept for service, require the experts to bring requested documents to the deposition. Klein Decl., ¶ 3.

Defendant also claims it needs 60 additional days to prepare three *Daubert* motions. But this Court already granted Defendant six weeks to file *Daubert* motions in connection with class certification briefing. *See* ECF No. 66 at ¶ 10; ECF No. 68. Moreover, if Defendant truly requires an additional 60 days for *Daubert* motions, it is telling that it refused Plaintiffs' proposal for a reciprocal 60 days to oppose those motions and file *Daubert* motions of their own. Klein Decl., ¶ 2. Defendant seeks a unilateral delay – not a fair briefing schedule. Its refusal to agree to parity underscores the tactical nature of this request.

The purported discovery dispute is likewise a red herring. *See* Mot. at 4:13 – 5:2. Defendant's discovery dispute hinges on a single document it has had months to pursue (Plaintiffs served discovery responses and objections on November 14, 2025), yet it waited until February 27, 2026 to serve a joint discovery brief, coinciding with this motion. Klein Decl., ¶ 4. Defendant is not entitled to the document and knows it: another court rejected an identical request by Defendant's counsel seeking engagement letters as relevant to class certification. *Flodin v. Central Garden & Pet Company*, 2024 WL 3859803, at *1–2 (N.D. Cal. Aug. 16, 2024) (distinguishing *Rodriguez* and denying motion to compel production of engagement letters in joint discovery letter brief filed by Defendant's counsel Ron Rothstein). Defendant also deposed each Plaintiff for hours and was free to, and did, question them about the document at issue. Klein Decl., ¶ 5. This manufactured dispute does not justify a two-month extension, and Plaintiffs intend to seek a protective order. *Id*.

Finally, Defendant's assertion that it needs 60 days to review five documents and three emails, totaling 28 pages of documents, from its own manufacturing supplier strains credulity. Mot. at 5:3-8. Presumably, Defendant already possesses its supplier's documents, and it is not entitled to counsel's emails with that supplier

-4-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION

(though Plaintiffs produced them). In contrast, Defendant produced nearly 450 pages of documents the night before Plaintiffs' Motion for Class Certification was due, after giving Plaintiffs less than two months to prepare their Motion from what Defendant claimed was its "final" production of documents. Klein Decl., ¶ 6. Having imposed compressed deadlines on Plaintiffs, Defendant cannot now credibly claim it needs 3.5 months to oppose Plaintiffs' Motion.

Defendant has already received an extension to oppose Plaintiffs' Motion based on expert submissions and anticipated *Daubert* briefing. *See* ECF Nos. 66, 68. Its renewed request is unsupported by new facts and should be denied.

### C.     Defendant's Word Extension Request Should be Denied

Plaintiffs filed a 7,000-word, 23-page Motion for Class Certification on February 25, 2026, in full compliance with the Local Rules. Just a few minutes later, Defendant asked Plaintiffs to stipulate to a 7,000-word extension for its opposition, or a 14,000-word (approximately 46-page) brief in response to Plaintiffs' 7,000-word motion. Plaintiffs declined.

There is no good cause to double the word limit. Plaintiffs complied with the 7,000-word cap and fully briefed Rule 23(a) and 23(b) issues, including claims under California and New York law, within that limit. Defendant offers only the conclusory assertion that it needs "sufficient space" to explain why certification should be denied, but does not identify any unusual complexity or new issues justifying 14,000 words. An opposition to a 7,000-word motion does not warrant twice the argument.

Word limits are not mere formalities; they promote judicial economy and disciplined advocacy. *See LaComba v. Eagle Home Loans and Inv., LLC*, 2023 WL 6201597, at *1 (E.D. Cal. Sept. 22, 2023). Expanding the limit would impose unnecessary burdens on both the Court and Plaintiffs. Granting Defendant's request would allow it to submit two words for every one word Plaintiffs filed – creating a

-5-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION

clear imbalance and requiring Plaintiffs to expend substantial additional resources to respond to 100% more argument than they advanced.

Defendant's claim that such extensions are "typically granted" is unsupported; it cites no case permitting a 14,000-word opposition to a 7,000-word motion. Courts in this District regularly enforce word limits and deny overlength filings. *See, e.g.*, *I.R. v. County of Los Angeles*, 2025 WL 1090923, at *2 (C.D. Cal. March 5, 2025) (rejecting request to exceed 7,000 word limit set forth in C.D. Cal. Local Rule 11-6.1 regarding opposition to motion for summary judgment); *Loos & Co., Inc. v. Jack Rubin & Sons, Inc.*, 2026 WL 485752, at fn. 1 (C.D. Cal. Feb. 19, 2026) (striking reply brief that exceeded word limitation); *Hooks v. Target Corp.*, 2024 WL 2037151, at *1 (C.D. Cal. March 1, 2024) ("The Local Rules are not recommendations, and they do not serve as aspirational goals for litigants and their attorneys to achieve. The Local Rules are rules for a reason: they promote the efficient and orderly administration of justice; they ensure fairness during the litigation; and they guarantee that precious judicial time and resources are not wasted. Two rules that help advance these purposes are Local Rules 11-6.1 and 11-6.2.").

Plaintiffs ask only that Defendant be held to the same 7,000-word limit Plaintiffs followed. Because Defendant has shown no good cause for a 14,000-word opposition, its motion should be denied.

### D. Plaintiffs' Proposed Briefing Schedule Should be Granted

Based on Defendant's representation that it intends to file three *Daubert* motions and serve rebuttal expert reports, three weeks will not provide sufficient time for Plaintiffs to: (1) file a reply in support of class certification; (2) depose three rebuttal experts; (3) prepare and file three oppositions to Defendant's *Daubert* motions; and (4) prepare and file three expert rebuttal *Daubert* motions. Klein Decl., ¶ 7.

//

Accordingly, Plaintiffs respectfully request, and good cause exists to grant, the following briefing schedule:

| Motion | Prior Deadline | Proposed Deadline |
|---|---|---|
| Defendant's Opposition to Class Certification and any *Daubert* Motions | April 8, 2026 | April 8, 2026 |
| Plaintiffs' Reply Brief, Opposition to *Daubert* Motions, and any *Daubert* Motions in connection with class certification | April 29, 2026 | June 29, 2026 |

## IV.  CONCLUSION

For the reasons set forth above, Defendant's request for an extension and a 14,000 word opposition to Plaintiffs' Motion for Class Certification should be denied, and Plaintiffs' proposed briefing schedule should be granted.

Dated: March 4, 2026              CROSNER LEGAL, P.C.

                                  By:    */s/ Lilach H. Klein*
                                         Lilach H. Klein

                                  9440 Santa Monica Blvd. Suite 301
                                  Beverly Hills, CA 90210
                                  Tel: (866) 276-7637
                                  Fax: (310) 510-6429
                                  lilach@crosnerlegal.com

                                  *Attorneys for Plaintiffs and the Proposed Class*

-7-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief contains 2,009 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 4, 2026                          CROSNER LEGAL, P.C.

                                              By:    /s/  Lilach H. Klein
                                                     LILACH H. KLEIN

-1-

*Ringler, et al. v. The J.M. Smucker Co.*, Case No. 2:25-cv-01138-AH-E
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION